# EXHIBIT A

KENTUCKY COURT OF JUSTICE

25-CI-01607

# KELLEY, DORRIS H. ET AL VS. RODARTE, NOAH N. ET AL

**HARDIN CIRCUIT COURT**

Filed on **08/26/2025** as **AUTOMOBILE** with **HON. LARRY ASHLOCK**

****** NOT AN OFFICIAL COURT RECORD ******

## Case Memo — 25-CI-01607

*AUTOMOBILE*

## Parties — 25-CI-01607

**KELLEY, DARRELYN J.** as **PLAINTIFF / PETITIONER**

**KELLEY, DORRIS H.** as **PLAINTIFF / PETITIONER**

**MISER LOGISTICS, LLC** as **DEFENDANT / RESPONDENT**

**Memo**

Registered Agent of Service exists. Alternative Service Address exists.

**Summons**

**CIVIL SUMMONS** issued on **08/26/2025** by way of **LONG ARM STATUTE - SOS - RESTRICTED DELIVERY**

*10-20-25 SOS LETTER STATING AS O F 08-27-25 NO RECEIPT CARD NOR UNDELIVERED LETTER MEMO FROM SERVICE, :DELIVERED, INDIVIDUAL PICKED UP AT POST OFFIC11-03-25 CERT MAIL R ETURNED AS UNCLAIMED*

**RODARTE, NOAH N.** as **DEFENDANT / RESPONDENT**

**Address**

5657 ARLINGTON AVENUE
RIVERSIDE CA 92504

**Summons**

**CIVIL SUMMONS** issued on **08/26/2025** by way of **LONG ARM STATUTE - SOS - RESTRICTED DELIVERY**

*09-18-25 SOS CERT MAIL RETURNED NOT DELIVERABLE AS ADDRESSED*

**FANNIN, JONATHAN B.** as **ATTORNEY FOR PLAINTIFF**

**Address**

MINNER VINES INJURY LAWYERS, PLLC
325 WEST MAIN STREET, SUITE 210
LEXINGTON KY 40507

**MORGAN, JASON SCOTT** as **ATTORNEY FOR DEFENDANT**

**Address**

JSM LAW, PLLC
143 EAST MAIN STREET
GEORGETOWN KY 40324

**POPPE, JERI BARCLAY** as **ATTORNEY FOR DEFENDANT**

**Address**

DONALD KILLIAN BROWN, P.S.C.
13102 EASTPOINT PARK BLVD STE 200
LOUISVILLE KY 40223

**POPPE, JERI BARCLAY** as **ATTORNEY FOR DEFENDANT**

**Address**

DONALD KILLIAN BROWN, P.S.C.
13102 EASTPOINT PARK BLVD STE 200
LOUISVILLE KY 40223

**WALTER, CARL W. II** as **ATTORNEY FOR PLAINTIFF**

**Address**

325 WEST MAIN STREET, SUITE 210
LEXINGTON KY 40507

**WEYAND, ALLISON** as **ATTORNEY FOR DEFENDANT**

**Address**

FBT GIBBONS
400 WEST MARKET ST., 32ND FLOOR
LOUISVILLE KY 40202

**MISER LOGISTICS, LLC** as **ALTERNATIVE SERVICE ADDRESS**

**Address**

7055 ENGLE ROAD
BUILDING 6, SUITE 601
CLEVELAND OH 44130

**Summons**

**CIVIL SUMMONS** issued on **08/26/2025** served / recalled on **09/04/2025** by way of **LONG ARM STATUTE - SOS - RESTRICTED DELIVERY**

*MEMO FROM Service, :Delivered, Left with IndividualSuccessful*

**VIRIJEVIC, MILAN** as **REGISTERED AGENT OF SERVICE**

**Memo**

Related party is MISER LOGISTICS, LLC

**Address**

655 METRO PLACE SOUTH
SUITE 634
DUBLIN OH 43017

**Documents** **25-CI-01607**

**COMPLAINT / PETITION** filed on **08/26/2025**
*COMPLAINT*

**NOTICE TO TAKE DEPOSITION** filed on **08/26/2025**

**NOTICE TO TAKE DEPOSITION** filed on **08/26/2025**

**INTERROGATORIES & REQUEST FOR PRODUCTION OF DOCUMENTS** filed on **09/10/2025**

**NOTICE - OTHER** filed on **09/10/2025**
*NOTICE OF SERVICE*

**ANSWER** filed on **09/25/2025**
*ANSWER*

**NOTICE - OTHER** filed on **09/26/2025**
*NOTICE OF REMOVAL TO FEDERAL COURT*

**ANSWER** filed on **05/29/2026**
*INT'L MOTORS ANSWER TO FIRST AMENDED COMPLAINT*

**MISCELLANEOUS** filed on **06/01/2026**
*PER ORDER FROM UNITED STATES DISTRICT COURT WESTERN DISTRICT LOUISVILLE DIVISION RETURNING CASE BACK TO HARDIN CO CIRCUIT*

**RETURN OF SERVICE** filed on **06/04/2026**
*RETURN OF SERVICE - INTERNATIONAL MOTORS, LLC*

**RETURN OF SERVICE** filed on **06/04/2026**
*RETURN OF SERVICE - C.H. ROBINSON WORLDWIDE, INC.*

**RETURN OF SERVICE** filed on **06/04/2026**
*RETURN OF SERVICE - GRAY FALCON UNITED LLC*

**ENTRY OF APPEARANCE** filed on **06/09/2026**
*ENTRY OF APPEARANCE*

**Images** **25-CI-01607**

| |
|---|
| **COMPLAINT / PETITION** filed on **08/26/2025** *Page(s): 7* |
| **SUMMONS** filed on **08/26/2025** *Page(s): 1* |
| **SUMMONS** filed on **08/26/2025** *Page(s): 1* |
| **SUMMONS** filed on **08/26/2025** *Page(s): 1* |
| **COURTESY FINANCIAL TRANSACTION REPORT** filed on **08/26/2025** *Page(s): 1* |
| **NOTICE TO TAKE DEPOSITION** filed on **08/26/2025** *Page(s): 5* |
| **NOTICE TO TAKE DEPOSITION** filed on **08/26/2025** *Page(s): 5* |
| **SUMMONS - RETURN OF SERVICE** filed on **09/04/2025** *Page(s): 2* |
| **INTERROGATORIES & REQUEST FOR PRODUCTION OF DOCUMENTS** filed on **09/10/2025** *Page(s): 20* |
| **NOTICE - OTHER** filed on **09/10/2025** *Page(s): 2* |
| **ANSWER** filed on **09/25/2025** *Page(s): 5* |
| **NOTICE - OTHER** filed on **09/26/2025** *Page(s): 2* |
| **SUMMONS - RETURN OF SERVICE** filed on **10/28/2025** *Page(s): 2* |
| **ANSWER** filed on **05/29/2026** *Page(s): 24* |
| **RETURN OF SERVICE** filed on **06/04/2026** *Page(s): 1* |
| **RETURN OF SERVICE** filed on **06/04/2026** *Page(s): 1* |
| **RETURN OF SERVICE** filed on **06/04/2026** *Page(s): 2* |
| **ENTRY OF APPEARANCE** filed on **06/09/2026** *Page(s): 2* |

****** End of Case Number : 25-CI-01607 ******

Filed 25-CI-01607 08/26/2025 Deanna Simcoe, Hardin Circuit Clerk

NOT ORIGINAL DOCUMENT
05/29/2026 12:13:55 PM
89824-16

**COMMONWEALTH OF KENTUCKY**
**HARDIN CIRCUIT COURT**
**DIVISION __**
**CIVIL ACTION NO.: _____________**

***Electronically Filed***

DORRIS H. KELLY and
DARRELYN J. KELLEY PLAINTIFFS

v.

NOAH N. RODARTE

**SERVE VIA LONG ARM STATUTE – SOS – RESTRICTED DELIVERY:**
5657 Arlington Avenue
Riverside, California 92504

MISER LOGISTICS, LLC DEFENDANTS

**SERVE VIA LONG ARM STATUTE – SOS – RESTRICTED DELIVERY:**
Milan Virijevic
655 Metro Place South, Suite 634
Dublin, Ohio 43017

**ALTERNATE SERVICE ADDRESS:**
7055 Engle Road, Building 6, Suite 601
Middleburg Heights, Ohio 44130

---

**COMPLAINT**

---

1. This action is brought on behalf of Plaintiffs, Dorris H. Kelley and Darrelyn J. Kelley, for bodily injuries and other damages sustained in a motor vehicle collision that occurred on May 26, 2025, on Interstate 65 South in Hardin County, Kentucky.

**PARTIES**

Presiding Judge: HON. LARRY ASHLOCK (609463)
COM : 000001 of 000007

Filed 25-CI-01607 08/26/2025 Deanna Simcoe, Hardin Circuit Clerk

Filed 25-CI-01607 08/26/2025 Deanna Simcoe, Hardin Circuit Clerk
NOT ORIGINAL DOCUMENT 05/29/2026 12:13:55 PM 89824-16

2. Plaintiffs, Dorris H. Kelley and Darrelyn J. Kelley, are, and at all times relevant to this action were, husband and wife and adult resident citizens of Kentucky, residing at 12949 State Route 270 West, Clay, Kentucky 42404.

3. Upon information and belief, Defendant, Noah N. Rodarte, is an adult resident of California, residing at 5657 Arlington Avenue, Riverside, California 92504. At all times relevant hereto, Mr. Rodarte was acting within the course and scope of his employment and/or agency with Miser Logistics, LLC.

4. Defendant, Miser Logistics, LLC, is a limited liability company organized under the laws of the State of Ohio, with its principal place of business located at 655 Metro Place South, Suite 634, Dublin, Ohio 43017.

5. The motor vehicle collision that forms the basis of this action occurred on or about May 26, 2025, in Elizabethtown, Hardin County, Kentucky.

6. Venue is proper in this Court pursuant to KRS 452.450 because the cause of action arose in Hardin County, Kentucky.

7. The amount in controversy exceeds the minimum jurisdictional limits of this Court.

**FACTS**

8. Plaintiffs adopt and incorporate by reference each of the previous paragraphs as if set forth fully herein.

9. On or about May 26, 2025, at approximately 6:33 p.m., Plaintiff, Dorris H. Kelley, was operating a 2019 Honda Odyssey traveling southbound on Interstate 65 in Hardin County, Kentucky. Plaintiff, Darrelyn J. Kelley, was a passenger in the vehicle.

10. At that same time and place, a commercial tractor-trailer operated by Defendant, Noah N. Rodarte, was traveling southbound on Interstate 65 in Hardin County, Kentucky.

Presiding Judge: HON. LARRY ASHLOCK (609463)
COM : 000002 of 000007


Filed 25-CI-01607 08/26/2025 Deanna Simcoe, Hardin Circuit Clerk

Filed 25-CI-01607 08/26/2025 Deanna Simcoe, Hardin Circuit Clerk
NOT ORIGINAL DOCUMENT 05/29/2026 12:13:55 PM 89824-16

11. At that same time and place, traffic in the southbound lanes of Interstate 65 had slowed or stopped due to the Hardin County Sheriff's Office conducting traffic control for a prior collision, with emergency lights activated and the right lane closed.

12. Plaintiff, Dorris H. Kelley, properly slowed his vehicle in response to the traffic control situation ahead.

13. Defendant, Noah N. Rodarte, failed to maintain a proper lookout and failed to slow his commercial vehicle in response to the clearly visible traffic control situation and slowed traffic ahead.

14. Defendant Noah N. Rodarte failed to slow his commercial vehicle and rear-ended Plaintiffs' vehicle with tremendous force.

15. The collision caused severe and permanent injuries to both Plaintiffs, Dorris H. Kelley and Darrelyn J. Kelley.

16. Both Plaintiffs were transported to Baptist Health Hardin for treatment of their injuries.

17. Plaintiff, Dorris H. Kelley, suffered severe, catastrophic, and permanent injuries, was subsequently airlifted to the University of Louisville Hospital, and remains hospitalized for ongoing treatment.

18. Plaintiff, Darrelyn J. Kelley, suffered severe, catastrophic, and permanent injuries.

19. As a result of the collision, both Plaintiffs have suffered serious, permanent, and catastrophic injuries requiring ongoing medical treatment and care.

**COUNT I**
**COMMON LAW NEGLIGENCE AND GROSS NEGLIGENCE OF DEFENDANTS NOAH N. RODARTE AND MISER LOGISTICS, LLC**

20. Plaintiffs adopt and incorporate by reference each of the previous paragraphs as if set forth fully herein.


Filed 25-CI-01607 08/26/2025 Deanna Simcoe, Hardin Circuit Clerk
Presiding Judge: HON. LARRY ASHLOCK (609463)
COM : 000003 of 000007

Filed 25-CI-01607 08/26/2025 Deanna Simcoe, Hardin Circuit Clerk
NOT ORIGINAL DOCUMENT 05/29/2026 12:13:55 PM 89824-16

21. At all times relevant hereto, Defendant Noah N. Rodarte was operating a commercial vehicle within the line and scope of his employment with and/or for the benefit of Miser Logistics, LLC.

22. The actions of Defendant Noah N. Rodarte caused significant injuries to the Plaintiffs as described herein.

23. Defendant Noah N. Rodarte was acting as an agent, servant, or employee of Defendant Miser Logistics, LLC and was acting within the line and scope of his employment or agency at all times material hereto.

24. Plaintiffs aver that Defendant Noah N. Rodarte, acting as agent or servant or employee of Defendant Miser Logistics, LLC, negligently and recklessly failed to keep a proper lookout, failed to maintain a safe following distance, failed to reduce speed when approaching stopped or slowed traffic, failed to follow standards for the safe operation of a commercial tractor-trailer, and caused, allowed, or permitted the vehicle he was operating to collide with Plaintiffs' vehicle. Plaintiffs further aver that Defendant Miser Logistics LLC is vicariously liable for the acts of defendant Noah N. Rodarte.

25. Plaintiffs aver that Defendant Noah N. Rodarte negligently and recklessly, consciously disregarded the rights and safety of others in the operation of his commercial vehicle causing the collision at issue.

26. Plaintiffs aver that defendant Miser Logistics, LLC was negligent in its hiring, training, supervision, and retention of Noah N. Rodarte with respect to the operation of commercial vehicles on the public roadways.

27. As a direct and proximate result of the conduct of Defendants Noah N. Rodarte and Miser Logistics, LLC, Plaintiff Dorris H. Kelley suffered damages including, but not limited to:

Presiding Judge: HON. LARRY ASHLOCK (609463)
COM : 000004 of 000007


Filed 25-CI-01607 08/26/2025 Deanna Simcoe, Hardin Circuit Clerk

Filed 25-CI-01607 08/26/2025 Deanna Simcoe, Hardin Circuit Clerk
NOT ORIGINAL DOCUMENT 05/29/2026 12:13:55 PM 89824-16

a. Bodily injuries requiring medical treatment;

b. Past, present and future physical pain, emotional distress, mental anguish and suffering;

c. Permanent scarring and disfigurement;

d. Past and future medical and pharmaceutical bills and other expenses;

e. Lost wages and diminished earning capacity; and

f. Property damage.

28. As a direct and proximate result of the conduct of Defendants Noah N. Rodarte and Miser Logistics, LLC, Plaintiff Darrelyn J. Kelley suffered damages including, but not limited to:

a. Bodily injuries requiring medical treatment;

b. Past, present and future physical pain, emotional distress, mental anguish and suffering;

c. Permanent scarring and disfigurement;

d. Past and future medical and pharmaceutical bills and other expenses;

e. Lost wages and diminished earning capacity; and

f. Property damage.

**COUNT II**
**LOSS OF CONSORTIUM**

29. Plaintiffs adopt and incorporate by reference each of the previous paragraphs as if set forth fully herein.

30. Plaintiff Darrelyn J. Kelley avers that the reckless and negligent conduct of the Defendants as described herein has caused such injuries to her husband, Dorris H. Kelley, that she has been caused to suffer the loss of companionship, company, intimacy, comfort, and

Presiding Judge: HON. LARRY ASHLOCK (609463)
COM : 000005 of 000007


Filed 25-CI-01607 08/26/2025 Deanna Simcoe, Hardin Circuit Clerk

Filed 25-CI-01607 08/26/2025 Deanna Simcoe, Hardin Circuit Clerk
NOT ORIGINAL DOCUMENT 05/29/2026 12:13:55 PM 89824-16

assistance that her husband was typically and commonly able to provide in their marriage prior to the subject incident.

**COUNT III**
**NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS**

31. Plaintiffs adopt and incorporate by reference each of the previous paragraphs as if set forth fully herein.

32. Plaintiff Darrelyn J. Kelley avers that the reckless and negligent conduct of the Defendants as described herein has caused her to suffer severe mental stress and emotional injuries that no reasonable person can be expected to endure under the circumstances.

33. Plaintiff Dorris H. Kelley avers that the reckless and negligent conduct of the Defendants as described herein has caused him to suffer severe mental stress and emotional injuries that no reasonable person can be expected to endure under the circumstances.

**WHEREFORE**, Plaintiffs demand judgment against Defendants as follows:

a. A trial by jury on all issues of fact herein;

b. Compensatory damages against the Defendants in a fair and reasonable amount to be determined by a jury sitting at the trial of this matter, but in an amount sufficient to confer jurisdiction on this Court;

c. For prejudgment interest from the date of the Plaintiffs' injuries until such time the judgment is paid;

d. For Plaintiffs' costs herein expended; and

e. For any and all other relief to which Plaintiffs are entitled.

**CERTIFICATION**

This is to certify that pursuant to KRS 411.188(2), the undersigned attorneys have notified by certified mail all of those parties believed to possibly hold subrogation rights to any award received by the


Filed 25-CI-01607 08/26/2025 Deanna Simcoe, Hardin Circuit Clerk
Presiding Judge: HON. LARRY ASHLOCK (609463)
COM : 000006 of 000007

NOT ORIGINAL DOCUMENT
05/29/2026 12:13:55 PM
89824-16

Plaintiff as a result of this action and that the failure to assert subrogation rights by intervention, pursuant to Kentucky Civil Rule 24, or otherwise will result in a loss of those rights with respect to any final award received by the Plaintiff as a result of this action. Pursuant to KRS 411.188(4) the parties notified pursuant to KRS 411.188(2) are as follows:

**Intellivo**
PO Box 172207
Memphis, TN 38187-2207

**RESPECTFULLY** submitted this 26th day of August, 2025.

*/s/ Jonathan B. Fannin*
Jonathan B. Fannin, Esq.
Carl W. Walter II, Esq.
**MINNER VINES INJURY LAWYERS PLLC**
325 West Main Street, Suite 210
Lexington, Kentucky 40507
Telephone: (859) 550-2900
Email: jonathan@mvmlaw.com
carl@mvmlaw.com
*Counsel for Plaintiffs*

**PLAINTIFFS DEMAND TRIAL BY STRUCK JURY**

Presiding Judge: HON. LARRY ASHLOCK (609463)
COM : 000007 of 000007

**Commonwealth of Kentucky**
**Deanna Simcoe, Hardin Circuit Clerk**

NOT ORIGINAL DOCUMENT
05/29/2026 12:14:19 PM
89824-16

**Case #:** 25-CI-01607 **Envelope #:** 11429720

**Received From:** JONATHAN FANNIN **Account Of:** JONATHAN FANNIN

**Case Title:** KELLEY, DORRIS H. ET AL VS. RODARTE, NOA N. ET AL **Confirmation Number:** 207651401

**Filed On** 8/26/2025 1:51:13PM

| # | Item Description | Amount |
|---|---|---|
| 1 | Court Facilities Fee | $25.00 |
| 2 | Access To Justice Fee | $20.00 |
| 3 | Money Collected For Others(Court Tech. Fee) | $20.00 |
| 4 | Money Collected For Others(Attorney Tax Fee) | $5.00 |
| 5 | Money Collected For Others(Secretary of State Electronic Services) | $55.20 |
| 6 | Money Collected For Others(Secretary of State Service Copies) | $2.70 |
| 7 | Library Fee | $3.00 |
| 8 | Civil Filing Fee | $150.00 |
| 9 | Charges For Services(Attestation) | $0.50 |
| 10 | Charges For Services(Jury Demand / 12) | $70.00 |
| | **TOTAL:** | $351.40 |

AOC-E-105 Sum Code: CI
Rev. 9-14

NOT ORIGINAL DOCUMENT 05/29/2026 12:14:11 PM 89824-16

Commonwealth of Kentucky
Court of Justice *Courts.ky.gov*

CR 4.02; Cr Official Form 1

Case #: **25-CI-01607**
Court: **CIRCUIT**
County: **HARDIN**

# CIVIL SUMMONS

*Plantiff,* **KELLEY, DORRIS H. ET AL VS. RODARTE, NOAH N. ET AL**, *Defendant*

TO: **MISER LOGISTICS, LLC**
**7055 ENGLE ROAD**
**BUILDING 6, SUITE 601**
**CLEVELAND, OH 44130**

The Commonwealth of Kentucky to Defendant:
**MISER LOGISTICS, LLC**

You are hereby notified that a **legal action has been filed against you** in this Court demanding relief as shown on the document delivered to you with this Summons. **Unless a written defense is made by you or by an attorney on your behalf within twenty (20) days** following the day this paper is delivered to you, judgment by default may be taken against you for the relief demanded in the attached complaint.

The name(s) and address(es) of the party or parties demanding relief against you or his/her (their) attorney(s) are shown on the document delivered to you with this Summons.

Hardin Circuit Clerk
Date: **8/26/2025**

## Proof of Service

This Summons was:

☐ Served by delivering a true copy and the Complaint (or other initiating document)

To: ______________________________

☐ Not Served because: ______________________________

Date: ____________________, 20______

______________________________
Served By

______________________________
Title

Summons ID: @00000406322
CIRCUIT: 25-CI-01607 Long Arm Statute – SOS - Restricted Delivery
KELLEY, DORRIS H. ET AL VS. RODARTE, NOAH N. ET AL



eFiled

Presiding Judge: HON. LARRY ASHLOCK (609463)

CI : 000001 of 000001

NOT ORIGINAL DOCUMENT
05/29/2026 12:14:15 PM
89824-16

AOC-E-105 Sum Code: CI
Rev. 9-14

Commonwealth of Kentucky
Court of Justice *Courts.ky.gov*

CR 4.02; Cr Official Form 1

# CIVIL SUMMONS

Case #: **25-CI-01607**
Court: **CIRCUIT**
County: **HARDIN**

*Plantiff,* **KELLEY, DORRIS H. ET AL VS. RODARTE, NOAH N. ET AL**, *Defendant*

TO: **MILAN VIRIJEVIC**
**655 METRO PLACE SOUTH**
**SUITE 634**
**DUBLIN, OH 43017**

Memo: Related party is MISER LOGISTICS, LLC

The Commonwealth of Kentucky to Defendant:
**MISER LOGISTICS, LLC**

You are hereby notified that a **legal action has been filed against you** in this Court demanding relief as shown on the document delivered to you with this Summons. **Unless a written defense is made by you or by an attorney on your behalf within twenty (20) days** following the day this paper is delivered to you, judgment by default may be taken against you for the relief demanded in the attached complaint.

The name(s) and address(es) of the party or parties demanding relief against you or his/her (their) attorney(s) are shown on the document delivered to you with this Summons.

Hardin Circuit Clerk
Date: **8/26/2025**

## Proof of Service

This Summons was:

☐ Served by delivering a true copy and the Complaint (or other initiating document)

To: ______________________________

☐ Not Served because: ______________________________

Date: ________________, 20______

______________________________
Served By

______________________________
Title

Summons ID: @00000406323
CIRCUIT: 25-CI-01607 Long Arm Statute – SOS - Restricted Delivery
KELLEY, DORRIS H. ET AL VS. RODARTE, NOAH N. ET AL



eFiled

Presiding Judge: HON. LARRY ASHLOCK (609463)
CI : 000001 of 000001

AOC-E-105 Sum Code: CI
Rev. 9-14

NOT ORIGINAL DOCUMENT
05/29/2026 12:14:08 PM
89824-16

Commonwealth of Kentucky
Court of Justice *Courts.ky.gov*

CR 4.02; Cr Official Form 1

# CIVIL SUMMONS

Case #: **25-CI-01607**
Court: **CIRCUIT**
County: **HARDIN**

*Plantiff,* **KELLEY, DORRIS H. ET AL VS. RODARTE, NOAH N. ET AL**, *Defendant*

TO: **NOAH N. RODARTE**
**5657 ARLINGTON AVENUE**
**RIVERSIDE, CA 92504**

The Commonwealth of Kentucky to Defendant:

You are hereby notified that a **legal action has been filed against you** in this Court demanding relief as shown on the document delivered to you with this Summons. **Unless a written defense is made by you or by an attorney on your behalf within twenty (20) days** following the day this paper is delivered to you, judgment by default may be taken against you for the relief demanded in the attached complaint.

The name(s) and address(es) of the party or parties demanding relief against you or his/her (their) attorney(s) are shown on the document delivered to you with this Summons.

[signature]

Hardin Circuit Clerk
Date: **8/26/2025**

## Proof of Service

This Summons was:

☐ Served by delivering a true copy and the Complaint (or other initiating document)

To: ______________________________

☐ Not Served because: ______________________________

Date: ____________________, 20______

______________________________
Served By

______________________________
Title

Summons ID: @00000406321
CIRCUIT: 25-CI-01607 Long Arm Statute – SOS - Restricted Delivery
KELLEY, DORRIS H. ET AL VS. RODARTE, NOAH N. ET AL



eFiled

Presiding Judge: HON. LARRY ASHLOCK (609463)

CI : 000001 of 000001

Filed 25-CI-01607 08/26/2025 Deanna Simcoe, Hardin Circuit Clerk

NOT ORIGINAL DOCUMENT 05/29/2026 12:14:25 PM 89824-16

**COMMONWEALTH OF KENTUCKY**
**HARDIN CIRCUIT COURT**
**CIVIL ACTION NO.: 25-CI-01607**

***Electronically Filed***

DORRIS H. KELLEY and
DARRELYN J. KELLEY PLAINTIFFS

v.

NOAH RODARTE, et al. DEFENDANTS

---

**NOTICE OF DEPOSITION SUBPOENA DUCES TECUM**

---

**TO:**
Super Ego Holding LLC

**DATE AND TIME:**
September 29, 2025 at 9:00 a.m. EST

**LOCATION:**
Minner Vines Injury Lawyers, PLLC
325 West Main Street, Suite 210
Lexington, Kentucky 40507

**TO BE SERVED UPON:**
Vladimir Tripkovic
677 North Larch Avenue
Elmhurst, Illinois 60126

**PLEASE TAKE NOTICE** at the above-stated date, time, and location, Plaintiffs will, by inspection and examination, take the testimony of the deponent for the purpose of discovery and/or use as evidence in the action before the court reporter or some other duly qualified officer in accordance with the Kentucky Rules of Civil Procedure. Said subpoena will require the production of the **certified** copies of the documents or things identified in the subpoena or will require

NTD : 000001 of 000005

NOT ORIGINAL DOCUMENT 05/29/2026 12:14:25 PM 89824-16

permission be given to enter upon and/or inspect the land or other property at the time and place specified in the subpoena.

**SUBPOENA DUCES TECUM**

The deponent shall produce the following records in certified form at the time and place specified above:

1. Any and all lease agreements between Super Ego Holding LLC and Miser Logistics, LLC.
2. Any and all lease agreements concerning the 2023 International Tractor, VIN # 3HSDZAPRXPN219817.
3. Any and all lease agreements concerning the trailer, VIN # 1JJV532D3PL367872, Title # 22074692502.
4. Any and all contracts, agreements, or other documents concerning the rental, lease, or use of any tractors and/or trailers between Super Ego Holding LLC and Miser Logistics, LLC.
5. Any and all documents, including correspondence, concerning the May 26, 2025 collision involving Noah Rodarte.
6. Any and all documents, including but not limited to bills of lading, lease agreements, broker agreements, and insurance agreements, concerning the trip undertaken by Noah Rodarte at the time of the May 26, 2025 collision.
7. Any and all insurance agreements, policies, declaration pages, endorsements, binders, or other documents of insurance in effect on May 26, 2025, which may afford coverage or indemnity to any person, firm, or entity for any claim, loss, or damage arising out of or related to the motor vehicle collision on May 26, 2025, in Hardin County, Kentucky, involving Noah Rodarte and Miser Logistics, LLC. This request includes, but is not limited to:

NTD : 000002 of 000005

Filed 25-CI-01607 08/26/2025 Deanna Simcoe, Hardin Circuit Clerk

NOT ORIGINAL DOCUMENT 05/29/2026 12:14:25 PM 89824-16

a) Primary, excess, umbrella, or surplus lines policies;

b) Commercial and personal automobile policies;

c) General liability policies;

d) Any policy under which a defense or indemnity may be owed; and

e) Any reservation of rights letters or coverage position statements issued in connection with the incident.

8. The trailer identified in Item 3, for inspection and photographing by Plaintiffs' counsel and/or experts.

The requested documentation shall be used for any and all purposes permitted under the Kentucky Rules of Civil Procedure, including use as evidence at trial. In accordance with CR 45.04(3), the deponent may, in lieu of appearance, produce the requested documents in response to this subpoena duces tecum.

Respectfully submitted,

*/s/ Jonathan B. Fannin*
Jonathan B. Fannin, Esq.
Carl W. Walter II, Esq.
**MINNER VINES INJURY LAWYERS PLLC**
325 West Main Street, Suite 210
Lexington, Kentucky 40507
Telephone: (859) 550-2900
Facsimile: (859) 550-2902
Email: jonathan@mvmlaw.com
*Counsel for Plaintiffs*

NTD : 000003 of 000005

Filed 25-CI-01607 08/26/2025 Deanna Simcoe, Hardin Circuit Clerk

Filed 25-CI-01607 08/26/2025 Deanna Simcoe, Hardin Circuit Clerk

NOT ORIGINAL DOCUMENT
05/29/2026 12:14:25 PM
89824-16

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing document was filed with the Clerk of the Hardin Circuit Court by use of the electronic filing system, and that on this the 28th day of August, 2025, service of same was made by U.S. Certified Mail, return receipt requested, upon:

**Vladimir Tripkovic**
677 North Larch Avenue
Elmhurst, Illinois 60126
*Registered Agent of Service for Deponent,*
*Super Ego Holding LLC*

Further, Plaintiffs will comply with the requirements of the Illinois Uniform Interstate Depositions and Discovery Act, 735 ILCS 35/1 et seq., by submitting this Kentucky subpoena to the Clerk of the Circuit Court of DuPage County, Illinois, for issuance of a corresponding Illinois subpoena.

*/s/ Jonathan B. Fannin*
Jonathan B. Fannin, Esq.

NTD : 000004 of 000005

Filed 25-CI-01607 08/26/2025 Deanna Simcoe, Hardin Circuit Clerk

Filed 25-CI-01607 08/26/2025 Deanna Simcoe, Hardin Circuit Clerk

NOT ORIGINAL DOCUMENT 05/29/2026 12:14:25 PM 89824-16

AOC-025.1 Doc. Code: RS
Rev. 1-22
Page 1 of 1

Commonwealth of Kentucky
Court of Justice *www.kycourts.gov*

CR 45

**CIVIL**
**❑ SUBPOENA**
**❑ SUBPOENA DUCES TECUM**

Case No. ______________
Court ______________
County ______________
Date ______________

______________________________ PLAINTIFFS

VS

______________________________ DEFENDANTS

**The Commonwealth of Kentucky to:**

Name ______________________________
Address ______________________________

**You are commanded to appear before:** (*select one of three choices*)
❑ ______________________ Court ❑ The Grand Jury of ______________ County
❑ Other ______________________________

**You are to appear at:** ______________________________

on the ________ day of ______________, 2______ at ______ ❑ a.m. OR ❑ p.m. ❑ Eastern ❑ Central Time

❑ To testify in behalf of ______________________________
❑ To produce ______________________________
❑ To give depositions

**You are commanded to produce and permit inspection and copying of the following documents or objects (or to permit inspection of premises):** ______________________________

on the ________ day of ______________, 2______ at ______ ❑ a.m. OR ❑ p.m. ❑ Eastern ❑ Central Time
at the following address: ______________________________

Jonathan B. Fannin, Esq.
Issuing Officer/Attorney Licensed in Kentucky

By: ***/s/ Jonathan B. Fannin***

______________________________
Name of Requesting Attorney/Pro-Se Party

______________________________
Address
Phone # ______________
E-mail: ______________

**PROOF OF SERVICE**

This subpoena was served by delivery of a true copy to: ______________________________

This ______ day of ______________, 2______ By: ______________________________
**Title**

Filed 25-CI-01607 08/26/2025 Deanna Simcoe, Hardin Circuit Clerk

Filed 25-CI-01607 08/26/2025 Deanna Simcoe, Hardin Circuit Clerk
NOT ORIGINAL DOCUMENT 05/29/2026 12:14:22 PM 89824-16

**COMMONWEALTH OF KENTUCKY**
**HARDIN CIRCUIT COURT**
**CIVIL ACTION NO.: 25-CI-01607**

***Electronically Filed***

DORRIS H. KELLEY and
DARRELYN J. KELLEY PLAINTIFFS

v.

NOAH RODARTE, et al. DEFENDANTS

---

**NOTICE OF DEPOSITION SUBPOENA DUCES TECUM**

---

**TO:**
Ego Express Inc.

**DATE AND TIME:**
September 29, 2025 at 9:00 a.m. EST

**LOCATION:**
Minner Vines Injury Lawyers, PLLC
325 West Main Street, Suite 210
Lexington, Kentucky 40507

**TO BE SERVED UPON:**
Aleksandar Mimic
225 North Arlington Heights Road
Suite 105
Elk Grove Village, Illinois 60007

**PLEASE TAKE NOTICE** at the above-stated date, time, and location, Plaintiffs will, by inspection and examination, take the testimony of the deponent for the purpose of discovery and/or use as evidence in the action before the court reporter or some other duly qualified officer in accordance with the Kentucky Rules of Civil Procedure. Said subpoena will require the production of the **certified** copies of the documents or things identified in the subpoena or will require

NTD : 000001 of 000005

Filed 25-CI-01607 08/26/2025 Deanna Simcoe, Hardin Circuit Clerk

Filed 25-CI-01607 08/26/2025 Deanna Simcoe, Hardin Circuit Clerk
NOT ORIGINAL DOCUMENT 05/29/2026 12:14:22 PM 89824-16

permission be given to enter upon and/or inspect the land or other property at the time and place specified in the subpoena.

**SUBPOENA DUCES TECUM**

The deponent shall produce the following records in certified form at the time and place specified above:

1. Any and all lease agreements between Ego Express Inc. and Miser Logistics, LLC.
2. Any and all lease agreements concerning the 2023 International Tractor, VIN # 3HSDZAPRXPN219817.
3. Any and all lease agreements concerning the trailer, VIN # 1JJV532D3PL367872, Title # 22074692502.
4. Any and all contracts, agreements, or other documents concerning the rental, lease, or use of any tractors and/or trailers between Ego Express Inc. and Miser Logistics, LLC.
5. Any and all documents, including correspondence, concerning the May 26, 2025 collision involving Noah Rodarte.
6. Any and all documents, including but not limited to bills of lading, lease agreements, broker agreements, and insurance agreements, concerning the trip undertaken by Noah Rodarte at the time of the May 26, 2025 collision.
7. Any and all insurance agreements, policies, declaration pages, endorsements, binders, or other documents of insurance in effect on May 26, 2025, which may afford coverage or indemnity to any person, firm, or entity for any claim, loss, or damage arising out of or related to the motor vehicle collision on May 26, 2025, in Hardin County, Kentucky, involving Noah Rodarte and Miser Logistics, LLC. This request includes, but is not limited to:

NTD : 000002 of 000005

Filed 25-CI-01607 08/26/2025 Deanna Simcoe, Hardin Circuit Clerk

Filed 25-CI-01607 08/26/2025 Deanna Simcoe, Hardin Circuit Clerk
NOT ORIGINAL DOCUMENT 05/29/2026 12:14:22 PM 89824-16

a) Primary, excess, umbrella, or surplus lines policies;

b) Commercial and personal automobile policies;

c) General liability policies;

d) Any policy under which a defense or indemnity may be owed; and

e) Any reservation of rights letters or coverage position statements issued in connection with the incident.

8. The trailer identified in Item 3, for inspection and photographing by Plaintiffs' counsel and/or experts.

The requested documentation shall be used for any and all purposes permitted under the Kentucky Rules of Civil Procedure, including use as evidence at trial. In accordance with CR 45.04(3), the deponent may, in lieu of appearance, produce the requested documents in response to this subpoena duces tecum.

Respectfully submitted,

*/s/ Jonathan B. Fannin*
Jonathan B. Fannin, Esq.
Carl W. Walter II, Esq.
**MINNER VINES INJURY LAWYERS PLLC**
325 West Main Street, Suite 210
Lexington, Kentucky 40507
Telephone: (859) 550-2900
Facsimile: (859) 550-2902
Email: jonathan@mvmlaw.com
*Counsel for Plaintiffs*

NTD : 000003 of 000005

Filed 25-CI-01607 08/26/2025 Deanna Simcoe, Hardin Circuit Clerk

Filed 25-CI-01607 08/26/2025 Deanna Simcoe, Hardin Circuit Clerk

NOT ORIGINAL DOCUMENT 05/29/2026 12:14:22 PM 89824-16

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing document was filed with the Clerk of the Hardin Circuit Court by use of the electronic filing system, and that on this the 28th day of August, 2025, service of same was made by U.S. Certified Mail, return receipt requested, upon:

**Aleksandar Mimic**
225 North Arlington Heights Road
Suite 105
Elk Grove Village, Illinois 60007
*Registered Agent of Service for Deponent,*
*Ego Express Inc.*

Further, Plaintiffs will comply with the requirements of the Illinois Uniform Interstate Depositions and Discovery Act, 735 ILCS 35/1 et seq., by submitting this Kentucky subpoena to the Clerk of the Circuit Court of Cook County, Illinois, for issuance of a corresponding Illinois subpoena.

*/s/ Jonathan B. Fannin*
Jonathan B. Fannin, Esq.

NTD : 000004 of 000005

Filed 25-CI-01607 08/26/2025 Deanna Simcoe, Hardin Circuit Clerk

Filed 25-CI-01607 08/26/2025 Deanna Simcoe, Hardin Circuit Clerk
NOT ORIGINAL DOCUMENT 05/29/2026 12:14:22 PM 89824-16

AOC-025.1 Doc. Code: RS
Rev. 1-22
Page 1 of 1

Commonwealth of Kentucky
Court of Justice *www.kycourts.gov*

CR 45

**CIVIL**
❑ **SUBPOENA**
❑ **SUBPOENA DUCES TECUM**

Case No. ____________
Court ____________
County ____________
Date ____________

____________________ PLAINTIFFS

VS

____________________ DEFENDANTS

**The Commonwealth of Kentucky to:**

Name ____________________
Address ____________________

**You are commanded to appear before:** (*select one of three choices*)
❑ ____________ Court ❑ The Grand Jury of ____________ County
❑ Other ____________

**You are to appear at:** ____________________

on the ______ day of ____________, 2______ at ______ ❑ a.m. OR ❑ p.m. ❑ Eastern ❑ Central Time

❑ To testify in behalf of ____________________
❑ To produce ____________________
❑ To give depositions

**You are commanded to produce and permit inspection and copying of the following documents or objects (or to permit inspection of premises):** ____________________

on the ______ day of ____________, 2______ at ______ ❑ a.m. OR ❑ p.m. ❑ Eastern ❑ Central Time
at the following address: ____________________

Jonathan B. Fannin, Esq.
Issuing Officer/Attorney Licensed in Kentucky

By: */s/ Jonathan B. Fannin*

____________________
Name of Requesting Attorney/Pro-Se Party

____________________
Address
Phone # ____________
E-mail: ____________

**PROOF OF SERVICE**

This subpoena was served by delivery of a true copy to: ____________________

This ______ day of ____________, 2______ By: ____________________

Title

Filed 25-CI-01607 08/26/2025 Deanna Simcoe, Hardin Circuit Clerk

NTD : 000005 of 000005

Filed 25-CI-01607 09/04/2025 Deanna Simcoe, Hardin Circuit Clerk

NOT ORIGINAL DOCUMENT 05/29/2026 12:14:31 PM 89824-16

Michael G. Adams
Secretary of State

**Commonwealth of Kentucky**
**Office of the Secretary of State**

Summons Division
PO BOX 718
FRANKFORT, KY 40602-0718
Phone: (502) 564-3490
Fax: (502) 564-5687

Circuit Court Clerk
Hardin County
120 East Dixie Ave.
Ste. 1
Elizabethtown, KY 42701

| | |
|---|---|
| FROM: | SUMMONS DIVISION<br>SECRETARY OF STATE |
| RE: | CASE NO: 25-CI-01607 |
| DEFENDANT: | MISER LOGISTICS, LLC |
| DATE: | September 4, 2025 |
| USPS Certified Mail ID: | 9202992267700103362776 |

The Office of the Secretary of State was served with a summons and accompanying documents for the captioned defendant on

August 26, 2025

This office served the defendant by sending a copy of the summons and accompanying documents via certified mail, return receipt requested, on

August 27, 2025

We are enclosing the return receipt confirming receipt of summons.

COR : 000001 of 000002


Filed 25-CI-01607 09/04/2025 Deanna Simcoe, Hardin Circuit Clerk

DOCUMENT
05/29/2026
12:14:31 PM
89824-16
Filed 25-CI-01607 09/04/2025 Deanna Simcoe, Hardin Circuit Clerk

UNITED STATES POSTAL SERVICE

September 4, 2025

Dear Secretary Of State Commonwelth of Kentucky:

The following is in response to your request for proof of delivery on your item with the tracking number: **9202 9922 6770 0103 3627 76**.

## Item Details

| | |
|---|---|
| **Status:** | Delivered, Left with Individual |
| **Status Date / Time:** | September 4, 2025, 11:10 am |
| **Location:** | CLEVELAND, OH 44130 |
| **Postal Product:** | Priority Mail® |
| **Extra Services:** | Certified Mail™<br>Return Receipt<br>Return Receipt Electronic<br>Up to $100 insurance included |

## Recipient Signature

| | |
|---|---|
| Signature of Recipient: | melissa pute |
| Address of Recipient: | 7055 Engle # 601 |

Note: Scanned image may reflect a different destination address due to Intended Recipient's delivery instructions on file.

Thank you for selecting the United States Postal Service® for your mailing needs. If you require additional assistance, please contact your local Post Office™ or a Postal representative at 1-800-222-1811.

Sincerely,
United States Postal Service®
475 L'Enfant Plaza SW
Washington, D.C. 20260-0004

COR : 000002 of 000002

Filed 25-CI-01607 09/04/2025 Deanna Simcoe, Hardin Circuit Clerk

Filed 25-CI-01607 09/10/2025 Deanna Simcoe, Hardin Circuit Clerk

NOT ORIGINAL DOCUMENT 05/29/2026 12:14:35 PM 89824-16

**COMMONWEALTH OF KENTUCKY**
**HARDIN CIRCUIT COURT**
**DIVISION 3**
**CIVIL ACTION NO.: 25-CI-01607**

***Electronically Filed***

DORRIS H. KELLEY and
DARRELYN J. KELLEY PLAINTIFFS

v.

NOAH N. RODARTE, et al. DEFENDANTS

---

**PLAINTIFFS DORRIS H. KELLEY AND DARRELYN J. KELLEY'S FIRST SET OF INTERROGATORIES AND REQUESTS FOR PRODUCTION OF DOCUMENTS PROPOUNDED ON DEFENDANT MISER LOGISTICS, LLC**

---

Come now the Plaintiffs, Dorris H. Kelley and Darrelyn J. Kelley, by counsel, and propound the following Interrogatories and Requests for Production of Documents to Defendant, Miser Logistics, LLC, to be answered by Defendant pursuant to the *Kentucky Rules of Civil Procedure*.

**INSTRUCTIONS AND DEFINITIONS**

A. All information requested must be provided in writing, under oath, and include all information within your possession or control, as well as that of your attorney, investigators, agents, employees, or any other representatives acting on your behalf, including your insurance company.

B. Responses must be complete and specific; incomplete or evasive answers will be considered equivalent to a failure to respond.

C. You are under a continuing obligation to promptly supplement your responses if new information becomes available or if you discover that a previous response was incomplete or incorrect.

IRPD : 000001 of 000020



Filed 25-CI-01607 09/10/2025 Deanna Simcoe, Hardin Circuit Clerk

NOT ORIGINAL DOCUMENT 05/29/2026 12:14:35 PM 89824-16

D. The term "information" includes any form of written or graphical material, regardless of how it is produced or reproduced. This includes, but is not limited to, original documents, copies, drafts, emails, letters, photographs, video recordings, reports, memoranda, contracts, receipts, invoices, electronic files, and any other records kept in hard copy or electronically stored formats.

E. To "identify" a document means to provide a description of the document, including its subject matter, the names of the parties who prepared and received it, its date, any identifying number or code, and the current custodian. As an alternative, the document itself may be attached to the response, provided that any identifying information not evident on the document's face is explicitly stated.

F. To "identify" a natural person means to provide the person's full name, current residential address, telephone number, and, if applicable, the name, address, and telephone number of their current employer or business.

G. The term "describe in detail" requires a complete explanation, specifying underlying facts and details, including dates, locations, and the identities of all persons involved.

H. The term "Plaintiffs" refer to Dorris & Darrelyn Kelley, and the term "Defendant" refers to Miser Logistics, LLC.

I. The terms "the incident" or "the collision" refer to the motor vehicle collision that occurred on May 26, 2025, which is the subject of this litigation.

J. The words "person" or "persons" include individuals, entities, sole proprietorships, associations, companies, partnerships, corporations, and any other organizational forms. To "identify" a person or entity includes providing their name, address, telephone number, email

IRPD : 000002 of 000020

NOT ORIGINAL DOCUMENT
05/29/2026 12:14:35 PM
89824-16

address, place of employment, job title, and, if applicable, details of their affiliation with any party to this litigation.

K. The term "you" includes the individual(s) answering these discovery requests and any representatives, employees, agents, or guardians acting on their behalf.

L. The term "relating to" or "relates to" encompasses anything that constitutes, contains, embodies, reflects, refers to, or pertains to the specified subject.

M. "Truck" and/or "Semi" means the commercial truck and trailer operated by Noah N. Rodarte on the date of the incident made the basis of this suit.

N. "Expert" herein refers to any person who is now employed by you or was employed by you for the purpose of this litigation or for preparation of this litigation for trial.

O. "Run" means the trip that Defendant Noah N. Rodarte was making at the time of this incident.

P. "Plaintiffs' vehicle" means the vehicle being operated by Dorris H. Kelley on the date of the incident made the basis of this suit.

Q. If you assert a privilege or claim protection for any information or documents, expressly state the basis of the privilege or protection, and provide a description sufficient to allow assessment of the claim, including the nature of the communication, document, or item withheld.

R. If any Interrogatory cannot be fully answered, provide a partial answer with an explanation for the incompleteness and specify the knowledge, information, or belief you have regarding the unanswered or partially answered portion.

S. Words used in the singular shall be interpreted to include the plural and vice versa. Similarly, words in the masculine shall include the feminine and vice versa. The terms "or" and "and"

NOT ORIGINAL DOCUMENT 05/29/2026 12:14:35 PM 89824-16

shall be interpreted to include both disjunctive and conjunctive meanings, and the terms "each," "every," "any," and "all" shall be considered interchangeable where appropriate.

**INTERROGATORIES**

Pursuant to CR 33.01(3), please answer the following interrogatories, which shall not be included when calculating the total number of interrogatories propounded by Plaintiffs:

**A)** The name and address of the person(s) responding to these interrogatories.

**B)** The names and addresses of any witnesses of any witnesses.

**C)** Whether the person(s) responding to this discovery is/are willing to supplement the answers provided to this discovery if information subsequently becomes available.

**ANSWER:**

**INTERROGATORY NO. 1:** State the name, address, telephone number, and place of employment of each person known by you or your counsel who may have any knowledge of the facts, claims, and/or damages underlying this matter, without regard to whether you intend to call any such person as a witness at trial, and state if the Defendant has obtained and/or is aware of any statement from any such person, any party hereto, any witness, and/or any individual with said knowledge. In your answer, specifically identify any and all persons who may possess knowledge of any of the issues involved in this matter or knowledge which may lead to the discovery of relevant information including, but not limited to, any and all persons who have any knowledge of relevant facts about the subject collision, the aftermath of the subject collision, the subject matter of this litigation, any parties to this litigation, and/or Dorris H. Kelley or Darrelyn J. Kelley's injuries and/or damages.

**ANSWER:**



IRPD : 000004 of 000020

Filed 25-CI-01607 09/10/2025 Deanna Simcoe, Hardin Circuit Clerk
NOT ORIGINAL DOCUMENT 05/29/2026 12:14:35 PM 89824-16

**INTERROGATORY NO. 2:** Was the commercial truck equipped with any sort of camera(s) and/or recording device(s) and/or surveillance program(s) at the time of the subject collision? If your answer is affirmative, please describe the location of the camera(s), recording device(s), and/or surveillance program(s).

**ANSWER**:

**INTERROGATORY NO. 3:** At the time of the collision, was Defendant Noah N. Rodarte acting as an agent and/or employee of Miser Logistics, LLC and/or otherwise carrying out business on behalf of Miser Logistics, LLC? If your answer is affirmative, please identify whether Defendant Rodarte was an employee, agent, and/or otherwise carrying out business on behalf of Miser Logistics, LLC?

**ANSWER:**

**INTERROGATORY NO. 4:** On the date of the subject collision, please identify:

a) The number of times you or any of your employees, agents, and/or affiliates communicated with Defendant Noah N. Rodarte;

b) The identity of each individual who communicated with Defendant Rodarte;

c) The manner of each said communication (i.e. via cellular telephone, text message, radio transmission, etc.);

d) The location of the individual who communicated with Defendant Rodarte at or around the time of each said communication;

e) The location of Defendant Rodarte at or around the time of each said communication;

f) The topic of each said communication;

g) The approximate time of each said communication; and


Filed 25-CI-01607 09/10/2025 Deanna Simcoe, Hardin Circuit Clerk

Filed 25-CI-01607 09/10/2025 Deanna Simcoe, Hardin Circuit Clerk
NOT ORIGINAL DOCUMENT 05/29/2026 12:14:35 PM 89824-16

h) Whether each said communication occurred before or after the subject collision.

**ANSWER:**

**INTERROGATORY NO. 5:** Please provide a detailed description of the Run including the date and time Defendant Noah N. Rodarte reported for duty, the date, time, and location at which Defendant Rodarte picked up the Tractor, date, time, and location at which Defendant Rodarte picked up the Trailer, Defendant Rodarte's pre-trip inspection, each time Defendant Rodarte stopped, where Defendant Rodarte stopped, how long Defendant Rodarte stopped, what Defendant Rodarte did during each stop, the route Defendant Rodarte took from the time he departed on the Run though the time of the collision, all individuals with which Defendant Rodarte communicated during the Run, the route Defendant Rodarte intended to take to complete the Run had the collision no occurred, the stops Defendant Rodarte intended to make after passing through the location of subject collision, and the date, time, and location Defendant Rodarte was required to deliver the load which Defendant Rodarte was hauling at the time of the collision.

**ANSWER**:

**INTERROGATORY NO. 6:** Please identify all driver education and safety training of which you are aware that Defendant Noah N. Rodarte obtained prior to the subject collision, including in your answer all known detail including, but not limited to, an explanation of the place and time at which the education or training occurred, a description of what the education or training consisted of, all facts known to you concerning the individual's performance in the educational program or training, and the identification of any records of which you are aware evidencing the driver education and safety training.

**ANSWER:**

**INTERROGATORY NO. 7:** Is the Defendant aware of any recordings (including


IRPD : 000006 of 000020
Filed 25-CI-01607 09/10/2025 Deanna Simcoe, Hardin Circuit Clerk

Filed 25-CI-01607 09/10/2025 Deanna Simcoe, Hardin Circuit Clerk
NOT ORIGINAL DOCUMENT 05/29/2026 12:14:35 PM 89824-16

photographs, images, videos, surveillance, and/or audio) of the subject incident, the commercial truck and/or the Plaintiffs' vehicle immediately prior to the subject incident, and/or the immediate aftermath of the incident? If your answer is affirmative, please identify the current location of said recording(s), the camera and/or device which recorded same, the individual, entity, and/or authority which captured the recording, and the identity of each employee, agent, and/or representative of the Defendant (including any insurance adjuster) who viewed said recording(s).

**ANSWER**:

**INTERROGATORY NO. 8:** Did the truck being driven by Noah N. Rodarte at the time of the incident made the basis of this suit have any defects known to Miser Logistics, LLC?

**ANSWER:**

**INTERROGATORY NO. 9:** Identify all records of which you are aware which reflect Defendant Noah N. Rodarte's:

a) Hours of service in the thirty (30) days leading up to and including May 26, 2025;

b) Compliance with applicable law and regulations relating to the operation of a commercial vehicle;

c) Qualification for operation of the commercial motor vehicle in issue in this action;

d) Drug and alcohol testing following the subject collision, and

e) History as an operator of a commercial motor vehicle including, but not limited to, disciplinary history, non-preventable accidents, preventable accidents, performance reviews, criminal charges or convictions, traffic


IRPD : 000007 of 000020
Filed 25-CI-01607 09/10/2025 Deanna Simcoe, Hardin Circuit Clerk

Filed 25-CI-01607 09/10/2025 Deanna Simcoe, Hardin Circuit Clerk

NOT ORIGINAL DOCUMENT 05/29/2026 12:14:35 PM 89824-16

offenses, medical fitness for operation of a commercial motor vehicle, employment history, education, training, and experience.

**ANSWER**:

**INTERROGATORY NO. 10**: When is the last time prior to the incident made the basis of this suit that said truck operated by Noah N. Rodarte on May 26, 2025, had been serviced?

**ANSWER**:

**INTERROGATORY NO. 11**: Identify each and every policy of insurance which was in effect at the time of the incident covering Noah N. Rodarte, Miser Logistics, LLC, and/or any related entity, employee, agent, representative, contractor, and/or authorized operator and/or the commercial truck, and/or any injuries and/or damages sustained as a result of the subject incident or potentially covering injuries and/or damages sustained as a result of the subject collision including those injuries and damages alleged by Plaintiffs including, but not limited to, liability policy (or policies) and/or policies providing excess coverages including, but not limited to, umbrella policies – regardless of whether you believe said policy (or policies) of insurance provides (or provide) coverage for the damages and claims alleged in the above-styled action. To clarify, “identify” includes providing the following information: name and address of the insurance company, policy number, limits of coverage, and a statement regarding any such insurance company which has raised any question about policy coverage.

**ANSWER**:

**INTERROGATORY NO. 12**: Please identify the individual(s) and entity(ies) which possessed an ownership interest in Miser Logistics, LLC. As to each, please describe the nature of that ownership interest.

**ANSWER**:



IRPD : 000008 of 000020

Filed 25-CI-01607 09/10/2025 Deanna Simcoe, Hardin Circuit Clerk

Filed 25-CI-01607 09/10/2025 Deanna Simcoe, Hardin Circuit Clerk

NOT ORIGINAL DOCUMENT 05/29/2026 12:14:35 PM 89824-16

**INTERROGATORY NO. 13:** Please describe the content, process and/or method and results thereof for any background check conducted on Noah N. Rodarte.

**ANSWER:**

**INTERROGATORY NO. 14:** What is your understanding of how the incident made the basis of this suit occurred?

**ANSWER:**

**INTERROGATORY NO. 15:** Did Noah N. Rodarte meet your expectations as a driver for Miser Logistics, LLC on the occasion of the incident made the basis of this suit?

**ANSWER:**

**INTERROGATORY NO. 16:** Do you have any criticisms of Noah N. Rodarte's operation of the vehicle at the time of the incident made the basis of this suit?

**ANSWER:**

**INTERROGATORY NO. 17:** State the current location of the vehicle made the basis of this suit and describe in detail any changes and/or alterations to any aspect of that vehicle following the incident.

**ANSWER:**

**INTERROGATORY NO. 18:** When is the next date after May 26, 2025, that Noah N. Rodarte operated a vehicle on behalf of Miser Logistics, LLC?

**ANSWER:**

**INTERROGATORY NO. 19:** Has Miser Logistics, LLC changed any procedures, policies or instituted any new operational guidelines as a result of the incident made the basis of this suit?

**ANSWER**:

**INTERROGATORY NO. 20:** Has Noah N. Rodarte been fired, suspended or otherwise



IRPD : 000009 of 000020

Filed 25-CI-01607 09/10/2025 Deanna Simcoe, Hardin Circuit Clerk

Filed 25-CI-01607 09/10/2025 Deanna Simcoe, Hardin Circuit Clerk

NOT ORIGINAL DOCUMENT 05/29/2026 12:14:35 PM 89824-16

disciplined as a result of the incident made the basis of this suit? If Rodarte's employment has been terminated, please state all reasons therefor and provide the date his employment ended.

**ANSWER:**

**INTERROGATORY NO. 21:** Please explain the relationship between Miser Logistics, LLC, and Ego Express, Inc.

**ANSWER:**

**INTERROGATORY NO. 22:** Please explain the relationship between Miser Logistics, LLC, Super Ego Holding, LLC.

**ANSWER:**

**INTERROGATORY NO. 23:** Identify each person whom you expect to call as an expert witness at the trial of this action, state the subject matter on which the expert is expected to testify, state the substance of the findings and opinions to which the expert is expected to testify and a summary of the grounds for each opinion and, with respect to an expert whose findings and opinions were acquired in anticipation of litigation or for trial, summarize the qualifications of the expert, state the terms of the expert's compensation, and attach to your answers any available list of publications written by the expert and any written report made by the expert concerning the expert's findings and opinions.

**ANSWER:**

**INTERROGATORY NO. 24:** Explain and provide a supporting calculation for the manner in which Defendant Noah N. Rodarte was compensated at the time of the collision (i.e., the formula for payment by the hour, by the miles traveled, by the load, by commissions, by straight salary or explain any other method used), and state if Defendant Rodarte individually was compensated for the Run. If Defendant Rodarte was not compensated for the Run, please explain the reason.

IRPD : 000010 of 000020



Filed 25-CI-01607 09/10/2025 Deanna Simcoe, Hardin Circuit Clerk

Filed 25-CI-01607 09/10/2025 Deanna Simcoe, Hardin Circuit Clerk
NOT ORIGINAL DOCUMENT 05/29/2026 12:14:35 PM 89824-16

**ANSWER:**

**INTERROGATORY NO. 25:** Do you contend that Plaintiffs Dorris H. Kelley and/or Darrelyn J. Kelley did anything to cause or contribute to cause the incident made the basis of this suit?

**ANSWER:**

**INTERROGATORY NO. 26:** Do you contend that any mechanical failure contributed to and/or caused the collision made the basis of this suit? If so, please explain.

**ANSWER:**

**INTERROGATORY NO. 27:** State each and every regulation set forth in the Federal Motor Carrier Safety Regulations violated by the commercial motor vehicle, Defendant Noah N. Rodarte, the owner of the Tractor, the owner of the Trailer, and/or the answering Defendant from the start of the Run through the point in time that the commercial truck was removed from the scene of the incident, explaining all factual detail known concerning the violation. If you believe that no regulation was violated, then answer this interrogatory by answering "none."

**ANSWER:**

**INTERROGATORY NO. 28:** Was a company investigation conducted with regard to the incident made the basis of this suit? List all individuals that participated in said investigation and the results thereof.

**ANSWER**:

**INTERROGATORY NO. 29:** Please state the name and address of any passengers in the vehicle driven by Noah N. Rodarte at the time of the incident made the basis of this suit.

**ANSWER**:

**INTERROGATORY NO. 30:** Identify each person, other than a person intended to be


IRPD : 000011 of 000020
Filed 25-CI-01607 09/10/2025 Deanna Simcoe, Hardin Circuit Clerk

Filed 25-CI-01607 09/10/2025 Deanna Simcoe, Hardin Circuit Clerk
NOT ORIGINAL DOCUMENT 05/29/2026 12:14:35 PM 89824-16

called as an expert witness at trial, having discoverable information that tends to support a position that you have taken or intend to take in this action, including any position relating to damages and state the subject matter of the information possessed by that person.

**ANSWER**:

**INTERROGATORY NO. 31:** Please identify the owner of the tractor and trailer driven by Rodarte at the time of this collision.

**ANSWER**:

## REQUESTS FOR PRODUCTION OF DOCUMENTS

**REQUEST NO. 1:** Please produce any and all documents related or incidental to and/or reflecting the following:

a) Driver logs for Defendant Noah N. Rodarte for the six (6) months preceding the collision;

b) Defendant Rodarte's driver qualification file and all incident reports involving Defendant Rodarte;

c) All trip receipts and operational documents that could be used to conduct log audits and verify log accuracy;

d) All information contained in or retrieved from onboard data records (including ECM units, EDRs, or black boxes);

e) E-mail, text, and other communications between Defendant Rodarte and Defendant Miser Logistics, LLC and/or any dispatcher;

f) All maintenance records, pre-trip inspection reports, post-trip inspection reports, and annual inspection records filled out by Defendant Rodarte or otherwise relating to the


IRPD : 000012 of 000020
Filed 25-CI-01607 09/10/2025 Deanna Simcoe, Hardin Circuit Clerk

Filed 25-CI-01607 09/10/2025 Deanna Simcoe, Hardin Circuit Clerk
NOT ORIGINAL DOCUMENT 05/29/2026 12:14:35 PM 89824-16

2023 International tractor-trailer involved in the collision;

g) Any documents evidencing method of payment made to Defendant Rodarte, including but not limited to payroll records, time cards, copies of checks, receipts, and/or tax documents;

h) Driver file materials for Defendant Rodarte, including but not limited to driver health, fitness, and medical documentation; employment/driving applications; background check results; drug screening results; driver conduct records; accident or damaged equipment reports; driver education and qualification records; disciplinary records; performance review records; and materials pertaining to the terms and conditions of his employment or contract with Defendant Miser Logistics, LLC;

i) All reports related or incidental to the subject collision and/or any injuries sustained in relation thereto;

j) Any and all operator handbooks, training manuals, and safety manuals that include policies and procedures for safe operation;

k) Any and all logbooks that Defendant Rodarte prepared during the one (1) year preceding the subject collision;

l) Any and all daily condition/inspection reports and maintenance/repair logs or records for the 2023 International tractor-trailer from May 26, 2024, through May 26, 2025;

m) Any and all dispatch records, weigh tickets, fuel receipts, fuel tax records, International Fuel Tax Agreement (IFTA) reports, IFTA records, and/or IFTA supporting documentation for the 2023 International tractor-trailer from April 26, 2024, through May 26, 2025;

n) Copies of all documents evidencing any Qualcomm, GPS, or other mobile


IRPD : 000013 of 000020
Filed 25-CI-01607 09/10/2025 Deanna Simcoe, Hardin Circuit Clerk

Filed 25-CI-01607 09/10/2025 Deanna Simcoe, Hardin Circuit Clerk
NOT ORIGINAL DOCUMENT 05/29/2026 12:14:35 PM 89824-16

communication or tracking system in the 2023 International tractor-trailer at the time of the collision, in addition to all data generated from such system(s), in whatever format it exists, for the one-year period ending May 26, 2025;

o) Copies of all documentation evidencing the mobile telephone, internet, mobile device, text messaging, or other communicative devices provided to, owned by, and/or possessed by Defendant Rodarte, including documents reflecting those communication device accounts and/or charges, and documents reflecting all communication activities involving the device(s) for the thirty (30) day period ending May 26, 2025;

p) DOT drug screen results of screening pertaining to or as a result of the subject collision; and/or

q) Records evidencing all stops, pick-ups, and deliveries made or scheduled to be made for the 2023 International tractor-trailer from May 1, 2025, through May 26, 2025.

**RESPONSE:**

**REQUEST NO. 2:** Please produce all documents that you intend to use or offer as evidence in this action during any deposition, hearing, and/or the trial.

**RESPONSE:**

**REQUEST NO. 3:** Please produce all documents generated in connection with any investigation made by Miser Logistics, LLC into Noah N. Rodarte's employment records for the preceding three (3) years.

**RESPONSE:**

**REQUEST NO. 4:** Please produce the annual reviews of the driving record of Defendant Noah N. Rodarte.


IRPD : 000014 of 000020
Filed 25-CI-01607 09/10/2025 Deanna Simcoe, Hardin Circuit Clerk

Filed 25-CI-01607 09/10/2025 Deanna Simcoe, Hardin Circuit Clerk
NOT ORIGINAL DOCUMENT 05/29/2026 12:14:35 PM 89824-16

**RESPONSE:**

**REQUEST NO. 5:** Please produce Defendant Noah N. Rodarte's personnel file.

**RESPONSE:**

**REQUEST NO. 6:** Please produce Noah N. Rodarte's driving logs for the day the incident made the basis of this action occurred and six months prior to that date, along with the logs or hours of service records, all supportive documents including dispatch records, freight bills, toll tickets, fuel receipts and meal receipts.

**RESPONSE:**

**REQUEST NO. 7:** Please produce any and all documents reflecting inspection, repair, service and maintenance performed to the commercial truck driven by Noah N. Rodarte during the incident made the basis of this suit for a period of one year prior to and any time after May 26, 2025.

**RESPONSE:**

**REQUEST NO. 8:** Please produce any and all reports, writings, electronic mail and/or memos of investigations made regarding the incident made the basis of this suit.

**RESPONSE:**

**REQUEST NO. 9:** Please produce any and all photographs and/or video tapes of the vehicle(s), partis or incident scene related to this incident.

**RESPONSE:**

**REQUEST NO. 10:** Please produce a copy of any and all of your company policies, procedures, manuals or other literature regarding the safe operation of company vehicles.

**RESPONSE:**

**REQUEST NO. 11:** Please produce each and every document you intend to offer at the trial of this case.



IRPD : 000015 of 000020

Filed 25-CI-01607 09/10/2025 Deanna Simcoe, Hardin Circuit Clerk

Filed 25-CI-01607 09/10/2025 Deanna Simcoe, Hardin Circuit Clerk

NOT ORIGINAL DOCUMENT 05/29/2026 12:14:35 PM 89824-16

**<u>RESPONSE</u>:**

**<u>REQUEST NO. 12</u>:** Please produce a copy of all notifications of incidents in which Noah N. Rodarte's and/or any other driver employed by your company in the last ten years was involved.

**<u>RESPONSE</u>:**

**<u>REQUEST NO. 13</u>:** Please produce a copy of all payment schedules and payment records of your company to Noah N. Rodarte for the preceding five (5) years.

**<u>RESPONSE</u>:**

**<u>REQUEST NO. 14</u>:** Please produce a copy of each and every policy of insurance that you maintained at the time of the incident made the basis of this suit which may provide coverage to you for the allegations set forth in the Complaint.

**<u>RESPONSE</u>:**

**<u>REQUEST NO. 15</u>:** Please produce a copy of any statements taken from Plaintiffs and/or witness in your possession, following the incident that made the basis of this suit.

**<u>RESPONSE</u>:**

**<u>REQUEST NO. 16</u>:** Please produce a copy of any and all complaints regarding your company and/or any driver(s) employed by your company within the last ten years.

**<u>RESPONSE</u>:**

**<u>REQUEST NO. 17</u>:** Please produce a copy of any and all safety literature from your insurance company.

**<u>RESPONSE</u>:**

**<u>REQUEST NO. 18</u>:** Please produce a copy of any driver/employee manual, handbook, document, regulation, pamphlet, flyer or any other item which outlines, describes or otherwise identifies the duties and/or responsibilities of your employees which was in effect on the date of the

IRPD : 000016 of 000020



Filed 25-CI-01607 09/10/2025 Deanna Simcoe, Hardin Circuit Clerk

Filed 25-CI-01607 09/10/2025 Deanna Simcoe, Hardin Circuit Clerk
NOT ORIGINAL DOCUMENT 05/29/2026 12:14:35 PM 89824-16

incident made the basis of this suit.

**RESPONSE:**

**REQUEST NO. 19:** Please produce a copy of all gas receipts, charge card receipts, hotel receipts and restaurant receipts of the driver, Noah N. Rodarte, for the six months preceding the incident made the basis of this suit.

**RESPONSE:**

**REQUEST NO. 20:** Please produce a copy of all contracts of employment between you and Noah N. Rodarte.

**RESPONSE:**

**REQUEST NO. 21:** Please produce the shipping invoice manifest or other documents reflecting the cargo or material being carried by the truck at the time of the incident made the basis if this suit.

**RESPONSE:**

**REQUEST NO. 22:** A complete copy of any and all files pertaining to workers' compensation and/or disability claims made and/or filed by Noah N. Rodarte or on his behalf, including but not limited to any and all records in your possession or under your control which relates to the payment of any such claims, correspondence, reports of injury, care, treatment, diagnosis or prognosis of any condition.

**RESPONSE:**

**REQUEST NO. 23:** Please produce any and all documents and/or data produced by an GPS (global positioning system) and/or equipment with any form of an on-board computer for which the vehicle driver by Noah N. Rodarte at the time of the incident made the basis of this suit was equipped with.


IRPD : 000017 of 000020
Filed 25-CI-01607 09/10/2025 Deanna Simcoe, Hardin Circuit Clerk

Filed 25-CI-01607 09/10/2025 Deanna Simcoe, Hardin Circuit Clerk
NOT ORIGINAL DOCUMENT 05/29/2026 12:14:35 PM 89824-16

**RESPONSE:**

**REQUEST NO. 24:** The curriculum vitae(s) of any and all experts which you intend to call at the trial of this matter.

**RESPONSE:**

**REQUEST NO. 25:** Please produce any all cellular phone records of Noah N. Rodarte for the week leading up to and including the incident made the basis of this suit.

**RESPONSE:**

**REQUEST NO. 26:** With respect to those expert witnesses whom you intend to use at trial of this action, please produce the expert's entire file pertaining to this proceeding, including but not limited to things reviewed or studied by the expert in the formulation of any opinion to be offered at trial, any and all of such expert witnesses notes, correspondences to and from the said expert pertaining to this action, memoranda to or from the said expert, and/or reports of said expert witnesses pertaining hereto.

**RESPONSE:**

**REQUEST NO. 27:** Please produce any and all images, recordings, photographs, videotapes, and/or movies that have been taken by you or obtained by you or anyone acting on your behalf, including attorneys, agents, employees, and/or representatives of the Defendants, of Plaintiffs Dorris H. Kelley and Darrelyn J. Kelley.

**RESPONSE:**

**REQUEST NO. 28:** Please produce any and all statements, written or verbal, recorded interviews, letters, written opinions, or reports of any kind, that any Defendant or employee or agent thereof has given in regard to the subject collision.

**RESPONSE:**

IRPD : 000018 of 000020



Filed 25-CI-01607 09/10/2025 Deanna Simcoe, Hardin Circuit Clerk

NOT ORIGINAL DOCUMENT 05/29/2026 12:14:35 PM 89824-16

**REQUEST NO. 29**: Please produce all documents identified in response to Plaintiffs' interrogatories.

**RESPONSE**:

**REQUEST NO. 30**: Please produce any and all documents related to the tractor/trailer or commercial truck driven by Defendant Noah N. Rodarte at the time of this incident, including, but not limited to, the title, owner's manual, operator's manual, and any maintenance and repair records.

**RESPONSE**:

**REQUEST NO. 31**: Please produce any and all bills of lading or other documents describing the load packaged in the trailer prior to the incident.

**RESPONSE**:

**REQUEST NO. 32**: Please produce a copy of all contracts, leases, or other agreements in effect on the date of the collision for the tractor and trailer involved in the collision.

**RESPONSE**:

**REQUEST NO. 33**: Please produce any and all correspondence and/or agreements between Ego Express, Inc., and Miser Logistics, LLC, concerning Noah Roadarte, the tractor involved in the collision, the trailer involved in the collision, and/or the collision itself.

**RESPONSE**:

**REQUEST NO. 34**: Please produce any and all correspondence and/or agreements between Ego Express, Inc., and Super Ego Holding, LLC, concerning Noah Roadarte, the tractor involved in this collision, the trailer involved in the collision, and/or the collision itself.

**RESPONSE**:

IRPD : 000019 of 000020

NOT ORIGINAL

DOCUMENT

05/29/2026 12:14:35

PM

89824-16

Respectfully submitted,

*/s/ Jonathan B. Fannin*
Jonathan B. Fannin, Esq.
Carl W. Walter II, Esq.
**MINNER VINES INJURY LAWYERS PLLC**
325 West Main Street, Suite 210
Lexington, Kentucky 40507
Telephone: (859) 550-2900
Facsimile: (859) 550-2902
Email: jonathan@mvmlaw.com
*Counsel for Plaintiffs*

**CERTIFICATE OF SERVICE**

I hereby certify that on September 10, 2025, I electronically filed the foregoing document with the Clerk of the Court by using the electronic filing system and served same via US First Class Mail and/or electronic mail to the following:

Miser Logistics, LLC
c/o Milan Virijevic
655 Metro Place South, Suite 634
Dublin, Ohio 43017
*Defendant*

*Courtesy copy to:*

Jeri B. Poppe, Esq.
Don K. Brown Law PSC
13102 Eastpoint Park Boulevard, Suite 200
Louisville, Kentucky 40223

*/s/ Jonathan B. Fannin*
Jonathan B. Fannin, Esq.

IRPD : 000020 of 000020

Filed 25-CI-01607 09/10/2025 Deanna Simcoe, Hardin Circuit Clerk

NOT ORIGINAL DOCUMENT 05/29/2026 12:14:38 PM 89824-16

**COMMONWEALTH OF KENTUCKY**
**HARDIN CIRCUIT COURT**
**DIVISION 3**
**CIVIL ACTION NO.: 25-CI-01607**

***Electronically Filed***

DORRIS H. KELLEY and
DARRELYN J. KELLEY PLAINTIFFS

v.

NOAH N. RODARTE, et al. DEFENDANTS

---

**PLAINTIFFS' NOTICE OF SERVICE**

---

**PLEASE TAKE NOTICE** that the following documents have been served on behalf of the Plaintiffs, Dorris H. Kelley and Darrelyn J. Kelley, on this the 10th day of September, 2025:

- **Plaintiffs Dorris H. Kelley and Darrelyn J. Kelley's First Set of Interrogatories and Requests for Production of Documents Propounded on Defendant Miser Logistics, LLC**

Respectfully submitted,

*/s/ Jonathan B. Fannin*
Jonathan B. Fannin, Esq.
Carl W. Walter II, Esq.
**MINNER VINES INJURY LAWYERS PLLC**
325 West Main Street, Suite 210
Lexington, Kentucky 40507
Telephone: (859) 550-2900
Facsimile: (859) 550-2902
Email: jonathan@mvmlaw.com
*Counsel for Plaintiffs*

NO : 000001 of 000002

Filed 25-CI-01607 09/10/2025 Deanna Simcoe, Hardin Circuit Clerk

NOT ORIGINAL DOCUMENT 05/29/2026 12:14:38 PM 89824-16

**CERTIFICATE OF SERVICE**

I hereby certify that on September 10, 2025, I electronically filed the foregoing document with the Clerk of the Court by using the electronic filing system and served same via US First Class Mail and/or electronic mail to the following:

Jeri B. Poppe, Esq.
Don K. Brown Law PSC
13102 Eastpoint Park Boulevard, Suite 200
Louisville, Kentucky 40223

Miser Logistics, LLC
c/o Milan Virijevic
655 Metro Place South, Suite 634
Dublin, Ohio 43017
*Defendant*

Noah N. Rodarte
5657 Arlington Avenue
Riverside, California 92504
*Defendant*

*/s/ Jonathan B. Fannin*
Jonathan B. Fannin, Esq.

NO : 000002 of 000002

Filed 25-CI-01607 09/10/2025 Deanna Simcoe, Hardin Circuit Clerk

Filed 25-CI-01607 09/25/2025 Deanna Simcoe, Hardin Circuit Clerk
NOT ORIGINAL DOCUMENT 05/29/2026 12:14:41 PM 89824-16

CASE NO. 25-CI-001607

HARDIN CIRCUIT COURT
DIVISION THREE (3)
JUDGE LARRY ASHLOCK
*ELECTRONICALLY FILED*

DORRIS H. KELLEY
and
DARRELYN J. KELLEY PLAINTIFFS

v.

**ANSWER**

NOAH N. RODARTE
and
MISER LOGISTICS, LLC DEFENDANTS

* * * * *

Now comes Defendants, Noah Cook (incorrectly identified in the Complaint as Noah Rodarte) and Miser Logistics, LLC, by counsel, and for their Answer to the Complaint, states as follows:

1. The Complaint fails to state a cause of action upon which relief can be granted.

2. That these answering Defendants lack sufficient information to either admit or deny the allegations contained in paragraphs 1, 2, 5, 9, 10, 11, 12, 15, 16, 17, 18, and 19 of the Complaint and therefore deny same.

3. That paragraphs 3, 4, 6, 21, and 23 of the Complaint require and/or request a legal opinion and/or conclusion which these answering Defendants are not legally obligated to render and therefore deny same.

4. That paragraphs 7, 13, 14, 22, 24 through 28, 30, 32, and 33 are denied.

ANS : 000001 of 000005



Filed 25-CI-01607 09/25/2025 Deanna Simcoe, Hardin Circuit Clerk

Filed 25-CI-01607 09/25/2025 Deanna Simcoe, Hardin Circuit Clerk
NOT ORIGINAL DOCUMENT 05/29/2026 12:14:41 PM 89824-16

5. That in response to paragraphs 8, 20, 29, and 31 of the Complaint, these answering Defendants adopt, reiterate and reallege all previous answers and affirmative defenses as if fully rewritten herein.

6. All allegations not specifically admitted are denied.

7. That these answering Defendants affirmatively plead comparative and/or contributory negligence on behalf of the Plaintiffs, thereby constituting a complete or partial bar to the allegations. To the extent that discovery is just beginning, Defendants agree to supplement and/or amend this affirmative defense consistent with the proof developed throughout discovery.

8. That these answering Defendants affirmatively plead comparative and/or contributory negligence on behalf of third parties not under their control, thereby constituting a complete or partial bar to the allegations. To the extent that discovery is just beginning, Defendants agree to supplement and/or amend this affirmative defense consistent with the proof developed throughout discovery.

9. That these answering Defendants affirmatively plead intervening and/or superseding causes and/or events, thereby constituting a complete or partial bar to the allegations. To the extent that discovery is just beginning, Defendants agree to supplement and/or amend this affirmative defense consistent with the proof developed throughout discovery.

10. That these answering Defendants affirmatively plead KRS 189 *et seq* as a complete or partial bar to the allegations. To the extent that discovery is

ANS : 000002 of 000005



Filed 25-CI-01607 09/25/2025 Deanna Simcoe, Hardin Circuit Clerk

Filed 25-CI-01607 09/25/2025 Deanna Simcoe, Hardin Circuit Clerk
NOT ORIGINAL DOCUMENT 05/29/2026 12:14:41 PM 89824-16

just beginning, Defendants agree to alter or amend this affirmative defense consistent with the proof developed throughout discovery.

11. That these answering Defendants affirmatively plead KRS 304.39 *et seq* as a complete or partial bar to the allegations. To the extent that discovery is just beginning, Defendants agree to supplement and/or amend this affirmative defense consistent with the proof developed throughout discovery.

12. That these answering Defendants affirmatively plead all defenses pursuant to CR 8 and 12, which may apply to the within matter, thereby constituting a complete or partial bar to the allegations. To the extent that discovery is just beginning, Defendants agree to supplement and/or amend this affirmative defense consistent with the proof developed throughout discovery.

13. That these answering Defendants affirmatively plead CR 15 and reserve their right to amend all pleadings and defenses, thereby constituting a complete or partial bar to the allegations. To the extent that discovery is just beginning, these answering Defendants agree to supplement and/or amend this affirmative defense consistent with the proof developed throughout discovery.

14. That the actions of the Defendants were secondary and/or passive in nature to the actions of others, thereby constituting a complete or partial bar to the allegations. To the extent that discovery is just beginning, these answering Defendants agree to supplement and/or amend this affirmative defense consistent with the proof developed throughout discovery.

15. That these answering Defendants affirmatively plead Plaintiffs' failure to mitigate alleged damages, if any, thereby constituting a complete or

ANS : 000003 of 000005


Filed 25-CI-01607 09/25/2025 Deanna Simcoe, Hardin Circuit Clerk

Filed 25-CI-01607 09/25/2025 Deanna Simcoe, Hardin Circuit Clerk

NOT ORIGINAL DOCUMENT 05/29/2026 12:14:41 PM 89824-16

partial bar to the allegations. To the extent that discovery is just beginning, Defendants agree to supplement and/or amend this affirmative defense consistent with the proof developed throughout discovery.

**WHEREFORE** the Noah Cook and Miser Logistics, LLC, demand:

1. That the Complaint be dismissed;
2. Costs expended herein;
3. Trial by jury;
4. For any and all other relief to which they may appear properly entitled.

Respectfully submitted,

**DON K. BROWN, PSC**

*/s/ Jeri Barclay Poppe*
JERI BARCLAY POPPE
ANNIE BOWER BROWN
13102 Eastpoint Park Blvd., Ste. 200
Louisville, Kentucky 40223
(502) 588-9000
jpoppe@donkbrownlaw.com
abrown@donkbrownlaw.com
*Counsel for Defendants*
*Noah N. Rodarte and Miser Logistics, LLC*

ANS : 000004 of 000005



Filed 25-CI-01607 09/25/2025 Deanna Simcoe, Hardin Circuit Clerk

Filed 25-CI-01607 09/25/2025 Deanna Simcoe, Hardin Circuit Clerk

NOT ORIGINAL DOCUMENT

05/29/2026 12:14:41 PM

89824-16

**CERTIFICATE OF SERVICE**

It is hereby certified that a copy of the foregoing was electronically filed and served upon the following on September 25, 2025:

Jonathan B. Fannin
Carl W. Walter, II
Minner Vines Injury Lawyers, PLLC
325 West Main Street, Suite 210
Lexington, KY 40507
(859) 550-2900
jonathan@mvmlaw.com
carl@mvmlaw.com
*Counsel for Plaintiffs*

*/s/ Jeri Barclay Poppe*
JERI BARCLAY POPPE
ANNIE BOWER BROWN

L:\Active\25-0702dkb\Pleadings\Answer.docx

ANS : 000005 of 000005



Filed 25-CI-01607 09/25/2025 Deanna Simcoe, Hardin Circuit Clerk

Filed 25-CI-01607 09/26/2025 Deanna Simcoe, Hardin Circuit Clerk
NOT ORIGINAL DOCUMENT 05/29/2026 12:14:45 PM 89824-16

CASE NO. 25-CI-01607

HARDIN CIRCUIT COURT
DIVISION THREE (3)
JUDGE LARRY ASHLOCK
*ELECTRONICALLY FILED*

DORRIS H. KELLEY
and
DARRELYN J. KELLEY

PLAINTIFFS

v.

**NOTICE OF REMOVAL**

NOAH N. RODARTE
and
MISER LOGISTICS, LLC

DEFENDANTS

* * * * *

Now come the Defendants, Noah Cook (incorrectly identified in the Complaint as Noah N. Rodarte) and Miser Logistics, LLC, by counsel, and hereby give Notice that this matter has been removed to Federal Court.

Respectfully submitted,

**DON K. BROWN, PSC**

*/s/ Jeri Barclay Poppe*
JERI BARCLAY POPPE
ANNIE BOWER BROWN
13102 Eastpoint Park Blvd., Suite 200
Louisville, Kentucky 40223
(502) 588-9000
jpoppe@donkbrownlaw.com
abrown@donkbrownlaw.com
*Counsel for Defendants Noah N. Rodarte and Miser Logistics, LLC*

NO : 000001 of 000002



Filed 25-CI-01607 09/26/2025 Deanna Simcoe, Hardin Circuit Clerk

Filed 25-CI-01607 09/26/2025 Deanna Simcoe, Hardin Circuit Clerk
NOT ORIGINAL DOCUMENT
05/29/2026 12:14:45 PM
89824-16

**CERTIFICATE OF SERVICE**

It is hereby certified that a copy of the foregoing was electronically filed and served upon the following on September 26, 2025:

Jonathan B. Fannin
Carl W. Walter, II
Minner Vines Injury Lawyers, PLLC
325 West Main Street, Suite 210
Lexington, KY 40507
(859) 550-2900
jonathan@mvmlaw.com
carl@mvmlaw.com
*Counsel for Plaintiffs*

*/s/ Jeri Barclay Poppe*
JERI BARCLAY POPPE
ANNIE BOWER BROWN

L:\Active\25-0702dkb\Pleadings\Notice of Removal (state ct).docx

NO : 000002 of 000002



Filed 25-CI-01607 09/26/2025 Deanna Simcoe, Hardin Circuit Clerk

B3876934-3B04-42EA-98F1-4A6B112E4E58 : 000001 of 000024

**COMMONWEALTH OF KENTUCKY**
**HARDIN CIRCUIT COURT**
**DIVISION THREE (3)**
**CASE NO. 25-CI-01607**

*Electronically Filed*

DORRIS H. KELLEY AND
DARRELYN J. KELLEY PLAINTIFFS

V.

NOAH COOK
MISER LOGISTICS, LLC
SUPER EGO HOLDING, LLC
EGO EXPRESS, INC.
GRAY FALCON UNITED LLC
STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY
C.H. ROBINSON WORLDWIDE, INC.
INTERNATIONAL MOTORS, LLC DEFENDANTS

**ANSWER OF INTERNATIONAL MOTORS, LLC**
**TO PLAINTIFFS' FIRST AMENDED COMPLAINT**

Defendant International Motors, LLC ("International"), for its Answer to Plaintiffs' First Amended Complaint in the above-captioned action ("Complaint"), states as follows:

**FIRST AFFIRMATIVE DEFENSE**

The Complaint fails, in whole or in part, to state a claim against International upon which relief may be granted.

**SECOND AFFIRMATIVE DEFENSE**

1. International is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 1 of the Complaint, and therefore the allegations are denied.

ANS : 000001 of 000024

Filed 25-CI-01607 05/29/2026 Deanna Simcoe, Hardin Circuit Clerk

**PARTIES**

2. International is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 2 of the Complaint, and therefore the allegations are denied.

3. International is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 3 of the Complaint, and therefore the allegations are denied.

4. International is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 4 of the Complaint, and therefore the allegations are denied.

5. International is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 5 of the Complaint, and therefore the allegations are denied.

6. International is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 6 of the Complaint, and therefore the allegations are denied.

7. International is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 7 of the Complaint, and therefore the allegations are denied.

8. International is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 8 of the Complaint, and therefore the allegations are denied.

B3876934-3B04-42EA-98F1-4A6B112E4E58 : 000002 of 000024
ANS : 000002 of 000024


Filed 25-CI-01607 05/29/2026 Deanna Simcoe, Hardin Circuit Clerk

Filed 25-CI-01607 05/29/2026 Deanna Simcoe, Hardin Circuit Clerk

9. International is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 9 of the Complaint, and therefore the allegations are denied.

10. International is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 10 of the Complaint, and therefore the allegations are denied.

11. International is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 11 of the Complaint, and therefore the allegations are denied.

12. International is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 12 of the Complaint, and therefore the allegations are denied.

13. In response to Paragraph 13 of the Complaint, International states that it is a Delaware limited liability company with a principal office at 2701 International Drive, Lisle, IL 60532 and with a registered agent of Corporation Service Company, 315 High Street, Frankfort, KY 40601. International further admits that it was formerly known as Navistar, Inc.

14. In response to Paragraph 14 of the Complaint, International admits that it designs manufactures and assembles, in part, commercial vehicles that are sold via independent authorized dealers. International also sells and distributes trucks directly to some of its customers. Further responding, International manufactured an LT625 6x4 bearing VIN 3HSDZAPRXPN219817 (the “LT” or the “Subject Truck”) on or about August 31, 2022 pursuant to the specifications selected by Super Ego Holding. International denies the remaining allegations contained in Paragraph 14 of the Complaint.

B3876934-3B04-42EA-98F1-4A6B112E4E58 : 000003 of 000024
ANS : 000003 of 000024


Filed 25-CI-01607 05/29/2026 Deanna Simcoe, Hardin Circuit Clerk

Filed 25-CI-01607 05/29/2026 Deanna Simcoe, Hardin Circuit Clerk

15. International is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 15 of the Complaint, and therefore the allegations are denied.

16. Paragraph 16 of the Complaint calls for a legal conclusion to which no response is required. To the extent a response is required, International is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 16 of the Complaint.

17. Paragraph 17 of the Complaint calls for a legal conclusion to which no response is required. To the extent a response is required, International is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 17 of the Complaint.

**FACTS**

18. International incorporates its responses to Paragraphs 1-17 as if fully set forth herein.

19. International is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 19 of the Complaint, and therefore the allegations are denied.

20. International is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 20 of the Complaint, and therefore the allegations are denied.

21. International is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 21 of the Complaint, and therefore the allegations are denied.

B3876934-3B04-42EA-98F1-4A6B112E4E58 : 000004 of 000024
ANS : 000004 of 000024


Filed 25-CI-01607 05/29/2026 Deanna Simcoe, Hardin Circuit Clerk

Filed 25-CI-01607 05/29/2026 Deanna Simcoe, Hardin Circuit Clerk

22. International is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 22 of the Complaint, and therefore the allegations are denied.

23. International is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 23 of the Complaint, and therefore the allegations are denied.

24. International is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 24 of the Complaint, and therefore the allegations are denied.

25. International is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 25 of the Complaint, and therefore the allegations are denied.

26. In response to Paragraph 26 of the Complaint, International admits that the LT was ordered, specified, and purchased by Super Ego Holding. International is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 26 of the Complaint, and therefore the allegations are denied.

27. International is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 27 of the Complaint, and therefore the allegations are denied.

28. International is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 28 of the Complaint, and therefore the allegations are denied.

B3876934-3B04-42EA-98F1-4A6B112E4E58 : 000005 of 000024
ANS : 000005 of 000024


Filed 25-CI-01607 05/29/2026 Deanna Simcoe, Hardin Circuit Clerk

Filed 25-CI-01607 05/29/2026 Deanna Simcoe, Hardin Circuit Clerk

29. International is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 29 of the Complaint, and therefore the allegations are denied.

30. International is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 30 of the Complaint, and therefore the allegations are denied.

31. International is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 31 of the Complaint, and therefore the allegations are denied.

32. International is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 32 of the Complaint, and therefore the allegations are denied.

33. In response to Paragraph 33 of the Complaint, International admits that it designed the LT and manufactured it according to the specifications of Super Ego Holding; those specifications omitted a collision mitigation system that International offered as part of the standard chassis on all LT models. International states that the Subject Truck was sold to Super Ego Holding by an independent authorized dealer. International is without knowledge or information to form a belief as to whether the LT was in "substantially the same condition" as when it was sold at the time of the subject accident. International denies the remaining allegations in Paragraph 33.

34. International is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 34 of the Complaint, and therefore the allegations are denied.

B3876934-3B04-42EA-98F1-4A6B112E4E58 : 000006 of 000024
ANS : 000006 of 000024


Filed 25-CI-01607 05/29/2026 Deanna Simcoe, Hardin Circuit Clerk

Filed 25-CI-01607 05/29/2026 Deanna Simcoe, Hardin Circuit Clerk

35. International is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 35 of the Complaint, and therefore the allegations are denied.

36. International is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 36 of the Complaint, and therefore the allegations are denied.

37. International is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 37 of the Complaint, and therefore the allegations are denied.

38. International denies the allegations contained in Paragraph 38 of the Complaint to the extent those allegations are directed at International.

**COUNT I**

**COMMON LAW NEGLIGENCE AND GROSS NEGLIGENCE OF DEFENDANTS NOAH COOK, MISER LOGISTICS, LLC, SUPER EGO HOLDING, LLC, EGO EXPRESS, INC. AND GRAY FALCON UNITED, LLC**

39. International incorporates its responses to Paragraphs 1-38 as if fully set forth herein.

40. The allegations contained in Paragraph 40 of the Complaint are not directed at International and therefore no response is required. International denies any allegations in Paragraph 40 that can be construed as being made against it.

41. The allegations contained in Paragraph 41 of the Complaint are not directed at International and therefore no response is required. International denies any allegations in Paragraph 41 that can be construed as being made against it.

B3876934-3B04-42EA-98F1-4A6B112E4E58 : 000007 of 000024
ANS : 000007 of 000024


Filed 25-CI-01607 05/29/2026 Deanna Simcoe, Hardin Circuit Clerk

42. The allegations contained in Paragraph 42 of the Complaint are not directed at International and therefore no response is required. International denies any allegations in Paragraph 42 that can be construed as being made against it.

43. The allegations contained in Paragraph 43 of the Complaint are not directed at International and therefore no response is required. International denies any allegations in Paragraph 43 that can be construed as being made against it.

44. The allegations contained in Paragraph 44 of the Complaint are not directed at International and therefore no response is required. International denies any allegations in Paragraph 44 that can be construed as being made against it.

45. The allegations contained in Paragraph 45 of the Complaint are not directed at International and therefore no response is required. International denies any allegations in Paragraph 45 that can be construed as being made against it.

46. The allegations contained in Paragraph 46 of the Complaint are not directed at International and therefore no response is required. International denies any allegations in Paragraph 46 that can be construed as being made against it.

47. The allegations contained in Paragraph 47 of the Complaint are not directed at International and therefore no response is required. International denies any allegations in Paragraph 47 and subparts that can be construed as being made against it.

48. The allegations contained in Paragraph 48 of the Complaint are not directed at International and therefore no response is required. International denies any allegations in Paragraph 48 and subparts that can be construed as being made against it.

B3876934-3B04-42EA-98F1-4A6B112E4E58 : 000008 of 000024

ANS : 000008 of 000024

Filed 25-CI-01607 05/29/2026 Deanna Simcoe, Hardin Circuit Clerk

**COUNT II**

**LOSS OF CONSORTIUM**

49. International incorporates its responses to Paragraphs 1-48 as if fully set forth herein.

50. International denies the allegations contained in Paragraph 50 of the Complaint to the extent the allegations are directed at International.

**COUNT III**

**NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS**

51. International incorporates its responses to Paragraphs 1-50 as if fully set forth herein.

52. International denies the allegations contained in Paragraph 52 of the Complaint to the extent the allegations are directed at International.

53. International denies the allegations contained in Paragraph 53 of the Complaint to the extent the allegations are directed at International.

**COUNT IV**

**CONTRACTUAL CLAIMS AGAINST DEFENDANT STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY**

54. International incorporates its responses to Paragraphs 1-53 as if fully set forth herein.

55. International is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 55 of the Complaint, and therefore the allegations are denied.

B3876934-3B04-42EA-98F1-4A6B112E4E58 : 000009 of 000024
ANS : 000009 of 000024


Filed 25-CI-01607 05/29/2026 Deanna Simcoe, Hardin Circuit Clerk

Filed 25-CI-01607 05/29/2026 Deanna Simcoe, Hardin Circuit Clerk

56. The allegations contained in Paragraph 56 of the Complaint are not directed at International and therefore no response is required. International denies any allegations in Paragraph 56 that can be construed as being made against it.

57. The allegations contained in Paragraph 57 of the Complaint are not directed at International and therefore no response is required. International denies any allegations in Paragraph 57 that can be construed as being made against it.

**COUNT V**

**NEGLIGENT AND GROSS NEGLIGENT SELECTION AGAINST C.H. ROBINSON WORLDWIDE, INC.**

58. International incorporates its responses to Paragraphs 1-57 as if fully set forth herein.

59. The allegations contained in Paragraph 59 of the Complaint are not directed at International and therefore no response is required. International denies any allegations in Paragraph 59 that can be construed as being made against it.

60. The allegations contained in Paragraph 60 of the Complaint are not directed at International and therefore no response is required. International denies any allegations in Paragraph 60 that can be construed as being made against it.

61. The allegations contained in Paragraph 61 of the Complaint are not directed at International and therefore no response is required. International denies any allegations in Paragraph 61 that can be construed as being made against it.

62. The allegations contained in Paragraph 62 of the Complaint are not directed at International and therefore no response is required. International denies any allegations in Paragraph 62 that can be construed as being made against it.

B3876934-3B04-42EA-98F1-4A6B112E4E58 : 000010 of 000024
ANS : 000010 of 000024


Filed 25-CI-01607 05/29/2026 Deanna Simcoe, Hardin Circuit Clerk

Filed 25-CI-01607 05/29/2026 Deanna Simcoe, Hardin Circuit Clerk

63. The allegations contained in Paragraph 63 of the Complaint are not directed at International and therefore no response is required. International denies any allegations in Paragraph 63 that can be construed as being made against it.

64. The allegations contained in Paragraph 64 of the Complaint are not directed at International and therefore no response is required. International denies any allegations in Paragraph 64 that can be construed as being made against it.

65. The allegations contained in Paragraph 65 of the Complaint are not directed at International and therefore no response is required. International denies any allegations in Paragraph 65 and subparts that can be construed as being made against it.

66. The allegations contained in Paragraph 66 of the Complaint are not directed at International and therefore no response is required. International denies any allegations in Paragraph 66 that can be construed as being made against it.

67. The allegations contained in Paragraph 67 of the Complaint are not directed at International and therefore no response is required. International denies any allegations in Paragraph 67 that can be construed as being made against it.

68. The allegations contained in Paragraph 68 of the Complaint are not directed at International and therefore no response is required. International denies any allegations in Paragraph 68 and subparts that can be construed as being made against it.

69. The allegations contained in Paragraph 69 of the Complaint are not directed at International and therefore no response is required. International denies any allegations in Paragraph 69 and subparts that can be construed as being made against it.

B3876934-3B04-42EA-98F1-4A6B112E4E58 : 000011 of 000024
ANS : 000011 of 000024

Filed 25-CI-01607 05/29/2026 Deanna Simcoe, Hardin Circuit Clerk

COUNT VI

**VICARIOUS LIABILITY AGAINST C.H. ROBINSON WORLDWIDE, INC.**

70. International incorporates its responses to Paragraphs 1-69 as if fully set forth herein.

71. The allegations contained in Paragraph 71 of the Complaint are not directed at International and therefore no response is required. International denies any allegations in Paragraph 71 that can be construed as being made against it.

72. The allegations contained in Paragraph 72 of the Complaint are not directed at International and therefore no response is required. International denies any allegations in Paragraph 72 that can be construed as being made against it.

73. The allegations contained in Paragraph 73 of the Complaint are not directed at International and therefore no response is required. International denies any allegations in Paragraph 73 that can be construed as being made against it.

74. The allegations contained in Paragraph 74 of the Complaint are not directed at International and therefore no response is required. International denies any allegations in Paragraph 74 that can be construed as being made against it.

75. The allegations contained in Paragraph 75 of the Complaint are not directed at International and therefore no response is required. International denies any allegations in Paragraph 75 that can be construed as being made against it.

76. The allegations contained in Paragraph 76 of the Complaint are not directed at International and therefore no response is required. International denies any allegations in Paragraph 76 that can be construed as being made against it.

B3876934-3B04-42EA-98F1-4A6B112E4E58 : 000012 of 000024
ANS : 000012 of 000024


Filed 25-CI-01607 05/29/2026 Deanna Simcoe, Hardin Circuit Clerk

B3876934-3B04-42EA-98F1-4A6B112E4E58 : 000013 of 000024

77. The allegations contained in Paragraph 77 of the Complaint are not directed at International and therefore no response is required. International denies any allegations in Paragraph 77 that can be construed as being made against it.

78. The allegations contained in Paragraph 78 of the Complaint are not directed at International and therefore no response is required. International denies any allegations in Paragraph 78 and subparts that can be construed as being made against it.

79. The allegations contained in Paragraph 79 of the Complaint are not directed at International and therefore no response is required. International denies any allegations in Paragraph 79 and subparts that can be construed as being made against it.

80. The allegations contained in Paragraph 80 of the Complaint are not directed at International and therefore no response is required. International denies any allegations in Paragraph 80 that can be construed as being made against it.

**COUNT VII**

**STRICT PRODUCT LIABILITY AGAINST INTERNATIONAL MOTORS, LLC**

81. International incorporates its responses to Paragraphs 1-80 as if fully set forth herein.

82. International denies the allegations contained in Paragraph 82 of the Complaint.

83. In response to Paragraph 83 of the Complaint, International admits that it designs, tests, manufactures and assembles in part commercial vehicles, which are sold through independent authorized dealers. International also sells and distributes trucks directly to some of its customers. Further responding, International manufactured the LT on or about August 31, 2022 pursuant to the specifications selected by Super Ego Holding. International is without knowledge

ANS : 000013 of 000024

Filed 25-CI-01607 05/29/2026 Deanna Simcoe, Hardin Circuit Clerk

or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 83, and therefore the allegations are denied.

84. International denies the allegations contained in Paragraph 84 of the Complaint.

85. In response to Paragraph 85 of the Complaint, International admits that it offered a collision mitigation system as part of the standard chassis on all LT model trucks and that International manufactured the LT to the specifications selected by Super Ego Holdings, which omitted any collision mitigation system. International denies the remaining allegations contained in Paragraph 85 of the Complaint.

86. In response to Paragraph 86 of the Complaint, International admits that it offered a collision mitigation system as part of the standard chassis on all LT model trucks and that International manufactured the LT to the specifications selected by Super Ego Holdings, which omitted any collision mitigation system. International denies the remaining allegations contained in Paragraph 86 of the Complaint.

87. International denies the allegations contained in Paragraph 87 of the Complaint.

88. International denies the allegations contained in Paragraph 88 of the Complaint.

89. International denies the allegations contained in Paragraph 89 of the Complaint.

90. International denies the allegations contained in Paragraph 90 of the Complaint.

91. International denies the allegations contained in Paragraph 91 of the Complaint, including all subparts.

92. International denies the allegations contained in Paragraph 92 of the Complaint, including all subparts.

B3876934-3B04-42EA-98F1-4A6B112E4E58 : 000014 of 000024
ANS : 000014 of 000024


Filed 25-CI-01607 05/29/2026 Deanna Simcoe, Hardin Circuit Clerk

B3876934-3B04-42EA-98F1-4A6B112E4E58 : 000015 of 000024

**COUNT VII**

**NEGLIGENCE AGAINST INTERNATIONAL MOTORS, LLC**

93. International incorporates its responses to Paragraphs 1-92 as if fully set forth herein.

94. International denies the allegations contained in Paragraph 94 of the Complaint.

95. Paragraph 95 of the Complaint calls for a legal conclusion to which no response is required. To the extent a response is required, International denies any allegations in Paragraph 95 that can be construed as being made against it and states affirmatively that it complied with applicable laws and regulations in designing and constructing the LT.

96. International denies the allegations contained in Paragraph 96 of the Complaint.

97. In response to Paragraph 97 of the Complaint, International admits that the Bendix Wingman Fusion system was part of the standard chassis on all LT model trucks when the Subject Truck was built. International further states that Super Ego Holding elected to omit all available collision mitigation systems for the LT. International is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 97, and therefore the allegations are denied.

98. In response to Paragraph 98 of the Complaint, International admits that the Bendix Wingman Fusion system, which was offered as part of the standard chassis on all LT model trucks when the Subject Truck was built, utilizes forward-facing radar and/or other sensors to detect vehicles ahead and may provide audible and/or visual alerts to the driver. International further admits that, under certain conditions, such a system may automatically reduce engine torque and/or apply braking to assist the driver in mitigating a potential collision. International denies that any such system operates as alleged in all circumstances or in the manner implied by Plaintiffs, and

ANS : 000015 of 000024

Filed 25-CI-01607 05/29/2026 Deanna Simcoe, Hardin Circuit Clerk

further denies that such a system eliminates the need for a driver to always remain attentive and in control of the vehicle. International states that such technology is a driver-assist feature only, is subject to design and operational limitations, and is not intended to prevent all collisions. Additional collision mitigation systems were available as options for the LT, but Super Ego Holding elected to omit all available collision mitigation systems for the LT. International denies any remaining allegations in Paragraph 98.

99. In response to Paragraph 99 of the Complaint, International states that various collision mitigation systems were available as options on the LT, and the Bendix Wingman Fusion system was part of the standard chassis on all LT models when the Subject Truck was built. Bendix Wingman Fusion included Adaptive Cruise Control. International further states that Super Ego Holding elected to omit all available collision mitigation systems for the LT. International denies the allegations contained in Paragraph 99 of the Complaint.

100. International denies the allegations contained in Paragraph 100 of the Complaint.

101. International denies the allegations contained in Paragraph 101 of the Complaint.

102. International denies the allegations contained in Paragraph 102 of the Complaint.

103. International denies the allegations contained in Paragraph 103 of the Complaint.

104. International denies the allegations contained in Paragraph 104 of the Complaint.

105. International denies the allegations contained in Paragraph 105 of the Complaint, including all subparts.

106. International denies the allegations contained in Paragraph 106 of the Complaint, including all subparts.

B3876934-3B04-42EA-98F1-4A6B112E4E58 : 000016 of 000024
ANS : 000016 of 000024


Filed 25-CI-01607 05/29/2026 Deanna Simcoe, Hardin Circuit Clerk

B3876934-3B04-42EA-98F1-4A6B112E4E58 : 000017 of 000024

**COUNT VIII**

**GROSS NEGLIGENCE AGAINST INTERNATIONAL MOTORS, LLC**

107. International incorporates its responses to Paragraphs 1-106 as if fully set forth herein.

108. International denies the allegations contained in Paragraph 108 of the Complaint.

109. Paragraph 109 of the Complaint calls for a legal conclusion to which no response is required. To the extent a response is required, International denies any allegations in Paragraph 109 that can be construed as being made against it and states affirmatively that it complied with applicable laws and regulations in designing and constructing the LT.

110. International denies the allegations contained in Paragraph 110 of the Complaint.

111. In response to Paragraph 111 of the Complaint, International admits that the Bendix Wingman Fusion system was part of the standard chassis on all LT model trucks when the Subject Truck was built. International further states that Super Ego Holding elected to omit all available collision mitigation systems for the LT. International is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 111, and therefore the allegations are denied.

112. In response to Paragraph 112 of the Complaint, International admits that the Bendix Wingman Fusion system, which was offered as part of the standard chassis on all LT model trucks when the Subject Truck was built, utilizes forward-facing radar and/or other sensors to detect vehicles ahead and may provide audible and/or visual alerts to the driver. International further admits that, under certain conditions, such a system may automatically reduce engine torque and/or apply braking to assist the driver in mitigating a potential collision. International denies that any such system operates as alleged in all circumstances or in the manner implied by Plaintiffs, and

ANS : 000017 of 000024

Filed 25-CI-01607 05/29/2026 Deanna Simcoe, Hardin Circuit Clerk

further denies that such a system eliminates the need for a driver to always remain attentive and in control of the vehicle. International states that such technology is a driver-assist feature only, is subject to design and operational limitations, and is not intended to prevent all collisions. Additional collision mitigation systems were available as options for the LT, but Super Ego Holding elected to omit all available collision mitigation systems for the LT. International denies any remaining allegations in Paragraph 112.

113. In response to Paragraph 113 of the Complaint, International states that various collision mitigation systems were available as options on the LT, and the Bendix Wingman Fusion system was part of the standard chassis on all LT models when the Subject Truck was built. Bendix Wingman Fusion included Adaptive Cruise Control. International further states that Super Ego Holding elected to omit all available collision mitigation systems for the LT. International denies the allegations contained in Paragraph 113 of the Complaint.

114. International denies the allegations contained in Paragraph 114 of the Complaint.

115. International denies the allegations contained in Paragraph 115 of the Complaint.

116. International denies the allegations contained in Paragraph 116 of the Complaint.

117. International denies the allegations contained in Paragraph 117 of the Complaint.

118. International denies the allegations contained in Paragraph 118 of the Complaint.

119. International denies the allegations contained in Paragraph 119 of the Complaint.

120. International denies the allegations contained in Paragraph 120 of the Complaint, including all subparts.

121. International denies the allegations contained in Paragraph 121 of the Complaint, including all subparts.

B3876934-3B04-42EA-98F1-4A6B112E4E58 : 000018 of 000024
ANS : 000018 of 000024


Filed 25-CI-01607 05/29/2026 Deanna Simcoe, Hardin Circuit Clerk

Filed 25-CI-01607 05/29/2026 Deanna Simcoe, Hardin Circuit Clerk

122. International denies any and all allegations in Plaintiffs' Complaint not specifically admitted herein.

**THIRD AFFIRMATIVE DEFENSE**

International states that the claims that Plaintiffs have set forth in the Complaint are barred by provisions of the Product Liability Act of Kentucky, KRS § 411.300, *et seq.*, and International relies upon each and every applicable provision of said act as a bar to Plaintiffs' Complaint in whole or in part and as an affirmative defense herein.

**FOURTH AFFIRMATIVE DEFENSE**

International is entitled to an allocation of fault, if any, in accordance with KRS § 411.182.

**FIFTH AFFIRMATIVE DEFENSE**

The LT was misused, altered, and/or abused after manufacture.

**SIXTH AFFIRMATIVE DEFENSE**

International states that the unintended or unforeseeable use of the LT caused the Plaintiffs' injuries.

**SEVENTH AFFIRMATIVE DEFENSE**

Subject to investigation and discovery, the LT was not defective or unreasonably dangerous at the time it left International's control, and any Plaintiffs' alleged injuries were due to subsequent unforeseeable alterations, modifications, changes, improper maintenance, neglect, misuse, and abnormal use of the Subject Truck after it left International's control.

**EIGHTH AFFIRMATIVE DEFENSE**

Plaintiffs' claims may be barred because the sole proximate cause of Plaintiffs' claimed injuries and damages is the acts or omissions of third parties over which International has no


Filed 25-CI-01607 05/29/2026 Deanna Simcoe, Hardin Circuit Clerk
B3876934-3B04-42EA-98F1-4A6B112E4E58 : 000019 of 000024
ANS : 000019 of 000024

control and for which International has no responsibility and/or Plaintiffs' own acts and/or omissions, including assumption of the risk.

**NINTH AFFIRMATIVE DEFENSE**

Subject to investigation and discovery, Plaintiffs were contributorily or comparatively negligent due to their failure to use the degree of care which would have been used by an ordinary, reasonable, and prudent person under the same or similar circumstances. Plaintiffs' own negligence, acts, or omissions, and that of their agents or representatives, proximately caused, or was a substantial factor in causing, their damages, if any, alleged in the Complaint.

**TENTH AFFIRMATIVE DEFENSE**

Plaintiffs' claims are barred because the LT was in conformity with the generally recognized state-of-the-art at the time of its design, manufacture, and labeling.

**ELEVENTH AFFIRMATIVE DEFENSE**

Plaintiffs' claims are barred to the extent that Plaintiffs have had any recovery from non-parties, including, but not limited to, any insurers for the injuries alleged to have occurred from the accident that forms the subject of the Complaint.

**TWELFTH AFFIRMATIVE DEFENSE**

International is entitled to a set-off or credit if Plaintiffs received payments from other sources which would otherwise result in a double recovery.

**THIRTEENTH AFFIRMATIVE DEFENSE**

If it is established that International owed Plaintiffs a duty, International observed, at all times, all legal duties and obligations imposed by operation of law and otherwise, and all actions were careful, prudent, proper, and lawful.

B3876934-3B04-42EA-98F1-4A6B112E4E58 : 000020 of 000024

ANS : 000020 of 000024

Filed 25-CI-01607 05/29/2026 Deanna Simcoe, Hardin Circuit Clerk

**FOURTEENTH AFFIRMATIVE DEFENSE**

All the damages that Plaintiffs allegedly sustained were caused solely or in part by the acts and conduct of other persons or entities, which intervened between International's alleged acts and conduct and Plaintiffs' claimed damages, thereby barring any recovery from International.

**FIFTEENTH AFFIRMATIVE DEFENSE**

Some or all of Plaintiffs' claims are barred by the doctrines of waiver, estoppel, and laches.

**SIXTEENTH AFFIRMATIVE DEFENSE**

Plaintiffs cannot recover the damages sought herein to the extent they have been reimbursed by a collateral source and have not provided appropriate notice to such parties who may hold subrogation rights.

**SEVENTEENTH AFFIRMATIVE DEFENSE**

Recovery of any punitive damages from International is barred by the prohibition against excessive fines contained in the Eighth Amendment to the United States Constitution, by the due process clause of the Fourth Amendment to the United States Constitution, and by Sections 2 and 14 of Kentucky's Constitution.

**EIGHTEENTH AFFIRMATIVE DEFENSE**

To the extent Plaintiffs seek punitive damages, International specifically incorporates by reference any and all standards or limitations regarding the determination and/or enforceability of punitive damages awards that arose in the decisions of *State Farm Mutual Auto Insurance Company v. Campbell*, 538 U.S. 408 (2003); *Cooper Industries, Inc. v. Leatherman Tool Group, Inc.*, 532 U.S. 424 (2001); and *BMW of North America v. Gore*, 116 U.S. 1589 (1996).

B3876934-3B04-42EA-98F1-4A6B112E4E58 : 000021 of 000024
ANS : 000021 of 000024


Filed 25-CI-01607 05/29/2026 Deanna Simcoe, Hardin Circuit Clerk

Filed 25-CI-01607 05/29/2026 Deanna Simcoe, Hardin Circuit Clerk

**NINETEENTH AFFIRMATIVE DEFENSE**

To the extent Plaintiffs' Complaint asserts a claim for punitive damages against International, failure to bifurcate the punitive damages phase of trial from the remainder of trial would constitute a violation of the Fourteenth Amendment to the United States Constitution and by Section 2 of the Kentucky Constitution.

**TWENTIETH AFFIRMATIVE DEFENSE**

International pleads the failure to join necessary and indispensable parties as required by CR 19 and the intervening negligence and intervening causation of persons not parties to this action as a partial or complete bar to all claims asserted in the action.

**TWENTY-FIRST AFFIRMATIVE DEFENSE**

International adopts and incorporates by reference all of the affirmative defenses contained in CR 8.03 and reserves the right to add additional defenses (affirmative or otherwise) as discovery may reveal.

**TWENTY-SECOND AFFIRMATIVE DEFENSE**

Plaintiffs' claims are barred, in whole or in part, by the Supremacy Clause of the United States Constitution, Article VI, clause 2, and the laws of the United States because the Subject Truck is comprehensively regulated by the Department of Transportation and the National Highway and Traffic Safety Administration pursuant to the National Traffic and Motor Safety Act ("Safety Act") and regulations promulgated thereunder, and Plaintiffs' claims conflict with the Safety Act and related federal regulations.

B3876934-3B04-42EA-98F1-4A6B112E4E58 : 000022 of 000024

ANS : 000022 of 000024



Filed 25-CI-01607 05/29/2026 Deanna Simcoe, Hardin Circuit Clerk

Filed 25-CI-01607 05/29/2026 Deanna Simcoe, Hardin Circuit Clerk

**TWENTY-THIRD AFFIRMATIVE DEFENSE**

International reserves the right to file further pleadings, file appropriate cross claims or third-party complaints, assert other defenses, affirmative or otherwise, and amend its responses above as the proof in this matter develops.

**WHEREFORE**, having fully answered, Defendant International Motors, LLC respectfully requests:

1. The Complaint against International be dismissed with prejudice;
2. Its costs herein expended, including reasonable attorney's fees;
3. Indemnity, contribution, offset and/or apportionment where appropriate;
4. A trial by jury on all issues so triable; and
5. Any and all other relief to which it is entitled.

Respectfully submitted,

FBT GIBBONS LLP

*/s/ Allison W. Weyand*
Allison W. Weyand KBA #95156
A. Riley Grant KBA #100014
400 West Market Street, 32nd Floor
Louisville KY 40202-3363
502-589-5400 Telephone
502-581-1087 Facsimile
aweyand@fbtgibbons.com
rgrant@fbtgibbons.com

and

Nicholas C. Pappas
*Pro hac vice motion forthcoming*
111 Monument Circle, Suite 4500
Indianapolis IN 46204
317-237-3800 Telephone
317-237-3900 Facsimile
npappas@fbtgibbons.com
*Counsel for Defendant,*
*International Motors, LLC*



Filed 25-CI-01607 05/29/2026 Deanna Simcoe, Hardin Circuit Clerk

B3876934-3B04-42EA-98F1-4A6B112E4E58 : 000023 of 000024
ANS : 000023 of 000024

Filed 25-CI-01607 05/29/2026 Deanna Simcoe, Hardin Circuit Clerk

B3876934-3B04-42EA-98F1-4A6B112E4E58 : 000024 of 000024

**CERTIFICATE OF SERVICE**

I hereby certify that a true and exact copy of the foregoing was filed this 29th day of May, 2026 using the Court's ECF System, which will send copies to registered users. I also hereby certify that a true and exact copy of the foregoing was served via electronic mail this 29th day of May, 2026 upon:

Jonathan B. Fannin
Carl W. Walter II
MINNER VINES INJURY LAWYERS PLLC
325 West Main Street, Suite 210
Lexington, Kentucky 40507
jonathan@mvmlaw.com
carl@mvmlaw.com
*Counsel for Plaintiffs*

Jeri B. Poppe
Don K. Brown, PSC
13102 Eastpoint Park Boulevard, Suite 200
Louisville, Kentucky 40223
*Counsel for Defendants, Noah N. Cook and Miser Logistics, LLC*

*/s/ Allison W. Weyand*
Allison W. Weyand
*Counsel for Defendant,*
*International Motors, LLC*

ANS : 000024 of 000024

LR02321.0825204 4935-2357-1628v3



Filed 25-CI-01607 05/29/2026 Deanna Simcoe, Hardin Circuit Clerk

Filed 25-CI-01607 06/04/2026 Deanna Simcoe, Hardin Circuit Clerk

**SENDER: *COMPLETE THIS SECTION***

- Complete items 1, 2, and 3.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

C.H. Robinson Worldwide, Inc.
c/o Corporation Service Company
315 High Street
Frankfort, Kentucky 40601

9590 9402 9860 5335 7030 58

2. Article Number (*Transfer from service label*)

9589 0710 5270 4092 2661 67

***COMPLETE THIS SECTION ON DELIVERY***

A. Signature

X Robin G. Jones ☐ Agent ☐ Addressee

B. Received by (*Printed Name*)

C. Date of Delivery 5/12/26

D. Is delivery address different from item 1? ☐ Yes
If YES, enter delivery address below: ☐ No

3. Service Type

- ☐ Adult Signature
- ☐ Adult Signature Restricted Delivery
- ☑ Certified Mail®
- ☐ Certified Mail Restricted Delivery
- ☐ Collect on Delivery
- ☐ Collect on Delivery Restricted Delivery
- Mail
- Mail Restricted Delivery
- 00)
- ☐ Priority Mail Express®
- ☐ Registered Mail™
- ☐ Registered Mail Restricted Delivery
- ☐ Signature Confirmation™
- ☐ Signature Confirmation Restricted Delivery

PS Form 3811, July 2020 PSN 7530-02-000-9053 Domestic Return Receipt

USPS TRACKING #

LOUISVILLE KY 400
13 MAY 2026PM 2 L

9590 9402 9860 5335 7030 58

United States Postal Service

First-Class Mail
Postage & Fees Paid
USPS
Permit No. G-10

• Sender: Please print your name, address, and ZIP+4® in this box•

MINNER VINES
INJURY LAWYERS
325 W. Main Street, Ste. 210
Lexington, KY 40507

re: Kelley (JBF/AG)

?-184260

9654A376-D317-42B9-8F35-422DB67DCBD1 : 000001 of 000001

ROS : 000001 of 000001

Filed 25-CI-01607 06/04/2026 Deanna Simcoe, Hardin Circuit Clerk

**SENDER: *COMPLETE THIS SECTION***

- Complete items 1, 2, and 3.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

International Motors, LLC
C/O Corporation Service Company
315 High Street
Frankfort, Kentucky 40601

9590 9402 9860 5335 7030 65

2. Article Number *(Transfer from service label)*
9589 0710 5270 4092 2661 74

***COMPLETE THIS SECTION ON DELIVERY***

A. Signature
X Robin D. Jones ☐ Agent ☐ Addressee

B. Received by *(Printed Name)*

C. Date of Delivery 5/11/26

D. Is delivery address different from item 1? ☐ Yes
If YES, enter delivery address below: ☐ No

3. Service Type
☐ Adult Signature
☐ Adult Signature Restricted Delivery
☑ Certified Mail®
☐ Certified Mail Restricted Delivery
☐ Collect on Delivery
☐ Collect on Delivery Restricted Delivery
☐ Insured Mail
☐ Insured Mail Restricted Delivery (over $500)
☐ Priority Mail Express®
☐ Registered Mail™
☐ Registered Mail Restricted Delivery
☐ Signature Confirmation™
☐ Signature Confirmation Restricted Delivery

PS Form 3811, July 2020 PSN 7530-02-000-9053 Domestic Return Receipt

**USPS TRACKING #**

LOUISVILLE KY 400
12 MAY 2026 PM 2 L

9590 9402 9860 5335 7030 65

**United States Postal Service**

First-Class Mail
Postage & Fees Paid
USPS
Permit No. G-10

• Sender: Please print your name, address, and ZIP+4® in this box•

MINNER VINES
INJURY LAWYERS
325 W. Main Street, Ste. 210
Lexington, KY 40507

re: Kelley (JBF/AG)

?-184260



1752A07B-6BE3-4BEB-A32B-B7EF9E839A18 : 000001 of 000001
ROS : 000001 of 000001

Michael G. Adams
Secretary of State

**Commonwealth of Kentucky**
**Office of the Secretary of State**

Summons Division
PO BOX 718
FRANKFORT, KY 40602-0718
Phone: (502) 564-3490
Fax: (502) 564-5687

81230D33-AEE4-4D42-8480-DD3DD6DA2BED : 000001 of 000002

U. S. District Court
Western District
601 W. Broadway
106 Gene Snyder U. S. Courthouse
Louisville, KY 40202

| | |
|---|---|
| FROM: | SUMMONS DIVISION<br>SECRETARY OF STATE |
| RE: | CASE NO: 3:25-CV-638-DJH |
| DEFENDANT: | GRAY FALCON UNITED LLC |
| DATE: | May 27, 2026 |
| USPS Certified Mail ID: | 9202992267700103476541 |

The Office of the Secretary of State was served with a summons and accompanying documents for the captioned defendant on

May 19, 2026

This office served the defendant by sending a copy of the summons and accompanying documents via certified mail, return receipt requested, on

May 19, 2026

We are enclosing the return receipt confirming receipt of summons.

ROS : 000001 of 000002

UNITED STATES POSTAL SERVICE ®

May 27, 2026

Dear Secretary Of State:

The following is in response to your request for proof of delivery on your item with the tracking number: **9202 9922 6770 0103 4765 41**.

## Item Details

| | |
|---|---|
| **Status:** | Delivered, Left with Individual |
| **Status Date / Time:** | May 27, 2026, 01:42 pm |
| **Location:** | DOWNERS GROVE, IL 60515 |
| **Postal Product:** | Priority Mail® |
| **Extra Services:** | Certified Mail™ |
| | Return Receipt |
| | Return Receipt Electronic |
| | Up to $100 insurance included |

## Shipment Details

**Weight:**

## Recipient Signature

| | |
|---|---|
| **Signature of Recipient:** | Denzel SIMMON |
| **Address of Recipient:** | 1431 OPus 110 |

Note: Scanned image may reflect a different destination address due to Intended Recipient's delivery instructions on file.

Thank you for selecting the United States Postal Service® for your mailing needs. If you require additional assistance, please contact your local Post Office™ or a Postal representative at 1-800-222-1811.

Sincerely,
United States Postal Service®
475 L'Enfant Plaza SW
Washington, D.C. 20260-0004

81230D33-AEE4-4D42-8480-DD3DD6DA2BED : 000002 of 000002
ROS : 000002 of 000002

6848754F-6C78-467D-8DC2-00C08C036F8A : 000001 of 000002

COMMONWEALTH OF KENTUCKY
HARDIN CIRCUIT COURT
DIVISION 3
CIVIL ACTION NO. 25-CI-01607

***ELECTRONICALLY FILED***

DORRIS H. KELLEY, ET AL. PLAINTIFFS

V.

NOAH COOK, ET AL. DEFENDANTS

**ENTRY OF APPEARANCE**

Now come Jason S. Morgan and Abigail M. Thompson, of the law firm of JSM Law, PLLC, 143 E. Main Street, Georgetown, Kentucky 40324, and hereby enter their appearance as counsel for Defendant, Gray Falcon United LLC. Pursuant to CR 5.02(2) notice is hereby given of the undersigned's election to receive and effectuate service via electronic means in this matter. Please serve all future pleadings upon the undersigned at jmorgan@jsmlawgroup.com and athompson@jsmlawgroup.com.

Respectfully submitted,

**JSM LAW, PLLC**

*/s/ Jason S. Morgan*
JASON S. MORGAN (KBA #91635)
ABIGAIL M. THOMPSON (KBA #101430)
143 E. Main Street
Georgetown, KY 40324
Telephone: (502) 370-4096
Fax: (502) 379-4461
jmorgan@jsmlawgroup.com
athompson@jsmlawgroup.com
*Counsel for Defendant, Gray Falcon United LLC*

EA : 000001 of 000002

6848754F-6C78-467D-8DC2-00C08C036F8A : 000002 of 000002

**CERTIFICATE OF SERVICE**

I hereby certify that at true and accurate copy of the foregoing was served via e-mail upon the following:

Jonathan B. Fannin, Esq.
Carl W. Walter II, Esq.
Minner Vines Injury Lawyers, PLLC
325 West Main Street, Suite 210
Lexington, Kentucky 40507
jonathan@mvmlaw.com
carl@mvmlaw.com
*Counsel for Plaintiffs*

Allison W. Weyand, Esq.
A. Riley Grant, Esq.
FBT Gibbons LLP
400 West Market Street, 32nd Floor
Louisville KY 40202
aweyand@fbtgibbons.com
rgrant@fbtgibbons.com

and

Nicholas C. Pappas, Esq.
*Pro hac vice motion forthcoming*
111 Monument Circle, Suite 4500
Indianapolis IN 46204
npappas@fbtgibbons.com
*Counsel for Defendant, International Motors, LLC*

Jeri B. Poppe, Esq.
Annie B. Brown, Esq.
Don K. Brown, PSC
13102 Eastpoint Park Boulevard, Suite 200
Louisville, Kentucky 40223
jpoppe@donkbrownlaw.com
abrown@donkbrownlaw.com
*Counsel for Defendants, Noah N. Cook and Miser Logistics, LLC*

All on this the 9th day of June, 2026.

*/s/ Jason S. Morgan*
JASON S. MORGAN (#91635)

EA : 000002 of 000002

To order copies of any documents listed below, contact Court Express courtexpress@thomsonreuters.com, 1-877-362-7387 (Additional charges apply)

**This docket is current through 06/01/2026**

Today's Date: 06/10/2026
Source: U.S. District Court, Western District of Kentucky (Louisville)

| | |
|---|---|
| **Court:** | U.S. District Court, Western District of Kentucky (Louisville) |
| **Case Title:** | Kelley et al v. Rodarte et al |
| **Case:** | 3:25-CV-00628 |
| **Judge:** | Judge Greg N. Stivers |
| **Date Filed:** | 09/26/2025 |
| **Other Dockets:** | Case in other court: Hardin Circuit Court, 25-CI-01607 |
| **Date Closed/Terminated:** | 05/27/2026 |
| **Case Status:** | CLOSED, SUBLLK |

## CASE INFORMATION

| | |
|---|---|
| **Case Number:** | 3:25CV00628 |
| **Referred To:** | Magistrate Judge Lanny King |
| **Jury Demand:** | Both |
| **Nature of Suit:** | Torts: Motor Vehicle (350) |
| **Key Nature of Suit:** | Torts/Negligence; Personal Injury; Motor Vehicle (430.75.15) |
| **Jurisdiction:** | Diversity |
| **Cause:** | 28 USC 1441 Petition for Removal |

## PARTICIPANT INFORMATION

### Dorris H. Kelley

| | |
|---|---|
| **Type:** | Plaintiff |
| **Attorney:** | Carl W. Walter II |
| **Status:** | LEAD ATTORNEY; ATTORNEY TO BE NOTICED |
| **Firm Name:** | Minner Vines Injury Lawyers PLLC |
| **Firm Address:** | 325 West Main Street, Suite 210<br>Lexington, KY 40507 |
| **Firm Phone:** | 859-550-2900 |
| **Email Address:** | carl@mvmlaw.com |
| **Attorney:** | Jonathan B. Fannin |
| **Status:** | LEAD ATTORNEY; ATTORNEY TO BE NOTICED |
| **Firm Name:** | Minner Vines Moncus, PLLC |
| **Firm Address:** | 325 West Main Street, Suite 210<br>Lexington, KY 40507 |
| **Firm Phone:** | 859-550-2900 |
| **Email Address:** | Jonathan@mvmlaw.com |
| **Attorney:** | Mary Leah Miller |
| **Status:** | LEAD ATTORNEY; PRO HAC VICE; ATTORNEY TO BE NOTICED |
| **Firm Name:** | Beasley, Allen, Crow, Methvin, Portis & Miles, P.C. |
| **Firm Address:** | Overlook II<br>2839 Paces Ferry Road SE, Suite 400<br>Atlanta, GA 30339 |
| **Firm Phone:** | 800-898-2034 |
| **Firm Fax:** | 855-674-1818 |

| | |
|---|---|
| **Email Address:** | maryleah.miller@beasleyallen.com |
| **Attorney:** | Thomas Willingham |
| **Status:** | LEAD ATTORNEY; PRO HAC VICE; ATTORNEY TO BE NOTICED |
| **Firm Name:** | Beasley, Allen, Crow, Methvin, Portis & Miles, P.C. |
| **Firm Address:** | Overlook II<br>2839 Paces Ferry Road SE, Suite 400<br>Atlanta, GA 30339 |
| **Firm Phone:** | 404-751-1162 |
| **Firm Fax:** | 855-674-1818 |
| **Email Address:** | tom.willingham@beasleyallen.com |

## Darrelyn J. Kelley

| | |
|---|---|
| **Type:** | Plaintiff |
| **Attorney:** | Carl W. Walter II |
| **Status:** | LEAD ATTORNEY; ATTORNEY TO BE NOTICED |
| **Firm Name:** | Minner Vines Injury Lawyers PLLC |
| **Firm Address:** | 325 West Main Street, Suite 210<br>Lexington, KY 40507 |
| **Firm Phone:** | 859-550-2900 |
| **Email Address:** | carl@mvmlaw.com |
| **Attorney:** | Jonathan B. Fannin |
| **Status:** | LEAD ATTORNEY; ATTORNEY TO BE NOTICED |
| **Firm Name:** | Minner Vines Moncus, PLLC |
| **Firm Address:** | 325 West Main Street, Suite 210<br>Lexington, KY 40507 |
| **Firm Phone:** | 859-550-2900 |
| **Email Address:** | Jonathan@mvmlaw.com |
| **Attorney:** | Mary Leah Miller |
| **Status:** | LEAD ATTORNEY; PRO HAC VICE; ATTORNEY TO BE NOTICED |
| **Firm Name:** | Beasley, Allen, Crow, Methvin, Portis & Miles, P.C. |
| **Firm Address:** | Overlook II<br>2839 Paces Ferry Road SE, Suite 400<br>Atlanta, GA 30339 |
| **Firm Phone:** | 800-898-2034 |
| **Firm Fax:** | 855-674-1818 |
| **Email Address:** | maryleah.miller@beasleyallen.com |
| **Attorney:** | Thomas Willingham |
| **Status:** | LEAD ATTORNEY; PRO HAC VICE; ATTORNEY TO BE NOTICED |
| **Firm Name:** | Beasley, Allen, Crow, Methvin, Portis & Miles, P.C. |
| **Firm Address:** | Overlook II<br>2839 Paces Ferry Road SE, Suite 400<br>Atlanta, GA 30339 |
| **Firm Phone:** | 404-751-1162 |
| **Firm Fax:** | 855-674-1818 |
| **Email Address:** | tom.willingham@beasleyallen.com |

## Noah N. Rodarte

| | |
|---|---|
| **Party Description:** | Also Known As Noah Cook |
| **Type:** | Defendant |
| **Attorney:** | Anna Brown |
| **Status:** | LEAD ATTORNEY; ATTORNEY TO BE NOTICED |

| | |
|---|---|
| **Attorney Address:** | Don K. Brown, PSC<br>13102 Eastpoint Blvd., Suite 200<br>Louisville, KY 40223 |
| **Attorney Phone:** | 502-588-9000 |
| **Email Address:** | abrown@donkbrownlaw.com |
| **Attorney:** | Jeri Barclay Poppe |
| **Status:** | LEAD ATTORNEY; ATTORNEY TO BE NOTICED |
| **Attorney Address:** | Don K. Brown, PSC<br>13102 Eastpoint Blvd., Suite 200<br>Louisville, KY 40223 |
| **Attorney Phone:** | 502-588-9000 |
| **Attorney Fax:** | 502-588-9007 |
| **Email Address:** | Jpoppe@donkbrownlaw.com |

## Miser Logistics, LLC

| | |
|---|---|
| **Type:** | Defendant |
| **Attorney:** | Anna Brown |
| **Status:** | LEAD ATTORNEY; ATTORNEY TO BE NOTICED |
| **Attorney Address:** | Don K. Brown, PSC<br>13102 Eastpoint Blvd., Suite 200<br>Louisville, KY 40223 |
| **Attorney Phone:** | 502-588-9000 |
| **Email Address:** | abrown@donkbrownlaw.com |
| **Attorney:** | Jeri Barclay Poppe |
| **Status:** | LEAD ATTORNEY; ATTORNEY TO BE NOTICED |
| **Attorney Address:** | Don K. Brown, PSC<br>13102 Eastpoint Blvd., Suite 200<br>Louisville, KY 40223 |
| **Attorney Phone:** | 502-588-9000 |
| **Attorney Fax:** | 502-588-9007 |
| **Email Address:** | Jpoppe@donkbrownlaw.com |

## Super Ego Holding, LLC

| | |
|---|---|
| **Type:** | Defendant |

## Ego Express, Inc.

| | |
|---|---|
| **Type:** | Defendant |

## Gray Falcon United LLC

| | |
|---|---|
| **Type:** | Defendant |

## State Farm Mutual Automobile Insurance Company

**Type:** Defendant

## C.H. Robinson Worldwide, Inc.

**Type:** Defendant

## International Motors, LLC

**Type:** Defendant

**CALENDAR INFORMATION**

**View Calendar Information**

**DOCKET PROCEEDINGS (32)**

| Entry #: | Date: | Description: | |
|---|---|---|---|
| 30 | 05/27/2026 | ORDER by Judge Greg N. Stivers on 5/27/2026. This matter is REMANDED to the Hardin Circuit Court. The Clerk shall strike this matter from the active docket. cc: counsel, Clerk-Hardin Circuit Court (Civil Action No. 25-CI-01607) (DeW) (Entered: 05/27/2026) | Docket Status View Add to request |
| 29 | 05/20/2026 | ATTORNEY NOTICE of Deficiency to Mary Leah Miller re 26 Order on Motion to Appear Pro Hac Vice.Reason for Deficiency: failure to register to file electronically pursuant to GO 2008-03. Failure to comply will be brought to the attention of the Court. Response due by 6/8/2026. (KJA) (Entered: 05/20/2026) | Send Runner to Court |
| 28 | 05/20/2026 | ATTORNEY NOTICE of Deficiency to Thomas P. Willingham re 25 Order on Motion to Appear Pro Hac Vice.Reason for Deficiency: failure to register to file electronically pursuant to GO 2008-03. Failure to comply will be brought to the attention of the Court. Response due by 6/8/2026. (KJA) (Entered: 05/20/2026) | Send Runner to Court |
| 27 | 05/12/2026 | ORDER by Judge Greg N. Stivers on 5/12/2026. By 5/19/2026, Miser Logistics, LLC shall file a Corporate Disclosure Statement that complies with Fed. R. Civ. P. 7.1. By | Docket Status View Add to request |

| | | | |
|---|---|---|---|
| | | 5/26/2026, Defendants shall SHOW CAUSE why this action should not be remanded for lack of subject-matter jurisdiction. cc: counsel (KDY) (Entered: 05/12/2026) | |
| 26 | 05/11/2026 | ORDER Signed by Magistrate Judge Lanny King on 5/8/2026 granting 23 Motion for Mary Leah Miller to Appear Pro Hac Vice. cc: Counsel (DeW) (Entered: 05/11/2026) | Docket Status View Add to request |
| 25 | 05/11/2026 | ORDER Signed by Magistrate Judge Lanny King on 5/8/2026 granting 22 Motion for Thomas P. Willingham to Appear Pro Hac Vice. cc: Counsel (DeW) (Entered: 05/11/2026) | Docket Status View Add to request |
| 24 | 05/08/2026 | TEXT ORDER OF RECUSAL AND REASSIGNMENT by Chief Judge David J. Hale on 05/08/2026. IT IS ORDERED that Chief Judge David J. Hale RECUSES from this matter and the action is REASSIGNED to the docket of Judge Greg N. Stivers for all further proceedings. Counsel are requested to change the civil action number to reflect the initials GNS on all future pleadings. This Notice of Electronic Filing is the Official ORDER for this entry. No document is attached. cc:counsel (NWT) (Entered: 05/08/2026) | Send Runner to Court |
| 23 | 05/01/2026 | MOTION for Mary Leah Miller to Appear Pro Hac Vice Filing fee $ 150, receipt number AKYWDC-4516058. by Plaintiffs Darrelyn J. Kelley, Dorris H. Kelley (Attachments: # 1 Exhibit Ex A - Affidavit of Mary Miller, # 2 Exhibit EX B - Ltr of Good Standing, # 3 Proposed Order) (Fannin, Jonathan) (Entered: 05/01/2026) | View Add to request |
| 22 | 05/01/2026 | MOTION for Thomas P. Willingham to Appear Pro Hac Vice Filing fee $ 150, receipt number AKYWDC-4516036. by Plaintiffs Darrelyn J. Kelley, Dorris H. Kelley (Attachments: # 1 Exhibit Ex A - Affidavit of Thomas W, # 2 Exhibit Ex B - Ltr of Good Standing, # 3 Proposed | View Add to request |

| | | | |
|---|---|---|---|
| | | Order) (Fannin, Jonathan) (Entered: 05/01/2026) | |
| 21 | 04/24/2026 | Summons Issued as to C.H. Robinson Worldwide, Inc., Ego Express, Inc., Gray Falcon United LLC, International Motors, LLC, State Farm Mutual Automobile Insurance Company, Super Ego Holding, LLC. Counsel for Plaintiff is responsible for printing and serving the attached issued summons(es). (Attachments: # 1 Summons as to Ego Express, # 2 Summons as to Gray Falcon, # 3 Summons as to State Farm, # 4 Summons as to C H Robinson, # 5 Summons as to International Motors) (DJT) (Entered: 04/24/2026) | View Add to request |
| 20 | 04/24/2026 | TEXT ORDER by Magistrate Judge Lanny King on 04/24/2026. Telephonic Status Conference was held on 04/20/2026 in this matter. All parties were represented by counsel on the conference. It is ORDERED the parties shall file a Joint Status Report on or before 07/24/2026. The next Telephonic Status Conference is scheduled for 08/03/2026 at 10:30 a.m. Central Time/11:30 a.m. Eastern Time before Magistrate Judge Lanny King. Counsel for the parties shall connect to the conference by dialing 1-650-479-3207 and entering access code 2303 118 0494# when prompted. Attendees should press # to skip entry of an attendee or host code and shall continue to press # until connected to the call. This Notice of Electronic Filing is the Official ORDER for this entry. No document is attached. cc:counsel (P:0/10) (MHB) (Entered: 04/24/2026) | Send Runner to Court |
| 19 | 04/23/2026 | NOTICE of Filing Tendered Summonses by Darrelyn J. Kelley, Dorris H. Kelley re 17 Amended Complaint, (Attachments: # 1 Summons Super Ego Holding, LLC, # 2 Summons Ego Express, Inc., # 3 Summons Gray Falcon United LLC, # 4 Summons State Farm | View Add to request |

| | | | |
|---|---|---|---|
| | | Mutual Automobile Insurance Company, # 5 Summons C.H. Robinson Worldwide, Inc., # 6 Summons International Motors, LLC) (Fannin, Jonathan) (Entered: 04/23/2026) | |
| 18 | 04/21/2026 | NOTICE ON SUMMONS re 17 First Amended Complaint. (DLW) (Entered: 04/21/2026) | Docket Status View Add to request |
| 17 | 04/21/2026 | FIRST AMENDED COMPLAINT with Jury Demand against Miser Logistics, LLC, Noah N. Rodarte, Super Ego Holding, LLC, Ego Express, Inc., Gray Falcon United LLC, State Farm Mutual Automobile Insurance Company, C.H. Robinson Worldwide, Inc., International Motors, LLC, filed by Dorris H. Kelley, Darrelyn J. Kelley. (DLW) (Entered: 04/21/2026) | Docket Status View Add to request |
| 16 | 04/21/2026 | ORDER Signed by Chief Judge David J. Hale on 4/21/2026: The parties' 14 proposed agreed order is GRANTED. The Clerk of Court is DIRECTED to file the 14 -1 tendered first amended complaint in the record of this matter. The Kelleys' 9 motion for leave to amend is DENIED as moot. The Kelleys' 11 motion to strike is DENIED. cc: Counsel (DLW) (Entered: 04/21/2026) | Docket Status View Add to request |
| 15 | 04/20/2026 | NOTICE of Consent by Darrelyn J. Kelley, Dorris H. Kelley re 14 Proposed Agreed Order (Fannin, Jonathan) (Entered: 04/20/2026) | Docket Status View Add to request |
| | 04/20/2026 | NOTICE OF DOCKET CORRECTION re 14 Proposed Agreed Order. ERROR: Documents requiring signatures of more than one party should represent the consent of other parties on the document (see the Court's Amended Electronic Case Filing Administrative Policies and Procedures section 11(d) for more information.) This can be accomplished by including a "signed w/ permission" statement on the signature line. To correct this error, please file a notice with the Court indicating consent was obtained. (JM) (Entered: 04/20/2026) | Send Runner to Court |

| | | | |
|---|---|---|---|
| 14 | 04/17/2026 | Proposed Agreed Order (Attachments: # 1 Exhibit First Amended Complaint) by Darrelyn J. Kelley, Dorris H. Kelley. (Fannin, Jonathan) (Entered: 04/17/2026) | View Add to request |
| 13 | 04/06/2026 | Joint STATUS REPORT by Darrelyn J. Kelley, Dorris H. Kelley. (Fannin, Jonathan) (Entered: 04/06/2026) | Docket Status View Add to request |
| 12 | 03/02/2026 | MOTION for Protective Order by Plaintiffs Darrelyn J. Kelley, Dorris H. Kelley (Attachments: # 1 Proposed Order Prop Order - Granting P's Mt for Prot Order) (Fannin, Jonathan) (Entered: 03/02/2026) | View Add to request |
| 11 | 02/24/2026 | MOTION to Strike 9 MOTION for Leave to Amend Complaint by Plaintiffs Darrelyn J. Kelley, Dorris H. Kelley (Attachments: # 1 Proposed Order Proposed Order) (Fannin, Jonathan) (Entered: 02/24/2026) | View Add to request |
| 10 | 02/03/2026 | TEXT ORDER by Magistrate Judge Lanny King on 02/03/2026. Due to an intervening conflict with the Court's schedule, IT IS HEREBY ORDERED the Telephonic Status Conference set for 04/13/2026, at 10:30 a.m. Central Time/11:30 a.m. Eastern Time, [DN 8], is RESCHEDULED and shall take place on 04/20/2026 at 10:30 a.m. Central Time/11:30 a.m. Eastern Time before Magistrate Judge Lanny King. Counsel for the parties shall connect to the conference by dialing 1-650-479-3207 and entering access code 2303 118 0494# when prompted. Attendees should press # to skip entry of an attendee or host code. This Notice of Electronic Filing is the Official ORDER for this entry. No document is attached. cc:counsel (MHB) (Entered: 02/03/2026) | Send Runner to Court |
| 9 | 01/27/2026 | MOTION for Leave to Amend Complaint by Plaintiffs Darrelyn J. Kelley, Dorris H. Kelley (Attachments: # 1 Exhibit 1 - First Amended Complaint, # 2 Summons Super Ego Holding, LLC, # 3 Summons | View Add to request |

| | | | |
|---|---|---|---|
| | | Ego Express, Inc., # 4 Summons Gray Falcon United LLC, # 5 Summons State Farm Mutual Automobile Insurance Company) (Fannin, Jonathan) (Entered: 01/27/2026) | |
| 8 | 11/21/2025 | SCHEDULING ORDER for proceedings held before Magistrate Judge Lanny King: Telephonic Scheduling Conference held on 11/17/2025. Joinder of Parties due by 9/1/2026. Amended Pleadings due by 9/1/2026. Expert Witness (Plaintiff) due by 1/4/2027. Expert Witness (Defendant) due by 3/15/2027. Fact Discovery due by 6/1/2027. Dispositive Motions due by 7/1/2027. Daubert Motion due by 7/1/2027. Joint Status Report due by 4/9/2026. Telephonic Status Conference set for 4/13/2026 at 11:30 a.m. Eastern Time (10:30 a.m. Central Time) before Magistrate Judge Lanny King. Counsel for the parties shall connect to the call by dialing 1-650-479-3207 and entering access code 2303 118 0494# when prompted. Attendees should press # to skip entry of an attendee or host code. cc: Counsel (DLW) (Entered: 11/21/2025) | Docket Status View Add to request |
| 7 | 11/10/2025 | REPORT of Rule 26(f) Planning Meeting by Miser Logistics, LLC, Noah N. Rodarte. (Poppe, Jeri) (Entered: 11/10/2025) | Docket Status View Add to request |
| 6 | 10/07/2025 | ORDER FOR MEETING AND REPORT (EBOC) by Magistrate Judge Lanny King on 10/5/2025: Telephonic Scheduling Conference set for 11/17/2025 at 2:30 p.m. EST (1:30 p.m. CDT) before Magistrate Judge Lanny King. Counsel for the parties shall connect to the conference by dialing toll-free number 1-650-479-3207 and entering access code 2303 118 0494# when prompted. Attendees should press # to skip entry of an attendee or host code. cc: Counsel (DLW) (Entered: 10/07/2025) | Docket Status View Add to request |

| | | | |
|---|---|---|---|
| 5 | 10/01/2025 | TEXT ORDER by Judge David J. Hale on 10/1/2025; Pursuant to 28 U.S.C. 636(b)(1)(A), this matter is hereby referred to U.S. Magistrate Judge Lanny King, for resolution of all litigation planning issues, entry of scheduling orders, consideration of amendments thereto, and resolution of all non-dispositive matters, including discovery issues. Judge King is further authorized to conduct a settlement conference in this matter at any time. This Notice of Electronic Filing is the Official ORDER for this entry. No document is attached. cc:counsel (NWT) (Entered: 10/01/2025) | Send Runner to Court |
| 4 | 09/26/2025 | NOTICE of Deficiency re 1 Notice of Removal. Reason for Deficiency: Rule 7.1(a)(1) and/or Rule 7.1(a)(2) disclosure statement(s) not filed. Failure to comply will be brought to the attention of the Court. Response due by 10/3/2025. (MNM) (Entered: 09/26/2025) | Docket Status View Add to request |
| 3 | 09/26/2025 | CLERK'S NOTICE re 1 Notice of Removal. cc: Counsel of Record, Hardin Circuit Court (MNM) (Entered: 09/26/2025) | Docket Status View Add to request |
| 2 | 09/26/2025 | Case Assignment (Random Selection): Case Assigned to Judge David J. Hale. (MNM) (Entered: 09/26/2025) | Docket Status View Add to request |
| 1 | 09/26/2025 | NOTICE OF REMOVAL by Miser Logistics, LLC and Noah N. Rodarte from Hardin Circuit Court, case number 25-CI-01607. (Filing fee $405, receipt number AKYWDC-4333580) Notice to counsel: Pursuant to LR 81.1(a), the removing party must electronically file any portion of the state court record it considers relevant to the removed action that the removing party did not file at the time of removal pursuant to 28 U.S.C. 1446(a). Pursuant to LR 81.1(b), any motion that remains pending in state court at the time of removal that the movant wishes the District Court to rule upon | View Add to request |

| | | |
|---|---|---|
| | must be refiled in the District Court case within 14 days after removal. (Attachments: # 1 Exhibit A - State Court File, # 2 Cover Sheet) (MNM) (Entered: 09/26/2025) | |
| 09/26/2025 | ANSWER to Complaint with Jury Demand previously filed in state court action by Miser Logistics, LLC and Noah N. Rodarte. (MNM) (Entered: 09/26/2025) | Send Runner to Court |

To order copies of any documents listed above, contact Court Express courtexpress@thomsonreuters.com, 1-877-362-7387 (Additional charges apply)

End of Document

© 2026 Thomson Reuters. No claim to original U.S. Government Works.

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE
(Electronically Filed)

| | |
|---|---|
| DORRIS H. KELLEY<br><br>And<br><br>DARRELYN J. KELLEY<br>PLAINTIFFS<br><br>v.<br><br><br>NOAH N. RODARTE<br><br>And<br><br>MISER LOGISTICS, LLC<br>DEFENDANTS | <br><br><br><br><br><br><br>CIVIL ACTION NO. 3:25CV-628-DJH<br><br>Removed from Hardin Circuit Court<br>Civil Action No: 25-CI-01607 |

**NOTICE OF REMOVAL**

Come the Defendants, by counsel, and for their Notice of Removal of this action from the Hardin County Circuit Court to the United States District Court for the Western District of Kentucky at Louisville, state:

1. On or about August 26, 2025, Plaintiffs filed a Complaint in Hardin County Circuit Court, Case No. 25-CI-01607. Defendant Noah Cook (incorrectly identified in the Complaint as Noah N. Rodarte) was served via the Kentucky Office of the Secretary of State with a summons and a copy of the Complaint on August 26, 2025. Defendant Miser Logistics, LLC, was served the Kentucky Office of the Secretary of State with a summons and a copy of the Complaint on August 26, 2025. Copies of Plaintiffs' process and pleadings filed in said action are attached hereto in accordance with 28 U.S.C. § 1446(a).

2. Plaintiff, Dorris H. Kelley, is, now, and was, at all times relevant hereto, including at the time of filing this Notice of Removal, and at the commencement of Civil Action No. 25-CI-01607, a citizen of Kentucky. Plaintiff, Darrelyn J. Kelley, is, now, and was, at all times relevant hereto, including at the time of filing this Notice of Removal, and at the commencement of Civil Action No. 25-CI-01607, a citizen of Kentucky.

3. Defendant, Noah Cook, is, now, and was, at all times relevant hereto, including at the time of filing this Notice of Removal, and at the commencement of Civil Action No. 25-CI-01607, a California resident. Defendant Miser Logistics, LLC, is, now, and was, at all times relevant hereto, including at the time of filing this Notice of Removal and at the commencement of Civil Action No. 25-CI-01607, is a registered carrier with the United States Department of Transportation, DOT Number 03996776, with a mailing address and physical address of 7055 Engle Road, Building 6, Suite 601, Middleburg Heights, Ohio 44130.

4. This action is one over which this Court has original jurisdiction pursuant to the provisions of 28 U.S.C. § 1332(a)(1) and is one that Defendants may remove to this Court pursuant to 28 U.S.C. § 1441(a) as this is an action between citizens of different states.

5. Defendants believe the amount in controversy is in excess of $75,000.00 in compensatory damages exclusive of interest and costs. Specifically, Plaintiffs allege in the Complaint that they sustained injuries in a motor vehicle accident involving their vehicle and a vehicle owned by Defendant

Case 3:25-cv-00528-CHB-LLK Document 1 Filed 09/26/25 Page 3 of 4 PageID #: 3

Miser Logistics, LLC, being driven by Defendant Noah Cook, on May 26, 2025, and seek damages for past medical and pharmaceutical expenses, future medical expenses, physical pain, emotional distress, mental anguish and suffering, permanent scarring and disfigurement, lost wages, diminished earning capacity, and property damages.

6. This Notice of Removal is filed within thirty (30) days after Defendants became aware of the removability of this case and prior to one year after the commencement of the action as required by 28 U.S.C. § 1446(b).

7. This Notice of Removal is filed by the Defendants, within thirty (30) days and in compliance with the rule of unanimity. 28 U.S.C. § 1446. *See also, Harper v. Auto Alliance International, Inc.,* 392 F.3d 195 (6th Cir. 2004). The undersigned counsel represents both Defendants. Both Defendants consent to this removal.

8. A copy of this Notice of Removal has been filed with the Clerk for the Hardin Circuit Court, in the Commonwealth of Kentucky and served upon other counsel of record.

Respectfully submitted,

**DON K. BROWN, PSC**

*/s/ Jeri Barclay Poppe*
JERI BARCLAY POPPE
ANNIE BOWER BROWN
13102 Eastpoint Park Blvd., Suite 200
Louisville, Kentucky 40223
(502) 588-9000
jpoppe@donkbrownlaw.com
abrown@donkbrownlaw.com
*Counsel for Defendants Noah N. Rodarte and Miser Logistics, LLC*

Case 3:25-cv-00518-GNS-LKK Document 1 Filed 09/26/25 Page 4 of 4 PageID #: 4

**CERTIFICATE OF SERVICE**

It is hereby certified that a copy of the foregoing was electronically filed and served upon the following on September 26, 2025:

Jonathan B. Fannin
Carl W. Walter, II
Minner Vines Injury Lawyers, PLLC
325 West Main Street, Suite 210
Lexington, KY 40507
(859) 550-2900
jonathan@mvmlaw.com
carl@mvmlaw.com
*Counsel for Plaintiffs*

*/s/ Jeri Barclay Poppe*
JERI BARCLAY POPPE
ANNIE BOWER BROWN

L:\Active\25-0702dkb\Pleadings\NOTICE OF REMOVAL.doc

Filed 25-CI-01607 08/26/2025 Deanna Simcoe, Hardin Circuit Clerk
NOT ORIGINAL DOCUMENT 09/25/2025 03:16:35 PM 88679

**COMMONWEALTH OF KENTUCKY**
**HARDIN CIRCUIT COURT**
**DIVISION __**
**CIVIL ACTION NO.: ____________**

***Electronically Filed***

DORRIS H. KELLY and
DARRELYN J. KELLEY PLAINTIFFS

v.

NOAH N. RODARTE

**SERVE VIA LONG ARM STATUTE – SOS – RESTRICTED DELIVERY:**
5657 Arlington Avenue
Riverside, California 92504

MISER LOGISTICS, LLC DEFENDANTS

**SERVE VIA LONG ARM STATUTE – SOS – RESTRICTED DELIVERY:**
Milan Virijevic
655 Metro Place South, Suite 634
Dublin, Ohio 43017

**ALTERNATE SERVICE ADDRESS:**
7055 Engle Road, Building 6, Suite 601
Middleburg Heights, Ohio 44130

---

**COMPLAINT**

---

1. This action is brought on behalf of Plaintiffs, Dorris H. Kelley and Darrelyn J. Kelley, for bodily injuries and other damages sustained in a motor vehicle collision that occurred on May 26, 2025, on Interstate 65 South in Hardin County, Kentucky.

**PARTIES**

Presiding Judge: HON. LARRY ASHLOCK (609463)
COM : 000001 of 000007
Filed 25-CI-01607 08/26/2025 Deanna Simcoe, Hardin Circuit Clerk

Filed 25-CI-01607 08/26/2025 Deanna Simcoe, Hardin Circuit Clerk
NOT ORIGINAL DOCUMENT 09/25/2025 03:16:35 PM 88679

2. Plaintiffs, Dorris H. Kelley and Darrelyn J. Kelley, are, and at all times relevant to this action were, husband and wife and adult resident citizens of Kentucky, residing at 12949 State Route 270 West, Clay, Kentucky 42404.

3. Upon information and belief, Defendant, Noah N. Rodarte, is an adult resident of California, residing at 5657 Arlington Avenue, Riverside, California 92504. At all times relevant hereto, Mr. Rodarte was acting within the course and scope of his employment and/or agency with Miser Logistics, LLC.

4. Defendant, Miser Logistics, LLC, is a limited liability company organized under the laws of the State of Ohio, with its principal place of business located at 655 Metro Place South, Suite 634, Dublin, Ohio 43017.

5. The motor vehicle collision that forms the basis of this action occurred on or about May 26, 2025, in Elizabethtown, Hardin County, Kentucky.

6. Venue is proper in this Court pursuant to KRS 452.450 because the cause of action arose in Hardin County, Kentucky.

7. The amount in controversy exceeds the minimum jurisdictional limits of this Court.

**FACTS**

8. Plaintiffs adopt and incorporate by reference each of the previous paragraphs as if set forth fully herein.

9. On or about May 26, 2025, at approximately 6:33 p.m., Plaintiff, Dorris H. Kelley, was operating a 2019 Honda Odyssey traveling southbound on Interstate 65 in Hardin County, Kentucky. Plaintiff, Darrelyn J. Kelley, was a passenger in the vehicle.

10. At that same time and place, a commercial tractor-trailer operated by Defendant, Noah N. Rodarte, was traveling southbound on Interstate 65 in Hardin County, Kentucky.

Presiding Judge: HON. LARRY ASHLOCK (609463)
COM : 000002 of 000007


Filed 25-CI-01607 08/26/2025 Deanna Simcoe, Hardin Circuit Clerk

Filed 25-CI-01607 08/26/2025 Deanna Simcoe, Hardin Circuit Clerk
NOT ORIGINAL DOCUMENT 09/25/2025 03:16:35 PM 88679

11. At that same time and place, traffic in the southbound lanes of Interstate 65 had slowed or stopped due to the Hardin County Sheriff's Office conducting traffic control for a prior collision, with emergency lights activated and the right lane closed.
12. Plaintiff, Dorris H. Kelley, properly slowed his vehicle in response to the traffic control situation ahead.
13. Defendant, Noah N. Rodarte, failed to maintain a proper lookout and failed to slow his commercial vehicle in response to the clearly visible traffic control situation and slowed traffic ahead.
14. Defendant Noah N. Rodarte failed to slow his commercial vehicle and rear-ended Plaintiffs' vehicle with tremendous force.
15. The collision caused severe and permanent injuries to both Plaintiffs, Dorris H. Kelley and Darrelyn J. Kelley.
16. Both Plaintiffs were transported to Baptist Health Hardin for treatment of their injuries.
17. Plaintiff, Dorris H. Kelley, suffered severe, catastrophic, and permanent injuries, was subsequently airlifted to the University of Louisville Hospital, and remains hospitalized for ongoing treatment.
18. Plaintiff, Darrelyn J. Kelley, suffered severe, catastrophic, and permanent injuries.
19. As a result of the collision, both Plaintiffs have suffered serious, permanent, and catastrophic injuries requiring ongoing medical treatment and care.

**COUNT I**
**COMMON LAW NEGLIGENCE AND GROSS NEGLIGENCE OF DEFENDANTS NOAH N. RODARTE AND MISER LOGISTICS, LLC**

20. Plaintiffs adopt and incorporate by reference each of the previous paragraphs as if set forth fully herein.

Presiding Judge: HON. LARRY ASHLOCK (609463)
COM : 000003 of 000007


Filed 25-CI-01607 08/26/2025 Deanna Simcoe, Hardin Circuit Clerk

Filed 25-CI-01607 08/26/2025 Deanna Simcoe, Hardin Circuit Clerk
NOT ORIGINAL DOCUMENT 09/25/2025 03:16:35 PM 88679

21. At all times relevant hereto, Defendant Noah N. Rodarte was operating a commercial vehicle within the line and scope of his employment with and/or for the benefit of Miser Logistics, LLC.

22. The actions of Defendant Noah N. Rodarte caused significant injuries to the Plaintiffs as described herein.

23. Defendant Noah N. Rodarte was acting as an agent, servant, or employee of Defendant Miser Logistics, LLC and was acting within the line and scope of his employment or agency at all times material hereto.

24. Plaintiffs aver that Defendant Noah N. Rodarte, acting as agent or servant or employee of Defendant Miser Logistics, LLC, negligently and recklessly failed to keep a proper lookout, failed to maintain a safe following distance, failed to reduce speed when approaching stopped or slowed traffic, failed to follow standards for the safe operation of a commercial tractor-trailer, and caused, allowed, or permitted the vehicle he was operating to collide with Plaintiffs' vehicle. Plaintiffs further aver that Defendant Miser Logistics LLC is vicariously liable for the acts of defendant Noah N. Rodarte.

25. Plaintiffs aver that Defendant Noah N. Rodarte negligently and recklessly, consciously disregarded the rights and safety of others in the operation of his commercial vehicle causing the collision at issue.

26. Plaintiffs aver that defendant Miser Logistics, LLC was negligent in its hiring, training, supervision, and retention of Noah N. Rodarte with respect to the operation of commercial vehicles on the public roadways.

27. As a direct and proximate result of the conduct of Defendants Noah N. Rodarte and Miser Logistics, LLC, Plaintiff Dorris H. Kelley suffered damages including, but not limited to:

Presiding Judge: HON. LARRY ASHLOCK (609463)
COM : 000004 of 000007


Filed 25-CI-01607 08/26/2025 Deanna Simcoe, Hardin Circuit Clerk

Filed 25-CI-01607 08/26/2025 Deanna Simcoe, Hardin Circuit Clerk
NOT ORIGINAL DOCUMENT 09/25/2025 03:16:35 PM 88679

a. Bodily injuries requiring medical treatment;

b. Past, present and future physical pain, emotional distress, mental anguish and suffering;

c. Permanent scarring and disfigurement;

d. Past and future medical and pharmaceutical bills and other expenses;

e. Lost wages and diminished earning capacity; and

f. Property damage.

28. As a direct and proximate result of the conduct of Defendants Noah N. Rodarte and Miser Logistics, LLC, Plaintiff Darrelyn J. Kelley suffered damages including, but not limited to:

a. Bodily injuries requiring medical treatment;

b. Past, present and future physical pain, emotional distress, mental anguish and suffering;

c. Permanent scarring and disfigurement;

d. Past and future medical and pharmaceutical bills and other expenses;

e. Lost wages and diminished earning capacity; and

f. Property damage.

**COUNT II**
**<u>LOSS OF CONSORTIUM</u>**

29. Plaintiffs adopt and incorporate by reference each of the previous paragraphs as if set forth fully herein.

30. Plaintiff Darrelyn J. Kelley avers that the reckless and negligent conduct of the Defendants as described herein has caused such injuries to her husband, Dorris H. Kelley, that she has been caused to suffer the loss of companionship, company, intimacy, comfort, and


Filed 25-CI-01607 08/26/2025 Deanna Simcoe, Hardin Circuit Clerk
Presiding Judge: HON. LARRY ASHLOCK (609463)
COM : 000005 of 000007

NOT ORIGINAL DOCUMENT 09/25/2025 03:16:35 PM 88679

assistance that her husband was typically and commonly able to provide in their marriage prior to the subject incident.

**COUNT III**
**NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS**

31. Plaintiffs adopt and incorporate by reference each of the previous paragraphs as if set forth fully herein.

32. Plaintiff Darrelyn J. Kelley avers that the reckless and negligent conduct of the Defendants as described herein has caused her to suffer severe mental stress and emotional injuries that no reasonable person can be expected to endure under the circumstances.

33. Plaintiff Dorris H. Kelley avers that the reckless and negligent conduct of the Defendants as described herein has caused him to suffer severe mental stress and emotional injuries that no reasonable person can be expected to endure under the circumstances.

**WHEREFORE**, Plaintiffs demand judgment against Defendants as follows:

a. A trial by jury on all issues of fact herein;

b. Compensatory damages against the Defendants in a fair and reasonable amount to be determined by a jury sitting at the trial of this matter, but in an amount sufficient to confer jurisdiction on this Court;

c. For prejudgment interest from the date of the Plaintiffs' injuries until such time the judgment is paid;

d. For Plaintiffs' costs herein expended; and

e. For any and all other relief to which Plaintiffs are entitled.

**CERTIFICATION**

This is to certify that pursuant to KRS 411.188(2), the undersigned attorneys have notified by certified mail all of those parties believed to possibly hold subrogation rights to any award received by the

Presiding Judge: HON. LARRY ASHLOCK (609463)
COM : 000006 of 000007

Filed 25-CI-01607 08/26/2025 Deanna Simcoe, Hardin Circuit Clerk
NOT ORIGINAL DOCUMENT 09/25/2025 03:16:35 PM 88679

Plaintiff as a result of this action and that the failure to assert subrogation rights by intervention, pursuant to Kentucky Civil Rule 24, or otherwise will result in a loss of those rights with respect to any final award received by the Plaintiff as a result of this action. Pursuant to KRS 411.188(4) the parties notified pursuant to KRS 411.188(2) are as follows:

**Intellivo**
PO Box 172207
Memphis, TN 38187-2207

**RESPECTFULLY** submitted this 26th day of August, 2025.

*/s/ Jonathan B. Fannin*
Jonathan B. Fannin, Esq.
Carl W. Walter II, Esq.
**MINNER VINES INJURY LAWYERS PLLC**
325 West Main Street, Suite 210
Lexington, Kentucky 40507
Telephone: (859) 550-2900
Email: jonathan@mvmlaw.com
carl@mvmlaw.com
*Counsel for Plaintiffs*

**PLAINTIFFS DEMAND TRIAL BY STRUCK JURY**

Presiding Judge: HON. LARRY ASHLOCK (609463)
COM : 000007 of 000007


Filed 25-CI-01607 08/26/2025 Deanna Simcoe, Hardin Circuit Clerk

NOT ORIGINAL DOCUMENT 09/25/2025 03:16:44 PM 88679

AOC-E-105 Sum Code: CI
Rev. 9-14

Commonwealth of Kentucky
Court of Justice *Courts.ky.gov*

CR 4.02; Cr Official Form 1

# CIVIL SUMMONS

Case #: **25-CI-01607**
Court: **CIRCUIT**
County: **HARDIN**

*Plantiff,* **KELLEY, DORRIS H. ET AL VS. RODARTE, NOAH N. ET AL**, *Defendant*

TO: **NOAH N. RODARTE**
**5657 ARLINGTON AVENUE**
**RIVERSIDE, CA 92504**

The Commonwealth of Kentucky to Defendant:

You are hereby notified that a **legal action has been filed against you** in this Court demanding relief as shown on the document delivered to you with this Summons. **Unless a written defense is made by you or by an attorney on your behalf within twenty (20) days** following the day this paper is delivered to you, judgment by default may be taken against you for the relief demanded in the attached complaint.

The name(s) and address(es) of the party or parties demanding relief against you or his/her (their) attorney(s) are shown on the document delivered to you with this Summons.

Hardin Circuit Clerk
Date: **8/26/2025**

## Proof of Service

This Summons was:

☐ Served by delivering a true copy and the Complaint (or other initiating document)

To: ______________________________

☐ Not Served because: ______________________________

Date: ________________, 20______

______________________________
Served By

______________________________
Title

Summons ID: @00000406321
CIRCUIT: 25-CI-01607 Long Arm Statute – SOS - Restricted Delivery
KELLEY, DORRIS H. ET AL VS. RODARTE, NOAH N. ET AL



eFiled

Presiding Judge: HON. LARRY ASHLOCK (609463)

CI : 000001 of 000001

NOT ORIGINAL DOCUMENT 09/25/2025 03:16:50 PM 88679

AOC-E-105 Sum Code: CI
Rev. 9-14

Commonwealth of Kentucky
Court of Justice *Courts.ky.gov*

CR 4.02; Cr Official Form 1

Case #: **25-CI-01607**
Court: **CIRCUIT**
County: **HARDIN**

# CIVIL SUMMONS

*Plantiff,* **KELLEY, DORRIS H. ET AL VS. RODARTE, NOAH N. ET AL**, *Defendant*

TO: **MISER LOGISTICS, LLC**
**7055 ENGLE ROAD**
**BUILDING 6, SUITE 601**
**CLEVELAND, OH 44130**

The Commonwealth of Kentucky to Defendant:
**MISER LOGISTICS, LLC**

You are hereby notified that a **legal action has been filed against you** in this Court demanding relief as shown on the document delivered to you with this Summons. **Unless a written defense is made by you or by an attorney on your behalf within twenty (20) days** following the day this paper is delivered to you, judgment by default may be taken against you for the relief demanded in the attached complaint.

The name(s) and address(es) of the party or parties demanding relief against you or his/her (their) attorney(s) are shown on the document delivered to you with this Summons.

Hardin Circuit Clerk
Date: **8/26/2025**

## Proof of Service

This Summons was:

☐ Served by delivering a true copy and the Complaint (or other initiating document)

To: ______________________________

☐ Not Served because: ______________________________

Date: ________________, 20______

______________________________
Served By

______________________________
Title

Summons ID: @00000406322
CIRCUIT: 25-CI-01607 Long Arm Statute – SOS - Restricted Delivery
KELLEY, DORRIS H. ET AL VS. RODARTE, NOAH N. ET AL



eFiled

Presiding Judge: HON. LARRY ASHLOCK (609463)
CI : 000001 of 000001

Case 3:25-cv-00628-CHS-LKK Document 1-1 Filed 09/26/25 Page 110 of 323 PageID #: 113

AOC-E-105 Sum Code: CI
Rev. 9-14

Commonwealth of Kentucky
Court of Justice *Courts.ky.gov*

CR 4.02; Cr Official Form 1

# CIVIL SUMMONS

Case #: **25-CI-01607**
Court: **CIRCUIT**
County: **HARDIN**

NOT ORIGINAL DOCUMENT 09/25/2025 03:16:55 PM 88679

*Plantiff,* **KELLEY, DORRIS H. ET AL VS. RODARTE, NOAH N. ET AL**, *Defendant*

TO: **MILAN VIRIJEVIC**
**655 METRO PLACE SOUTH**
**SUITE 634**
**DUBLIN, OH 43017**

Memo: Related party is MISER LOGISTICS, LLC

The Commonwealth of Kentucky to Defendant:
**MISER LOGISTICS, LLC**

You are hereby notified that a **legal action has been filed against you** in this Court demanding relief as shown on the document delivered to you with this Summons. **Unless a written defense is made by you or by an attorney on your behalf within twenty (20) days** following the day this paper is delivered to you, judgment by default may be taken against you for the relief demanded in the attached complaint.

The name(s) and address(es) of the party or parties demanding relief against you or his/her (their) attorney(s) are shown on the document delivered to you with this Summons.

Hardin Circuit Clerk
Date: **8/26/2025**

Presiding Judge: HON. LARRY ASHLOCK (609463)

## Proof of Service

This Summons was:

☐ Served by delivering a true copy and the Complaint (or other initiating document)

To: ______________________________

☐ Not Served because: ______________________________

Date: ____________________, 20______

______________________________
Served By

______________________________
Title

Summons ID: @00000406323
CIRCUIT: 25-CI-01607 Long Arm Statute – SOS - Restricted Delivery
KELLEY, DORRIS H. ET AL VS. RODARTE, NOAH N. ET AL



eFiled

Filed 25-CI-01607 08/26/2025 Deanna Simcoe, Hardin Circuit Clerk

NOT ORIGINAL DOCUMENT 09/25/2025 03:17:12 PM 88679

**COMMONWEALTH OF KENTUCKY**
**HARDIN CIRCUIT COURT**
**CIVIL ACTION NO.: 25-CI-01607**

***Electronically Filed***

DORRIS H. KELLEY and
DARRELYN J. KELLEY PLAINTIFFS

v.

NOAH RODARTE, et al. DEFENDANTS

---

**NOTICE OF DEPOSITION SUBPOENA DUCES TECUM**

---

**TO:**
Ego Express Inc.

**DATE AND TIME:**
September 29, 2025 at 9:00 a.m. EST

**LOCATION:**
Minner Vines Injury Lawyers, PLLC
325 West Main Street, Suite 210
Lexington, Kentucky 40507

**TO BE SERVED UPON:**
Aleksandar Mimic
225 North Arlington Heights Road
Suite 105
Elk Grove Village, Illinois 60007

**PLEASE TAKE NOTICE** at the above-stated date, time, and location, Plaintiffs will, by inspection and examination, take the testimony of the deponent for the purpose of discovery and/or use as evidence in the action before the court reporter or some other duly qualified officer in accordance with the Kentucky Rules of Civil Procedure. Said subpoena will require the production of the **certified** copies of the documents or things identified in the subpoena or will require

NTD : 000001 of 000005

Filed 25-CI-01607 08/26/2025 Deanna Simcoe, Hardin Circuit Clerk

Filed 25-CI-01607 08/26/2025 Deanna Simcoe, Hardin Circuit Clerk
NOT ORIGINAL DOCUMENT 09/25/2025 03:17:12 PM 88679

permission be given to enter upon and/or inspect the land or other property at the time and place specified in the subpoena.

**SUBPOENA DUCES TECUM**

The deponent shall produce the following records in certified form at the time and place specified above:

1. Any and all lease agreements between Ego Express Inc. and Miser Logistics, LLC.
2. Any and all lease agreements concerning the 2023 International Tractor, VIN # 3HSDZAPRXPN219817.
3. Any and all lease agreements concerning the trailer, VIN # 1JJV532D3PL367872, Title # 22074692502.
4. Any and all contracts, agreements, or other documents concerning the rental, lease, or use of any tractors and/or trailers between Ego Express Inc. and Miser Logistics, LLC.
5. Any and all documents, including correspondence, concerning the May 26, 2025 collision involving Noah Rodarte.
6. Any and all documents, including but not limited to bills of lading, lease agreements, broker agreements, and insurance agreements, concerning the trip undertaken by Noah Rodarte at the time of the May 26, 2025 collision.
7. Any and all insurance agreements, policies, declaration pages, endorsements, binders, or other documents of insurance in effect on May 26, 2025, which may afford coverage or indemnity to any person, firm, or entity for any claim, loss, or damage arising out of or related to the motor vehicle collision on May 26, 2025, in Hardin County, Kentucky, involving Noah Rodarte and Miser Logistics, LLC. This request includes, but is not limited to:

NTD : 000002 of 000005

Filed 25-CI-01607 08/26/2025 Deanna Simcoe, Hardin Circuit Clerk

Filed 25-CI-01607 08/26/2025 Deanna Simcoe, Hardin Circuit Clerk
NOT ORIGINAL DOCUMENT 09/25/2025 03:17:12 PM 88679

a) Primary, excess, umbrella, or surplus lines policies;

b) Commercial and personal automobile policies;

c) General liability policies;

d) Any policy under which a defense or indemnity may be owed; and

e) Any reservation of rights letters or coverage position statements issued in connection with the incident.

8. The trailer identified in Item 3, for inspection and photographing by Plaintiffs' counsel and/or experts.

The requested documentation shall be used for any and all purposes permitted under the Kentucky Rules of Civil Procedure, including use as evidence at trial. In accordance with CR 45.04(3), the deponent may, in lieu of appearance, produce the requested documents in response to this subpoena duces tecum.

Respectfully submitted,

*<u>/s/ Jonathan B. Fannin</u>*
Jonathan B. Fannin, Esq.
Carl W. Walter II, Esq.
**MINNER VINES INJURY LAWYERS PLLC**
325 West Main Street, Suite 210
Lexington, Kentucky 40507
Telephone: (859) 550-2900
Facsimile: (859) 550-2902
Email: jonathan@mvmlaw.com
*Counsel for Plaintiffs*

NTD : 000003 of 000005

Filed 25-CI-01607 08/26/2025 Deanna Simcoe, Hardin Circuit Clerk

Filed 25-CI-01607 08/26/2025 Deanna Simcoe, Hardin Circuit Clerk

NOT ORIGINAL DOCUMENT 09/25/2025 03:17:12 PM 88679

# CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document was filed with the Clerk of the Hardin Circuit Court by use of the electronic filing system, and that on this the 28th day of August, 2025, service of same was made by U.S. Certified Mail, return receipt requested, upon:

**Aleksandar Mimic**
225 North Arlington Heights Road
Suite 105
Elk Grove Village, Illinois 60007
*Registered Agent of Service for Deponent,*
*Ego Express Inc.*

Further, Plaintiffs will comply with the requirements of the Illinois Uniform Interstate Depositions and Discovery Act, 735 ILCS 35/1 et seq., by submitting this Kentucky subpoena to the Clerk of the Circuit Court of Cook County, Illinois, for issuance of a corresponding Illinois subpoena.

*/s/ Jonathan B. Fannin*
Jonathan B. Fannin, Esq.

NTD : 000004 of 000005

Filed 25-CI-01607 08/26/2025 Deanna Simcoe, Hardin Circuit Clerk

Filed 25-CI-01607 08/26/2025 Deanna Simcoe, Hardin Circuit Clerk
NOT ORIGINAL DOCUMENT 09/25/2025 03:17:12 PM 88679

AOC-025.1 Doc. Code: RS
Rev. 1-22
Page 1 of 1

Commonwealth of Kentucky
Court of Justice *www.kycourts.gov*

CR 45

**CIVIL**
❑ **SUBPOENA**
☑ **SUBPOENA DUCES TECUM**

Case No. 25-CI-01607
Court CIRCUIT
County Hardin
Date 08/28/2025

DORRIS H. KELLEY and DARRELYN J. KELLEY PLAINTIFFS

VS

NOAH RODARTE, et al. DEFENDANTS

**The Commonwealth of Kentucky to:**

Name Ego Express Inc.
Address 225 North Arlington Heights Road, Suite 105
Elk Grove Village, Illinois 60007

**You are commanded to appear before:** (*select one of three choices*)
❑ ______ Court ❑ The Grand Jury of ______ County
❑ Other Jonathan B. Fannin, Esq.

**You are to appear at:** Minner Vines Injury Lawyers, PLLC, 325 West Main Street, Suite 210, Lexington, KY 40507

on the 29th day of September, 2025 at 9:00 ❑ a.m. OR ❑ p.m. ❑ Eastern ❑ Central Time

❑ To testify in behalf of ______
☑ To produce Pursuant to CR 45, the documents and records described in the attached Notice of Subpoena Decus Tecum.
❑ To give depositions

**You are commanded to produce and permit inspection and copying of the following documents or objects (or to permit inspection of premises):** See attached Notice of Subpoena Duces Tecum for full list of requested documents, including: any and all lease agreements concerning the 2023 International Tractor VIN # 3HSDZAPRXPN219817 and trailer VIN #1JJV532D3PL367872, Title # 22074692502.
on the 29th day of September, 2025 at 9:00 ❑ a.m. OR ❑ p.m. ❑ Eastern ❑ Central Time
at the following address: Minner Vines Injury Lawyers, PLLC, 325 West Main Street, Suite 210, Lexington, KY 40507

Jonathan B. Fannin, Esq.
Issuing Officer/Attorney Licensed in Kentucky

By: ***/s/ Jonathan B. Fannin***

Jonathan B. Fannin, Esq.
Name of Requesting Attorney/Pro-Se Party
325 West Main Street, Suite 210
Lexington, Kentucky 40507
Address
Phone # (859) 550-2900
E-mail: jonathan@mvmlaw.com

**PROOF OF SERVICE**

This subpoena was served by delivery of a true copy to: ______

This ______ day of ______, 2______ By: ______

**Title**

Filed 25-CI-01607 08/26/2025 Deanna Simcoe, Hardin Circuit Clerk

NOT ORIGINAL DOCUMENT 09/25/2025 03:17:18 PM 88679

**COMMONWEALTH OF KENTUCKY**
**HARDIN CIRCUIT COURT**
**CIVIL ACTION NO.: 25-CI-01607**

***Electronically Filed***

DORRIS H. KELLEY and
DARRELYN J. KELLEY PLAINTIFFS

v.

NOAH RODARTE, et al. DEFENDANTS

---

**NOTICE OF DEPOSITION SUBPOENA DUCES TECUM**

---

**TO:**
Super Ego Holding LLC

**DATE AND TIME:**
September 29, 2025 at 9:00 a.m. EST

**LOCATION:**
Minner Vines Injury Lawyers, PLLC
325 West Main Street, Suite 210
Lexington, Kentucky 40507

**TO BE SERVED UPON:**
Vladimir Tripkovic
677 North Larch Avenue
Elmhurst, Illinois 60126

**PLEASE TAKE NOTICE** at the above-stated date, time, and location, Plaintiffs will, by inspection and examination, take the testimony of the deponent for the purpose of discovery and/or use as evidence in the action before the court reporter or some other duly qualified officer in accordance with the Kentucky Rules of Civil Procedure. Said subpoena will require the production of the **certified** copies of the documents or things identified in the subpoena or will require

NOT ORIGINAL DOCUMENT 09/25/2025 03:17:18 PM 88679

permission be given to enter upon and/or inspect the land or other property at the time and place specified in the subpoena.

**SUBPOENA DUCES TECUM**

The deponent shall produce the following records in certified form at the time and place specified above:

1. Any and all lease agreements between Super Ego Holding LLC and Miser Logistics, LLC.
2. Any and all lease agreements concerning the 2023 International Tractor, VIN # 3HSDZAPRXPN219817.
3. Any and all lease agreements concerning the trailer, VIN # 1JJV532D3PL367872, Title # 22074692502.
4. Any and all contracts, agreements, or other documents concerning the rental, lease, or use of any tractors and/or trailers between Super Ego Holding LLC and Miser Logistics, LLC.
5. Any and all documents, including correspondence, concerning the May 26, 2025 collision involving Noah Rodarte.
6. Any and all documents, including but not limited to bills of lading, lease agreements, broker agreements, and insurance agreements, concerning the trip undertaken by Noah Rodarte at the time of the May 26, 2025 collision.
7. Any and all insurance agreements, policies, declaration pages, endorsements, binders, or other documents of insurance in effect on May 26, 2025, which may afford coverage or indemnity to any person, firm, or entity for any claim, loss, or damage arising out of or related to the motor vehicle collision on May 26, 2025, in Hardin County, Kentucky, involving Noah Rodarte and Miser Logistics, LLC. This request includes, but is not limited to:

NOT ORIGINAL DOCUMENT
09/25/2025 03:17:18 PM
88679

a) Primary, excess, umbrella, or surplus lines policies;

b) Commercial and personal automobile policies;

c) General liability policies;

d) Any policy under which a defense or indemnity may be owed; and

e) Any reservation of rights letters or coverage position statements issued in connection with the incident.

8. The trailer identified in Item 3, for inspection and photographing by Plaintiffs' counsel and/or experts.

The requested documentation shall be used for any and all purposes permitted under the Kentucky Rules of Civil Procedure, including use as evidence at trial. In accordance with CR 45.04(3), the deponent may, in lieu of appearance, produce the requested documents in response to this subpoena duces tecum.

Respectfully submitted,

*/s/ Jonathan B. Fannin*

Jonathan B. Fannin, Esq.
Carl W. Walter II, Esq.
**MINNER VINES INJURY LAWYERS PLLC**
325 West Main Street, Suite 210
Lexington, Kentucky 40507
Telephone: (859) 550-2900
Facsimile: (859) 550-2902
Email: jonathan@mvmlaw.com
*Counsel for Plaintiffs*

NTD : 000003 of 000005

NOT ORIGINAL DOCUMENT 09/25/2025 03:17:18 PM 88679

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing document was filed with the Clerk of the Hardin Circuit Court by use of the electronic filing system, and that on this the 28th day of August, 2025, service of same was made by U.S. Certified Mail, return receipt requested, upon:

**Vladimir Tripkovic**
677 North Larch Avenue
Elmhurst, Illinois 60126
*Registered Agent of Service for Deponent,*
*Super Ego Holding LLC*

Further, Plaintiffs will comply with the requirements of the Illinois Uniform Interstate Depositions and Discovery Act, 735 ILCS 35/1 et seq., by submitting this Kentucky subpoena to the Clerk of the Circuit Court of DuPage County, Illinois, for issuance of a corresponding Illinois subpoena.

*/s/ Jonathan B. Fannin*
Jonathan B. Fannin, Esq.

Filed 25-CI-01607 08/26/2025 Deanna Simcoe, Hardin Circuit Clerk

NOT ORIGINAL DOCUMENT 09/25/2025 03:17:18 PM 88679

AOC-025.1 Doc. Code: RS
Rev. 1-22
Page 1 of 1

Commonwealth of Kentucky
Court of Justice www.kycourts.gov

CR 45

**CIVIL**
❑ **SUBPOENA**
❑ **SUBPOENA DUCES TECUM**

Case No. ____________________
Court ____________________
County ____________________
Date ____________________

______________________________ PLAINTIFFS

VS

______________________________ DEFENDANTS

**The Commonwealth of Kentucky to:**

Name ____________________________________________
Address ____________________________________________
____________________________________________

**You are commanded to appear before:** (*select one of three choices*)
❑ ______________________________ Court ❑ The Grand Jury of ____________________ County
❑ Other ____________________________________________

**You are to appear at:** ____________________________________________
____________________________________________

on the ________ day of ____________________, 2______ at ______ ❑ a.m. OR ❑ p.m. ❑ Eastern ❑ Central Time

❑ To testify in behalf of ____________________________________________
❑ To produce ____________________________________________
____________________________________________
❑ To give depositions

**You are commanded to produce and permit inspection and copying of the following documents or objects (or to permit inspection of premises):** ______________________________
____________________________________________
____________________________________________

on the ________ day of ____________________, 2______ at ______ ❑ a.m. OR ❑ p.m. ❑ Eastern ❑ Central Time
at the following address: ____________________________________________

Jonathan B. Fannin, Esq.
Issuing Officer/Attorney Licensed in Kentucky

By: */s/ Jonathan B. Fannin*

______________________________
Name of Requesting Attorney/Pro-Se Party
______________________________
______________________________
Address
Phone # ______________________________
E-mail: ______________________________

## PROOF OF SERVICE

This subpoena was served by delivery of a true copy to: ______________________________
____________________________________________

This ______ day of ____________________, 2______ By: ______________________________
______________________________ Title

Filed 25-CI-01607 08/26/2025 Deanna Simcoe, Hardin Circuit Clerk

NTD : 000005 of 000005

NOT ORIGINAL DOCUMENT
09/25/2025 03:17:22 PM
88679

Michael G. Adams
Secretary of State

**Commonwealth of Kentucky**
**Office of the Secretary of State**

Summons Division
PO BOX 718
FRANKFORT, KY 40602-0718
Phone: (502) 564-3490
Fax: (502) 564-5687

Circuit Court Clerk
Hardin County
120 East Dixie Ave.
Ste. 1
Elizabethtown, KY 42701

| | |
|---|---|
| FROM: | SUMMONS DIVISION<br>SECRETARY OF STATE |
| RE: | CASE NO: 25-CI-01607 |
| DEFENDANT: | MISER LOGISTICS, LLC |
| DATE: | September 4, 2025 |
| USPS Certified Mail ID: | 9202992267700103362776 |

The Office of the Secretary of State was served with a summons and accompanying documents for the captioned defendant on

August 26, 2025

This office served the defendant by sending a copy of the summons and accompanying documents via certified mail, return receipt requested, on

August 27, 2025

We are enclosing the return receipt confirming receipt of summons.

COR : 000001 of 000002

DOCUMENT
Filed 25-CI-01607 09/04/2025 Deanna Simcoe, Hardin Circuit Clerk 09/25/2025
03:17:22 PM
88679

UNITED STATES POSTAL SERVICE

September 4, 2025

Dear Secretary Of State Commonwealth of Kentucky:

The following is in response to your request for proof of delivery on your item with the tracking number: **9202 9922 6770 0103 3627 76**.

## Item Details

| | |
|---|---|
| **Status:** | Delivered, Left with Individual |
| **Status Date / Time:** | September 4, 2025, 11:10 am |
| **Location:** | CLEVELAND, OH 44130 |
| **Postal Product:** | Priority Mail® |
| **Extra Services:** | Certified Mail™<br>Return Receipt<br>Return Receipt Electronic<br>Up to $100 insurance included |

## Recipient Signature

| | |
|---|---|
| Signature of Recipient: | melissa pute |
| Address of Recipient: | 7055 Engle # 601 |

Note: Scanned image may reflect a different destination address due to Intended Recipient's delivery instructions on file.

Thank you for selecting the United States Postal Service® for your mailing needs. If you require additional assistance, please contact your local Post Office™ or a Postal representative at 1-800-222-1811.

Sincerely,
United States Postal Service®
475 L'Enfant Plaza SW
Washington, D.C. 20260-0004

COR : 000002 of 000002

Filed 25-CI-01607 09/10/2025 Deanna Simcoe, Hardin Circuit Clerk

NOT ORIGINAL DOCUMENT 09/25/2025 03:17:28 PM 88679

**COMMONWEALTH OF KENTUCKY**
**HARDIN CIRCUIT COURT**
**DIVISION 3**
**CIVIL ACTION NO.: 25-CI-01607**

***Electronically Filed***

DORRIS H. KELLEY and
DARRELYN J. KELLEY PLAINTIFFS

v.

NOAH N. RODARTE, et al. DEFENDANTS

---

**PLAINTIFFS DORRIS H. KELLEY AND DARRELYN J. KELLEY'S FIRST SET OF INTERROGATORIES AND REQUESTS FOR PRODUCTION OF DOCUMENTS PROPOUNDED ON DEFENDANT MISER LOGISTICS, LLC**

---

Come now the Plaintiffs, Dorris H. Kelley and Darrelyn J. Kelley, by counsel, and propound the following Interrogatories and Requests for Production of Documents to Defendant, Miser Logistics, LLC, to be answered by Defendant pursuant to the *Kentucky Rules of Civil Procedure*.

**INSTRUCTIONS AND DEFINITIONS**

A. All information requested must be provided in writing, under oath, and include all information within your possession or control, as well as that of your attorney, investigators, agents, employees, or any other representatives acting on your behalf, including your insurance company.

B. Responses must be complete and specific; incomplete or evasive answers will be considered equivalent to a failure to respond.

C. You are under a continuing obligation to promptly supplement your responses if new information becomes available or if you discover that a previous response was incomplete or incorrect.

IRPD : 000001 of 000020



Filed 25-CI-01607 09/10/2025 Deanna Simcoe, Hardin Circuit Clerk

Filed 25-CI-01607 09/10/2025 Deanna Simcoe, Hardin Circuit Clerk

NOT ORIGINAL DOCUMENT
09/25/2025 03:17:28 PM
88679

D. The term "information" includes any form of written or graphical material, regardless of how it is produced or reproduced. This includes, but is not limited to, original documents, copies, drafts, emails, letters, photographs, video recordings, reports, memoranda, contracts, receipts, invoices, electronic files, and any other records kept in hard copy or electronically stored formats.

E. To "identify" a document means to provide a description of the document, including its subject matter, the names of the parties who prepared and received it, its date, any identifying number or code, and the current custodian. As an alternative, the document itself may be attached to the response, provided that any identifying information not evident on the document's face is explicitly stated.

F. To "identify" a natural person means to provide the person's full name, current residential address, telephone number, and, if applicable, the name, address, and telephone number of their current employer or business.

G. The term "describe in detail" requires a complete explanation, specifying underlying facts and details, including dates, locations, and the identities of all persons involved.

H. The term "Plaintiffs" refer to Dorris & Darrelyn Kelley, and the term "Defendant" refers to Miser Logistics, LLC.

I. The terms "the incident" or "the collision" refer to the motor vehicle collision that occurred on May 26, 2025, which is the subject of this litigation.

J. The words "person" or "persons" include individuals, entities, sole proprietorships, associations, companies, partnerships, corporations, and any other organizational forms. To "identify" a person or entity includes providing their name, address, telephone number, email



Filed 25-CI-01607 09/10/2025 Deanna Simcoe, Hardin Circuit Clerk

NOT ORIGINAL DOCUMENT 09/25/2025 03:17:28 PM 88679

address, place of employment, job title, and, if applicable, details of their affiliation with any party to this litigation.

K. The term "you" includes the individual(s) answering these discovery requests and any representatives, employees, agents, or guardians acting on their behalf.

L. The term "relating to" or "relates to" encompasses anything that constitutes, contains, embodies, reflects, refers to, or pertains to the specified subject.

M. “Truck” and/or “Semi” means the commercial truck and trailer operated by Noah N. Rodarte on the date of the incident made the basis of this suit.

N. “Expert” herein refers to any person who is now employed by you or was employed by you for the purpose of this litigation or for preparation of this litigation for trial.

O. “Run” means the trip that Defendant Noah N. Rodarte was making at the time of this incident.

P. “Plaintiffs’ vehicle” means the vehicle being operated by Dorris H. Kelley on the date of the incident made the basis of this suit.

Q. If you assert a privilege or claim protection for any information or documents, expressly state the basis of the privilege or protection, and provide a description sufficient to allow assessment of the claim, including the nature of the communication, document, or item withheld.

R. If any Interrogatory cannot be fully answered, provide a partial answer with an explanation for the incompleteness and specify the knowledge, information, or belief you have regarding the unanswered or partially answered portion.

S. Words used in the singular shall be interpreted to include the plural and vice versa. Similarly, words in the masculine shall include the feminine and vice versa. The terms "or" and "and"

IRPD : 000003 of 000020

NOT ORIGINAL DOCUMENT 09/25/2025 03:17:28 PM 88679

shall be interpreted to include both disjunctive and conjunctive meanings, and the terms "each," "every," "any," and "all" shall be considered interchangeable where appropriate.

**INTERROGATORIES**

Pursuant to CR 33.01(3), please answer the following interrogatories, which shall not be included when calculating the total number of interrogatories propounded by Plaintiffs:

**A)** The name and address of the person(s) responding to these interrogatories.

**B)** The names and addresses of any witnesses of any witnesses.

**C)** Whether the person(s) responding to this discovery is/are willing to supplement the answers provided to this discovery if information subsequently becomes available.

**ANSWER:**

**INTERROGATORY NO. 1:** State the name, address, telephone number, and place of employment of each person known by you or your counsel who may have any knowledge of the facts, claims, and/or damages underlying this matter, without regard to whether you intend to call any such person as a witness at trial, and state if the Defendant has obtained and/or is aware of any statement from any such person, any party hereto, any witness, and/or any individual with said knowledge. In your answer, specifically identify any and all persons who may possess knowledge of any of the issues involved in this matter or knowledge which may lead to the discovery of relevant information including, but not limited to, any and all persons who have any knowledge of relevant facts about the subject collision, the aftermath of the subject collision, the subject matter of this litigation, any parties to this litigation, and/or Dorris H. Kelley or Darrelyn J. Kelley's injuries and/or damages.

**ANSWER:**

IRPD : 000004 of 000020

NOT ORIGINAL DOCUMENT 09/25/2025 03:17:28 PM 88679

**INTERROGATORY NO. 2:** Was the commercial truck equipped with any sort of camera(s) and/or recording device(s) and/or surveillance program(s) at the time of the subject collision? If your answer is affirmative, please describe the location of the camera(s), recording device(s), and/or surveillance program(s).

**ANSWER**:

**INTERROGATORY NO. 3:** At the time of the collision, was Defendant Noah N. Rodarte acting as an agent and/or employee of Miser Logistics, LLC and/or otherwise carrying out business on behalf of Miser Logistics, LLC? If your answer is affirmative, please identify whether Defendant Rodarte was an employee, agent, and/or otherwise carrying out business on behalf of Miser Logistics, LLC?

**ANSWER:**

**INTERROGATORY NO. 4:** On the date of the subject collision, please identify:

a) The number of times you or any of your employees, agents, and/or affiliates communicated with Defendant Noah N. Rodarte;
b) The identity of each individual who communicated with Defendant Rodarte;
c) The manner of each said communication (i.e. via cellular telephone, text message, radio transmission, etc.);
d) The location of the individual who communicated with Defendant Rodarte at or around the time of each said communication;
e) The location of Defendant Rodarte at or around the time of each said communication;
f) The topic of each said communication;
g) The approximate time of each said communication; and



IRPD : 000005 of 000020

NOT ORIGINAL DOCUMENT 09/25/2025 03:17:28 PM 88679

h) Whether each said communication occurred before or after the subject collision.

**ANSWER:**

**INTERROGATORY NO. 5:** Please provide a detailed description of the Run including the date and time Defendant Noah N. Rodarte reported for duty, the date, time, and location at which Defendant Rodarte picked up the Tractor, date, time, and location at which Defendant Rodarte picked up the Trailer, Defendant Rodarte's pre-trip inspection, each time Defendant Rodarte stopped, where Defendant Rodarte stopped, how long Defendant Rodarte stopped, what Defendant Rodarte did during each stop, the route Defendant Rodarte took from the time he departed on the Run though the time of the collision, all individuals with which Defendant Rodarte communicated during the Run, the route Defendant Rodarte intended to take to complete the Run had the collision no occurred, the stops Defendant Rodarte intended to make after passing through the location of subject collision, and the date, time, and location Defendant Rodarte was required to deliver the load which Defendant Rodarte was hauling at the time of the collision.

**ANSWER**:

**INTERROGATORY NO. 6:** Please identify all driver education and safety training of which you are aware that Defendant Noah N. Rodarte obtained prior to the subject collision, including in your answer all known detail including, but not limited to, an explanation of the place and time at which the education or training occurred, a description of what the education or training consisted of, all facts known to you concerning the individual's performance in the educational program or training, and the identification of any records of which you are aware evidencing the driver education and safety training.

**ANSWER:**

**INTERROGATORY NO. 7:** Is the Defendant aware of any recordings (including



IRPD : 000006 of 000020

NOT ORIGINAL DOCUMENT 09/25/2025 03:17:28 PM 88679

photographs, images, videos, surveillance, and/or audio) of the subject incident, the commercial truck and/or the Plaintiffs' vehicle immediately prior to the subject incident, and/or the immediate aftermath of the incident? If your answer is affirmative, please identify the current location of said recording(s), the camera and/or device which recorded same, the individual, entity, and/or authority which captured the recording, and the identity of each employee, agent, and/or representative of the Defendant (including any insurance adjuster) who viewed said recording(s).

**ANSWER**:

**INTERROGATORY NO. 8:** Did the truck being driven by Noah N. Rodarte at the time of the incident made the basis of this suit have any defects known to Miser Logistics, LLC?

**ANSWER:**

**INTERROGATORY NO. 9:** Identify all records of which you are aware which reflect Defendant Noah N. Rodarte's:

a) Hours of service in the thirty (30) days leading up to and including May 26, 2025;

b) Compliance with applicable law and regulations relating to the operation of a commercial vehicle;

c) Qualification for operation of the commercial motor vehicle in issue in this action;

d) Drug and alcohol testing following the subject collision, and

e) History as an operator of a commercial motor vehicle including, but not limited to, disciplinary history, non-preventable accidents, preventable accidents, performance reviews, criminal charges or convictions, traffic

IRPD : 000007 of 000020

Filed 25-CI-01607 09/10/2025 Deanna Simcoe, Hardin Circuit Clerk

NOT ORIGINAL DOCUMENT 09/25/2025 03:17:28 PM 88679

offenses, medical fitness for operation of a commercial motor vehicle, employment history, education, training, and experience.

**ANSWER:**

**INTERROGATORY NO. 10:** When is the last time prior to the incident made the basis of this suit that said truck operated by Noah N. Rodarte on May 26, 2025, had been serviced?

**ANSWER:**

**INTERROGATORY NO. 11:** Identify each and every policy of insurance which was in effect at the time of the incident covering Noah N. Rodarte, Miser Logistics, LLC, and/or any related entity, employee, agent, representative, contractor, and/or authorized operator and/or the commercial truck, and/or any injuries and/or damages sustained as a result of the subject incident or potentially covering injuries and/or damages sustained as a result of the subject collision including those injuries and damages alleged by Plaintiffs including, but not limited to, liability policy (or policies) and/or policies providing excess coverages including, but not limited to, umbrella policies – regardless of whether you believe said policy (or policies) of insurance provides (or provide) coverage for the damages and claims alleged in the above-styled action. To clarify, “identify” includes providing the following information: name and address of the insurance company, policy number, limits of coverage, and a statement regarding any such insurance company which has raised any question about policy coverage.

**ANSWER:**

**INTERROGATORY NO. 12:** Please identify the individual(s) and entity(ies) which possessed an ownership interest in Miser Logistics, LLC. As to each, please describe the nature of that ownership interest.

**ANSWER:**



IRPD : 000008 of 000020

Filed 25-CI-01607 09/10/2025 Deanna Simcoe, Hardin Circuit Clerk

NOT ORIGINAL DOCUMENT
09/25/2025 03:17:28 PM
88679

**INTERROGATORY NO. 13:** Please describe the content, process and/or method and results thereof for any background check conducted on Noah N. Rodarte.

**ANSWER:**

**INTERROGATORY NO. 14:** What is your understanding of how the incident made the basis of this suit occurred?

**ANSWER:**

**INTERROGATORY NO. 15:** Did Noah N. Rodarte meet your expectations as a driver for Miser Logistics, LLC on the occasion of the incident made the basis of this suit?

**ANSWER:**

**INTERROGATORY NO. 16:** Do you have any criticisms of Noah N. Rodarte's operation of the vehicle at the time of the incident made the basis of this suit?

**ANSWER:**

**INTERROGATORY NO. 17:** State the current location of the vehicle made the basis of this suit and describe in detail any changes and/or alterations to any aspect of that vehicle following the incident.

**ANSWER:**

**INTERROGATORY NO. 18:** When is the next date after May 26, 2025, that Noah N. Rodarte operated a vehicle on behalf of Miser Logistics, LLC?

**ANSWER:**

**INTERROGATORY NO. 19:** Has Miser Logistics, LLC changed any procedures, policies or instituted any new operational guidelines as a result of the incident made the basis of this suit?

**ANSWER**:

**INTERROGATORY NO. 20:** Has Noah N. Rodarte been fired, suspended or otherwise



IRPD : 000009 of 000020

Filed 25-CI-01607 09/10/2025 Deanna Simcoe, Hardin Circuit Clerk
NOT ORIGINAL DOCUMENT 09/25/2025 03:17:28 PM 88679

disciplined as a result of the incident made the basis of this suit? If Rodarte's employment has been terminated, please state all reasons therefor and provide the date his employment ended.

**ANSWER:**

**INTERROGATORY NO. 21:** Please explain the relationship between Miser Logistics, LLC, and Ego Express, Inc.

**ANSWER:**

**INTERROGATORY NO. 22:** Please explain the relationship between Miser Logistics, LLC, Super Ego Holding, LLC.

**ANSWER:**

**INTERROGATORY NO. 23:** Identify each person whom you expect to call as an expert witness at the trial of this action, state the subject matter on which the expert is expected to testify, state the substance of the findings and opinions to which the expert is expected to testify and a summary of the grounds for each opinion and, with respect to an expert whose findings and opinions were acquired in anticipation of litigation or for trial, summarize the qualifications of the expert, state the terms of the expert's compensation, and attach to your answers any available list of publications written by the expert and any written report made by the expert concerning the expert's findings and opinions.

**ANSWER:**

**INTERROGATORY NO. 24:** Explain and provide a supporting calculation for the manner in which Defendant Noah N. Rodarte was compensated at the time of the collision (i.e., the formula for payment by the hour, by the miles traveled, by the load, by commissions, by straight salary or explain any other method used), and state if Defendant Rodarte individually was compensated for the Run. If Defendant Rodarte was not compensated for the Run, please explain the reason.

IRPD : 000010 of 000020



Filed 25-CI-01607 09/10/2025 Deanna Simcoe, Hardin Circuit Clerk

NOT ORIGINAL DOCUMENT 09/25/2025 03:17:28 PM 88679

**ANSWER:**

**INTERROGATORY NO. 25:** Do you contend that Plaintiffs Dorris H. Kelley and/or Darrelyn J. Kelley did anything to cause or contribute to cause the incident made the basis of this suit?

**ANSWER:**

**INTERROGATORY NO. 26:** Do you contend that any mechanical failure contributed to and/or caused the collision made the basis of this suit? If so, please explain.

**ANSWER:**

**INTERROGATORY NO. 27:** State each and every regulation set forth in the Federal Motor Carrier Safety Regulations violated by the commercial motor vehicle, Defendant Noah N. Rodarte, the owner of the Tractor, the owner of the Trailer, and/or the answering Defendant from the start of the Run through the point in time that the commercial truck was removed from the scene of the incident, explaining all factual detail known concerning the violation. If you believe that no regulation was violated, then answer this interrogatory by answering "none."

**ANSWER:**

**INTERROGATORY NO. 28:** Was a company investigation conducted with regard to the incident made the basis of this suit? List all individuals that participated in said investigation and the results thereof.

**ANSWER**:

**INTERROGATORY NO. 29:** Please state the name and address of any passengers in the vehicle driven by Noah N. Rodarte at the time of the incident made the basis of this suit.

**ANSWER**:

**INTERROGATORY NO. 30:** Identify each person, other than a person intended to be



IRPD : 000011 of 000020

NOT ORIGINAL DOCUMENT 09/25/2025 03:17:28 PM 88679

called as an expert witness at trial, having discoverable information that tends to support a position that you have taken or intend to take in this action, including any position relating to damages and state the subject matter of the information possessed by that person**.**

**ANSWER**:

**INTERROGATORY NO. 31:** Please identify the owner of the tractor and trailer driven by Rodarte at the time of this collision.

**ANSWER**:

## REQUESTS FOR PRODUCTION OF DOCUMENTS

**REQUEST NO. 1:** Please produce any and all documents related or incidental to and/or reflecting the following:

a) Driver logs for Defendant Noah N. Rodarte for the six (6) months preceding the collision;

b) Defendant Rodarte's driver qualification file and all incident reports involving Defendant Rodarte;

c) All trip receipts and operational documents that could be used to conduct log audits and verify log accuracy;

d) All information contained in or retrieved from onboard data records (including ECM units, EDRs, or black boxes);

e) E-mail, text, and other communications between Defendant Rodarte and Defendant Miser Logistics, LLC and/or any dispatcher;

f) All maintenance records, pre-trip inspection reports, post-trip inspection reports, and annual inspection records filled out by Defendant Rodarte or otherwise relating to the



IRPD : 000012 of 000020

NOT ORIGINAL DOCUMENT 09/25/2025 03:17:28 PM 88679

2023 International tractor-trailer involved in the collision;

g) Any documents evidencing method of payment made to Defendant Rodarte, including but not limited to payroll records, time cards, copies of checks, receipts, and/or tax documents;

h) Driver file materials for Defendant Rodarte, including but not limited to driver health, fitness, and medical documentation; employment/driving applications; background check results; drug screening results; driver conduct records; accident or damaged equipment reports; driver education and qualification records; disciplinary records; performance review records; and materials pertaining to the terms and conditions of his employment or contract with Defendant Miser Logistics, LLC;

i) All reports related or incidental to the subject collision and/or any injuries sustained in relation thereto;

j) Any and all operator handbooks, training manuals, and safety manuals that include policies and procedures for safe operation;

k) Any and all logbooks that Defendant Rodarte prepared during the one (1) year preceding the subject collision;

l) Any and all daily condition/inspection reports and maintenance/repair logs or records for the 2023 International tractor-trailer from May 26, 2024, through May 26, 2025;

m) Any and all dispatch records, weigh tickets, fuel receipts, fuel tax records, International Fuel Tax Agreement (IFTA) reports, IFTA records, and/or IFTA supporting documentation for the 2023 International tractor-trailer from April 26, 2024, through May 26, 2025;

n) Copies of all documents evidencing any Qualcomm, GPS, or other mobile



IRPD : 000013 of 000020

NOT ORIGINAL DOCUMENT
09/25/2025 03:17:28 PM
88679

communication or tracking system in the 2023 International tractor-trailer at the time of the collision, in addition to all data generated from such system(s), in whatever format it exists, for the one-year period ending May 26, 2025;

o) Copies of all documentation evidencing the mobile telephone, internet, mobile device, text messaging, or other communicative devices provided to, owned by, and/or possessed by Defendant Rodarte, including documents reflecting those communication device accounts and/or charges, and documents reflecting all communication activities involving the device(s) for the thirty (30) day period ending May 26, 2025;

p) DOT drug screen results of screening pertaining to or as a result of the subject collision; and/or

q) Records evidencing all stops, pick-ups, and deliveries made or scheduled to be made for the 2023 International tractor-trailer from May 1, 2025, through May 26, 2025.

**RESPONSE:**

**REQUEST NO. 2:** Please produce all documents that you intend to use or offer as evidence in this action during any deposition, hearing, and/or the trial.

**RESPONSE:**

**REQUEST NO. 3:** Please produce all documents generated in connection with any investigation made by Miser Logistics, LLC into Noah N. Rodarte's employment records for the preceding three (3) years.

**RESPONSE:**

**REQUEST NO. 4:** Please produce the annual reviews of the driving record of Defendant Noah N. Rodarte.

Filed 25-CI-01607 09/10/2025 Deanna Simcoe, Hardin Circuit Clerk

NOT ORIGINAL DOCUMENT 09/25/2025 03:17:28 PM 88679

**RESPONSE:**

**REQUEST NO. 5:** Please produce Defendant Noah N. Rodarte's personnel file.

**RESPONSE:**

**REQUEST NO. 6:** Please produce Noah N. Rodarte's driving logs for the day the incident made the basis of this action occurred and six months prior to that date, along with the logs or hours of service records, all supportive documents including dispatch records, freight bills, toll tickets, fuel receipts and meal receipts.

**RESPONSE:**

**REQUEST NO. 7:** Please produce any and all documents reflecting inspection, repair, service and maintenance performed to the commercial truck driven by Noah N. Rodarte during the incident made the basis of this suit for a period of one year prior to and any time after May 26, 2025.

**RESPONSE:**

**REQUEST NO. 8:** Please produce any and all reports, writings, electronic mail and/or memos of investigations made regarding the incident made the basis of this suit.

**RESPONSE:**

**REQUEST NO. 9:** Please produce any and all photographs and/or video tapes of the vehicle(s), partis or incident scene related to this incident.

**RESPONSE:**

**REQUEST NO. 10:** Please produce a copy of any and all of your company policies, procedures, manuals or other literature regarding the safe operation of company vehicles.

**RESPONSE:**

**REQUEST NO. 11:** Please produce each and every document you intend to offer at the trial of this case.



IRPD : 000015 of 000020

Filed 25-CI-01607 09/10/2025 Deanna Simcoe, Hardin Circuit Clerk

NOT ORIGINAL DOCUMENT 09/25/2025 03:17:28 PM 88679

**RESPONSE:**

**REQUEST NO. 12:** Please produce a copy of all notifications of incidents in which Noah N. Rodarte's and/or any other driver employed by your company in the last ten years was involved.

**RESPONSE:**

**REQUEST NO. 13:** Please produce a copy of all payment schedules and payment records of your company to Noah N. Rodarte for the preceding five (5) years.

**RESPONSE:**

**REQUEST NO. 14:** Please produce a copy of each and every policy of insurance that you maintained at the time of the incident made the basis of this suit which may provide coverage to you for the allegations set forth in the Complaint.

**RESPONSE:**

**REQUEST NO. 15:** Please produce a copy of any statements taken from Plaintiffs and/or witness in your possession, following the incident that made the basis of this suit.

**RESPONSE:**

**REQUEST NO. 16:** Please produce a copy of any and all complaints regarding your company and/or any driver(s) employed by your company within the last ten years.

**RESPONSE:**

**REQUEST NO. 17:** Please produce a copy of any and all safety literature from your insurance company.

**RESPONSE:**

**REQUEST NO. 18:** Please produce a copy of any driver/employee manual, handbook, document, regulation, pamphlet, flyer or any other item which outlines, describes or otherwise identifies the duties and/or responsibilities of your employees which was in effect on the date of the

NOT ORIGINAL DOCUMENT 09/25/2025 03:17:28 PM 88679

incident made the basis of this suit.

**RESPONSE:**

**REQUEST NO. 19:** Please produce a copy of all gas receipts, charge card receipts, hotel receipts and restaurant receipts of the driver, Noah N. Rodarte, for the six months preceding the incident made the basis of this suit.

**RESPONSE:**

**REQUEST NO. 20:** Please produce a copy of all contracts of employment between you and Noah N. Rodarte.

**RESPONSE:**

**REQUEST NO. 21:** Please produce the shipping invoice manifest or other documents reflecting the cargo or material being carried by the truck at the time of the incident made the basis if this suit.

**RESPONSE:**

**REQUEST NO. 22:** A complete copy of any and all files pertaining to workers' compensation and/or disability claims made and/or filed by Noah N. Rodarte or on his behalf, including but not limited to any and all records in your possession or under your control which relates to the payment of any such claims, correspondence, reports of injury, care, treatment, diagnosis or prognosis of any condition.

**RESPONSE:**

**REQUEST NO. 23:** Please produce any and all documents and/or data produced by an GPS (global positioning system) and/or equipment with any form of an on-board computer for which the vehicle driver by Noah N. Rodarte at the time of the incident made the basis of this suit was equipped with.



IRPD : 000017 of 000020

NOT ORIGINAL DOCUMENT
09/25/2025 03:17:28 PM
88679

**RESPONSE:**

**REQUEST NO. 24:** The curriculum vitae(s) of any and all experts which you intend to call at the trial of this matter.

**RESPONSE:**

**REQUEST NO. 25:** Please produce any all cellular phone records of Noah N. Rodarte for the week leading up to and including the incident made the basis of this suit.

**RESPONSE:**

**REQUEST NO. 26:** With respect to those expert witnesses whom you intend to use at trial of this action, please produce the expert's entire file pertaining to this proceeding, including but not limited to things reviewed or studied by the expert in the formulation of any opinion to be offered at trial, any and all of such expert witnesses notes, correspondences to and from the said expert pertaining to this action, memoranda to or from the said expert, and/or reports of said expert witnesses pertaining hereto.

**RESPONSE:**

**REQUEST NO. 27:** Please produce any and all images, recordings, photographs, videotapes, and/or movies that have been taken by you or obtained by you or anyone acting on your behalf, including attorneys, agents, employees, and/or representatives of the Defendants, of Plaintiffs Dorris H. Kelley and Darrelyn J. Kelley.

**RESPONSE:**

**REQUEST NO. 28:** Please produce any and all statements, written or verbal, recorded interviews, letters, written opinions, or reports of any kind, that any Defendant or employee or agent thereof has given in regard to the subject collision.

**RESPONSE:**



IRPD : 000018 of 000020

NOT ORIGINAL DOCUMENT 09/25/2025 03:17:28 PM 88679

**REQUEST NO. 29:** Please produce all documents identified in response to Plaintiffs' interrogatories.

**RESPONSE:**

**REQUEST NO. 30:** Please produce any and all documents related to the tractor/trailer or commercial truck driven by Defendant Noah N. Rodarte at the time of this incident, including, but not limited to, the title, owner's manual, operator's manual, and any maintenance and repair records.

**RESPONSE:**

**REQUEST NO. 31:** Please produce any and all bills of lading or other documents describing the load packaged in the trailer prior to the incident.

**RESPONSE:**

**REQUEST NO. 32:** Please produce a copy of all contracts, leases, or other agreements in effect on the date of the collision for the tractor and trailer involved in the collision.

**RESPONSE:**

**REQUEST NO. 33:** Please produce any and all correspondence and/or agreements between Ego Express, Inc., and Miser Logistics, LLC, concerning Noah Roadarte, the tractor involved in the collision, the trailer involved in the collision, and/or the collision itself.

**RESPONSE:**

**REQUEST NO. 34:** Please produce any and all correspondence and/or agreements between Ego Express, Inc., and Super Ego Holding, LLC, concerning Noah Roadarte, the tractor involved in this collision, the trailer involved in the collision, and/or the collision itself.

**RESPONSE:**



IRPD : 000019 of 000020

NOT ORIGINAL DOCUMENT
09/25/2025 03:17:28 PM
88679

Respectfully submitted,

*/s/ Jonathan B. Fannin*
Jonathan B. Fannin, Esq.
Carl W. Walter II, Esq.
**MINNER VINES INJURY LAWYERS PLLC**
325 West Main Street, Suite 210
Lexington, Kentucky 40507
Telephone: (859) 550-2900
Facsimile: (859) 550-2902
Email: jonathan@mvmlaw.com
*Counsel for Plaintiffs*

**CERTIFICATE OF SERVICE**

I hereby certify that on September 10, 2025, I electronically filed the foregoing document with the Clerk of the Court by using the electronic filing system and served same via US First Class Mail and/or electronic mail to the following:

Miser Logistics, LLC
c/o Milan Virijevic
655 Metro Place South, Suite 634
Dublin, Ohio 43017
*Defendant*

*Courtesy copy to:*

Jeri B. Poppe, Esq.
Don K. Brown Law PSC
13102 Eastpoint Park Boulevard, Suite 200
Louisville, Kentucky 40223

*/s/ Jonathan B. Fannin*
Jonathan B. Fannin, Esq.

IRPD : 000020 of 000020

Case 3:25-cv-00628-CHS-LKK Document 1-1 Filed 09/26/25 Page 143 of 323 PageID #: 154
Filed 25-CI-01607 09/10/2025 Deanna Simcoe, Hardin Circuit Clerk

NOT ORIGINAL DOCUMENT
09/25/2025 03:17:34 PM
88679

**COMMONWEALTH OF KENTUCKY**
**HARDIN CIRCUIT COURT**
**DIVISION 3**
**CIVIL ACTION NO.: 25-CI-01607**

***Electronically Filed***

DORRIS H. KELLEY and
DARRELYN J. KELLEY PLAINTIFFS

v.

NOAH N. RODARTE, et al. DEFENDANTS

---

**PLAINTIFFS' NOTICE OF SERVICE**

---

**PLEASE TAKE NOTICE** that the following documents have been served on behalf of the Plaintiffs, Dorris H. Kelley and Darrelyn J. Kelley, on this the 10th day of September, 2025:

- **Plaintiffs Dorris H. Kelley and Darrelyn J. Kelley's First Set of Interrogatories and Requests for Production of Documents Propounded on Defendant Miser Logistics, LLC**

Respectfully submitted,

*/s/ Jonathan B. Fannin*
Jonathan B. Fannin, Esq.
Carl W. Walter II, Esq.
**MINNER VINES INJURY LAWYERS PLLC**
325 West Main Street, Suite 210
Lexington, Kentucky 40507
Telephone: (859) 550-2900
Facsimile: (859) 550-2902
Email: jonathan@mvmlaw.com
*Counsel for Plaintiffs*

NO : 000001 of 000002

Filed 25-CI-01607 09/10/2025 Deanna Simcoe, Hardin Circuit Clerk
NOT ORIGINAL DOCUMENT 09/25/2025 03:17:34 PM 88679

**CERTIFICATE OF SERVICE**

I hereby certify that on September 10, 2025, I electronically filed the foregoing document with the Clerk of the Court by using the electronic filing system and served same via US First Class Mail and/or electronic mail to the following:

Jeri B. Poppe, Esq.
Don K. Brown Law PSC
13102 Eastpoint Park Boulevard, Suite 200
Louisville, Kentucky 40223

Miser Logistics, LLC
c/o Milan Virijevic
655 Metro Place South, Suite 634
Dublin, Ohio 43017
*Defendant*

Noah N. Rodarte
5657 Arlington Avenue
Riverside, California 92504
*Defendant*

*/s/ Jonathan B. Fannin*
Jonathan B. Fannin, Esq.

NO : 000002 of 000002

CASE NO. 25-CI-001607

HARDIN CIRCUIT COURT
DIVISION THREE (3)
JUDGE LARRY ASHLOCK
*ELECTRONICALLY FILED*

DORRIS H. KELLEY
and
DARRELYN J. KELLEY — PLAINTIFFS

v. — **ANSWER**

NOAH N. RODARTE
and
MISER LOGISTICS, LLC — DEFENDANTS

* * * * *

Now comes Defendants, Noah Cook (incorrectly identified in the Complaint as Noah Rodarte) and Miser Logistics, LLC, by counsel, and for their Answer to the Complaint, states as follows:

1. The Complaint fails to state a cause of action upon which relief can be granted.

2. That these answering Defendants lack sufficient information to either admit or deny the allegations contained in paragraphs 1, 2, 5, 9, 10, 11, 12, 15, 16, 17, 18, and 19 of the Complaint and therefore deny same.

3. That paragraphs 3, 4, 6, 21, and 23 of the Complaint require and/or request a legal opinion and/or conclusion which these answering Defendants are not legally obligated to render and therefore deny same.

4. That paragraphs 7, 13, 14, 22, 24 through 28, 30, 32, and 33 are denied.

5. That in response to paragraphs 8, 20, 29, and 31 of the Complaint, these answering Defendants adopt, reiterate and reallege all previous answers and affirmative defenses as if fully rewritten herein.

6. All allegations not specifically admitted are denied.

7. That these answering Defendants affirmatively plead comparative and/or contributory negligence on behalf of the Plaintiffs, thereby constituting a complete or partial bar to the allegations. To the extent that discovery is just beginning, Defendants agree to supplement and/or amend this affirmative defense consistent with the proof developed throughout discovery.

8. That these answering Defendants affirmatively plead comparative and/or contributory negligence on behalf of third parties not under their control, thereby constituting a complete or partial bar to the allegations. To the extent that discovery is just beginning, Defendants agree to supplement and/or amend this affirmative defense consistent with the proof developed throughout discovery.

9. That these answering Defendants affirmatively plead intervening and/or superseding causes and/or events, thereby constituting a complete or partial bar to the allegations. To the extent that discovery is just beginning, Defendants agree to supplement and/or amend this affirmative defense consistent with the proof developed throughout discovery.

10. That these answering Defendants affirmatively plead KRS 189 *et seq* as a complete or partial bar to the allegations. To the extent that discovery is

just beginning, Defendants agree to alter or amend this affirmative defense consistent with the proof developed throughout discovery.

11. That these answering Defendants affirmatively plead KRS 304.39 *et seq* as a complete or partial bar to the allegations. To the extent that discovery is just beginning, Defendants agree to supplement and/or amend this affirmative defense consistent with the proof developed throughout discovery.

12. That these answering Defendants affirmatively plead all defenses pursuant to CR 8 and 12, which may apply to the within matter, thereby constituting a complete or partial bar to the allegations. To the extent that discovery is just beginning, Defendants agree to supplement and/or amend this affirmative defense consistent with the proof developed throughout discovery.

13. That these answering Defendants affirmatively plead CR 15 and reserve their right to amend all pleadings and defenses, thereby constituting a complete or partial bar to the allegations. To the extent that discovery is just beginning, these answering Defendants agree to supplement and/or amend this affirmative defense consistent with the proof developed throughout discovery.

14. That the actions of the Defendants were secondary and/or passive in nature to the actions of others, thereby constituting a complete or partial bar to the allegations. To the extent that discovery is just beginning, these answering Defendants agree to supplement and/or amend this affirmative defense consistent with the proof developed throughout discovery.

15. That these answering Defendants affirmatively plead Plaintiffs' failure to mitigate alleged damages, if any, thereby constituting a complete or

partial bar to the allegations. To the extent that discovery is just beginning, Defendants agree to supplement and/or amend this affirmative defense consistent with the proof developed throughout discovery.

**WHEREFORE** the Noah Cook and Miser Logistics, LLC, demand:

1. That the Complaint be dismissed;
2. Costs expended herein;
3. Trial by jury;
4. For any and all other relief to which they may appear properly entitled.

Respectfully submitted,

**DON K. BROWN, PSC**

/s/ *Jeri Barclay Poppe*
JERI BARCLAY POPPE
ANNIE BOWER BROWN
13102 Eastpoint Park Blvd., Ste. 200
Louisville, Kentucky 40223
(502) 588-9000
jpoppe@donkbrownlaw.com
abrown@donkbrownlaw.com
*Counsel for Defendants*
*Noah N. Rodarte and Miser Logistics, LLC*

**CERTIFICATE OF SERVICE**

It is hereby certified that a copy of the foregoing was electronically filed and served upon the following on September 25, 2025:

Jonathan B. Fannin
Carl W. Walter, II
Minner Vines Injury Lawyers, PLLC
325 West Main Street, Suite 210
Lexington, KY 40507
(859) 550-2900
jonathan@mvmlaw.com
carl@mvmlaw.com
*Counsel for Plaintiffs*

*/s/ Jeri Barclay Poppe*
JERI BARCLAY POPPE
ANNIE BOWER BROWN

L:\Active\25-0702dkb\Pleadings\Answer.docx

JS 44 (Rev. 03/24)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS

DORRIS H. KELLEY and DARRELYN J. KELLEY

**(b)** County of Residence of First Listed Plaintiff: Webster
*(EXCEPT IN U.S. PLAINTIFF CASES)*

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
MINNER VINES INJURY LAWYERS PLLC; 325 West Main Street, Suite 210, Lexington, Ky 40507; (859) 550-2900

## DEFENDANTS

NOAH COOK and MISER LOGISTICS, LLC

County of Residence of First Listed Defendant: Riverside
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

Attorneys *(If Known)*
Jeri Barclay Poppe and Annie Bower Brown

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- [ ] 1 U.S. Government Plaintiff
- [ ] 3 Federal Question *(U.S. Government Not a Party)*
- [ ] 2 U.S. Government Defendant
- [x] 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [x] 1 | [ ] 1 | Incorporated *or* Principal Place of Business In This State | [ ] 4 | [ ] 4 |
| Citizen of Another State | [ ] 2 | [x] 2 | Incorporated *and* Principal Place of Business In Another State | [ ] 5 | [x] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

**CONTRACT**
- [ ] 110 Insurance
- [ ] 120 Marine
- [ ] 130 Miller Act
- [ ] 140 Negotiable Instrument
- [ ] 150 Recovery of Overpayment & Enforcement of Judgment
- [ ] 151 Medicare Act
- [ ] 152 Recovery of Defaulted Student Loans (Excludes Veterans)
- [ ] 153 Recovery of Overpayment of Veteran's Benefits
- [ ] 160 Stockholders' Suits
- [ ] 190 Other Contract
- [ ] 195 Contract Product Liability
- [ ] 196 Franchise

**REAL PROPERTY**
- [ ] 210 Land Condemnation
- [ ] 220 Foreclosure
- [ ] 230 Rent Lease & Ejectment
- [ ] 240 Torts to Land
- [ ] 245 Tort Product Liability
- [ ] 290 All Other Real Property

**TORTS**

PERSONAL INJURY
- [ ] 310 Airplane
- [ ] 315 Airplane Product Liability
- [ ] 320 Assault, Libel & Slander
- [ ] 330 Federal Employers' Liability
- [ ] 340 Marine
- [ ] 345 Marine Product Liability
- [x] 350 Motor Vehicle
- [ ] 355 Motor Vehicle Product Liability
- [ ] 360 Other Personal Injury
- [ ] 362 Personal Injury - Medical Malpractice

PERSONAL INJURY
- [ ] 365 Personal Injury - Product Liability
- [ ] 367 Health Care/ Pharmaceutical Personal Injury Product Liability
- [ ] 368 Asbestos Personal Injury Product Liability

PERSONAL PROPERTY
- [ ] 370 Other Fraud
- [ ] 371 Truth in Lending
- [ ] 380 Other Personal Property Damage
- [ ] 385 Property Damage Product Liability

**CIVIL RIGHTS**
- [ ] 440 Other Civil Rights
- [ ] 441 Voting
- [ ] 442 Employment
- [ ] 443 Housing/ Accommodations
- [ ] 445 Amer. w/Disabilities - Employment
- [ ] 446 Amer. w/Disabilities - Other
- [ ] 448 Education

**PRISONER PETITIONS**

Habeas Corpus:
- [ ] 463 Alien Detainee
- [ ] 510 Motions to Vacate Sentence
- [ ] 530 General
- [ ] 535 Death Penalty

Other:
- [ ] 540 Mandamus & Other
- [ ] 550 Civil Rights
- [ ] 555 Prison Condition
- [ ] 560 Civil Detainee - Conditions of Confinement

**FORFEITURE/PENALTY**
- [ ] 625 Drug Related Seizure of Property 21 USC 881
- [ ] 690 Other

**LABOR**
- [ ] 710 Fair Labor Standards Act
- [ ] 720 Labor/Management Relations
- [ ] 740 Railway Labor Act
- [ ] 751 Family and Medical Leave Act
- [ ] 790 Other Labor Litigation
- [ ] 791 Employee Retirement Income Security Act

**IMMIGRATION**
- [ ] 462 Naturalization Application
- [ ] 465 Other Immigration Actions

**BANKRUPTCY**
- [ ] 422 Appeal 28 USC 158
- [ ] 423 Withdrawal 28 USC 157

**INTELLECTUAL PROPERTY RIGHTS**
- [ ] 820 Copyrights
- [ ] 830 Patent
- [ ] 835 Patent - Abbreviated New Drug Application
- [ ] 840 Trademark
- [ ] 880 Defend Trade Secrets Act of 2016

**SOCIAL SECURITY**
- [ ] 861 HIA (1395ff)
- [ ] 862 Black Lung (923)
- [ ] 863 DIWC/DIWW (405(g))
- [ ] 864 SSID Title XVI
- [ ] 865 RSI (405(g))

**FEDERAL TAX SUITS**
- [ ] 870 Taxes (U.S. Plaintiff or Defendant)
- [ ] 871 IRS—Third Party 26 USC 7609

**OTHER STATUTES**
- [ ] 375 False Claims Act
- [ ] 376 Qui Tam (31 USC 3729(a))
- [ ] 400 State Reapportionment
- [ ] 410 Antitrust
- [ ] 430 Banks and Banking
- [ ] 450 Commerce
- [ ] 460 Deportation
- [ ] 470 Racketeer Influenced and Corrupt Organizations
- [ ] 480 Consumer Credit (15 USC 1681 or 1692)
- [ ] 485 Telephone Consumer Protection Act
- [ ] 490 Cable/Sat TV
- [ ] 850 Securities/Commodities/ Exchange
- [ ] 890 Other Statutory Actions
- [ ] 891 Agricultural Acts
- [ ] 893 Environmental Matters
- [ ] 895 Freedom of Information Act
- [ ] 896 Arbitration
- [ ] 899 Administrative Procedure Act/Review or Appeal of Agency Decision
- [ ] 950 Constitutionality of State Statutes

## V. ORIGIN *(Place an "X" in One Box Only)*

- [ ] 1 Original Proceeding
- [x] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from Another District *(specify)*
- [ ] 6 Multidistrict Litigation - Transfer
- [ ] 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing ***(Do not cite jurisdictional statutes unless diversity)***:
28 U.S.C. §1332, 28 U.S.C. §1441, and 28 U.S.C. §1446

Brief description of cause:
Motor Vehicle Accident

## VII. REQUESTED IN COMPLAINT:

- [ ] CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.

**DEMAND $**

CHECK YES only if demanded in complaint:
**JURY DEMAND:** [x] Yes [ ] No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):* JUDGE LARRY ASHLOCK DOCKET NUMBER 25-CI-01607

DATE: 9/25/2025

SIGNATURE OF ATTORNEY OF RECORD: /s/ Jeri Barclay Poppe

**FOR OFFICE USE ONLY**

RECEIPT # ______ AMOUNT ______ APPLYING IFP ______ JUDGE ______ MAG. JUDGE ______

# INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44

## Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. The attorney filing a case should complete the form as follows:

**I.(a)** **Plaintiffs-Defendants.** Enter names (last, first, middle initial) of plaintiff and defendant. If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

**(b)** **County of Residence.** For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

**(c)** **Attorneys.** Enter the firm name, address, telephone number, and attorney of record. If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

**II.** **Jurisdiction.** The basis of jurisdiction is set forth under Rule 8(a), F.R.Cv.P., which requires that jurisdictions be shown in pleadings. Place an "X" in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below.
United States plaintiff. (1) Jurisdiction based on 28 U.S.C. 1345 and 1348. Suits by agencies and officers of the United States are included here.
United States defendant. (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.
Federal question. (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States. In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.
Diversity of citizenship. (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states. When Box 4 is checked, the citizenship of the different parties must be checked**.** (See Section III below**; NOTE: federal question actions take precedence over diversity cases.**)

**III.** **Residence (citizenship) of Principal Parties.** This section of the JS 44 is to be completed if diversity of citizenship was indicated above. Mark this section for each principal party.

**IV.** **Nature of Suit.** Place an "X" in the appropriate box. If there are multiple nature of suit codes associated with the case, pick the nature of suit code that is most applicable. Click here for: Nature of Suit Code Descriptions.

**V.** **Origin.** Place an "X" in one of the seven boxes.
Original Proceedings. (1) Cases which originate in the United States district courts.
Removed from State Court. (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441.
Remanded from Appellate Court. (3) Check this box for cases remanded to the district court for further action. Use the date of remand as the filing date.
Reinstated or Reopened. (4) Check this box for cases reinstated or reopened in the district court. Use the reopening date as the filing date.
Transferred from Another District. (5) For cases transferred under Title 28 U.S.C. Section 1404(a). Do not use this for within district transfers or multidistrict litigation transfers.
Multidistrict Litigation – Transfer. (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407.
Multidistrict Litigation – Direct File. (8) Check this box when a multidistrict case is filed in the same district as the Master MDL docket.
**PLEASE NOTE THAT THERE IS NOT AN ORIGIN CODE 7.** Origin Code 7 was used for historical records and is no longer relevant due to changes in statute.

**VI.** **Cause of Action.** Report the civil statute directly related to the cause of action and give a brief description of the cause. **Do not cite jurisdictional statutes unless diversity.** Example: U.S. Civil Statute: 47 USC 553 Brief Description: Unauthorized reception of cable service.

**VII.** **Requested in Complaint.** Class Action. Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.
Demand. In this space enter the actual dollar amount being demanded or indicate other demand, such as a preliminary injunction.
Jury Demand. Check the appropriate box to indicate whether or not a jury is being demanded.

**VIII.** **Related Cases.** This section of the JS 44 is used to reference related cases, if any. If there are related cases, insert the docket numbers and the corresponding judge names for such cases.

**Date and Attorney Signature.** Date and sign the civil cover sheet.

# Case Assignment
# Standard Civil Assignment

Case number **3:25CV-628-DJH**

Assigned : Judge David J. Hale
Judge Code : 4415

Assigned on 9/26/2025 2:54:55 PM
Transaction ID: 118025

Request New Judge Return

***United States District Court***
***Western District of Kentucky***
***Office of the Clerk***
***601 W. Broadway, Room 106***
***Louisville, Kentucky 40202-2249***
***(502) 625-3500***
***www.kywd.uscourts.gov***

*September 26, 2025*

## *NOTICE*

| | |
|---|---|
| Kelly et al | *Plaintiffs* |
| v. | Hardin Circuit Case No. 25-CI-01607 |
| Rodarte et al | *Defendants* |

Notice is hereby given that the above-styled civil action has been removed from the Hardin Circuit Court and filed in the Western District of Kentucky at Louisville as of September 26, 2025. This action has been assigned to the Honorable Judge David J. Hale, case number 3:25-cv-628-DJH.

Please refer to this case number on all future filings.

Sincerely,
James J. Vilt Jr, Clerk

By: /s/ Melody Morris
Deputy Clerk

cc: Counsel of Record
Hardin Circuit Court

# United States District Court
# Western District of Kentucky
# at Louisville

## *NOTICE OF DEFICIENCY*

| | |
|---|---|
| **TO:** | Counsel of Record |
| **CASE #:** | 3:25-cv-628-DJH |
| **STYLE OF CASE:** | Kelly et al v. Rodarte et al |
| **DOCUMENT TITLE:** | Notice of Removal |
| **DATE:** | 9/26/2025 |
| **BY:** | Melody Morris, Deputy Clerk |

*Please be advised that the recent filing of the above cited document with the Clerk's Office is deficient as indicated below:*

**Rule 7.1(a)(1) and/or Rule 7.1(a)(2) disclosure statement(s) not filed. Please submit your statement(s) using one of the following options:**

**1. Prepare the Corporate Disclosure Statement found at:**
**https://www.kywd.uscourts.gov/forms/corporate-disclosure-form**

**2. Prepare the Diversity Disclosure Statement found at:**
**https://www.kywd.uscourts.gov/forms/federal-rule-civil-procedure-71a2-disclosure-form**

**3. Prepare a combined Corporate Disclosure and Diversity Disclosure Statement found at:**
**https://www.kywd.uscourts.gov/forms/federal-rule-civil-procedure-71a-combined-disclosure-form**

**4. Go into the ECF system and select the event, "Corporate and/or Diversity Disclosure Statement (Rule 7.1)", found under the "Other Documents" category.**

**YOU ARE GRANTED 7 DAYS FROM THIS DATE TO REMEDY THE DEFICIENCY OR DEFICIENCIES IDENTIFIED ABOVE. FAILURE TO COMPLY WITHIN 7 DAYS, WITHOUT GOOD CAUSE SHOWN, WILL RESULT IN THIS MATTER BEING BROUGHT TO THE ATTENTION OF THE COURT**

If you need electronic filing assistance, please contact the Help Desk at (866) 822-8305.

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

DORRIS H. KELLY, et al, Plaintiff,

v. Civil Action No. 3:25-cv-628-DJH

NOAH N. RODARTE, et al, Defendants.

* * * * *

**ORDER FOR MEETING AND REPORT**

Pursuant to the Federal Rules of Civil Procedure, it is hereby **ORDERED** as follows:

(1) Magistrate Judge Lanny King will conduct a telephonic **Rule 16 scheduling conference** on **November 17, 2025,** at **2:30 p.m. EST (1:30 p.m. CDT). Counsel for the parties shall connect to the conference by dialing toll-free number 1-650-479-3207 and entering access code 2303 118 0494# when prompted. Attendees should press # to skip entry of an attendee or host code.**

Counsel who will try the case shall participate in the conference. Exceptions to this requirement shall be with the understanding that counsel who participate on behalf of any party (a) shall be fully prepared to discuss all aspects of the case with respect to the matters to be scheduled; (b) shall be empowered to bind all counsel for that party with respect to dates agreed upon or ordered; and (c) shall have authority to enter into stipulations and to make admissions regarding all matters that the participants may reasonably anticipate may be discussed at the conference.

Counsel shall confirm participation in the conference by providing a direct dial telephone number to Magistrate Judge King's Chambers by email at Judge_King_Chambers@kywd.uscourts.gov or by calling (270) 415-6470 no later than three (3) days prior to the conference. Any request for a change of the conference date shall be made through Judge King's Chambers.

(2) The agenda for the conference shall include items set forth in Rule 16(c), including but not limited to the following:

(a) formulation and simplification of the issues;

(b) admissions and stipulations of fact;

(c) consideration of the proposed discovery plan and review of the initial disclosures;

(d) the possibility of settlement or the use of alternative methods of dispute resolution, including mediation; and

(e) any need to adopt special procedures for managing potentially difficult or complex issues.

(3) No later than **twenty-one (21) days before the Rule 16 conference**, counsel for the parties shall conduct the conference of parties required by Rule 26(f). Topics to be addressed at the conference shall include possibilities for promptly settling or resolving the case, any issues related to the preservation of discoverable information, and the development of a discovery plan.

(4) At the time of the Rule 26(f) conference of parties or within **fourteen (14) days** thereafter, counsel for the parties shall exchange the disclosures required by Rule 26(a)(1). Counsel shall make supplemental disclosures as required by Rule 26(e).

(5) Within **fourteen (14) days** after the Rule 26(f) conference of parties, counsel for the parties shall file a written joint report outlining the proposed discovery plan and informing the Court whether prompt settlement of the case is possible. The report shall substantially conform to Federal Rules of Civil Procedure Appendix Form 52 and shall advise the Court as to the following:

(a) the parties' views and proposals required by Rule 26(f);

Case 3:25-cv-00458-GNS-LLK Document 1-1 Filed 06/10/25 Page 3 of 5 PageID #: 165

(b) the length of time counsel reasonably believe will be necessary to join other parties and to amend the pleadings;

(c) the length of time counsel reasonably believe will be necessary to file motions;

(d) any issues upon which preliminary discovery will be needed and the length of time counsel reasonably believe will be necessary to conduct such discovery;

(e) the length of time counsel reasonably believe will be necessary to complete all pretrial discovery, including expert witness discovery;

(f) the length of time counsel reasonably believe will be necessary for the parties to make the expert disclosures required by Rule 26(a)(2);

(g) any special instructions concerning interrogatories, requests for admission, or depositions;

(h) the probable length of trial and whether there will be issues to submit to a jury;

(i) the dates that are mutually convenient for counsel to assign this case for trial; and

(j) the parties' respective positions regarding whether the action may be referred to a United States Magistrate Judge for all further proceedings, including trial, pursuant to 28 U.S.C. § 636(c).

Dated: October 5, 2025

ENTERED BY ORDER OF COURT
LANNY KING, MAGISTRATE JUDGE
UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY

By: */s/ Natalie W. Thompson*
Natalie W. Thompson, Deputy Clerk

# UNITED STATES DISTRICT COURT

for the

| | | |
|---|---|---|
| ______________________ *Plaintiff* | ) | |
| v. | ) | Civil Action No. |
| ______________________ *Defendant* | ) | |

## NOTICE, CONSENT, AND REFERENCE OF A CIVIL ACTION TO A MAGISTRATE JUDGE

*Notice of a magistrate judge's availability*. A United States magistrate judge of this court is available to conduct all proceedings in this civil action (including a jury or nonjury trial) and to order the entry of a final judgment. The judgment may then be appealed directly to the United States court of appeals like any other judgment of this court. A magistrate judge may exercise this authority only if all parties voluntarily consent.

You may consent to have your case referred to a magistrate judge, or you may withhold your consent without adverse substantive consequences. The name of any party withholding consent will not be revealed to any judge who may otherwise be involved with your case.

*Consent to a magistrate judge's authority*. The following parties consent to have a United States magistrate judge conduct all proceedings in this case including trial, the entry of final judgment, and all post-trial proceedings.

| *Printed names of parties and attorneys* | *Signatures of parties or attorneys* | *Dates* |
|---|---|---|
| | | |
| | | |
| | | |

### Reference Order

**IT IS ORDERED:** This case is referred to a United States magistrate judge to conduct all proceedings and order the entry of a final judgment in accordance with 28 U.S.C. § 636(c) and Fed. R. Civ. P. 73.

Date: ______________

______________________
*District Judge's signature*

______________________
*Printed name and title*

Note: Return this form to the clerk of court only if you are consenting to the exercise of jurisdiction by a United States magistrate judge. Do not return this form to a judge.

UNITED STATES DISTRICT COURT
WESTER DISTRICT OF KENTUCKY
LOUISVILLE DIVISION
*Electronically Filed*

DORRIS H. KELLEY )
)
And )
)
DARRELYN J. KELLEY )
PLAINTIFFS )
)
v. ) CIVIL ACTION NO. 3:25-cv-628-DJH
)
)
NOAH N. RODARTE )
)
And )
)
MISER LOGISTICS, LLC )
DEFENDANTS )

---

**JOINT RULE 26(f) REPORT**

---

1. The following attorneys participated in the drafting of the FRCP 26(f) Report: (1) Jonathan B. Fannin, on behalf of Plaintiffs, Dorris H. Kelley and Darrelyn J. Kelley; and (2) Jeri Poppe, on behalf of Defendants Noah N. Rodarte and Miser Logistics, LLC.

2. **Discovery Plan.** The parties propose the following discovery plan pursuant to Rule 26(e)(3):

   a. The parties will exchange initial disclosures under Rule 26(a) on or before November 10, 2025.

   b. This case arises out of a motor vehicle accident. The parties anticipate discovery will be needed on the following subjects: liability

Case 3:25-cv-00458-GNS-LLK Document 11 Filed 10/01/25 Page 2 of 3 PageID #: 65

for and the facts of the accident, causation, Plaintiffs' alleged damages, and Defendants' affirmative defenses. The parties do not believe discovery should be conducted in phases or initially limited to particular issues.

c. Disclosure or discovery of electronically stored information (ESI) will be handled as follows: given the nature of the claims, the parties do not currently anticipate that this is a case in which there will be significant ESI to search for, produce, and/or review; to the extent ESI exists, the parties will work together to exchange ESI in formats that are compatible with their counsel's ESI processing and review software and via PDF if requested; and to the extent any issues arise with the scope of ESI sought and/or its production, the parties will work together in good faith to resolve all such issues.

d. If necessary, the parties will file an agreed confidentiality and protective order regarding the parties' and any non-parties' production of confidential and/or proprietary information and documents in the case. The parties do not anticipate any issues about claims of privilege or trial preparation materials at this time.

e. The parties do not propose any limits on the number of written discovery requests or the length of the depositions, other than those contained in the Federal Rules of Civil Procedure. Counsel will seek to resolve any discovery disputes in good faith prior to seeking judicial intervention.

f. The parties have agreed to a procedure regarding the handling of privileged information or documents protected by the attorney work product doctrine that are inadvertently produced, as follows: The parties agree that the inadvertent production of documents or information shall not, in and of itself, waive any privilege that would otherwise attach to the documents or information produced. Promptly upon learning of the inadvertent production, the producing party shall give opposing counsel notice of the claimed inadvertent production. A party receiving documents is under a good-faith obligation to promptly alert the producing party if a document appears on its face or in light of facts known to the receiving party to be privileged. Once an inadvertently produced document has been identified, the receiving party must promptly return, or sequester the specified information and may not use or disclose the information until the privilege claim is resolved. Upon resolution of an inadvertent production claim in favor of the producing party, the originally produced documents and all copies shall be returned to the producing party. The parties do not request an order under Federal Rule of Evidence 502.

g. The parties are not presently aware of any other orders the Court should issue under Rule 26(c) or Rule 16(b).

3. **Scheduling:** The parties propose the following deadlines in this litigation:

a. All motions for leave to amend the pleadings and/or join additional parties shall be filed on or before **September 1, 2026**.

b. The parties will serve any supplementation required by Rule 26(e) no

later than thirty (30) days before the close of discovery.

c. Plaintiffs will serve their expert disclosures and reports no later than **January 1, 2027.** Defendants will serve their expert disclosures and reports no later than **March 15, 2027**.

d. The parties will complete all fact and expert discovery by **June 1, 2027**.

e. Dispositive motions shall be filed on or before **July 1, 2027**.

f. The parties will file their Rule 26(a)(3) final witness lists, exhibit lists, and designation of witnesses whose testimony will be presented by deposition no later than sixty (60) days before trial.

g. The parties will file objections under Rule 26(a)(3) no later than forty-five (45) days before trial.

h. The parties ask that this case be set for a jury trial on or about September 2027. The parties currently anticipate the trial will take 3 days. The parties request a final pre-trial conference on or about four (4) weeks before trial commences.

**4. Other Items:**

a. The parties agree to accept electronic service of pleadings and documents in lieu of hard copies.

b. The parties believe that scheduling an early settlement conference and/or mediation in the case after initial disclosures and depositions of the parties may be helpful but will have a better idea at that point in discovery.

c. Defendants do not consent to jurisdiction by a United States Magistrate

Judge under 28 U.S.C. § 636(c).

I have seen and agree with the foregoing litigation plan and discovery schedule:

| | |
|---|---|
| */s/ Jonathan B. Fannin (with permission)* | */s/ Jeri Poppe* |
| Jonathan B. Fannin | Jeri Poppe |
| *Counsel for Plaintiffs* | *Counsel for Defendants* |

**CERTIFICATE OF SERVICE**

It is hereby certified that a copy of the foregoing was electronically filed and served upon the following on November 10, 2025:

Jonathan B. Fannin
Carl W. Walter, II
Minner Vines Injury Lawyers, PLLC
325 West Main Street, Suite 210
Lexington, KY 40507
(859) 550-2900
jonathan@mvmlaw.com
carl@mvmlaw.com
*Counsel for Plaintiffs*

*/s/ Jeri Barclay Poppe*
JERI BARCLAY POPPE
ANNIE BOWER BROWN

\\brown-nas-02\2025 Legal\Active\25-0702dkb\Pleadings\agreed sched order.docx

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF KENTUCKY**
**LOUISVILLE DIVISION**

| | |
|---|---|
| **DORRIS H. KELLEY and** | ) |
| **DARRELYN J. KELLEY** | ) |
| | ) |
| **PLAINTIFFS** | ) **Civil Action No. 3:25cv-000628-DJH** |
| **v.** | ) **CHIEF JUDGE DAVID J. HALE** |
| | ) |
| **NOAH N. RODARTE and** | ) |
| **MISER LOGISTICS, LLC** | ) |
| | ) |
| **DEFENDANTS** | ) |

## SCHEDULING ORDER

A telephonic scheduling conference was conducted in this action on November 17, 2025, with the undersigned presiding. Participating in the conference were Jonathan B. Fannin and Carl W. Walter, II for the Plaintiffs and Anna Brown and Jeri Barclay Poppe for the Defendant.

The Court has reviewed the joint report submitted by the parties of their proposed litigation plan, has considered the statements by counsel during the conference, and pursuant to Fed. R. Civ. P. 16, does **HEREBY ORDER AND ADJUDGE AS FOLLOWS:**

(1) The parties shall exchange Initial disclosures pursuant to FRCP 26(a)(1) **no later than November 10, 2025.**

(2) Any motion to join additional parties shall be filed **no later than September 1, 2026.**

(3) Any motion to amend pleadings shall be filed **no later than September 1, 2026**.

(4) Identification of experts in accordance with FRCP 26(a)(2) shall be due:
By Plaintiff: **No later than January 4, 2027.**

By Defendant: **No later than March 15, 2027.**

(5) The parties shall complete all fact discovery **no later than June 1, 2027.** Before filing any discovery motion, all counsel must do two things. First, make a good- faith effort to resolve the dispute. *See* Local Rule 37.1. The Court will not entertain discovery motions unless counsel have conferred or attempted to confer with opposing counsel or other affected parties. Second, contact the Magistrate Judge to schedule a telephonic conference concerning the discovery dispute counsel have failed to resolve. Counsel shall email Chambers at Judge_King_Chambers@kywd.uscourts.gov to identify the dispute and schedule the conference. Copying all counsel of record. The email should treat opposing counsel with respect and professional courtesy. **At least 24 hours before the conference, or sooner if directed by Chambers, the parties shall submit via email brief memoranda (limited to 5 pages) outlining the dispute more thoroughly.** If the dispute persists after the telephonic conference with the Magistrate Judge, the moving party may submit a written motion. The motion must certify that, and explain how, counsel have conferred in good faith but remain unable to resolve the dispute.

(6) **No later than July 1, 2027**, counsel for the parties shall file all dispositive motions and any motions objecting to the admissibility of expert witness testimony under Federal Rule of Evidence 702. *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993), and *Kumho Tire Co. v. Carmichael*, 526 U.S. 137 (1999).

(7) Counsel shall file a joint status report **no later than April 9, 2026.** The report shall include the status of discovery and any settlement discussions.

A telephonic status conference shall be conducted by the undersigned on **April 13, 2026**, at **11:30 a.m. Eastern Time (10:30 a.m. Central Time)**. Counsel for the parties shall connect to the call by dialing **1-650-479-3207** and entering access code **2303 118 0494#** when prompted. **Attendees should press # to skip entry of an attendee or host code**.

IT IS SO ORDERED.

November 21, 2025

**Lanny King, Magistrate Judge**
**United States District Court**

Copies to: Counsel of Record

P:0/12

**IN THE UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF KENTUCKY**
**LOUISVILLE DIVISION**
**CIVIL ACTION NO.: 3:25-cv-628-DJH**

***E r F d***

| | | |
|---|---|---|
| DORRIS H. KELLEY and<br>DARRELYN J. KELLEY | ) | PLAINTIFFS |
| | ) | |
| | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| | ) | |
| NOAH N. RODARTE, et al. | | DEFENDANTS |

---

**PLAINTIFFS' MOTION FOR LEAVE TO AMEND COMPLAINT**

---

Come now the Plaintiffs, Dorris and Darrelyn Kelley, by and through counsel, pursuant to Fed. R. Civ. P. 15(a)(2), and hereby move this Court for leave to amend their Complaint. Plaintiffs seek to file an Amended Complaint adding Super Ego Holding, LLC, Ego Express, Inc., Gray Falcon United, LLC, and State Farm Mutual Insurance Company as parties to this litigation. The proposed Amended Complaint is attached hereto as Exhibit 1. The Defendants will suffer no prejudice by the Court granting this Motion.

*/s/Jonathan . Fannin___*
JONATHAN B. FANNIN
*Counsel for Plaintiffs*

OF COUNSEL:

Jonathan B. Fannin
Carl W. Walter, II
Minner Vines Injury Lawyers, PLLC
325 West Main Street, Suite 210
Lexington, KY 40507
(859) 550-2900
jonathan@mvmlaw.com
carl@mvmlaw.com

**CERTIFICATE OF SERVICE**

I hereby certify that the foregoing was served to the following via electronic mail as well as electronically filed with the Clerk of the Court via the CM/ECF system on this the 27th day of January, 2026:

Jeri B. Poppe, Esq.
Don K. Brown, PSC
13102 Eastpoint Park Boulevard, Suite 200
Louisville, Kentucky 40223
*Counsel for Defendants, Noah N. odarte and Miser Logistics, LLC*

*/s/Jonathan . Fannin*
Counsel for Plaintiffs

**IN THE UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF KENTUCKY**
**LOUISVILLE DIVISION**
**CIVIL ACTION NO.: 3:25-cv-628-DJH**

***E r F d***

| | | |
|---|---|---|
| DORRIS H. KELLEY and | ) | PLAINTIFFS |
| DARRELYN J. KELLEY | ) | |
| | ) | |
| | ) | |
| V. | ) | |
| | ) | |
| | ) | |
| NOAH COOK | ) | |
| MISER LOGISTICS, LLC | ) | |

SUPER EGO HOLDING, LLC
SERVE:
Vladimir Tripkovic
677 North Larch Avenue
Elmhust, Illinois 60126

EGO E PRESS, INC.
SERVE:
Aleksander Mimic
224 North Arlington Heights Road
Suite 105
Elk Grove Village, Illinois 60007

GRAY FALCON UNITED LLC
SERVE:
Aleksander Mimic
1431 Opus Place
Suite 110
Downers Grove, Illinois 60525

STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY

SERVE:
Corporation Service Company
421 West Main Street
Frankfort, Kentucky 40601 DEFENDANTS

**FIRST AMENDED COMPLAINT**

1. This action is brought on behalf of Plaintiffs, Dorris H. Kelley and Darrelyn J. Kelley, for bodily injuries and other damages sustained in a motor vehicle collision that occurred on May 26, 2025, on Interstate 65 South in Hardin County, Kentucky.

**PARTIES**

2. Plaintiffs, Dorris H. Kelley and Darrelyn J. Kelley, are, and at all times relevant to this action were, husband and wife and adult resident citi ens of Kentucky, residing at 12949 State Route 270 West, Clay, Kentucky 42404.

3. Upon information and belief, Defendant, Noah Cook, is an adult resident of California, residing at 5657 Arlington Avenue, Riverside, California 92504. At all times relevant hereto, Mr. Cook was acting within the course and scope of his employment and/or agency with Miser Logistics, LLC, Super Ego Holding, LLC, Ego Express, Inc., and Gray Falcon United, LLC.

4. Defendant, Miser Logistics, LLC, is a limited liability company organi ed under the laws of the State of Ohio, with its principal place of business located at 655 Metro Place South, Suite 634, Dublin, Ohio 43017.

5. Defendant, Super Ego Holding, LLC, is a limited liability company organi ed under the laws of the State of Illinois, with its principal place of business located at 677 North Larch Avenue, Elmhurst, Illinois 60126.

Case 3:25-cv-00528-CNS-LKK Document 1-1 Filed 01/07/26 Page 34 of 93 PageID #: 71

6. Defendant, Ego Express, Inc., is a corporation organi ed under the laws of Illinois, with its principal of the State of Illinois, with its principal place of business located at 225 Arlington Heights Road, Suite 105, Elk Grove Village, Illinois 60007.
7. Defendant, Gray Falcon United, LLC, is a limited liability company organi ed under the laws of the State of Illinois, with its principal place of business located at 1431 Opus Place, Suite 110, Downers Grove, Illinois 60525.
8. Defendant, State Farm Mutual Automobile Insurance Company ( State Farm ), is engaged in the business of insurance in the Commonwealth of Kentucky. Defendant State Farm can be served through their registered agent, Corporation Service Company, 421 West Main Street, Frankfort, Kentucky 40601.
9. The motor vehicle collision that forms the basis of this action occurred on or about May 26, 2025, in Eli abethtown, Hardin County, Kentucky.
10. Venue and jurisdiction are proper in this Court.
11. The amount in controversy exceeds the minimum jurisdictional limits of this Court.

**FACTS**

12. Plaintiffs adopt and incorporate by reference each of the previous paragraphs as if set forth fully herein.
13. On or about May 26, 2025, at approximately 6:33 p.m., Plaintiff, Dorris H. Kelley, was operating a 2019 Honda Odyssey traveling southbound on Interstate 65 in Hardin County, Kentucky. Plaintiff, Darrelyn J. Kelley, was a passenger in the vehicle.
14. At that same time and place, a commercial tractor-trailer operated by Defendant, Noah Cook, was traveling southbound on Interstate 65 in Hardin County, Kentucky.

15. At that same time and place, traffic in the southbound lanes of Interstate 65 had slowed or stopped due to the Hardin County Sheriff s Office conducting traffic control for a prior collision, with emergency lights activated and the right lane closed.

16. Plaintiff, Dorris H. Kelley, properly slowed his vehicle in response to the traffic control situation ahead.

17. Defendant, Noah Cook, failed to maintain a proper lookout and failed to slow his commercial vehicle in response to the clearly visible traffic control situation and slowed traffic ahead.

18. Defendant, Noah Cook, failed to slow his commercial vehicle and rear-ended Plaintiffs vehicle with tremendous force.

19. The collision caused severe and permanent injuries to both Plaintiffs, Dorris H. Kelley and Darrelyn J. Kelley.

20. Both Plaintiffs were transported to Baptist Health Hardin for treatment of their injuries.

21. Plaintiff, Dorris H. Kelley, suffered severe, catastrophic, and permanent injuries, was subsequently airlifted to the University of Louisville Hospital, and is still receiving ongoing treatment for his injuries.

22. Plaintiff, Darrelyn J. Kelley, suffered severe, catastrophic, and permanent injuries.

23. As a result of the collision, both Plaintiffs have suffered serious, permanent, and catastrophic injuries requiring ongoing medical treatment and care.

**COUNT I**

**COMMON LAW NE LI ENCE AND ROSS NE LI ENCE OF DEFENDANTS NOAH COOK MISER LO ISTICS LLC SUPER E O HOLDIN LLC E O E PRESS INC. AND RAY FALCON UNITED LLC**

24. Plaintiffs adopt and incorporate by reference each of the previous paragraphs as if set forth fully herein.

25. At all times relevant hereto, Defendant, Noah Cook, was operating a commercial vehicle within the line and scope of his employment with and/or for the benefit of Miser Logistics, LLC, Super Ego Holding, LLC, Ego Express, Inc. and Gray Falcon United, LLC.

26. The actions of Defendant, Noah Cook, caused significant injuries to the Plaintiffs as described herein.

27. Defendant, Noah Cook, was acting as an agent, servant, or employee of Defendant Miser Logistics, LLC, Super Ego Holding, LLC, Ego Express, Inc., Gray Falcon United, LLC and was acting within the line and scope of his employment or agency at all times material hereto.

28. Plaintiffs aver that Defendant, Noah Cook, acting as agent or servant or employee of Defendant Miser Logistics, LLC, Super Ego Holding, LLC, Ego Express, Inc. and Gray Falcon United, LLC negligently and recklessly failed to keep a proper lookout, failed to maintain a safe following distance, failed to reduce speed when approaching stopped or slowed traffic, failed to follow standards for the safe operation of a commercial tractor-trailer, and caused, allowed, or permitted the vehicle he was operating to collide with Plaintiffs vehicle. Plaintiffs further aver that Defendant Miser Logistics LLC, Super Ego Holding, LLC, Ego Express, Inc. and Gray Falcon United, LLC are vicariously liable for the acts of Defendant, Noah Cook.

29. Plaintiffs aver that Defendant, Noah Cook, negligently and recklessly, consciously disregarded the rights and safety of others in the operation of his commercial vehicle causing the collision at issue.

30. Plaintiffs aver that defendant Miser Logistics, LLC Super Ego Holding, LLC, Ego Express, Inc., and Gray Falcon United, LLC were negligent in their hiring, training, supervision,

dispatch, leasing of equipment to, and retention of Noah Cook with respect to the operation of commercial vehicles on the public roadways.

31. As a direct and proximate result of the conduct of Defendants, Noah Cook, Miser Logistics, LLC, Super Ego Holding, LLC, Ego Express, Inc., and Gray Falcon United, LLC, Plaintiff, Dorris H. Kelley, suffered damages including, but not limited to:

a. Bodily injuries requiring medical treatment

b. Past, present and future physical pain, emotional distress, mental anguish and suffering

c. Permanent scarring and disfigurement

d. Past and future medical and pharmaceutical bills and other expenses

e. Lost wages and diminished earning capacity and

f. Property damage.

32. As a direct and proximate result of the conduct of Defendants, Noah Cook, Miser Logistics, LLC, Super Ego Holding, LLC, Ego Express, Inc., and Gray Falcon United, LLC, Plaintiff Darrelyn J. Kelley suffered damages including, but not limited to:

a. Bodily injuries requiring medical treatment

b. Past, present and future physical pain, emotional distress, mental anguish and suffering

c. Permanent scarring and disfigurement

d. Past and future medical and pharmaceutical bills and other expenses

e. Lost wages and diminished earning capacity and

f. Property damage.

Case 3:25-cv-00528-GNS-LKK Document 19-1 Filed 01/27/26 Page 178 of 323 PageID #: 811

**COUNT II**
**LOSS OF CONSORTIUM**

33. Plaintiffs adopt and incorporate by reference each of the previous paragraphs as if set forth fully herein.

34. Plaintiff, Darrelyn J. Kelley, avers that the reckless and negligent conduct of the Defendants as described herein has caused such injuries to her husband, Dorris H. Kelley, that she has been caused to suffer the loss of companionship, company, intimacy, comfort, and assistance that her husband was typically and commonly able to provide in their marriage prior to the subject incident.

**COUNT III**
**NE LI ENT INFLICTION OF EMOTIONAL DISTRESS**

35. Plaintiffs adopt and incorporate by reference each of the previous paragraphs as if set forth fully herein.

36. Plaintiff, Darrelyn J. Kelley, avers that the reckless and negligent conduct of the Defendants as described herein has caused her to suffer severe mental stress and emotional injuries that no reasonable person can be expected to endure under the circumstances.

37. Plaintiff, Dorris H. Kelley, avers that the reckless and negligent conduct of the Defendants as described herein has caused him to suffer severe mental stress and emotional injuries that no reasonable person can be expected to endure under the circumstances.

**COUNT IV**

**CONTRACTUAL CLAIMS A AINST DEFENDANT STATE FARM MUTUAL AUTOMO ILE INSURANCE COMPANY**

38. Plaintiffs incorporate the foregoing paragraphs by reference as if stated fully herein.

39. Plaintiffs were insured by Defendant, State Farm, pursuant to Policy Number 4283819-D06-17A. Said policy provided liability, UM, and UIM coverage for the vehicle collision that took place on, that is the subject of this Amended Complaint.

40. As a result of the vehicle collision that is subject of this Amended Complaint, Plaintiffs have been damaged in excess of the policy limits of Defendants liability coverage, and Plaintiffs are contractually entitled to receive UIM and/or UM benefits from Defendant, State Farm.

41. Plaintiffs are demanding payment from Defendant, State Farm, in accordance with the provisions of the insurance policy as referred to above, in the amount up to said limits held by Defendant, State Farm.

**WHEREFORE**, Plaintiffs demand judgment against Defendants as follows:

a. A trial by jury on all issues of fact herein

b. Compensatory damages against the Defendants in a fair and reasonable amount to be determined by a jury sitting at the trial of this matter, but in an amount sufficient to confer jurisdiction on this Court

c. For prejudgment interest from the date of the Plaintiffs injuries until such time the judgment is paid

d. For Plaintiffs costs herein expended

e. Punitive damages against all Defendants except State Farm, and

f. For any and all other relief to which Plaintiffs are entitled.

**CERTIFICATION**

This is to certify that pursuant to KRS 411.188(2), the undersigned attorneys have notified by certified mail all of those parties believed to possibly hold subrogation rights to any award received by the

Plaintiff as a result of this action and that the failure to assert subrogation rights by intervention, pursuant to Kentucky Civil Rule 24, or otherwise will result in a loss of those rights with respect to any final award received by the Plaintiff as a result of this action. Pursuant to KRS 411.188(4) the parties notified pursuant to KRS 411.188(2) are as follows:

**RESPECTFULLY** signed and submitted this 27th day of January, 2026.

*/s/ Jonathan B. Fannin*
Jonathan B. Fannin, Esq.
Carl W. Walter II, Esq.
**MINNER VINES INJURY LAWYERS PLLC**
325 West Main Street, Suite 210
Lexington, Kentucky 40507
Telephone: (859) 550-2900
Facsimile: (859) 550-2902
Email: jonathan@mvmlaw.com
carl@mvmlaw.com
*Counsel for Plaintiffs*

**CERTIFICATE OF SERVICE**

I hereby certify that on January 27, 2026, I electronically filed the foregoing document with the Clerk of the Court by using CM/ECF, which will send notice of electronic filing to the following:

Jeri B. Poppe, Esq.
Don K. Brown, PSC
13102 Eastpoint Park Boulevard, Suite 200
Louisville, Kentucky 40223
*Counsel for Defendants, Noah N. Cook and Miser Logistics, LLC*

*/s/ Jonathan B. Fannin*
Jonathan B. Fannin, Esq.

AO 440 (Rev. 06/12) Summons in a Civil Action

# UNITED STATES DISTRICT COURT

for the

Western District of Kentucky

| | | |
|---|---|---|
| DORRIS H. KELLEY and<br>DARRELYN J. KELLEY<br><br>*Plaintiff(s)* | ) | |
| v. | ) | Civil Action No. 3:25-cv-628-DJH |
| NOAH COOK<br>MISER LOGISTICS, LLC, et al.<br><br>*Defendant(s)* | ) | |

## SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)* SUPER EGO HOLDING, LLC
c/o Vladimir Tripkovic
677 North Larch Avenue
Elmhurst, Illinois 60126

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:

Jonathan B. Fannin, Esq.
Carl W. Walter II, Esq.
Minner Vines Injury Lawyers, PLLC
325 West Main Street, Suite 210
Lexington, KY 40507

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

*CLERK OF COURT*

Date: ____________________

____________________
*Signature of Clerk or Deputy Clerk*

AO 440 (Rev. 06/12) Summons in a Civil Action (Page 2)

Civil Action No. 3:25-cv-628-DJH

**PROOF OF SERVICE**

***(This section should not be filed with the court unless required by Fed. R. Civ. P. 4 (l))***

This summons for *(name of individual and title, if any)* ______________________
was received by me on *(date)* ______________ .

❒ I personally served the summons on the individual at *(place)* ______________________
______________________ on *(date)* ______________ ; or

❒ I left the summons at the individual's residence or usual place of abode with *(name)* ______________
______________________ , a person of suitable age and discretion who resides there,
on *(date)* ______________ , and mailed a copy to the individual's last known address; or

❒ I served the summons on *(name of individual)* ______________________ , who is
designated by law to accept service of process on behalf of *(name of organization)* ______________
______________________ on *(date)* ______________ ; or

❒ I returned the summons unexecuted because ______________________ ; or

❒ Other *(specify)*:

My fees are $ ________ for travel and $ ________ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: ______________

______________________
*Server's signature*

______________________
*Printed name and title*

______________________
*Server's address*

Additional information regarding attempted service, etc:

Print | Save As... | Reset

AO 440 (Rev. 06/12) Summons in a Civil Action

# UNITED STATES DISTRICT COURT

for the

Western District of Kentucky

| | | |
|---|---|---|
| DORRIS H. KELLEY and<br>DARRELYN J. KELLEY<br><br>*Plaintiff(s)*<br>v.<br>NOAH COOK<br>MISER LOGISTICS, LLC, et al.<br><br>*Defendant(s)* | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Civil Action No. 3:25-cv-628-DJH |

**SUMMONS IN A CIVIL ACTION**

To: *(Defendant's name and address)* EGO EXPRESS, INC.
c/o Aleksander Mimic
224 North Arlington Heights Road
Suite 105
Elk Grove Village, Illinois 60007

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:

Jonathan B. Fannin, Esq.
Carl W. Walter II, Esq.
Minner Vines Injury Lawyers, PLLC
325 West Main Street, Suite 210
Lexington, KY 40507

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

*CLERK OF COURT*

Date: ______________________

______________________________
*Signature of Clerk or Deputy Clerk*

AO 440 (Rev. 06/12) Summons in a Civil Action (Page 2)

Civil Action No. 3:25-cv-628-DJH

## PROOF OF SERVICE

***(This section should not be filed with the court unless required by Fed. R. Civ. P. 4 (l))***

This summons for *(name of individual and title, if any)* ______________________
was received by me on *(date)* ______________ .

❒ I personally served the summons on the individual at *(place)* ______________________
______________________ on *(date)* ______________ ; or

❒ I left the summons at the individual's residence or usual place of abode with *(name)* ______________
______________________ , a person of suitable age and discretion who resides there,
on *(date)* ______________ , and mailed a copy to the individual's last known address; or

❒ I served the summons on *(name of individual)* ______________________ , who is
designated by law to accept service of process on behalf of *(name of organization)* ______________
______________________ on *(date)* ______________ ; or

❒ I returned the summons unexecuted because ______________________ ; or

❒ Other *(specify)*:

My fees are $ ________ for travel and $ ________ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: ______________

______________________
*Server's signature*

______________________
*Printed name and title*

______________________
*Server's address*

Additional information regarding attempted service, etc:

Print     Save As...     Reset

AO 440 (Rev. 06/12) Summons in a Civil Action

# UNITED STATES DISTRICT COURT

for the

Western District of Kentucky

| | | |
|---|---|---|
| DORRIS H. KELLEY and<br>DARRELYN J. KELLEY<br>*Plaintiff(s)*<br>v.<br>NOAH COOK<br>MISER LOGISTICS, LLC, et al.<br>*Defendant(s)* | ) | Civil Action No. 3:25-cv-628-DJH |

**SUMMONS IN A CIVIL ACTION**

To: *(Defendant's name and address)* GRAY FALCON UNITED LLC
c/o Aleksander Mimic
1431 Opus Place
Suite 110
Downers Grove, Illinois 60525

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are: Jonathan B. Fannin, Esq.
Carl W. Walter II, Esq.
Minner Vines Injury Lawyers, PLLC
325 West Main Street, Suite 210
Lexington, KY 40507

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

*CLERK OF COURT*

Date: ________________

________________________
*Signature of Clerk or Deputy Clerk*

AO 440 (Rev. 06/12) Summons in a Civil Action (Page 2)

Civil Action No. 3:25-cv-628-DJH

## PROOF OF SERVICE

***(This section should not be filed with the court unless required by Fed. R. Civ. P. 4 (l))***

This summons for *(name of individual and title, if any)* ______________________________

was received by me on *(date)* ____________________ .

❒ I personally served the summons on the individual at *(place)* ______________________________

______________________________ on *(date)* ____________________ ; or

❒ I left the summons at the individual's residence or usual place of abode with *(name)* ____________________

______________________________ , a person of suitable age and discretion who resides there,

on *(date)* ____________________ , and mailed a copy to the individual's last known address; or

❒ I served the summons on *(name of individual)* ______________________________ , who is

designated by law to accept service of process on behalf of *(name of organization)* ____________________

______________________________ on *(date)* ____________________ ; or

❒ I returned the summons unexecuted because ______________________________ ; or

❒ Other *(specify)*:

My fees are $ __________ for travel and $ __________ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: ____________________

______________________________
*Server's signature*

______________________________
*Printed name and title*

______________________________
*Server's address*

Additional information regarding attempted service, etc:

Print Save As... Reset

AO 440 (Rev. 06/12) Summons in a Civil Action

# UNITED STATES DISTRICT COURT

for the

Western District of Kentucky

| | | |
|---|---|---|
| DORRIS H. KELLEY and<br>DARRELYN J. KELLEY<br><br>*Plaintiff(s)*<br>v.<br>NOAH COOK<br>MISER LOGISTICS, LLC, et al.<br><br>*Defendant(s)* | ) | Civil Action No. 3:25-cv-628-DJH |

**SUMMONS IN A CIVIL ACTION**

To: *(Defendant's name and address)* STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY
c/o Corporation Service Company
421 West Main Street
Frankfort, Kentucky 40601

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:

Jonathan B. Fannin, Esq.
Carl W. Walter II, Esq.
Minner Vines Injury Lawyers, PLLC
325 West Main Street, Suite 210
Lexington, KY 40507

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

*CLERK OF COURT*

Date: ______________________

______________________________
*Signature of Clerk or Deputy Clerk*

Civil Action No. 3:25-cv-628-DJH

**PROOF OF SERVICE**

***(This section should not be filed with the court unless required by Fed. R. Civ. P. 4 (l))***

This summons for *(name of individual and title, if any)* ______________________
was received by me on *(date)* ______________ .

❒ I personally served the summons on the individual at *(place)* ______________________
______________________ on *(date)* ______________ ; or

❒ I left the summons at the individual's residence or usual place of abode with *(name)* ______________
______________________ , a person of suitable age and discretion who resides there,
on *(date)* ______________ , and mailed a copy to the individual's last known address; or

❒ I served the summons on *(name of individual)* ______________________ , who is
designated by law to accept service of process on behalf of *(name of organization)* ______________
______________________ on *(date)* ______________ ; or

❒ I returned the summons unexecuted because ______________________ ; or

❒ Other *(specify)*:

My fees are $ ________ for travel and $ ________ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: ______________

______________________
*Server's signature*

______________________
*Printed name and title*

______________________
*Server's address*

Additional information regarding attempted service, etc:

Print | Save As... | Reset

**IN THE UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF KENTUCKY**
**LOUISVILLE DIVISION**
**CIVIL ACTION NO.: 3:25-cv-628-DJH**

***E r F d***

| | | |
|---|---|---|
| DORRIS H. KELLEY and DARRELYN J. KELLEY | ) ) ) ) | PLAINTIFFS |
| v. | ) ) | |
| NOAH N. RODARTE, et al. | ) | DEFENDANTS |

---

**PLAINTIFFS' MOTION TO STRIKE**

---

Come now the Plaintiffs, Dorris H. Kelley and Darrelyn J. Kelley, by counsel, and hereby move this Court to strike their Motion for Leave to Amend Complaint which was filed on January 27, 2026. Plaintiffs have received new information since their Motion for Leave to Amend Complaint was filed and intend to add additional parties to this action.

Respectfully submitted,

*/s/Jonathan . Fannin*
Jonathan B. Fannin, Esq.
Carl W. Walter II, Esq.
**MINNER VINES INJURY LAWYERS PLLC**
325 West Main Street, Suite 210
Lexington, Kentucky 40507
Telephone: (859) 550-2900
Facsimile: (859) 550-2902
Email: jonathan@mvmlaw.com
carl@mvmlaw.com
*Counsel for Plaintiffs*

**CERTIFICATE OF SERVICE**

I hereby certify that the foregoing was served to the following via electronic mail as well as electronically filed with the Clerk of the Court via the CM/ECF system on this the 24th day of February 2026:

Jeri B. Poppe, Esq.
Don K. Brown, PSC
13102 Eastpoint Park Boulevard, Suite 200
Louisville, Kentucky 40223
jpoppe@donkbrownlaw.com
*Counsel for Defendants, Noah N. odarte and*
*Miser Logistics, LLC*

*/s/Jonathan . Fannin*
Jonathan B. Fannin, Esq.

**IN THE UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF KENTUCKY**
**LOUISVILLE DIVISION**
**CIVIL ACTION NO.: 3:25-cv-628-DJH**

***E r F d***

| | | |
|---|---|---|
| DORRIS H. KELLEY and<br>DARRELYN J. KELLEY | ) | PLAINTIFFS |
| | ) | |
| | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| | ) | |
| NOAH N. RODARTE, et al. | | DEFENDANTS |

---

**ORDER**

---

This action is before the Court on Plaintiffs Motion to Strike their Motion for Leave to Amend Complaint. Upon consideration, said Motion to Strike is hereby GRANTED and Plaintiffs Motion for Leave to Amend Complaint filed on January 27, 2026, shall be stricken from the record.

______________________________________
JUDGE, WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

Case 3:25-cv-00452-GNS-LLK Document 11-1 Filed 06/24/25 Page 2 of 2 PageID #: 95

**CERTIFICATE OF SERVICE**

I hereby certify that the foregoing was served on the following counsel of record on ____________________, 2026:

Jonathan B. Fannin, Esq.
Carl W. Walter II, Esq.
**MINNER VINES INJURY LAWYERS PLLC**
325 West Main Street, Suite 210
Lexington, Kentucky 40507
Telephone: (859) 550-2900
Facsimile: (859) 550-2902
Email: jonathan@mvmlaw.com
carl@mvmlaw.com
*Counsel for Plaintiffs*

Jeri B. Poppe, Esq.
Don K. Brown, PSC
13102 Eastpoint Park Boulevard, Suite 200
Louisville, Kentucky 40223
*Counsel for Defendants, Noah N. odarte and Miser Logistics, LLC*

______________________________
CLERK

**IN THE UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF KENTUCKY**
**LOUISVILLE DIVISION**
**CIVIL ACTION NO.: 3:25-CV-628-DJH**

**DORRIS H. KELLEY d** **PLAINTIFFS**
**DARRELYN J. KELLEY**

**v.**

**NOAH N. RODARTE .** **DEFENDANTS**

---

**PLAINTIFFS' MOTION FOR PROTECTIVE ORDER**

---

Come now the Plaintiffs, Dorris and Darrelyn Kelly, by and through counsel, and move this Honorable Court to enter a Protective Order for Vehicle Preservation in this matter and show unto the Court the following:

1. This matter arises out of a rear-end vehicle collision involving the Plaintiffs' 2019 Honda Odyssey and a 2023 International tractor VIN 3HSDZAPRXPN219817 pulling a semi-trailer ("subject tractor-trailer") being operated by Defendant Noah N. Rodarte a/k/a Noah Cook. The subject crash took place on May 26, 2025, southbound on Interstate 65 in Hardin County, Kentucky and resulted in severe and permanent injuries to the Plaintiffs.

2. Plaintiffs have asserted claims against a number of defendants in this matter and intend to add additional defendants. Moreover, Plaintiffs are investigating other potential claims, including product liability claims. While an inspection was performed on the subject tractor prior to litigation, Plaintiff now believes that additional and crucial evidence may remain on the subject 2023 International tractor VIN 3HSDZAPRXPN219817 as Plaintiffs are investigating the subject tractor for a possible products liability claim. As such, the tractor must be preserved in its current

Case 3:26-cv-00451-GNS-LLK Document 1-1 Filed 06/10/26 Page 194 of 323 PageID

condition. To the extent that it has been placed back into service, Plaintiffs request that it is taken out of service immediately.

3. Further, counsel for Miser Logistics, LLC, has advised that, despite best efforts, the subject semi-trailer cannot be located. The subject semi-trailer it was pulling is of great importance and Plaintiffs are entitled to an inspection of the same. Plaintiff requests an order from the Court that, in the event the trailer is found, the subject-trailer is preserved and that Plaintiffs are provided the opportunity to inspect it immediately upon discovery.

4. Irreversible prejudice would be rendered in this case if the subject tractor-trailer was sold, changed, altered, repaired, tested or disposed of prior to the disposition of this litigation and prior to the disposition of the claims asserted by Plaintiffs.

WHEREFORE, PREMISES CONSIDERED, the Plaintiffs move this Honorable Court to enter an Order prohibiting all parties, including the Plaintiffs and Defendants, and their respective attorneys, representatives, agents, witnesses and any other person or entity from disposing selling, repairing, altering, changing, using, testing or in any way materially affecting the 2023 International tractor VIN 3HSDZAPRXPN219817 made the basis of this lawsuit or any parts, portions or pieces thereof, including the semi-trailer it was pulling, except upon written agreement of the parties or pursuant to a Court Order on a properly noticed motion.

*/s/ Jonathan B. Fannin*
JONATHAN B. FANNIN
*Counsel for Plaintiffs*

OF COUNSEL:

Jonathan B. Fannin
Carl W. Walter, II
Minner Vines Injury Lawyers, PLLC
325 West Main Street, Suite 210
Lexington, KY 40507
(859) 550-2900
jonathan@mvmlaw.com
carl@mvmlaw.com

**CERTIFICATE OF SERVICE**

I hereby certify that the foregoing was served to the following via electronic mail as well as electronically filed with the Clerk of Court via the CM/ECG system on this the 2nd day of February, 2026:

Jeri B. Pope, Esq.
Don K. Brown, Esq.
13102 Eastpoint Park Boulevard, Suite 200
Louisville, Kentucky 40223
*Counsel for Defendants, Noah N. odarte and*
*Miser Logistics, LLC*

*/s/ Jonathan B. Fannin*
*Counsel for Plaintiffs*

**IN THE UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF KENTUCKY**
**LOUISVILLE DIVISION**
**CIVIL ACTION NO.: 3:25-cv-628-DJH**

***E r F d***

| | | |
|---|---|---|
| DORRIS H. KELLEY and<br>DARRELYN J. KELLEY | ) ) ) ) | PLAINTIFFS |
| v. | ) ) ) | |
| NOAH N. RODARTE, et al. | | DEFENDANTS |

---

**ORDER**

---

This action is before the Court on Plaintiffs Motion for Protective Order for Vehicle Preservation. Upon consideration, said Motion for Protective Order is hereby GRANTED and all parties, including the Plaintiffs and Defendants and their respective attorneys, representatives, agents, witnesses and any other person or entity, are hereby prohibited from disposing selling, repairing, altering, changing, using, testing or in any way materially affecting the 2023 International tractor VIN 3HSD APR PN219817 made the basis of this lawsuit or any parts, portions or pieces thereof, including the semi-trailer it was pulling, except upon written agreement of the parties or pursuant to a Court Order on a properly noticed motion.

______________________________________
JUDGE, WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

**CERTIFICATE OF SERVICE**

I hereby certify that the foregoing was served on the following counsel of record on ____________________, 2026:

Jonathan B. Fannin, Esq.
Carl W. Walter II, Esq.
**MINNER VINES INJURY LAWYERS PLLC**
325 West Main Street, Suite 210
Lexington, Kentucky 40507
Telephone: (859) 550-2900
Facsimile: (859) 550-2902
Email: jonathan@mvmlaw.com
carl@mvmlaw.com
*Counsel for Plaintiffs*

Jeri B. Poppe, Esq.
Don K. Brown, PSC
13102 Eastpoint Park Boulevard, Suite 200
Louisville, Kentucky 40223
*Counsel for Defendants, Noah N. odarte and Miser Logistics, LLC*

______________________________
CLERK

**IN THE UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF KENTUCKY**
**LOUISVILLE DIVISION**
**CIVIL ACTION NO.: 3:25-CV-628-DJH**

| | | |
|---|---|---|
| DORRIS H. KELLEY and | ) | PLAINTIFFS |
| DARRELYN J. KELLEY | ) | |
| | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| NOAH N. RODARTE, et al. | ) | DEFENDANTS |

**PARTIES' JOINT STATUS REPORT**

Pursuant to the Court's Scheduling Order R. 8 dated November 21, 2025, the Parties have met and conferred to discuss the status of discovery and advise the Court of any settlement discussions. With regard to discovery, efforts by the Plaintiffs to obtain discovery from Defendants, specifically Miser Logistics, LLC, have been frustrated by the imminent dissolution of that LLC. However, Miser was able to produce a bill of lading. With the information gathered from this bill of lading, and in light of information discovered through the Plaintiffs' continuing investigation into the subject incident, Plaintiffs will soon be amending their Complaint to bring in a number of additional defendants. With regard to settlement discussions, policy limits for Defendants have been tendered however, Plaintiffs are not in a position to accept this tender in light of the outstanding potential claims that remain with the putative defendants referenced above. The parties intend to tender an Agreed Order with regard to the forthcoming Amended Complaint.

Respectfully Submitted:

*/s/ Jonathan . Fannin*
Jonathan B. Fannin
Carl W. Walter, II
Minner Vines Injury Lawyers, PLLC
325 West Main Street, Suite 210
Lexington, KY 40507
(859) 550-2900
jonathan@mvmlaw.com
carl@mvmlaw.com
*Counsel for Plaintiffs*

-and-

*/s/ Jeri . Po e*
Jeri B. Poppe, Esq.
Don K. Brown Law PSC
13102 Eastpoint Park Boulevard, Suite 200
Louisville, Kentucky 40223
jpoppe@donkbrownlaw.com
*Counsel for Defendants, Noah N. odarte and Miser Logistics, LLC*

**CERTIFICATE OF SERVICE**

I hereby certify that the foregoing was electronically filed with the Clerk of Court via the CM/ECF system on this the 6th day of April 2026.

*/s/ Jonathan . Fannin*
*Counsel for Plaintiffs*

**IN THE UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF KENTUCKY**
**LOUISVILLE DIVISION**
**CIVIL ACTION NO.: 3:25-cv-628-DJH**

***E r F d***

| | | |
|---|---|---|
| DORRIS H. KELLEY and DARRELYN J. KELLEY | ) | PLAINTIFFS |
| | ) | |
| | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| | ) | |
| NOAH N. RODARTE, et al. | | DEFENDANTS |

---

**A REED ORDER**

---

The parties hereby submit an agreed order permitting the filing of Plaintiff s Amended Complaint (attached as Exhibit 1 hereto). The amended complaint shall be deemed filed and summons may be issued as of the date of the Court s entry of this Order. It is hereby further ordered and adjudged that the agreement on behalf of Miser Logistics to allow filing of the amended complaint does not in any way waive defenses to be asserted to the claims in the amended complaint.

____________________________________
JUDGE, WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

Case 3:26-cv-00052-GNS-LLK Document 1-4 Filed 01/10/26 Page 2 of 3 PageID #1040

**HAVIN EEN SEEN AND A REED TO Y:**

*/s/Jeri B. Po e*
Jeri B. Poppe, Esq.
Don K. Brown, PSC
13102 Eastpoint Park Boulevard, Suite 200
Louisville, Kentucky 40223
*Counsel for Defendants, Noah N. odarte and Miser Logistics, LLC*

*/s/Jonathan B. Fannin*
Jonathan B. Fannin, Esq.
Carl W. Walter II, Esq.
**MINNER VINES INJURY LAWYERS PLLC**
325 West Main Street, Suite 210
Lexington, Kentucky 40507
*Counsel for Plaintiffs*

**CERTIFICATE OF SERVICE**

I hereby certify that the foregoing was served on the following counsel of record on ____________________, 2026:

Jonathan B. Fannin, Esq.
Carl W. Walter II, Esq.
**MINNER VINES INJURY LAWYERS PLLC**
325 West Main Street, Suite 210
Lexington, Kentucky 40507
Telephone: (859) 550-2900
Facsimile: (859) 550-2902
Email: jonathan@mvmlaw.com
carl@mvmlaw.com
*Counsel for Plaintiffs*

Jeri B. Poppe, Esq.
Don K. Brown, PSC
13102 Eastpoint Park Boulevard, Suite 200
Louisville, Kentucky 40223
*Counsel for Defendants, Noah N. odarte and Miser Logistics, LLC*

______________________________
CLERK

**IN THE UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF KENTUCKY**
**LOUISVILLE DIVISION**
**CIVIL ACTION NO.: 3:25-cv-628-DJH**

***E r F d***

| | | |
|---|---|---|
| DORRIS H. KELLEY and | ) | PLAINTIFFS |
| DARRELYN J. KELLEY | ) | |
| | ) | |
| | ) | |
| V. | ) | |
| | ) | |
| | ) | |
| NOAH COOK | ) | |
| MISER LOGISTICS, LLC | ) | |

SUPER EGO HOLDING, LLC
SERVE:
Vladimir Tripkovic
677 North Larch Avenue
Elmhust, Illinois 60126

EGO E PRESS, INC.
SERVE:
Aleksander Mimic
224 North Arlington Heights Road
Suite 105
Elk Grove Village, Illinois 60007

GRAY FALCON UNITED LLC
SERVE:
Aleksander Mimic
1431 Opus Place
Suite 110
Downers Grove, Illinois 60525

STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY

SERVE:
Corporation Service Company
421 West Main Street
Frankfort, Kentucky 40601

C.H. ROBINSON WORLDWIDE, INC.
SERVE:
Corporation Service Company
315 High Street
Frankfort, Kentucky 40601

INTERNATIONAL MOTORS, LLC

SERVE:
Corporation Service Company
315 High Street
Frankfort, Kentucky 40601

DEFENDANTS

---

**FIRST AMENDED COMPLAINT**

---

1. This action is brought on behalf of Plaintiffs, Dorris H. Kelley and Darrelyn J. Kelley, for bodily injuries and other damages sustained in a motor vehicle collision that occurred on May 26, 2025, on Interstate 65 South in Hardin County, Kentucky.

**PARTIES**

2. Plaintiffs, Dorris H. Kelley and Darrelyn J. Kelley, are, and at all times relevant to this action were, husband and wife and adult resident citi ens of Kentucky, residing at 12949 State Route 270 West, Clay, Kentucky 42404.

3. Upon information and belief, Defendant, Noah Cook, is an adult resident of California, residing at 5657 Arlington Avenue, Riverside, California 92504. At all times relevant hereto, Mr. Cook was acting within the course and scope of his employment and/or agency with Miser Logistics, LLC, Super Ego Holding, LLC, Ego Express, Inc., and Gray Falcon United, LLC.

4. Defendant Cook had contacts with the Commonwealth of Kentucky and derived revenue from the Commonwealth of Kentucky and was doing business in Kentucky by operating the subject 2023 International LT625 VIN 3HSD APR PN219817 tractor-trailer in Kentucky at the time of the incident made the basis of this lawsuit within the course and scope of his employment and/or agency with Miser Logistics, LLC, Super Ego Holding, LLC, Ego Express, Inc., and Gray Falcon United, LLC.

5. Defendant, Miser Logistics, LLC, is a limited liability company organi ed under the laws of the State of Ohio, with its principal place of business located at 655 Metro Place South, Suite 634, Dublin, Ohio 43017.

6. Defendant, Super Ego Holding, LLC, is a limited liability company organi ed under the laws of the State of Illinois, with its principal place of business located at 677 North Larch Avenue, Elmhurst, Illinois 60126.

7. Defendant, Ego Express, Inc., is a corporation organi ed under the laws of Illinois, with its principal of the State of Illinois, with its principal place of business located at 225 Arlington Heights Road, Suite 105, Elk Grove Village, Illinois 60007.

8. Defendant, Gray Falcon United, LLC, is a limited liability company organi ed under the laws of the State of Illinois, with its principal place of business located at 1431 Opus Place, Suite 110, Downers Grove, Illinois 60525.

9. Defendants Miser Logistics, LLC, Super Ego Holding, LLC, Ego Express, Inc., and Gray Falcon United, LLC had contacts with the Commonwealth of Kentucky and derived revenue from the Commonwealth of Kentucky and were doing business in Kentucky by operating their tractor-trailer in Kentucky at the time of the subject incident.

Case 3:25-cv-00518-GNS-LKK Document 11-1 Filed 10/17/26 Page 4 of 323 PageID #: 108

10. Defendant, State Farm Mutual Automobile Insurance Company ( State Farm ), is engaged in the business of insurance in the Commonwealth of Kentucky. Defendant State Farm can be served through their registered agent, Corporation Service Company, 421 West Main Street, Frankfort, Kentucky 40601.

11. Defendant C.H. Robinson Worldwide, Inc., is a corporation organi ed under the laws of Delaware, with its principal place of business located at 14701 Charlson Road, Eden Prairie, Minnesota 55347. It is engaged in business in the Commonwealth of Kentucky. Defendant C.H. Robinson Worldwide, Inc. can be served through its registered agent, Corporation Service Company, 315 High Street, Frankfort, KY 40601.

12. Defendant C.H. Robinson Worldwide, Inc. ( C.H Robinson ) is a third-party logistics company and arranged for the transportation of the shipment with knowledge that the shipment would travel through Kentucky. Defendant C.H. Robinson failed to properly vet Defendants Miser Logistics, LLC, Super Ego Holding, LLC, Ego Express, Inc., and/or Gray Falcon United, LLC and Defendant Cook to ensure that they could competently or safely transport the shipment. It was foreseeable to Defendant C.H. Robinson that its failure to properly vet Defendants Miser Logistics, LLC, Super Ego Holding, LLC, Ego Express, Inc., and/or Gray Falcon United, LLC and Defendant Cook posed a risk to the public traveling on Kentucky highways as these Defendants carried the shipment through Kentucky.

13. Defendant International Motors, LLC is a limited liability company organi ed under the laws of the State of Delaware, with its principal place of business located at 2701 Navistar Drive, Lisle, Illinois 60532. It is engaged in business in the Commonwealth of Kentucky. Defendant International Motors, LLC can be served through its registered agent, Corporation

Case 3:25-cv-00528-CHB-LKK Document 11-1 Filed 06/07/26 Page 205 of 323 PageID #: 210

Service Company, 315 High Street, Frankfort, KY 40601. Defendant International Motors, LLC was formerly known as Navistar, Inc.

14. Defendant International Motors, LLC ( International ) is in the business of designing, testing, manufacturing, marketing, furnishing, distributing and selling commercial vehicles, including the subject 2023 International LT625 VIN 3HSD APR PN219817 truck tractor vehicle involved in the incident made the basis of this lawsuit.

15. The motor vehicle collision that forms the basis of this action occurred on or about May 26, 2025, in Eli abethtown, Hardin County, Kentucky.

16. Venue and jurisdiction are proper in this Court.

17. The amount in controversy exceeds the minimum jurisdictional limits of this Court.

**FACTS**

18. Plaintiffs adopt and incorporate by reference each of the previous paragraphs as if set forth fully herein.

19. On or about May 26, 2025, at approximately 6:33 p.m., Plaintiff, Dorris H. Kelley, was operating a 2019 Honda Odyssey traveling southbound on Interstate 65 in Hardin County, Kentucky. Plaintiff, Darrelyn J. Kelley, was a passenger in the vehicle.

20. At that same time and place, a 2023 International LT625, VIN 3HSD APR PN219817 commercial tractor-trailer operated by Defendant, Noah Cook, was traveling southbound on Interstate 65 in Hardin County, Kentucky.

21. At that same time and place, traffic in the southbound lanes of Interstate 65 had slowed or stopped due to the Hardin County Sheriff s Office conducting traffic control for a prior collision, with emergency lights activated and the right lane closed.

22. Plaintiff, Dorris H. Kelley, properly slowed his vehicle in response to the traffic control situation ahead.

23. Defendant, Noah Cook, failed to maintain a proper lookout and failed to slow his commercial vehicle in response to the clearly visible traffic control situation and slowed traffic ahead.

24. Defendant, Noah Cook, failed to slow his commercial vehicle and rear-ended Plaintiffs vehicle with tremendous force.

25. At the time of this collision, and all times pertinent to this litigation, Defendant Noah Cook was acting within the course and scope of his employment and/or agency with Miser Logistics, LLC, Super Ego Holding, LLC, Ego Express, Inc., and Gray Falcon United, LLC. The subject 2023 International LT625, VIN 3HSD APR PN219817 commercial tractor-trailer was owned and operated by Defendants Miser Logistics, LLC, Super Ego Holding, LLC, Ego Express, Inc., and Gray Falcon United, LLC and their employee Defendant Cook. The subject tractor-trailer had picked up a shipment from Columbus, Ohio, and was in route to deliver said shipment to Texas.

26. The subject 2023 International LT625, VIN 3HSD APR PN219817 vehicle was ordered and purchased by Super Ego Holding, LLC ( Super Ego Holding ). Defendant Super Ego Holding, LLC is a chameleon carrier[1] owned and operated by Aleksander Mimic. Aleksander Mimic is a Serbian born entrepreneur. He, as well as his family and associates, operate a chameleon carrier network through Super Ego Holding, LLC and related entities, including, but not limited

[1] Chameleon carriers are trucking companies that go out of business due to safety concerns, loss of insurance, or anticipated fines only to start back up again under a different DOT but continue to use common ownership, equipment, offices, drivers and/or managers. Chameleon carriers do this to avoid the consequences of their unsafe practices.

to, Miser Logistics, LLC, Ego Express, Inc., and Gray Falcon United, LLC. Mr. Mimic, as well as his family and associates, have owned and operated numerous unsafe motor carriers over the years.

27. Defendants Miser Logistics, LLC, Ego Express, Inc., and Gray Falcon United, LLC are chameleon carriers.

28. Super Ego Holding is under federal investigation for its chameleon carrier scheme. It was also the subject of a 60 Minutes investigation and story.[2] It has been reported that it, and its network of commercial trucking and leasing companies, is one of the most notorious chameleon schemes. ( *d*.)

29. Super Ego Holding and its related network of entities and carriers, including but not limited to, Miser Logistics, LLC, Ego Express, Inc., and Gray Falcon United, LLC, have thousands of safety violations, have a history of failing to follow local, state and federal regulations, altering records, and have been involved in numerous accidents.

30. Super Ego Holding and some of its related entities are also in a class-action lawsuit involving its drivers with allegations related to pay practices, fraud, and unsafe operating practices.

31. Prior to the occurrence made the basis of this lawsuit, Defendant C.H. Robinson worked with Super Ego Holding, LLC, and its related network of entities and carriers to transport freight. In fact, C.H. Robinson named Super Ego its Carrier of the Year for 2025 even though it knew or should have known about the unsafe practices and safety history of Super Ego Holding, LLC, and its related network of entities and carriers, including, but not limited to, Miser Logistics, LLC, Ego Express, Inc., and Gray Falcon United, LLC.

---

[2] 60 Minutes Risk on the Road https://www.youtube.com/watch v ylbvU-lmcpI

32. Defendants Miser Logistics, LLC, Super Ego Holding, LLC, Ego Express, Inc., and/or Gray Falcon United, LLC were alter egos of each other and/or in a joint venture together as they used the same employees and commingled assets.

33. The subject International LT625 vehicle was designed, developed, manufactured, tested, marketed and distributed, and sold by Defendant International. At the time of the occurrence made the basis of this lawsuit, the subject International LT625 vehicle was in substantially the same condition as it was when designed, manufactured and sold by International. The subject International LT625 vehicle was not reasonably safe when being used in a foreseeable manner, but, to the contrary, was defective and unreasonably dangerous when being so used as it failed to contain a collision mitigation system, despite it marketed as being standard equipment on the subject model vehicle.

34. The collision caused severe and permanent injuries to both Plaintiffs, Dorris H. Kelley and Darrelyn J. Kelley.

35. Both Plaintiffs were transported to Baptist Health Hardin for treatment of their injuries.

36. Plaintiff, Dorris H. Kelley, suffered severe, catastrophic, and permanent injuries, was subsequently airlifted to the University of Louisville Hospital, and is still receiving ongoing treatment for his injuries.

37. Plaintiff, Darrelyn J. Kelley, suffered severe, catastrophic, and permanent injuries.

38. As a result of the collision, and the direct and proximate consequence of the wrongful conduct of the defendants, both Plaintiffs have suffered serious, permanent, and catastrophic injuries requiring ongoing medical treatment and care.

**COUNT I**

Case 3:25-cv-00628-CNS-LKK Document 14-1 Filed 06/12/26 Page 219 of 323 PageID #: 213

**COMMON LAW NE LI ENCE AND ROSS NE LI ENCE OF DEFENDANTS NOAH COOK MISER LO ISTICS LLC SUPER E O HOLDIN LLC E O E PRESS INC. AND RAY FALCON UNITED LLC**

39. Plaintiffs adopt and incorporate by reference each of the previous paragraphs as if set forth fully herein.

40. At all times relevant hereto, Defendant, Noah Cook, was operating a commercial vehicle within the line and scope of his employment with and/or for the benefit of Miser Logistics, LLC, Super Ego Holding, LLC, Ego Express, Inc. and Gray Falcon United, LLC.

41. The actions of Defendant, Noah Cook, caused significant injuries to the Plaintiffs as described herein.

42. Defendant, Noah Cook, was acting as an agent, servant, or employee of Defendant Miser Logistics, LLC, Super Ego Holding, LLC, Ego Express, Inc., Gray Falcon United, LLC and was acting within the line and scope of his employment or agency at all times material hereto.

43. Defendants Miser Logistics, LLC, Super Ego Holding, LLC, Ego Express, Inc., Gray Falcon United, LLC they share employees and comingle assets. As such, these Defendants were in a joint venture were alter egos of each other and/or were agents of each other so that each is liable of for the actions of the other.

44. Plaintiffs aver that Defendant, Noah Cook, acting as agent or servant or employee of Defendant Miser Logistics, LLC, Super Ego Holding, LLC, Ego Express, Inc. and Gray Falcon United, LLC negligently and recklessly failed to keep a proper lookout, failed to maintain a safe following distance, failed to reduce speed when approaching stopped or slowed traffic, failed to follow standards for the safe operation of a commercial tractor-trailer, and caused, allowed, or permitted the vehicle he was operating to collide with Plaintiffs vehicle. Plaintiffs further aver that

Case 3:26-cv-00048-GNS-LLK Document 11-1 Filed 01/27/26 Page 211 of 323 PageID #: 214

Defendant Miser Logistics LLC, Super Ego Holding, LLC, Ego Express, Inc. and Gray Falcon United, LLC are vicariously liable for the acts of Defendant, Noah Cook.

45. Plaintiffs aver that Defendant, Noah Cook, negligently and recklessly, consciously disregarded the rights and safety of others in the operation of his commercial vehicle causing the collision at issue.

46. Plaintiffs aver that defendant Miser Logistics, LLC Super Ego Holding, LLC, Ego Express, Inc., and Gray Falcon United, LLC were negligent in their hiring, training, supervision, dispatch, leasing of equipment to, and retention of Noah Cook with respect to the operation of commercial vehicles on the public roadways.

47. As a direct and proximate result of the conduct of Defendants, Noah Cook, Miser Logistics, LLC, Super Ego Holding, LLC, Ego Express, Inc., and Gray Falcon United, LLC, Plaintiff, Dorris H. Kelley, suffered damages including, but not limited to:

a. Bodily injuries requiring medical treatment

b. Past, present and future physical pain, emotional distress, mental anguish and suffering

c. Permanent scarring and disfigurement

d. Past and future medical and pharmaceutical bills and other expenses

e. Lost wages and diminished earning capacity and

f. Property damage.

48. As a direct and proximate result of the conduct of Defendants, Noah Cook, Miser Logistics, LLC, Super Ego Holding, LLC, Ego Express, Inc., and Gray Falcon United, LLC, Plaintiff Darrelyn J. Kelley suffered damages including, but not limited to:

a. Bodily injuries requiring medical treatment

b. Past, present and future physical pain, emotional distress, mental anguish and suffering

c. Permanent scarring and disfigurement

d. Past and future medical and pharmaceutical bills and other expenses

e. Lost wages and diminished earning capacity and

f. Property damage.

**COUNT II**
**<u>LOSS OF CONSORTIUM</u>**

49. Plaintiffs adopt and incorporate by reference each of the previous paragraphs as if set forth fully herein.

50. Plaintiff, Darrelyn J. Kelley, avers that the reckless and negligent conduct of the Defendants as described herein has caused such injuries to her husband, Dorris H. Kelley, that she has been caused to suffer the loss of companionship, company, intimacy, comfort, and assistance that her husband was typically and commonly able to provide in their marriage prior to the subject incident.

**COUNT III**
**<u>NE LI ENT INFLICTION OF EMOTIONAL DISTRESS</u>**

51. Plaintiffs adopt and incorporate by reference each of the previous paragraphs as if set forth fully herein.

52. Plaintiff, Darrelyn J. Kelley, avers that the reckless and negligent conduct of the Defendants as described herein has caused her to suffer severe mental stress and emotional injuries that no reasonable person can be expected to endure under the circumstances.

53. Plaintiff, Dorris H. Kelley, avers that the reckless and negligent conduct of the Defendants as described herein has caused him to suffer severe mental stress and emotional injuries that no reasonable person can be expected to endure under the circumstances.

**COUNT IV**

**CONTRACTUAL CLAIMS A AINST DEFENDANT STATE FARM MUTUAL AUTOMO ILE INSURANCE COMPANY**

54. Plaintiffs incorporate the foregoing paragraphs by reference as if stated fully herein.

55. Plaintiffs were insured by Defendant, State Farm, pursuant to Policy Number 4283819-D06-17A. Said policy provided liability, UM, and UIM coverage for the vehicle collision that took place on, that is the subject of this Amended Complaint.

56. As a result of the vehicle collision that is subject of this Amended Complaint, Plaintiffs have been damaged in excess of the policy limits of Defendants liability coverage, and Plaintiffs are contractually entitled to receive UIM and/or UM benefits from Defendant, State Farm.

57. Plaintiffs are demanding payment from Defendant, State Farm, in accordance with the provisions of the insurance policy as referred to above, in the amount up to said limits held by Defendant, State Farm.

**COUNT V**

**NE LI ENT AND ROSS NE LI ENT SELECTION A AINST C.H. RO INSON WORLDWIDE INC.**

58. Plaintiffs adopt and incorporate by reference each of the previous paragraphs as if set forth fully herein.

59. Defendant C.H. Robinson owed a duty to members of the traveling public to use reasonable care to investigate and evaluate, on an ongoing basis, the competency and safety record of any carrier or driver it used to transport freight.

60. This duty included, but was not limited to, conducting adequate due diligence into the safety history and fitness of carriers before engaging them, reviewing FMSCA safety data, refrain from tendering loads to carriers with known or discoverable unsafe histories, and implement and follow carrier vetting procedures.

61. Defendant C.H. Robinson negligently and/or gross negligently with a reckless, conscious disregard for the rights and safety of others chose to endanger the motoring public by using Defendants Miser Logistics, LLC, Super Ego Holding, LLC, Ego Express, Inc., and/or Gray Falcon United, LLC and Noah Cook to haul freight for its clients, including the shipment it allowed these Defendants to haul on the day of the subject crash.

62. Defendant C.H. Robinson knew, or should have known, Defendants Miser Logistics, LLC, Super Ego Holding, LLC, Ego Express, Inc., and/or Gray Falcon United, LLC and Noah Cook were not competent to safely haul the shipment on the date of the subject crash made the basis of this lawsuit. Defendants Miser Logistics, LLC, Super Ego Holding, LLC, Ego Express, Inc., and/or Gray Falcon United, LLC and Noah Cook lacked a basic understanding of federal trucking regulations and the trucking industry. In addition, C.H. Robinson knew, or should have known, that these Defendants had previous safety violations, unsafe operating histories and/or were unfit to safely operate commercial motor vehicles on public highways. Nevertheless, Defendant C.H. Robinson negligently and/or gross negligently chose to turn a blind eye and allow Defendants Miser Logistics, LLC, Super Ego Holding, LLC, Ego Express, Inc., and/or Gray Falcon United, LLC and Noah Cook to continue to operate because it was financially beneficial to all involved.

Case 3:26-cv-00452-GNS-LLK Document 11-4-1 Filed 06/10/26 Page 215 of 323 PageID #: 1228

63. Prior to the occurrence made the basis of this lawsuit, Defendant C.H. Robinson worked with Super Ego Holding, LLC, and its related network of entities and carriers to transport freight. In fact, C.H. Robinson named Super Ego its Carrier of the Year for 2025 even though it knew or should have known about the unsafe practices and safety of Super Ego Holding, LLC, and its related network of entities and carriers, including, but not limited to, Miser Logistics, LLC, Ego Express, Inc., and Gray Falcon United, LLC. It also knew, or should have known, about the chameleon carrier scheme utili ed by Super Ego Holding and its related entities and carriers, and that it used different motor carrier names and numbers to get around it, and its related entities , bad safety ratings and violations, including but not limited to, Miser Logistics, LLC, Ego Express, Inc., and/or Gray Falcon United, LLC.

64. Defendant C.H. Robinson had a continuing duty to ensure that Defendants Miser Logistics, LLC, Super Ego Holding, LLC, Ego Express, Inc., and/or Gray Falcon United, LLC and Noah Cook were complying with local/state/federal laws and the Federal Motor Carrier Safety Regulations throughout the duration of its relationship with the defendants. Defendant C.H. Robinson did not comply with this duty.

65. Defendant C.H. Robinson negligently and/or gross negligently breached its aforesaid duties, including, but not limited to, the following:

(a) Retaining the Defendants, Miser Logistics, LLC, Super Ego Holding, LLC, Ego Express, Inc., and/or Gray Falcon United, LLC and Noah Cook, that were unfit operate a commercial vehicle in a reasonably safe manner and/or

(b) Failing to monitor, check or investigate Miser Logistics, LLC, Super Ego Holding, LLC, Ego Express, Inc., and/or Gray Falcon United, LLC and Noah Cook s hours of

Case 3:26-cv-00518-GNS-LLK Document 1-4-1 Filed 06/10/26 Page 215 of 323 PageID #: 219

service violations when it knew or should have known these hours of service violations were readily available to review and/or

(c) Failing to follow its own safety policies or procedures with regard to hiring the Defendants, Miser Logistics, LLC, Super Ego Holding, LLC, Ego Express, Inc., and/or Gray Falcon United, LLC and Noah Cook, to transport the shipment and/or

(d) Failing to enforce or monitor its own safety requirements on the equipment used to transport the shipment and/or

(e) Failing to request the Defendants Miser Logistics, LLC, Super Ego Holding, LLC, Ego Express, Inc., and/or Gray Falcon United, LLC and Noah Cook provide any company safety manual or driving manual or determine whether the Defendants had an adequate safety plan or controls before allowing them to transport the subject shipment and/or

(f) Hiring the Defendants Miser Logistics, LLC, Super Ego Holding, LLC, Ego Express, Inc., and/or Gray Falcon United, LLC and Noah Cook to transport the shipment on public highways, when it knew or should have known that the Defendants were not reasonably safe and unfit to transport freight, including the subject shipment and/or

(g) Failing to review and/or request FMSCA safety data on the Defendants Miser Logistics, LLC, Super Ego Holding, LLC, Ego Express, Inc., and/or Gray Falcon United, LLC and Noah Cook and/or

(h) Failing to review and/or request driver qualification files for any driver, including Defendant Cook, before selecting the Defendants to transport the subject lad of cargo and/or

(i) Failing to review and/or request Defendant Cook s driving record and/or

(j) Failing to review, request or monitor any driver training, background check, log books, or safety information determine whether Defendant Cook was a reasonably safe commercial vehicle driver before hiring him to haul the subject shipment and/or

(k) Were negligent and/or grossly negligent in other respects when selecting Defendants Miser Logistics, LLC, Super Ego Holding, LLC, Ego Express, Inc., and/or Gray Falcon United, LLC and Noah Cook to haul freight for its clients, including subject shipment.

66. As a result, Defendants Miser Logistics, LLC, Super Ego Holding, LLC, Ego Express, Inc., and/or Gray Falcon United, LLC and Noah Cook negligently and/or gross negligently operated the 18-wheeler that crashed into the back of Plaintiffs vehicle.

67. Further, Plaintiffs allege that Defendant C.H. Robinson undertook responsibilities extending beyond the role of merely connecting a shipper and motor carrier such as managing logistical coordination, route planning and compliance and oversight. By exercising such control and discretion over the transportation process, Defendant C.H. Robinson functioned as a de facto manager of the shipment s logistics, thereby assuming duties and liability consistent with that role.

68. As a direct and proximate result of the conduct of Defendant C.H. Robinson Worldwide, Inc., Plaintiff, Dorris H. Kelley, suffered damages including, but not limited to:

a. Bodily injuries requiring medical treatment

b. Past, present and future physical pain, emotional distress, mental anguish and suffering

c. Permanent scarring and disfigurement

d. Past and future medical and pharmaceutical bills and other expenses

e. Lost wages and diminished earning capacity and

f. Property damage.

69. As a direct and proximate result of the conduct of Defendant C.H. Robinson Worldwide, Inc., Plaintiff Darrelyn J. Kelley suffered damages including, but not limited to:

a. Bodily injuries requiring medical treatment

b. Past, present and future physical pain, emotional distress, mental anguish and suffering

c. Permanent scarring and disfigurement

d. Past and future medical and pharmaceutical bills and other expenses

e. Lost wages and diminished earning capacity and

f. Property damage.

**COUNT VI**

**VICARIOUS LIA ILITY A AINST C.H. RO INSON WORLDWIDE INC.**

70. Plaintiffs adopt and incorporate by reference each of the previous paragraphs as if set forth fully herein.

71. Defendant C.H. Robinson is a third-party logistics company that accepted legal responsibility for shipment of the subject load and acted as a motor carrier.[3]

72. Defendant C.H. Robinson made an arrangement to use Miser Logistics, LLC, Super Ego Holding, LLC, Ego Express, Inc., and/or Gray Falcon United, LLC and/or Noah Cook s tractor-trailer to transport the shipment from Columbus, Ohio to Texas. As such, Defendant C.H. Robinson was responsible for ensuring the tractor-trailer was operated safely.

73. At all relevant times Defendants Miser Logistics, LLC, Super Ego Holding, LLC, Ego Express, Inc., and/or Gray Falcon United, LLC and Noah Cook acted as the agent, servant

---

[3] *ee Ni onkoa ns. Co., Ltd. . C. . o inson orld ide, nc., et al.*, No. 09 Civ. 2365 (PGG)2011 WL 671747 (S.D.N.Y. Feb. 18, 2011)(finding question of fact existed as to C.H. Robinson Worldwide, Inc. s status as a motor carrier).

and/or employee of Defendant C.H. Robinson, acting within the course and scope of that agency or employment.

74. Defendant C.H. Robinson reserved the right to control the way motor carriers/drivers worked, including Defendants Miser Logistics, LLC, Super Ego Holding, LLC, Ego Express, Inc., and/or Gray Falcon United, LLC and/or Noah Cook. This included, but was not limited to, managing logistical coordination, route planning, and compliance and oversight.

75. On May 26, 2025, Defendant Cook was operating the subject commercial vehicle in furtherance of a common interest and/or at the direction and under the control, or right of control, of Defendant C.H. Robinson as its agent, employee and/or servant.

76. At all times relevant herein, Defendant C.H. Robinson, through its agent, employees, and/or servant Defendant Cook, owed a duty to Plaintiffs and others upon the roadways to act in a reasonably careful matter and to prevent foreseeable crashes so as not to injure or damage others on the highways, including the Plaintiffs.

77. At the aforesaid time and place, Defendant C.H. Robison, through its agents, employees and/or servants, breached said duties owed to the Plaintiffs by negligently and recklessly, consciously disregarded the rights and safety of others operated the subject commercial vehicle causing the collision at issue, including, but not limited to, negligently and recklessly failed to keep a proper lookout, failed to maintain a safe following distance, failed to reduce speed when approaching stopped or slowed traffic, failed to follow standards for the safe operation of a commercial tractor-trailer, and caused, allowed, or permitted the commercial vehicle to collide with Plaintiffs vehicle.

78. As a proximate cause of the negligent or gross negligent acts and omissions described herein, Defendant C.H. Robinson and its agents or employees caused Plaintiff, Dorris H. Kelley, to suffer damages including, but not limited to:

a. Bodily injuries requiring medical treatment

b. Past, present and future physical pain, emotional distress, mental anguish and suffering

c. Permanent scarring and disfigurement

d. Past and future medical and pharmaceutical bills and other expenses

e. Lost wages and diminished earning capacity and

f. Property damage.

79. As a proximate cause of the negligent or gross negligent acts and omissions described herein, Defendant C.H. Robinson and its agents or employees caused Plaintiff Darrelyn J. Kelley to suffer damages including, but not limited to:

a. Bodily injuries requiring medical treatment

b. Past, present and future physical pain, emotional distress, mental anguish and suffering

c. Permanent scarring and disfigurement

d. Past and future medical and pharmaceutical bills and other expenses

e. Lost wages and diminished earning capacity and

f. Property damage.

80. Defendant C.H. Robinson is vicariously liable for the negligent and gross negligent acts and omissions of Defendants Miser Logistics, LLC, Super Ego Holding, LLC, Ego Express, Inc., and/or Gray Falcon United, LLC and Noah Cook.

**COUNT VII**

**STRICT PRODUCT LIA ILITY A AINST INTERNATIONAL MOTORS LLC**

81. Plaintiffs adopt and incorporate by reference each of the previous paragraphs as if set forth fully herein.

82. Plaintiffs aver and allege that the subject 2023 International LT625 VIN 3HSD APR PN219817 made the basis of this action was defective and unreasonably dangerous.

83. Prior to the occurrence made the basis of this action, Defendant International was engaged in the business of designing, developing, manufacturing, testing, furnishing, inspecting, selling and/or distributing commercial vehicles, including the subject vehicle, throughout the United States, include the Commonwealth of Kentucky. Said Defendant during said period of time and for valuable consideration designed, manufactured, tested, inspected, furnished, sold and/or distributed the subject International LT625 vehicle, which struck the vehicle the Plaintiffs occupied in the rear, resulting in the incident made the basis of this lawsuit.

84. At the aforesaid time and place, the subject International LT625 vehicle, which was in substantially the same condition, as when it was designed, manufactured, furnished, sold, and/or distributed, was being used in a manner that was foreseeable and intended. The vehicle was not reasonably safe when being used in a foreseeable and intended manner, but, to the contrary, was defective and unreasonably dangerous when being so used. Specifically, Defendant International designed, engineered, tested, manufactured, distributed, marketed, and sold the subject International LT625 vehicle without collision avoidance technology, such as automatic emergency braking or frontal collision warnings. As such, the subject International LT625 vehicle was unreasonably dangerous in its inability to adequately warn the driver of an impending frontal collision and brake to avoid or mitigate a collision.

85. Safer, practical and feasible collision avoidance technology was available for the subject International LT625 vehicle as Defendant International offered this technology as standard equipment on other International trucks. Defendant International was aware equipping the subject vehicle with collision avoidance technology would have eliminated the defective and unsafe characteristics of the subject vehicle, without impairing its usefulness or making it too expensive, yet it failed to make its product safe and failed to equip the subject vehicle with collision avoidance technology.

86. Defendant International failed to equip the subject vehicle with collision avoidance technology and/or allowed collision avoidance technology to be omitted from the design and manufacture of the subject vehicle. This is contrary to marketing for International LT models which states collision avoidance technology is standard equipment.

87. At the time of the subject incident, the subject International LT625 vehicle was defective in design, manufacture and/or warnings as it did not timely and properly alert Defendant Cook to the driving conditions in front of him and did not timely brake to avoid colliding with vehicles in front him, and specifically the Plaintiffs vehicle, or mitigate the collision in any manner.

88. The defective nature of the subject vehicle created a high probability that when the subject vehicle was involved in a foreseeable collision, catastrophic injuries would result. Defendant International knew, or in the exercise of reasonable care, should have known of the risks associated with the use and operation of the subject vehicle prior to production. The aforesaid defects in the subject vehicle were not known to the Plaintiffs and were not discoverable through reasonable inspection.

89. Pleading in the alternative, the collision avoidance technology on the subject International LT625 vehicle, was defective and unreasonably dangerous in that failed to operate

Case 3:26-cv-00521-GNS-LLK Document 1-4 Filed 06/10/26 Page 22 of 323 PageID #: 126

and/or operate appropriately under foreseeable conditions, and failed to provide warnings to the driver, Cook, of an impending collision, and failed to brake to avoid and/or mitigate the collision with Plaintiffs vehicle.

90. Defendant International negligently and/or gross negligently, designed, manufactured, distributed, marketed, failed to warn and/or inadequately warned, and/or sold the subject truck in a defective and unreasonably dangerous condition.

91. As a proximate consequence of the unreasonably dangerous and defective condition of the subject International LT265 vehicle, Plaintiff, Dorris H. Kelley, to suffer damages including, but not limited to:

a. Bodily injuries requiring medical treatment

b. Past, present and future physical pain, emotional distress, mental anguish and suffering

c. Permanent scarring and disfigurement

d. Past and future medical and pharmaceutical bills and other expenses

e. Lost wages and diminished earning capacity and

f. Property damage.

92. As a proximate consequence of the unreasonably dangerous and defective condition of the subject International LT265 vehicle, Plaintiff Darrelyn J. Kelley to suffer damages including, but not limited to:

a. Bodily injuries requiring medical treatment

b. Past, present and future physical pain, emotional distress, mental anguish and suffering

c. Permanent scarring and disfigurement

d. Past and future medical and pharmaceutical bills and other expenses

e. Lost wages and diminished earning capacity  and

f. Property damage.

**COUNT VII**

**NE  LI  ENCE A  AINST INTERNATIONAL MOTORS  LLC**

93. Plaintiffs adopt and incorporate by reference each of the previous paragraphs as if set forth fully herein.

94. Defendant International negligently designed, developed, engineered, manufactured, assembled, tested or failed to test, inspect or failed to inspect, marketed, furnished, sold, and distributed the subject International LT625 vehicle involved in the incident made the basis of Plaintiffs  complaint, and said negligent conduct was a proximate cause of the severe and permanent injuries sustained by the Plaintiffs.

95. At the time Defendant International designed, developed, manufactured, engineered, tested, marketed, inspected, distributed, and/or sold the subject International LT625 vehicle, it had a duty to exercise reasonable care in order to provide a safe product and to manufacture, design, build, engineer, test, inspect, market, distribute, and sell the product so as not to subject others on the roadway with the subject vehicle to an unreasonable risk of injury, harm or death. Further, Defendant International had a duty to foreseeable owners, operators, passengers, and the motoring public on the roadways with the subject vehicle to exercise the same degree of care, diligence and skill in designing, testing, inspecting, manufacturing, marketing, and selling the subject International LT625 vehicle as other similar entities would have exercised. Defendant International also had a duty to foreseeable owners, passengers, and the motoring public on the roadways with the subject vehicle, to adequately warn and/or instruct them about the ha  ards and

dangerous conditions related to the use and operation of the subject International LT625 vehicle and in its intended manner as other manufacturers and distributors would have exercised.

96. Defendant International breached its duties by unreasonably and negligently designing, testing, manufacturing, marketing and selling the subject International LT6525 without collision avoidance technology. This is despite representations that such technology was standard equipment when it was actually optional equipment.

97. Upon information and belief, as early as 2016 Defendant International represented that the Bendix Wingman Advanced system would be standard equipment on its LT series trucks. Defendant International then represented that a more advanced version of collision avoidance technology would be standard equipment on its on-highway tractors. Specifically, in 2019 Defendant International represented collision avoidance technology was available as standard equipment on its on-highway tractors, including the LT, RH and LoneStar series trucks, utili ing the Bendix Wingman Fusion system. Despite this representation, Defendant International chose to make the collision avoidance technology optional equipment for the subject International LT625 involved in the incident made the basis of this lawsuit. Defendant International failed to equip the subject International LT625 vehicle with collision avoidance technology and/or allowed the collision avoidance technology to be omitted or deleted at the time of the design and manufacture of the subject International LT625 involved in the incident made the basis of this lawsuit.

98. The collision avoidance system utili ed by Defendant International uses radar to detect vehicles in front of the truck and then provides audible and visible warnings to the driver to alert the driver when the truck is getting too close to the vehicle in front of it. If the driver does not take action, the system will automatically engage the brakes to help the driver mitigate the potential collision.

99. The collision avoidance technology available for the subject International LT625 also works with cruise control to help the driver maintain a set following distance behind the vehicle in front of it. If the vehicle in front slows down, the system will alter the driver, reduce the engine throttle, engaging the engine retarder, or if necessary apply the brake to help the driver maintain a safe following distance. Other aspects of the system exist to assist the driver in mitigating a collision with other vehicles on the roadway.

100. Defendant International knew well before the subject incident that its driver assistance technology would help mitigate the potential for collisions by providing data to the driver about what is going on in front of the truck. Defendant International knew this technology would improve safety not only for truck drivers, but for all motorists.

101. Defendant International breached its duties when it decided to fail to equip the subject International LT625 vehicle with collision avoidance technology and/or allowed the collision avoidance technology to be omitted at the time of design and manufacture of the subject International LT625 vehicle, and thereby failing to equip the subject vehicle with it.

102. By negligently designing, testing or failing to test, failing to equip, manufacturing, marketing, and selling the subject International LT625, Defendant International, failed to use that degree of care, diligence, and skill as other similar entities in that it failed to adopt safer, practical, feasible, and otherwise reasonable alternative designs that could have been reasonably adopted and would have prevented and/or mitigated the subject incident without substantially impairing the usefulness, practicality or desirability of the subject International LT625.

103. At the time of the subject incident, the subject International LT625 did not timely and properly alert Defendant Cook to the driving conditions in front of him and did not timely brake

Case 3:26-cv-00518-GNS-LLK Document 1-4 Filed 01/17/26 Page 226 of 322 PageID #: 234

to avoid colliding with vehicles in front him, and specifically the Plaintiffs vehicle, or mitigate the collision in any manner.

104. Pleading in the alternative, Defendant International negligently designed, developed, manufactured, engineered, tested, marketed, inspected, distributed, and/or sold subject International LT625 vehicle with collision avoidance technology that failed to operate and/or operate appropriately under foreseeable conditions, and failed to provide warnings to the driver, Cook, of an impending collision, and failed to brake to avoid and/or mitigate the collision with Plaintiffs vehicle.

105. As a proximate consequence of the negligent acts and omissions of Defendant International described herein, Plaintiff, Dorris H. Kelley, to suffer damages including, but not limited to:

a. Bodily injuries requiring medical treatment

b. Past, present and future physical pain, emotional distress, mental anguish and suffering

c. Permanent scarring and disfigurement

d. Past and future medical and pharmaceutical bills and other expenses

e. Lost wages and diminished earning capacity and

f. Property damage.

106. As a proximate consequence of the negligent acts and omissions of Defendant International described herein, Plaintiff Darrelyn J. Kelley to suffer damages including, but not limited to:

a. Bodily injuries requiring medical treatment

b. Past, present and future physical pain, emotional distress, mental anguish and suffering

c. Permanent scarring and disfigurement

d. Past and future medical and pharmaceutical bills and other expenses

e. Lost wages and diminished earning capacity  and

f. Property damage.

**COUNT VIII**

**ROSS NE   LI   ENCE A   AINST INTERNATIONAL MOTORS  LLC**

107. Plaintiffs adopt and incorporate by reference each of the previous paragraphs as if set forth fully herein.

108. Defendant International gross negligently designed, developed, engineered, manufactured, assembled, tested or failed to test, inspect or failed to inspect, marketed, furnished, sold, and distributed the subject International LT625 vehicle involved in the incident made the basis of Plaintiffs  complaint, and said gross negligent conduct was a proximate cause of the severe and permanent injuries sustained by the Plaintiffs.

109. At the time Defendant International designed, developed, manufactured, engineered, tested, marketed, inspected, distributed, and/or sold the subject International LT625 vehicle, it had a duty to exercise reasonable care in order to provide a safe product and to manufacture, design, build, engineer, test, inspect, market, distribute, and sell the product so as not to subject others on the roadway with the subject vehicle to an unreasonable risk of injury, harm or death. Further, Defendant International had a duty to foreseeable owners, operators, passengers, and the motoring public on the roadways with the subject vehicle to exercise the same degree of care, diligence and skill in designing, testing, inspecting, manufacturing, marketing, and selling

the subject International LT625 vehicle as other similar entities would have exercised. Defendant International also had a duty to foreseeable owners, passengers, and the motoring public on the roadways with the subject vehicle, to adequately warn and/or instruct them about the ha ards and dangerous conditions related to the use and operation of the subject International LT625 vehicle and in its intended manner as other manufacturers and distributors would have exercised.

110. Defendant International breached its duties by unreasonably and gross negligently designing, testing, manufacturing, marketing and selling the subject International LT6525 without collision avoidance technology. This is despite representations that such technology was standard equipment when it was actually optional equipment.

111. Upon information and belief, as early as 2016 Defendant International represented that the Bendix Wingman Advanced system would be standard equipment on its LT series trucks. Defendant International then represented that a more advanced version of collision avoidance technology would be standard equipment on its on-highway tractors. Specifically, in 2019 Defendant International represented collision avoidance technology was available as standard equipment on its on-highway tractors, including the LT, RH and LoneStar series trucks, utili ing the Bendix Wingman Fusion system. Despite this representation, Defendant International chose to make the collision avoidance technology optional equipment for the subject International LT625 involved in the incident made the basis of this lawsuit. Defendant International failed to equip the subject International LT625 vehicle with collision avoidance technology and/or allowed the collision avoidance technology to be omitted or deleted at the time of the design and manufacture of the subject International LT625 involved in the incident made the basis of this lawsuit.

112. The collision avoidance system utili ed by Defendant International uses radar to detect vehicles in front of the truck and then provides audible and visible warnings to the driver to

alert the driver when the truck is getting too close to the vehicle in front of it. If the driver does not take action, the system will automatically engage the brakes to help the driver mitigate the potential collision.

113. The collision avoidance technology available for the subject International LT625 also works with cruise control to help the driver maintain a set following distance behind the vehicle in front of it. If the vehicle in front slows down, the system will alter the driver, reduce the engine throttle, engaging the engine retarder, or if necessary apply the brake to help the driver maintain a safe following distance. Other aspects of the system exist to assist the driver in mitigating a collision with other vehicles on the roadway.

114. Defendant International knew well before the subject incident that its driver assistance technology would help mitigate the potential for collisions by providing data to the driver about what is going on in front of the truck. Defendant International knew this technology would improve safety not only for truck drivers, but for all motorists.

115. Defendant International breached its duties when it decided to fail to equip the subject International LT625 vehicle with collision avoidance technology and/or allowed the collision avoidance technology to be omitted at the time of design and manufacture of the subject International LT625 vehicle, and thereby failing to equip the subject vehicle with it.

116. By gross negligently designing, testing or failing to test, failing to equip, manufacturing, marketing, and selling the subject International LT625, Defendant International, failed to use that degree of care, diligence, and skill as other similar entities in that it failed to adopt safer, practical, feasible, and otherwise reasonable alternative designs that could have been reasonably adopted and would have prevented and/or mitigated the subject incident without

Case 3:26-cv-00058-GNS-LLK Document 14-1 Filed 04/01/26 Page 231 of 323 PageID #: 234

substantially impairing the usefulness, practicality or desirability of the subject International LT625.

117. The gross negligent conduct of Defendant International was done with a reckless and conscious disregard for the rights and safety of others.

118. At the time of the subject incident, the subject International LT625 did not timely and properly alert Defendant Cook to the driving conditions in front of him and did not timely brake to avoid colliding with vehicles in front him, and specifically the Plaintiffs vehicle, or mitigate the collision in any manner.

119. Pleading in the alternative, Defendant International gross negligently designed, developed, manufactured, engineered, tested, marketed, inspected, distributed, and/or sold subject International LT625 vehicle with collision avoidance technology that failed to operate and/or operate appropriately under foreseeable conditions, and failed to provide warnings to the driver, Cook, of an impending collision, and failed to brake to avoid and/or mitigate the collision with Plaintiffs vehicle.

120. As a proximate consequence of the gross negligent acts and omissions of Defendant International described herein, Plaintiff, Dorris H. Kelley, to suffer damages including, but not limited to:

a. Bodily injuries requiring medical treatment

b. Past, present and future physical pain, emotional distress, mental anguish and suffering

c. Permanent scarring and disfigurement

d. Past and future medical and pharmaceutical bills and other expenses

e. Lost wages and diminished earning capacity and

f. Property damage.

121. As a proximate consequence of the gross negligent acts and omissions of Defendant International described herein, Plaintiff Darrelyn J. Kelley to suffer damages including, but not limited to:

a. Bodily injuries requiring medical treatment

b. Past, present and future physical pain, emotional distress, mental anguish and suffering

c. Permanent scarring and disfigurement

d. Past and future medical and pharmaceutical bills and other expenses

e. Lost wages and diminished earning capacity and

f. Property damage.

**WHEREFORE**, Plaintiffs demand judgment against Defendants as follows:

a. A trial by jury on all issues of fact herein

b. Compensatory damages against the Defendants in a fair and reasonable amount to be determined by a jury sitting at the trial of this matter, but in an amount sufficient to confer jurisdiction on this Court

c. For prejudgment interest from the date of the Plaintiffs injuries until such time the judgment is paid

d. For Plaintiffs costs herein expended

e. Punitive damages against all Defendants except State Farm, and

f. For any and all other relief to which Plaintiffs are entitled.

## CERTIFICATION

This is to certify that pursuant to KRS 411.188(2), the undersigned attorneys have notified by certified mail all of those parties believed to possibly hold subrogation rights to any award received by the Plaintiff as a result of this action and that the failure to assert subrogation rights by intervention, pursuant to Kentucky Civil Rule 24, or otherwise will result in a loss of those rights with respect to any final award received by the Plaintiff as a result of this action. Pursuant to KRS 411.188(4) the parties notified pursuant to KRS 411.188(2) are as follows:

**RESPECTFULLY** signed and submitted this 17th day of April, 2026.

*/s/ Jonathan B. Fannin*
Jonathan B. Fannin, Esq.
Carl W. Walter II, Esq.
**MINNER VINES INJURY LAWYERS PLLC**
325 West Main Street, Suite 210
Lexington, Kentucky 40507
Telephone: (859) 550-2900
Facsimile: (859) 550-2902
Email: jonathan@mvmlaw.com
carl@mvmlaw.com
*Counsel for Plaintiffs*

## CERTIFICATE OF SERVICE

I hereby certify that on April 2026, I electronically filed the foregoing document with the Clerk of the Court by using CM/ECF, which will send notice of electronic filing to the following:

Jeri B. Poppe, Esq.
Don K. Brown, PSC
13102 Eastpoint Park Boulevard, Suite 200
Louisville, Kentucky 40223
*Counsel for Defendants, Noah N. Cook and Miser Logistics, LLC*

*/s/ Jonathan B. Fannin*
Jonathan B. Fannin, Esq.

**IN THE UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF KENTUCKY**
**LOUISVILLE DIVISION**
**CIVIL ACTION NO.: 3:25-cv-628-DJH**

***E r F d***

| | | |
|---|---|---|
| DORRIS H. KELLEY and<br>DARRELYN J. KELLEY | ) | PLAINTIFFS |
| | ) | |
| | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| | ) | |
| NOAH N. RODARTE, et al. | | DEFENDANTS |

---

**NOTICE OF CONSENT**

---

Plaintiffs, Dorris H. Kelley and Darrelyn J. Kelley, hereby give notice that the agreed order submitted on April 17, 2026, permitting the filing of Plaintiff s Amended Complaint was signed with permission by counsel for Defendants.

Respectfully submitted,

*/s/Jonathan . Fannin*
Jonathan B. Fannin, Esq.
Carl W. Walter II, Esq.
**MINNER VINES INJURY LAWYERS PLLC**
325 West Main Street, Suite 210
Lexington, Kentucky 40507
Telephone: (859) 550-2900
Facsimile: (859) 550-2902
Email: jonathan@mvmlaw.com
carl@mvmlaw.com
*Counsel for Plaintiffs*

Case 3:25-cv-00052-GNS-LLK Document 1-1 Filed 04/20/26 Page 23 of 23 PageID #: 1282

**HAVIN EEN SEEN AND A REED TO Y:**

*/s/Jeri . Po e y J F / ermission*
Jeri B. Poppe, Esq.
Don K. Brown, PSC
13102 Eastpoint Park Boulevard, Suite 200
Louisville, Kentucky 40223
*Counsel for Defendants, Noah N. odarte and*
*Miser Logistics, LLC*

*/s/Jonathan . Fannin*
Jonathan B. Fannin, Esq.
Carl W. Walter II, Esq.
**MINNER VINES INJURY LAWYERS PLLC**
325 West Main Street, Suite 210
Lexington, Kentucky 40507
*Counsel for Plaintiffs*

**CERTIFICATE OF SERVICE**

I hereby certify that the foregoing was served to the following via electronic mail as well as electronically filed with the Clerk of the Court via the CM/ECF system on this the 20th day of April 2026:

Jeri B. Poppe, Esq.
Don K. Brown, PSC
13102 Eastpoint Park Boulevard, Suite 200
Louisville, Kentucky 40223
jpoppe@donkbrownlaw.com
*Counsel for Defendants, Noah N. odarte and*
*Miser Logistics, LLC*

*/s/Jonathan . Fannin*
Jonathan B. Fannin, Esq.

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

DORRIS H. KELLEY and
DARRELYN J. KELLEY, Plaintiffs,

v. Civil Action No. 3:25-cv-628-DJH-LLK

NOAH N. RODARTE and
MISER LOGISTICS, LLC, Defendants.

* * * * *

**ORDER**

The Parties have filed a proposed agreed order, consenting to the filing of an amended complaint. (*See* Docket No. 14; D.N. 15) "Under Fed. R. Civ. P. 15(a)(2), 'a party may amend its pleading . . . with the opposing party's written consent.'" *New London Tobacco Mkt., Inc. v. Ky. Fuel Corp.*, No. 12-91-GFVT, 2016 WL 7971209, at *2 (E.D. Ky. Feb. 2, 2016). Thus, the Court will allow the amendment. *See id.* Because the amendment has been allowed, the Kelleys' previous motion for leave to amend (D.N. 9) is rendered moot. *See, e.g.*, *Bradley v. Rudd Med. Servs.*, No. 3:24-cv-00827, 2026 WL 937935, at *1–2 (M.D. Tenn. Apr. 7, 2026) (granting leave to amend and mooting an earlier-filed motion for leave to amend). In light of this disposition, the Court will deny the Kelleys' motion to strike the motion for leave to amend (D.N. 11). *See White v. City of Cleveland*, No. 1:17CV-01165, 2020 WL 4207668, at *4 (N.D. Ohio July 22, 2020) ("[I]t is not this Court's practice to strike motions that have been rendered moot. Rather, the Court will simply deny [the motion that Defendants move to strike] as moot."). Accordingly, and the Court being otherwise sufficiently advised, it is hereby

**ORDERED** as follows:

(1) The parties' proposed agreed order (D.N. 14) is **GRANTED**. The Clerk of Court is **DIRECTED** to file the tendered first amended complaint (D.N. 14-1) in the record of this matter.

(2) The Kelleys' motion for leave to amend (D.N. 9) is **DENIED** as moot.

(3) The Kelleys' motion to strike (D.N. 11) is **DENIED**.

April 21, 2026



**David J. Hale, Chief Judge**
**United States District Court**

**IN THE UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF KENTUCKY**
**LOUISVILLE DIVISION**
**CIVIL ACTION NO.: 3:25-cv-628-DJH**

***Electronically Filed***

DORRIS H. KELLEY and
DARRELYN J. KELLEY ) PLAINTIFFS

V.

NOAH COOK
MISER LOGISTICS, LLC

ATTESTED
JAMES J. VILT JR., CLERK
U.S. DISTRICT COURT W/D OF KENTUCKY
Date: Apr 28, 2026
Name: JasonMayfield
Deputy Clerk

SUPER EGO HOLDING, LLC
SERVE:
Vladimir Tripkovic
677 North Larch Avenue
Elmhust, Illinois 60126

EGO EXPRESS, INC.
SERVE:
Aleksander Mimic
224 North Arlington Heights Road
Suite 105
Elk Grove Village, Illinois 60007

GRAY FALCON UNITED LLC
SERVE:
Aleksander Mimic
1431 Opus Place
Suite 110
Downers Grove, Illinois 60525

STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY

SERVE:
Corporation Service Company
421 West Main Street
Frankfort, Kentucky 40601

C.H. ROBINSON WORLDWIDE, INC.
SERVE:
Corporation Service Company
315 High Street
Frankfort, Kentucky 40601

INTERNATIONAL MOTORS, LLC

SERVE:
Corporation Service Company
315 High Street
Frankfort, Kentucky 40601

DEFENDANTS

---

**FIRST AMENDED COMPLAINT**

---

1. This action is brought on behalf of Plaintiffs, Dorris H. Kelley and Darrelyn J. Kelley, for bodily injuries and other damages sustained in a motor vehicle collision that occurred on May 26, 2025, on Interstate 65 South in Hardin County, Kentucky.

**PARTIES**

2. Plaintiffs, Dorris H. Kelley and Darrelyn J. Kelley, are, and at all times relevant to this action were, husband and wife and adult resident citizens of Kentucky, residing at 12949 State Route 270 West, Clay, Kentucky 42404.

3. Upon information and belief, Defendant, Noah Cook, is an adult resident of California, residing at 5657 Arlington Avenue, Riverside, California 92504. At all times relevant hereto, Mr. Cook was acting within the course and scope of his employment and/or agency with Miser Logistics, LLC, Super Ego Holding, LLC, Ego Express, Inc., and Gray Falcon United, LLC.

4. Defendant Cook had contacts with the Commonwealth of Kentucky and derived revenue from the Commonwealth of Kentucky and was doing business in Kentucky by operating the subject 2023 International LT625 VIN 3HSDZAPRXPN219817 tractor-trailer in Kentucky at the time of the incident made the basis of this lawsuit within the course and scope of his employment and/or agency with Miser Logistics, LLC, Super Ego Holding, LLC, Ego Express, Inc., and Gray Falcon United, LLC.

5. Defendant, Miser Logistics, LLC, is a limited liability company organized under the laws of the State of Ohio, with its principal place of business located at 655 Metro Place South, Suite 634, Dublin, Ohio 43017.

6. Defendant, Super Ego Holding, LLC, is a limited liability company organized under the laws of the State of Illinois, with its principal place of business located at 677 North Larch Avenue, Elmhurst, Illinois 60126.

7. Defendant, Ego Express, Inc., is a corporation organized under the laws of Illinois, with its principal of the State of Illinois, with its principal place of business located at 225 Arlington Heights Road, Suite 105, Elk Grove Village, Illinois 60007.

8. Defendant, Gray Falcon United, LLC, is a limited liability company organized under the laws of the State of Illinois, with its principal place of business located at 1431 Opus Place, Suite 110, Downers Grove, Illinois 60525.

9. Defendants Miser Logistics, LLC, Super Ego Holding, LLC, Ego Express, Inc., and Gray Falcon United, LLC had contacts with the Commonwealth of Kentucky and derived revenue from the Commonwealth of Kentucky and were doing business in Kentucky by operating their tractor-trailer in Kentucky at the time of the subject incident.

10. Defendant, State Farm Mutual Automobile Insurance Company ("State Farm"), is engaged in the business of insurance in the Commonwealth of Kentucky. Defendant State Farm can be served through their registered agent, Corporation Service Company, 421 West Main Street, Frankfort, Kentucky 40601.

11. Defendant C.H. Robinson Worldwide, Inc., is a corporation organized under the laws of Delaware, with its principal place of business located at 14701 Charlson Road, Eden Prairie, Minnesota 55347. It is engaged in business in the Commonwealth of Kentucky. Defendant C.H. Robinson Worldwide, Inc. can be served through its registered agent, Corporation Service Company, 315 High Street, Frankfort, KY 40601.

12. Defendant C.H. Robinson Worldwide, Inc. ("C.H Robinson") is a third-party logistics company and arranged for the transportation of the shipment with knowledge that the shipment would travel through Kentucky. Defendant C.H. Robinson failed to properly vet Defendants Miser Logistics, LLC, Super Ego Holding, LLC, Ego Express, Inc., and/or Gray Falcon United, LLC and Defendant Cook to ensure that they could competently or safely transport the shipment. It was foreseeable to Defendant C.H. Robinson that its failure to properly vet Defendants Miser Logistics, LLC, Super Ego Holding, LLC, Ego Express, Inc., and/or Gray Falcon United, LLC and Defendant Cook posed a risk to the public traveling on Kentucky highways as these Defendants carried the shipment through Kentucky.

13. Defendant International Motors, LLC is a limited liability company organized under the laws of the State of Delaware, with its principal place of business located at 2701 Navistar Drive, Lisle, Illinois 60532. It is engaged in business in the Commonwealth of Kentucky. Defendant International Motors, LLC can be served through its registered agent, Corporation

Service Company, 315 High Street, Frankfort, KY 40601. Defendant International Motors, LLC was formerly known as Navistar, Inc.

14. Defendant International Motors, LLC ("International") is in the business of designing, testing, manufacturing, marketing, furnishing, distributing and selling commercial vehicles, including the subject 2023 International LT625 VIN 3HSDZAPRXPN219817 truck tractor vehicle involved in the incident made the basis of this lawsuit.

15. The motor vehicle collision that forms the basis of this action occurred on or about May 26, 2025, in Elizabethtown, Hardin County, Kentucky.

16. Venue and jurisdiction are proper in this Court.

17. The amount in controversy exceeds the minimum jurisdictional limits of this Court.

## FACTS

18. Plaintiffs adopt and incorporate by reference each of the previous paragraphs as if set forth fully herein.

19. On or about May 26, 2025, at approximately 6:33 p.m., Plaintiff, Dorris H. Kelley, was operating a 2019 Honda Odyssey traveling southbound on Interstate 65 in Hardin County, Kentucky. Plaintiff, Darrelyn J. Kelley, was a passenger in the vehicle.

20. At that same time and place, a 2023 International LT625, VIN 3HSDZAPRXPN219817 commercial tractor-trailer operated by Defendant, Noah Cook, was traveling southbound on Interstate 65 in Hardin County, Kentucky.

21. At that same time and place, traffic in the southbound lanes of Interstate 65 had slowed or stopped due to the Hardin County Sheriff's Office conducting traffic control for a prior collision, with emergency lights activated and the right lane closed.

22. Plaintiff, Dorris H. Kelley, properly slowed his vehicle in response to the traffic control situation ahead.

23. Defendant, Noah Cook, failed to maintain a proper lookout and failed to slow his commercial vehicle in response to the clearly visible traffic control situation and slowed traffic ahead.

24. Defendant, Noah Cook, failed to slow his commercial vehicle and rear-ended Plaintiffs' vehicle with tremendous force.

25. At the time of this collision, and all times pertinent to this litigation, Defendant Noah Cook was acting within the course and scope of his employment and/or agency with Miser Logistics, LLC, Super Ego Holding, LLC, Ego Express, Inc., and Gray Falcon United, LLC. The subject 2023 International LT625, VIN 3HSDZAPRXPN219817 commercial tractor-trailer was owned and operated by Defendants Miser Logistics, LLC, Super Ego Holding, LLC, Ego Express, Inc., and Gray Falcon United, LLC and their employee Defendant Cook. The subject tractor-trailer had picked up a shipment from Columbus, Ohio, and was in route to deliver said shipment to Texas.

26. The subject 2023 International LT625, VIN 3HSDZAPRXPN219817 vehicle was ordered and purchased by Super Ego Holding, LLC ("Super Ego Holding"). Defendant Super Ego Holding, LLC is a chameleon carrier[1] owned and operated by Aleksander Mimic. Aleksander Mimic is a Serbian born entrepreneur. He, as well as his family and associates, operate a chameleon carrier network through Super Ego Holding, LLC and related entities, including, but not limited

[1] "Chameleon carriers" are trucking companies that go out of business due to safety concerns, loss of insurance, or anticipated fines only to start back up again under a different DOT but continue to use common ownership, equipment, offices, drivers and/or managers. Chameleon carriers do this to avoid the consequences of their unsafe practices.

to, Miser Logistics, LLC, Ego Express, Inc., and Gray Falcon United, LLC. Mr. Mimic, as well as his family and associates, have owned and operated numerous unsafe motor carriers over the years.

27. Defendants Miser Logistics, LLC, Ego Express, Inc., and Gray Falcon United, LLC are chameleon carriers.

28. Super Ego Holding is under federal investigation for its chameleon carrier scheme. It was also the subject of a 60 Minutes investigation and story.[2] It has been reported that it, and its network of commercial trucking and leasing companies, is "one of the most notorious chameleon schemes." (*Id.*)

29. Super Ego Holding and its related network of entities and carriers, including but not limited to, Miser Logistics, LLC, Ego Express, Inc., and Gray Falcon United, LLC, have thousands of safety violations, have a history of failing to follow local, state and federal regulations, altering records, and have been involved in numerous accidents.

30. Super Ego Holding and some of its related entities are also in a class-action lawsuit involving its drivers with allegations related to pay practices, fraud, and unsafe operating practices.

31. Prior to the occurrence made the basis of this lawsuit, Defendant C.H. Robinson worked with Super Ego Holding, LLC, and its related network of entities and carriers to transport freight. In fact, C.H. Robinson named Super Ego its Carrier of the Year for 2025 even though it knew or should have known about the unsafe practices and safety history of Super Ego Holding, LLC, and its related network of entities and carriers, including, but not limited to, Miser Logistics, LLC, Ego Express, Inc., and Gray Falcon United, LLC.

[2] 60 Minutes "Risk on the Road" https://www.youtube.com/watch?v=ylbvU-lmcpI

32. Defendants Miser Logistics, LLC, Super Ego Holding, LLC, Ego Express, Inc., and/or Gray Falcon United, LLC were alter egos of each other and/or in a joint venture together as they used the same employees and commingled assets.

33. The subject International LT625 vehicle was designed, developed, manufactured, tested, marketed and distributed, and sold by Defendant International. At the time of the occurrence made the basis of this lawsuit, the subject International LT625 vehicle was in substantially the same condition as it was when designed, manufactured and sold by International. The subject International LT625 vehicle was not reasonably safe when being used in a foreseeable manner, but, to the contrary, was defective and unreasonably dangerous when being so used as it failed to contain a collision mitigation system, despite it marketed as being standard equipment on the subject model vehicle.

34. The collision caused severe and permanent injuries to both Plaintiffs, Dorris H. Kelley and Darrelyn J. Kelley.

35. Both Plaintiffs were transported to Baptist Health Hardin for treatment of their injuries.

36. Plaintiff, Dorris H. Kelley, suffered severe, catastrophic, and permanent injuries, was subsequently airlifted to the University of Louisville Hospital, and is still receiving ongoing treatment for his injuries.

37. Plaintiff, Darrelyn J. Kelley, suffered severe, catastrophic, and permanent injuries.

38. As a result of the collision, and the direct and proximate consequence of the wrongful conduct of the defendants, both Plaintiffs have suffered serious, permanent, and catastrophic injuries requiring ongoing medical treatment and care.

**COUNT I**

**COMMON LAW NEGLIGENCE AND GROSS NEGLIGENCE OF DEFENDANTS NOAH COOK, MISER LOGISTICS, LLC, SUPER EGO HOLDING, LLC, EGO EXPRESS, INC. AND GRAY FALCON UNITED, LLC**

39. Plaintiffs adopt and incorporate by reference each of the previous paragraphs as if set forth fully herein.

40. At all times relevant hereto, Defendant, Noah Cook, was operating a commercial vehicle within the line and scope of his employment with and/or for the benefit of Miser Logistics, LLC, Super Ego Holding, LLC, Ego Express, Inc. and Gray Falcon United, LLC.

41. The actions of Defendant, Noah Cook, caused significant injuries to the Plaintiffs as described herein.

42. Defendant, Noah Cook, was acting as an agent, servant, or employee of Defendant Miser Logistics, LLC, Super Ego Holding, LLC, Ego Express, Inc., Gray Falcon United, LLC and was acting within the line and scope of his employment or agency at all times material hereto.

43. Defendants Miser Logistics, LLC, Super Ego Holding, LLC, Ego Express, Inc., Gray Falcon United, LLC they share employees and comingle assets. As such, these Defendants were in a joint venture; were alter egos of each other; and/or were agents of each other so that each is liable of for the actions of the other.

44. Plaintiffs aver that Defendant, Noah Cook, acting as agent or servant or employee of Defendant Miser Logistics, LLC, Super Ego Holding, LLC, Ego Express, Inc. and Gray Falcon United, LLC negligently and recklessly failed to keep a proper lookout, failed to maintain a safe following distance, failed to reduce speed when approaching stopped or slowed traffic, failed to follow standards for the safe operation of a commercial tractor-trailer, and caused, allowed, or permitted the vehicle he was operating to collide with Plaintiffs' vehicle. Plaintiffs further aver that

Defendant Miser Logistics LLC, Super Ego Holding, LLC, Ego Express, Inc. and Gray Falcon United, LLC are vicariously liable for the acts of Defendant, Noah Cook.

45. Plaintiffs aver that Defendant, Noah Cook, negligently and recklessly, consciously disregarded the rights and safety of others in the operation of his commercial vehicle causing the collision at issue.

46. Plaintiffs aver that defendant Miser Logistics, LLC Super Ego Holding, LLC, Ego Express, Inc., and Gray Falcon United, LLC were negligent in their hiring, training, supervision, dispatch, leasing of equipment to, and retention of Noah Cook with respect to the operation of commercial vehicles on the public roadways.

47. As a direct and proximate result of the conduct of Defendants, Noah Cook, Miser Logistics, LLC, Super Ego Holding, LLC, Ego Express, Inc., and Gray Falcon United, LLC, Plaintiff, Dorris H. Kelley, suffered damages including, but not limited to:

a. Bodily injuries requiring medical treatment;

b. Past, present and future physical pain, emotional distress, mental anguish and suffering;

c. Permanent scarring and disfigurement;

d. Past and future medical and pharmaceutical bills and other expenses;

e. Lost wages and diminished earning capacity; and

f. Property damage.

48. As a direct and proximate result of the conduct of Defendants, Noah Cook, Miser Logistics, LLC, Super Ego Holding, LLC, Ego Express, Inc., and Gray Falcon United, LLC, Plaintiff Darrelyn J. Kelley suffered damages including, but not limited to:

a. Bodily injuries requiring medical treatment;

b. Past, present and future physical pain, emotional distress, mental anguish and suffering;

c. Permanent scarring and disfigurement;

d. Past and future medical and pharmaceutical bills and other expenses;

e. Lost wages and diminished earning capacity; and

f. Property damage.

**COUNT II**
**LOSS OF CONSORTIUM**

49. Plaintiffs adopt and incorporate by reference each of the previous paragraphs as if set forth fully herein.

50. Plaintiff, Darrelyn J. Kelley, avers that the reckless and negligent conduct of the Defendants as described herein has caused such injuries to her husband, Dorris H. Kelley, that she has been caused to suffer the loss of companionship, company, intimacy, comfort, and assistance that her husband was typically and commonly able to provide in their marriage prior to the subject incident.

**COUNT III**
**NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS**

51. Plaintiffs adopt and incorporate by reference each of the previous paragraphs as if set forth fully herein.

52. Plaintiff, Darrelyn J. Kelley, avers that the reckless and negligent conduct of the Defendants as described herein has caused her to suffer severe mental stress and emotional injuries that no reasonable person can be expected to endure under the circumstances.

53. Plaintiff, Dorris H. Kelley, avers that the reckless and negligent conduct of the Defendants as described herein has caused him to suffer severe mental stress and emotional injuries that no reasonable person can be expected to endure under the circumstances.

**COUNT IV**

**CONTRACTUAL CLAIMS AGAINST DEFENDANT STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY**

54. Plaintiffs incorporate the foregoing paragraphs by reference as if stated fully herein.

55. Plaintiffs were insured by Defendant, State Farm, pursuant to Policy Number 4283819-D06-17A. Said policy provided liability, UM, and UIM coverage for the vehicle collision that took place on, that is the subject of this Amended Complaint.

56. As a result of the vehicle collision that is subject of this Amended Complaint, Plaintiffs have been damaged in excess of the policy limits of Defendants' liability coverage, and Plaintiffs are contractually entitled to receive UIM and/or UM benefits from Defendant, State Farm.

57. Plaintiffs are demanding payment from Defendant, State Farm, in accordance with the provisions of the insurance policy as referred to above, in the amount up to said limits held by Defendant, State Farm.

**COUNT V**

**NEGLIGENT AND GROSS NEGLIGENT SELECTION AGAINST C.H. ROBINSON WORLDWIDE, INC.**

58. Plaintiffs adopt and incorporate by reference each of the previous paragraphs as if set forth fully herein.

59. Defendant C.H. Robinson owed a duty to members of the traveling public to use reasonable care to investigate and evaluate, on an ongoing basis, the competency and safety record of any carrier or driver it used to transport freight.

60. This duty included, but was not limited to, conducting adequate due diligence into the safety history and fitness of carriers before engaging them, reviewing FMSCA safety data, refrain from tendering loads to carriers with known or discoverable unsafe histories, and implement and follow carrier vetting procedures.

61. Defendant C.H. Robinson negligently and/or gross negligently with a reckless, conscious disregard for the rights and safety of others chose to endanger the motoring public by using Defendants Miser Logistics, LLC, Super Ego Holding, LLC, Ego Express, Inc., and/or Gray Falcon United, LLC and Noah Cook to haul freight for its clients, including the shipment it allowed these Defendants to haul on the day of the subject crash.

62. Defendant C.H. Robinson knew, or should have known, Defendants Miser Logistics, LLC, Super Ego Holding, LLC, Ego Express, Inc., and/or Gray Falcon United, LLC and Noah Cook were not competent to safely haul the shipment on the date of the subject crash made the basis of this lawsuit. Defendants Miser Logistics, LLC, Super Ego Holding, LLC, Ego Express, Inc., and/or Gray Falcon United, LLC and Noah Cook lacked a basic understanding of federal trucking regulations and the trucking industry. In addition, C.H. Robinson knew, or should have known, that these Defendants had previous safety violations, unsafe operating histories and/or were unfit to safely operate commercial motor vehicles on public highways. Nevertheless, Defendant C.H. Robinson negligently and/or gross negligently chose to turn a blind eye and allow Defendants Miser Logistics, LLC, Super Ego Holding, LLC, Ego Express, Inc., and/or Gray Falcon United, LLC and Noah Cook to continue to operate because it was financially beneficial to all involved.

63. Prior to the occurrence made the basis of this lawsuit, Defendant C.H. Robinson worked with Super Ego Holding, LLC, and its related network of entities and carriers to transport freight. In fact, C.H. Robinson named Super Ego its Carrier of the Year for 2025 even though it knew or should have known about the unsafe practices and safety of Super Ego Holding, LLC, and its related network of entities and carriers, including, but not limited to, Miser Logistics, LLC, Ego Express, Inc., and Gray Falcon United, LLC. It also knew, or should have known, about the chameleon carrier scheme utilized by Super Ego Holding and its related entities and carriers, and that it used different motor carrier names and numbers to get around it, and its related entities', bad safety ratings and violations, including but not limited to, Miser Logistics, LLC, Ego Express, Inc., and/or Gray Falcon United, LLC.

64. Defendant C.H. Robinson had a continuing duty to ensure that Defendants Miser Logistics, LLC, Super Ego Holding, LLC, Ego Express, Inc., and/or Gray Falcon United, LLC and Noah Cook were complying with local/state/federal laws and the Federal Motor Carrier Safety Regulations throughout the duration of its relationship with the defendants. Defendant C.H. Robinson did not comply with this duty.

65. Defendant C.H. Robinson negligently and/or gross negligently breached its aforesaid duties, including, but not limited to, the following:

(a) Retaining the Defendants, Miser Logistics, LLC, Super Ego Holding, LLC, Ego Express, Inc., and/or Gray Falcon United, LLC and Noah Cook, that were unfit operate a commercial vehicle in a reasonably safe manner; and/or

(b) Failing to monitor, check or investigate Miser Logistics, LLC, Super Ego Holding, LLC, Ego Express, Inc., and/or Gray Falcon United, LLC and Noah Cook's hours of

service violations when it knew or should have known these hours of service violations were readily available to review; and/or

(c) Failing to follow its own safety policies or procedures with regard to hiring the Defendants, Miser Logistics, LLC, Super Ego Holding, LLC, Ego Express, Inc., and/or Gray Falcon United, LLC and Noah Cook, to transport the shipment; and/or

(d) Failing to enforce or monitor its own safety requirements on the equipment used to transport the shipment; and/or

(e) Failing to request the Defendants Miser Logistics, LLC, Super Ego Holding, LLC, Ego Express, Inc., and/or Gray Falcon United, LLC and Noah Cook provide any company safety manual or driving manual or determine whether the Defendants had an adequate safety plan or controls before allowing them to transport the subject shipment; and/or

(f) Hiring the Defendants Miser Logistics, LLC, Super Ego Holding, LLC, Ego Express, Inc., and/or Gray Falcon United, LLC and Noah Cook to transport the shipment on public highways, when it knew or should have known that the Defendants were not reasonably safe and unfit to transport freight, including the subject shipment; and/or

(g) Failing to review and/or request FMSCA safety data on the Defendants Miser Logistics, LLC, Super Ego Holding, LLC, Ego Express, Inc., and/or Gray Falcon United, LLC and Noah Cook; and/or

(h) Failing to review and/or request driver qualification files for any driver, including Defendant Cook, before selecting the Defendants to transport the subject lad of cargo; and/or

(i) Failing to review and/or request Defendant Cook's driving record; and/or

(j) Failing to review, request or monitor any driver training, background check, log books, or safety information determine whether Defendant Cook was a reasonably safe commercial vehicle driver before hiring him to haul the subject shipment; and/or

(k) Were negligent and/or grossly negligent in other respects when selecting Defendants Miser Logistics, LLC, Super Ego Holding, LLC, Ego Express, Inc., and/or Gray Falcon United, LLC and Noah Cook to haul freight for its clients, including subject shipment.

66. As a result, Defendants Miser Logistics, LLC, Super Ego Holding, LLC, Ego Express, Inc., and/or Gray Falcon United, LLC and Noah Cook negligently and/or gross negligently operated the 18-wheeler that crashed into the back of Plaintiffs' vehicle.

67. Further, Plaintiffs allege that Defendant C.H. Robinson undertook responsibilities extending beyond the role of merely connecting a shipper and motor carrier such as managing logistical coordination, route planning and compliance and oversight. By exercising such control and discretion over the transportation process, Defendant C.H. Robinson functioned as a de facto manager of the shipment's logistics, thereby assuming duties and liability consistent with that role.

68. As a direct and proximate result of the conduct of Defendant C.H. Robinson Worldwide, Inc., Plaintiff, Dorris H. Kelley, suffered damages including, but not limited to:

a. Bodily injuries requiring medical treatment;

b. Past, present and future physical pain, emotional distress, mental anguish and suffering;

c. Permanent scarring and disfigurement;

d. Past and future medical and pharmaceutical bills and other expenses;

e. Lost wages and diminished earning capacity; and

f. Property damage.

69. As a direct and proximate result of the conduct of Defendant C.H. Robinson Worldwide, Inc., Plaintiff Darrelyn J. Kelley suffered damages including, but not limited to:

a. Bodily injuries requiring medical treatment;

b. Past, present and future physical pain, emotional distress, mental anguish and suffering;

c. Permanent scarring and disfigurement;

d. Past and future medical and pharmaceutical bills and other expenses;

e. Lost wages and diminished earning capacity; and

f. Property damage.

**COUNT VI**

**VICARIOUS LIABILITY AGAINST C.H. ROBINSON WORLDWIDE, INC.**

70. Plaintiffs adopt and incorporate by reference each of the previous paragraphs as if set forth fully herein.

71. Defendant C.H. Robinson is a third-party logistics company that accepted legal responsibility for shipment of the subject load and acted as a motor carrier.[3]

72. Defendant C.H. Robinson made an arrangement to use Miser Logistics, LLC, Super Ego Holding, LLC, Ego Express, Inc., and/or Gray Falcon United, LLC and/or Noah Cook's tractor-trailer to transport the shipment from Columbus, Ohio to Texas. As such, Defendant C.H. Robinson was responsible for ensuring the tractor-trailer was operated safely.

73. At all relevant times Defendants Miser Logistics, LLC, Super Ego Holding, LLC, Ego Express, Inc., and/or Gray Falcon United, LLC and Noah Cook acted as the agent, servant

[3] *See Nipponkoa Ins. Co., Ltd. v. C.H. Robinson Worldwide, Inc., et al.*, No. 09 Civ. 2365 (PGG)2011 WL 671747 (S.D.N.Y. Feb. 18, 2011)(finding question of fact existed as to C.H. Robinson Worldwide, Inc.'s status as a motor carrier).

and/or employee of Defendant C.H. Robinson, acting within the course and scope of that agency or employment.

74. Defendant C.H. Robinson reserved the right to control the way motor carriers/drivers worked, including Defendants Miser Logistics, LLC, Super Ego Holding, LLC, Ego Express, Inc., and/or Gray Falcon United, LLC and/or Noah Cook. This included, but was not limited to, managing logistical coordination, route planning, and compliance and oversight.

75. On May 26, 2025, Defendant Cook was operating the subject commercial vehicle in furtherance of a common interest and/or at the direction and under the control, or right of control, of Defendant C.H. Robinson as its agent, employee and/or servant.

76. At all times relevant herein, Defendant C.H. Robinson, through its agent, employees, and/or servant Defendant Cook, owed a duty to Plaintiffs and others upon the roadways to act in a reasonably careful matter and to prevent foreseeable crashes so as not to injure or damage others on the highways, including the Plaintiffs.

77. At the aforesaid time and place, Defendant C.H. Robison, through its agents, employees and/or servants, breached said duties owed to the Plaintiffs by negligently and recklessly, consciously disregarded the rights and safety of others operated the subject commercial vehicle causing the collision at issue, including, but not limited to, negligently and recklessly failed to keep a proper lookout, failed to maintain a safe following distance, failed to reduce speed when approaching stopped or slowed traffic, failed to follow standards for the safe operation of a commercial tractor-trailer, and caused, allowed, or permitted the commercial vehicle to collide with Plaintiffs' vehicle.

78. As a proximate cause of the negligent or gross negligent acts and omissions described herein, Defendant C.H. Robinson and its agents or employees caused Plaintiff, Dorris H. Kelley, to suffer damages including, but not limited to:

a. Bodily injuries requiring medical treatment;

b. Past, present and future physical pain, emotional distress, mental anguish and suffering;

c. Permanent scarring and disfigurement;

d. Past and future medical and pharmaceutical bills and other expenses;

e. Lost wages and diminished earning capacity; and

f. Property damage.

79. As a proximate cause of the negligent or gross negligent acts and omissions described herein, Defendant C.H. Robinson and its agents or employees caused Plaintiff Darrelyn J. Kelley to suffer damages including, but not limited to:

a. Bodily injuries requiring medical treatment;

b. Past, present and future physical pain, emotional distress, mental anguish and suffering;

c. Permanent scarring and disfigurement;

d. Past and future medical and pharmaceutical bills and other expenses;

e. Lost wages and diminished earning capacity; and

f. Property damage.

80. Defendant C.H. Robinson is vicariously liable for the negligent and gross negligent acts and omissions of Defendants Miser Logistics, LLC, Super Ego Holding, LLC, Ego Express, Inc., and/or Gray Falcon United, LLC and Noah Cook.

## COUNT VII

## STRICT PRODUCT LIABILITY AGAINST INTERNATIONAL MOTORS, LLC

81. Plaintiffs adopt and incorporate by reference each of the previous paragraphs as if set forth fully herein.

82. Plaintiffs aver and allege that the subject 2023 International LT625 VIN 3HSDZAPRXPN219817 made the basis of this action was defective and unreasonably dangerous.

83. Prior to the occurrence made the basis of this action, Defendant International was engaged in the business of designing, developing, manufacturing, testing, furnishing, inspecting, selling and/or distributing commercial vehicles, including the subject vehicle, throughout the United States, include the Commonwealth of Kentucky. Said Defendant during said period of time and for valuable consideration designed, manufactured, tested, inspected, furnished, sold and/or distributed the subject International LT625 vehicle, which struck the vehicle the Plaintiffs occupied in the rear, resulting in the incident made the basis of this lawsuit.

84. At the aforesaid time and place, the subject International LT625 vehicle, which was in substantially the same condition, as when it was designed, manufactured, furnished, sold, and/or distributed, was being used in a manner that was foreseeable and intended. The vehicle was not reasonably safe when being used in a foreseeable and intended manner, but, to the contrary, was defective and unreasonably dangerous when being so used. Specifically, Defendant International designed, engineered, tested, manufactured, distributed, marketed, and sold the subject International LT625 vehicle without collision avoidance technology, such as automatic emergency braking or frontal collision warnings. As such, the subject International LT625 vehicle was unreasonably dangerous in its inability to adequately warn the driver of an impending frontal collision and brake to avoid or mitigate a collision.

85. Safer, practical and feasible collision avoidance technology was available for the subject International LT625 vehicle as Defendant International offered this technology as standard equipment on other International trucks. Defendant International was aware equipping the subject vehicle with collision avoidance technology would have eliminated the defective and unsafe characteristics of the subject vehicle, without impairing its usefulness or making it too expensive, yet it failed to make its product safe and failed to equip the subject vehicle with collision avoidance technology.

86. Defendant International failed to equip the subject vehicle with collision avoidance technology and/or allowed collision avoidance technology to be omitted from the design and manufacture of the subject vehicle. This is contrary to marketing for International LT models which states collision avoidance technology is standard equipment.

87. At the time of the subject incident, the subject International LT625 vehicle was defective in design, manufacture and/or warnings as it did not timely and properly alert Defendant Cook to the driving conditions in front of him and did not timely brake to avoid colliding with vehicles in front him, and specifically the Plaintiffs' vehicle, or mitigate the collision in any manner.

88. The defective nature of the subject vehicle created a high probability that when the subject vehicle was involved in a foreseeable collision, catastrophic injuries would result. Defendant International knew, or in the exercise of reasonable care, should have known of the risks associated with the use and operation of the subject vehicle prior to production. The aforesaid defects in the subject vehicle were not known to the Plaintiffs' and were not discoverable through reasonable inspection.

89. Pleading in the alternative, the collision avoidance technology on the subject International LT625 vehicle, was defective and unreasonably dangerous in that failed to operate

and/or operate appropriately under foreseeable conditions, and failed to provide warnings to the driver, Cook, of an impending collision, and failed to brake to avoid and/or mitigate the collision with Plaintiffs' vehicle.

90. Defendant International negligently and/or gross negligently, designed, manufactured, distributed, marketed, failed to warn and/or inadequately warned, and/or sold the subject truck in a defective and unreasonably dangerous condition.

91. As a proximate consequence of the unreasonably dangerous and defective condition of the subject International LT265 vehicle, Plaintiff, Dorris H. Kelley, to suffer damages including, but not limited to:

a. Bodily injuries requiring medical treatment;

b. Past, present and future physical pain, emotional distress, mental anguish and suffering;

c. Permanent scarring and disfigurement;

d. Past and future medical and pharmaceutical bills and other expenses;

e. Lost wages and diminished earning capacity; and

f. Property damage.

92. As a proximate consequence of the unreasonably dangerous and defective condition of the subject International LT265 vehicle, Plaintiff Darrelyn J. Kelley to suffer damages including, but not limited to:

a. Bodily injuries requiring medical treatment;

b. Past, present and future physical pain, emotional distress, mental anguish and suffering;

c. Permanent scarring and disfigurement;

d. Past and future medical and pharmaceutical bills and other expenses;

e. Lost wages and diminished earning capacity; and

f. Property damage.

## COUNT VII

## NEGLIGENCE AGAINST INTERNATIONAL MOTORS, LLC

93. Plaintiffs adopt and incorporate by reference each of the previous paragraphs as if set forth fully herein.

94. Defendant International negligently designed, developed, engineered, manufactured, assembled, tested or failed to test, inspect or failed to inspect, marketed, furnished, sold, and distributed the subject International LT625 vehicle involved in the incident made the basis of Plaintiffs' complaint, and said negligent conduct was a proximate cause of the severe and permanent injuries sustained by the Plaintiffs.

95. At the time Defendant International designed, developed, manufactured, engineered, tested, marketed, inspected, distributed, and/or sold the subject International LT625 vehicle, it had a duty to exercise reasonable care in order to provide a safe product and to manufacture, design, build, engineer, test, inspect, market, distribute, and sell the product so as not to subject others on the roadway with the subject vehicle to an unreasonable risk of injury, harm or death. Further, Defendant International had a duty to foreseeable owners, operators, passengers, and the motoring public on the roadways with the subject vehicle to exercise the same degree of care, diligence and skill in designing, testing, inspecting, manufacturing, marketing, and selling the subject International LT625 vehicle as other similar entities would have exercised. Defendant International also had a duty to foreseeable owners, passengers, and the motoring public on the roadways with the subject vehicle, to adequately warn and/or instruct them about the hazards and

dangerous conditions related to the use and operation of the subject International LT625 vehicle and in its intended manner as other manufacturers and distributors would have exercised.

96. Defendant International breached its duties by unreasonably and negligently designing, testing, manufacturing, marketing and selling the subject International LT6525 without collision avoidance technology. This is despite representations that such technology was standard equipment when it was actually optional equipment.

97. Upon information and belief, as early as 2016 Defendant International represented that the Bendix Wingman Advanced system would be standard equipment on its LT series trucks. Defendant International then represented that a more advanced version of collision avoidance technology would be standard equipment on its on-highway tractors. Specifically, in 2019 Defendant International represented collision avoidance technology was available as standard equipment on its on-highway tractors, including the LT, RH and LoneStar series trucks, utilizing the Bendix Wingman Fusion system. Despite this representation, Defendant International chose to make the collision avoidance technology optional equipment for the subject International LT625 involved in the incident made the basis of this lawsuit. Defendant International failed to equip the subject International LT625 vehicle with collision avoidance technology and/or allowed the collision avoidance technology to be omitted or deleted at the time of the design and manufacture of the subject International LT625 involved in the incident made the basis of this lawsuit.

98. The collision avoidance system utilized by Defendant International uses radar to detect vehicles in front of the truck and then provides audible and visible warnings to the driver to alert the driver when the truck is getting too close to the vehicle in front of it. If the driver does not take action, the system will automatically engage the brakes to help the driver mitigate the potential collision.

99. The collision avoidance technology available for the subject International LT625 also works with cruise control to help the driver maintain a set following distance behind the vehicle in front of it. If the vehicle in front slows down, the system will alter the driver, reduce the engine throttle, engaging the engine retarder, or if necessary apply the brake to help the driver maintain a safe following distance. Other aspects of the system exist to assist the driver in mitigating a collision with other vehicles on the roadway.

100. Defendant International knew well before the subject incident that its driver assistance technology would help mitigate the potential for collisions by providing data to the driver about what is going on in front of the truck. Defendant International knew this technology would improve safety not only for truck drivers, but for all motorists.

101. Defendant International breached its duties when it decided to fail to equip the subject International LT625 vehicle with collision avoidance technology and/or allowed the collision avoidance technology to be omitted at the time of design and manufacture of the subject International LT625 vehicle, and thereby failing to equip the subject vehicle with it.

102. By negligently designing, testing or failing to test, failing to equip, manufacturing, marketing, and selling the subject International LT625, Defendant International, failed to use that degree of care, diligence, and skill as other similar entities in that it failed to adopt safer, practical, feasible, and otherwise reasonable alternative designs that could have been reasonably adopted and would have prevented and/or mitigated the subject incident without substantially impairing the usefulness, practicality or desirability of the subject International LT625.

103. At the time of the subject incident, the subject International LT625 did not timely and properly alert Defendant Cook to the driving conditions in front of him and did not timely brake

to avoid colliding with vehicles in front him, and specifically the Plaintiffs' vehicle, or mitigate the collision in any manner.

104. Pleading in the alternative, Defendant International negligently designed, developed, manufactured, engineered, tested, marketed, inspected, distributed, and/or sold subject International LT625 vehicle with collision avoidance technology that failed to operate and/or operate appropriately under foreseeable conditions, and failed to provide warnings to the driver, Cook, of an impending collision, and failed to brake to avoid and/or mitigate the collision with Plaintiffs' vehicle.

105. As a proximate consequence of the negligent acts and omissions of Defendant International described herein, Plaintiff, Dorris H. Kelley, to suffer damages including, but not limited to:

a. Bodily injuries requiring medical treatment;

b. Past, present and future physical pain, emotional distress, mental anguish and suffering;

c. Permanent scarring and disfigurement;

d. Past and future medical and pharmaceutical bills and other expenses;

e. Lost wages and diminished earning capacity; and

f. Property damage.

106. As a proximate consequence of the negligent acts and omissions of Defendant International described herein, Plaintiff Darrelyn J. Kelley to suffer damages including, but not limited to:

a. Bodily injuries requiring medical treatment;

b. Past, present and future physical pain, emotional distress, mental anguish and suffering;

c. Permanent scarring and disfigurement;

d. Past and future medical and pharmaceutical bills and other expenses;

e. Lost wages and diminished earning capacity; and

f. Property damage.

**COUNT VIII**

**GROSS NEGLIGENCE AGAINST INTERNATIONAL MOTORS, LLC**

107. Plaintiffs adopt and incorporate by reference each of the previous paragraphs as if set forth fully herein.

108. Defendant International gross negligently designed, developed, engineered, manufactured, assembled, tested or failed to test, inspect or failed to inspect, marketed, furnished, sold, and distributed the subject International LT625 vehicle involved in the incident made the basis of Plaintiffs' complaint, and said gross negligent conduct was a proximate cause of the severe and permanent injuries sustained by the Plaintiffs.

109. At the time Defendant International designed, developed, manufactured, engineered, tested, marketed, inspected, distributed, and/or sold the subject International LT625 vehicle, it had a duty to exercise reasonable care in order to provide a safe product and to manufacture, design, build, engineer, test, inspect, market, distribute, and sell the product so as not to subject others on the roadway with the subject vehicle to an unreasonable risk of injury, harm or death. Further, Defendant International had a duty to foreseeable owners, operators, passengers, and the motoring public on the roadways with the subject vehicle to exercise the same degree of care, diligence and skill in designing, testing, inspecting, manufacturing, marketing, and selling

the subject International LT625 vehicle as other similar entities would have exercised. Defendant International also had a duty to foreseeable owners, passengers, and the motoring public on the roadways with the subject vehicle, to adequately warn and/or instruct them about the hazards and dangerous conditions related to the use and operation of the subject International LT625 vehicle and in its intended manner as other manufacturers and distributors would have exercised.

110. Defendant International breached its duties by unreasonably and gross negligently designing, testing, manufacturing, marketing and selling the subject International LT6525 without collision avoidance technology. This is despite representations that such technology was standard equipment when it was actually optional equipment.

111. Upon information and belief, as early as 2016 Defendant International represented that the Bendix Wingman Advanced system would be standard equipment on its LT series trucks. Defendant International then represented that a more advanced version of collision avoidance technology would be standard equipment on its on-highway tractors. Specifically, in 2019 Defendant International represented collision avoidance technology was available as standard equipment on its on-highway tractors, including the LT, RH and LoneStar series trucks, utilizing the Bendix Wingman Fusion system. Despite this representation, Defendant International chose to make the collision avoidance technology optional equipment for the subject International LT625 involved in the incident made the basis of this lawsuit. Defendant International failed to equip the subject International LT625 vehicle with collision avoidance technology and/or allowed the collision avoidance technology to be omitted or deleted at the time of the design and manufacture of the subject International LT625 involved in the incident made the basis of this lawsuit.

112. The collision avoidance system utilized by Defendant International uses radar to detect vehicles in front of the truck and then provides audible and visible warnings to the driver to

alert the driver when the truck is getting too close to the vehicle in front of it. If the driver does not take action, the system will automatically engage the brakes to help the driver mitigate the potential collision.

113. The collision avoidance technology available for the subject International LT625 also works with cruise control to help the driver maintain a set following distance behind the vehicle in front of it. If the vehicle in front slows down, the system will alter the driver, reduce the engine throttle, engaging the engine retarder, or if necessary apply the brake to help the driver maintain a safe following distance. Other aspects of the system exist to assist the driver in mitigating a collision with other vehicles on the roadway.

114. Defendant International knew well before the subject incident that its driver assistance technology would help mitigate the potential for collisions by providing data to the driver about what is going on in front of the truck. Defendant International knew this technology would improve safety not only for truck drivers, but for all motorists.

115. Defendant International breached its duties when it decided to fail to equip the subject International LT625 vehicle with collision avoidance technology and/or allowed the collision avoidance technology to be omitted at the time of design and manufacture of the subject International LT625 vehicle, and thereby failing to equip the subject vehicle with it.

116. By gross negligently designing, testing or failing to test, failing to equip, manufacturing, marketing, and selling the subject International LT625, Defendant International, failed to use that degree of care, diligence, and skill as other similar entities in that it failed to adopt safer, practical, feasible, and otherwise reasonable alternative designs that could have been reasonably adopted and would have prevented and/or mitigated the subject incident without

substantially impairing the usefulness, practicality or desirability of the subject International LT625.

117. The gross negligent conduct of Defendant International was done with a reckless and conscious disregard for the rights and safety of others.

118. At the time of the subject incident, the subject International LT625 did not timely and properly alert Defendant Cook to the driving conditions in front of him and did not timely brake to avoid colliding with vehicles in front him, and specifically the Plaintiffs' vehicle, or mitigate the collision in any manner.

119. Pleading in the alternative, Defendant International gross negligently designed, developed, manufactured, engineered, tested, marketed, inspected, distributed, and/or sold subject International LT625 vehicle with collision avoidance technology that failed to operate and/or operate appropriately under foreseeable conditions, and failed to provide warnings to the driver, Cook, of an impending collision, and failed to brake to avoid and/or mitigate the collision with Plaintiffs' vehicle.

120. As a proximate consequence of the gross negligent acts and omissions of Defendant International described herein, Plaintiff, Dorris H. Kelley, to suffer damages including, but not limited to:

a. Bodily injuries requiring medical treatment;

b. Past, present and future physical pain, emotional distress, mental anguish and suffering;

c. Permanent scarring and disfigurement;

d. Past and future medical and pharmaceutical bills and other expenses;

e. Lost wages and diminished earning capacity; and

f. Property damage.

121. As a proximate consequence of the gross negligent acts and omissions of Defendant International described herein, Plaintiff Darrelyn J. Kelley to suffer damages including, but not limited to:

a. Bodily injuries requiring medical treatment;

b. Past, present and future physical pain, emotional distress, mental anguish and suffering;

c. Permanent scarring and disfigurement;

d. Past and future medical and pharmaceutical bills and other expenses;

e. Lost wages and diminished earning capacity; and

f. Property damage.

**WHEREFORE**, Plaintiffs demand judgment against Defendants as follows:

a. A trial by jury on all issues of fact herein;

b. Compensatory damages against the Defendants in a fair and reasonable amount to be determined by a jury sitting at the trial of this matter, but in an amount sufficient to confer jurisdiction on this Court;

c. For prejudgment interest from the date of the Plaintiffs' injuries until such time the judgment is paid;

d. For Plaintiffs' costs herein expended;

e. Punitive damages against all Defendants except State Farm, and;

f. For any and all other relief to which Plaintiffs are entitled.

## CERTIFICATION

This is to certify that pursuant to KRS 411.188(2), the undersigned attorneys have notified by certified mail all of those parties believed to possibly hold subrogation rights to any award received by the Plaintiff as a result of this action and that the failure to assert subrogation rights by intervention, pursuant to Kentucky Civil Rule 24, or otherwise will result in a loss of those rights with respect to any final award received by the Plaintiff as a result of this action. Pursuant to KRS 411.188(4) the parties notified pursuant to KRS 411.188(2) are as follows:

**RESPECTFULLY** signed and submitted this 17th day of April, 2026.

*/s/ Jonathan B. Fannin*
Jonathan B. Fannin, Esq.
Carl W. Walter II, Esq.
**MINNER VINES INJURY LAWYERS PLLC**
325 West Main Street, Suite 210
Lexington, Kentucky 40507
Telephone: (859) 550-2900
Facsimile: (859) 550-2902
Email: jonathan@mvmlaw.com
carl@mvmlaw.com
*Counsel for Plaintiffs*

## CERTIFICATE OF SERVICE

I hereby certify that on April 2026, I electronically filed the foregoing document with the Clerk of the Court by using CM/ECF, which will send notice of electronic filing to the following:

Jeri B. Poppe, Esq.
Don K. Brown, PSC
13102 Eastpoint Park Boulevard, Suite 200
Louisville, Kentucky 40223
*Counsel for Defendants, Noah N. Cook and Miser Logistics, LLC*

*/s/ Jonathan B. Fannin*
Jonathan B. Fannin, Esq.

AO 440 (Rev. 06/12) Summons in a Civil Action

# UNITED STATES DISTRICT COURT

for the

Western District of Kentucky

| | | |
|---|---|---|
| DORRIS H. KELLEY and<br>DARRELYN J. KELLEY<br>*Plaintiff(s)*<br>v.<br>NOAH COOK<br>MISER LOGISTICS, LLC, et al.<br>*Defendant(s)* | ) | Civil Action No. 3:25-cv-628-DJH |

**SUMMONS IN A CIVIL ACTION**

To: *(Defendant's name and address)* INTERNATIONAL MOTORS, LLC
c/o Corporation Service Company
315 High Street
Frankfort, Kentucky 40601

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:

Jonathan B. Fannin, Esq.
Carl W. Walter II, Esq.
Minner Vines Injury Lawyers, PLLC
325 West Main Street, Suite 210
Lexington, KY 40507

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

CLERK OF COURT

Date: 4/24/2026

*Signature of Clerk or Deputy Clerk*

Civil Action No. 3:25-cv-628-DJH

## PROOF OF SERVICE

***(This section should not be filed with the court unless required by Fed. R. Civ. P. 4 (l))***

This summons for *(name of individual and title, if any)* ______________________
was received by me on *(date)* ______________ .

☐ I personally served the summons on the individual at *(place)* ______________________
______________________ on *(date)* ______________ ; or

☐ I left the summons at the individual's residence or usual place of abode with *(name)* ______________
______________________ , a person of suitable age and discretion who resides there,
on *(date)* ______________ , and mailed a copy to the individual's last known address; or

☐ I served the summons on *(name of individual)* ______________________ , who is
designated by law to accept service of process on behalf of *(name of organization)* ______________
______________________ on *(date)* ______________ ; or

☐ I returned the summons unexecuted because ______________________ ; or

☐ Other *(specify)*:

My fees are $ __________ for travel and $ __________ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: ______________

______________________
*Server's signature*

______________________
*Printed name and title*

______________________
*Server's address*

Additional information regarding attempted service, etc:

Print Save As... Reset

DP8 / ALL
**Transmittal Number: 34016750**
**Date Processed: 05/11/2026**

# Notice of Service of Process

| | |
|---|---|
| **Primary Contact:** | Mary Pawlowski<br>International Motors, LLC<br>2701 International Dr<br>Lisle, IL 60532-3637 |
| **Electronic copy provided to:** | Ruth Ann Patterson-Garcia<br>Jamila Covington<br>Eleanor Cabrere<br>Lynn Frayder |

| | |
|---|---|
| **Entity:** | International Motors, LLC<br>Entity ID Number 4630150 |
| **Entity Served:** | International Motors, LLC |
| **Title of Action:** | Dorris H. Kelley and Darrelyn J. Kelley vs. Noah Cook |
| **Matter Name/ID:** | Dorris H. Kelley and Darrelyn J. Kelley vs. Noah Cook (19242749) |
| **Document(s) Type:** | Summons and Amended Complaint |
| **Nature of Action:** | Product Liability |
| **Court/Agency:** | U.S. District Court, Western District, KY |
| **Case/Reference No:** | 3:25-cv-628-DJH |
| **Jurisdiction Served:** | Kentucky |
| **Date Served on CSC:** | 05/11/2026 |
| **Answer or Appearance Due:** | 21 Days |
| **Originally Served On:** | CSC |
| **How Served:** | Certified Mail |
| Sender Information: | Minner Vines Injury Lawyers, PLLC<br>859-550-2900 |

Information contained on this transmittal form is for record keeping, notification and forwarding the attached document(s). It does not constitute a legal opinion. The recipient is responsible for interpreting the documents and taking appropriate action.

**To avoid potential delay, please do not send your response to CSC**
251 Little Falls Drive, Wilmington, Delaware 19808-1674 (888) 690-2882 | sop@cscglobal.com

MINNER VINES
INJURY LAWYERS
325 W. Main Street, Ste. 210
Lexington, KY 40507

9589 0710 5270 4092 2661 74

FIRST-CLASS

US POSTAGE PITNEY BOWES
ZIP 40507
02 7H
0006217582
$ 012.98⁰
APR 28 2026

International Motors, LLC
c/o Corporation Service Company
315 High Street
Frankfort, Kentucky 40601

# United States District Court
# Western District of Kentucky

## *NOTICE ON SUMMONS*

| | |
|---|---|
| **TO:** | Jonathan B. Fannin |
| **CASE #:** | 3:25-cv-628-DJH |
| **STYLE OF CASE:** | Kelley et al v. Rodarte et al |
| **DOCUMENT TITLE:** | First Amended Complaint (DN 17) |
| **DATE:** | 4/21/2026 |

---

### No Summonses were tendered with your document.

### TENDERING SUMMONS WITH THE COURT

If you are tendering summons to the Court separately from your amended complaint, you will need to do so by preparing/filing a ***Notice of Filing Tendered Summons*** with the Court, complete with certificate of service. Issued summons will be returned electronically via email. It is also necessary to inform the Court within your notice if you intend to serve your summons through the Secretary of State.

When filing your notice within ECF, please select the event ***Notice (Other)***, located under Notices. The Notice of Filing should be the main document and all summons should be made as attachments. The ECF system will allow you the opportunity to link the notice back to any previous filing. Please link your notice of filing to the amended complaint to which your summons relates.

**IN THE UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF KENTUCKY**
**LOUISVILLE DIVISION**
**CIVIL ACTION NO.: 3:25-cv-628-DJH**
***E r F d***

| | | |
|---|---|---|
| DORRIS H. KELLEY and DARRELYN J. KELLEY | ) ) ) | PLAINTIFFS |
| v. | ) ) ) ) | |
| NOAH COOK, et al. | | DEFENDANTS |

---

**NOTICE OF FILIN TENDERED SUMMONSES**

---

Plaintiffs, Dorris H. Kelley and Darrelyn J. Kelley, hereby give notice of filing of tendered summonses in regard to Plaintiff s First Amended Complaint (Document 17) entered on April 21, 2026. The summonses for all newly added defendants are attached hereto. Summonses for Defendants, Super Ego Holding, LLC, Ego Express, Inc. and Gray Falcon United LLC shall be served through the Kentucky Secretary of State and Plaintiffs respectfully request attested copies of the First Amended Complaint for such service.

Respectfully submitted,

*/s/Jonathan . Fannin*

Jonathan B. Fannin, Esq.
Carl W. Walter II, Esq.
**MINNER VINES INJURY LAWYERS PLLC**
325 West Main Street, Suite 210
Lexington, Kentucky 40507
Telephone: (859) 550-2900
Facsimile: (859) 550-2902
Email: jonathan@mvmlaw.com
carl@mvmlaw.com
*Counsel for Plaintiffs*

**CERTIFICATE OF SERVICE**

I hereby certify that the foregoing was served to the following via electronic mail as well as electronically filed with the Clerk of the Court via the CM/ECF system on this the 23rd day of April 2026:

Jeri B. Poppe, Esq.
Don K. Brown, PSC
13102 Eastpoint Park Boulevard, Suite 200
Louisville, Kentucky 40223
jpoppe@donkbrownlaw.com
*Counsel for Defendants, Noah N. odarte and Miser Logistics, LLC*

*/s/Jonathan . Fannin*
Jonathan B. Fannin, Esq.

AO 440 (Rev. 06/12) Summons in a Civil Action

# UNITED STATES DISTRICT COURT

for the

Western District of Kentucky

DORRIS H. KELLEY and
DARRELYN J. KELLEY

*Plaintiff(s)*

v.

NOAH COOK
MISER LOGISTICS, LLC, et al.

*Defendant(s)*

Civil Action No. 3:25-cv-628-DJH

**SUMMONS IN A CIVIL ACTION**

To: *(Defendant's name and address)* SUPER EGO HOLDING, LLC
c/o Vladimir Tripkovic
677 North Larch Avenue
Elmhurst, Illinois 60126

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:

Jonathan B. Fannin, Esq.
Carl W. Walter II, Esq.
Minner Vines Injury Lawyers, PLLC
325 West Main Street, Suite 210
Lexington, KY 40507

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

*CLERK OF COURT*

Date: ____________________

____________________
*Signature of Clerk or Deputy Clerk*

Civil Action No. 3:25-cv-628-DJH

**PROOF OF SERVICE**

***(This section should not be filed with the court unless required by Fed. R. Civ. P. 4 (l))***

This summons for *(name of individual and title, if any)* ______________________

was received by me on *(date)* ______________ .

❒ I personally served the summons on the individual at *(place)* ______________________

______________________ on *(date)* ______________ ; or

❒ I left the summons at the individual's residence or usual place of abode with *(name)* ______________

______________________ , a person of suitable age and discretion who resides there,

on *(date)* ______________ , and mailed a copy to the individual's last known address; or

❒ I served the summons on *(name of individual)* ______________________ , who is

designated by law to accept service of process on behalf of *(name of organization)* ______________

______________________ on *(date)* ______________ ; or

❒ I returned the summons unexecuted because ______________________ ; or

❒ Other *(specify)*:

My fees are $ ________ for travel and $ ________ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: ______________

______________________
*Server's signature*

______________________
*Printed name and title*

______________________
*Server's address*

Additional information regarding attempted service, etc:

Print    Save As...    Reset

Case 3:25-cv-00451-GNS-LLK Document 11-9 Filed 04/23/26 Page 279 of 323 PageID #: 1786

AO 440 (Rev. 06/12) Summons in a Civil Action

# UNITED STATES DISTRICT COURT

for the

Western District of Kentucky

| | | |
|---|---|---|
| DORRIS H. KELLEY and<br>DARRELYN J. KELLEY | ) | |
| *Plaintiff(s)*<br>v. | ) | Civil Action No. 3:25-cv-628-DJH |
| NOAH COOK<br>MISER LOGISTICS, LLC, et al. | ) | |
| *Defendant(s)* | ) | |

**SUMMONS IN A CIVIL ACTION**

To: *(Defendant's name and address)* EGO EXPRESS, INC.
c/o Aleksander Mimic
224 North Arlington Heights Road
Suite 105
Elk Grove Village, Illinois 60007

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:

Jonathan B. Fannin, Esq.
Carl W. Walter II, Esq.
Minner Vines Injury Lawyers, PLLC
325 West Main Street, Suite 210
Lexington, KY 40507

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

*CLERK OF COURT*

Date: ______________________

______________________________
*Signature of Clerk or Deputy Clerk*

Civil Action No. 3:25-cv-628-DJH

**PROOF OF SERVICE**

***(This section should not be filed with the court unless required by Fed. R. Civ. P. 4 (l))***

This summons for *(name of individual and title, if any)* ______________________________

was received by me on *(date)* ______________ .

❐ I personally served the summons on the individual at *(place)* ______________________________ on *(date)* ______________ ; or

❐ I left the summons at the individual's residence or usual place of abode with *(name)* ______________________________ , a person of suitable age and discretion who resides there, on *(date)* ______________ , and mailed a copy to the individual's last known address; or

❐ I served the summons on *(name of individual)* ______________________________ , who is designated by law to accept service of process on behalf of *(name of organization)* ______________________________ on *(date)* ______________ ; or

❐ I returned the summons unexecuted because ______________________________ ; or

❐ Other *(specify)*:

My fees are $ ________ for travel and $ ________ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: ______________

______________________________
*Server's signature*

______________________________
*Printed name and title*

______________________________
*Server's address*

Additional information regarding attempted service, etc:

Print | Save As... | Reset

AO 440 (Rev. 06/12) Summons in a Civil Action

# UNITED STATES DISTRICT COURT

for the

Western District of Kentucky

| | | |
|---|---|---|
| DORRIS H. KELLEY and<br>DARRELYN J. KELLEY<br><br>*Plaintiff(s)*<br>v.<br>NOAH COOK<br>MISER LOGISTICS, LLC, et al.<br><br>*Defendant(s)* | ) | Civil Action No. 3:25-cv-628-DJH |

**SUMMONS IN A CIVIL ACTION**

To: *(Defendant's name and address)* GRAY FALCON UNITED LLC
c/o Aleksander Mimic
1431 Opus Place
Suite 110
Downers Grove, Illinois 60525

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:

Jonathan B. Fannin, Esq.
Carl W. Walter II, Esq.
Minner Vines Injury Lawyers, PLLC
325 West Main Street, Suite 210
Lexington, KY 40507

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

*CLERK OF COURT*

Date: ____________________

____________________
*Signature of Clerk or Deputy Clerk*

Civil Action No. 3:25-cv-628-DJH

**PROOF OF SERVICE**

***(This section should not be filed with the court unless required by Fed. R. Civ. P. 4 (l))***

This summons for *(name of individual and title, if any)* ______________________
was received by me on *(date)* ______________ .

❒ I personally served the summons on the individual at *(place)* ______________________
______________________ on *(date)* ______________ ; or

❒ I left the summons at the individual's residence or usual place of abode with *(name)* ______________
______________________ , a person of suitable age and discretion who resides there,
on *(date)* ______________ , and mailed a copy to the individual's last known address; or

❒ I served the summons on *(name of individual)* ______________________ , who is
designated by law to accept service of process on behalf of *(name of organization)* ______________
______________________ on *(date)* ______________ ; or

❒ I returned the summons unexecuted because ______________________ ; or

❒ Other *(specify)*:

My fees are $ ________ for travel and $ ________ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: ______________

______________________
*Server's signature*

______________________
*Printed name and title*

______________________
*Server's address*

Additional information regarding attempted service, etc:

Print | Save As... | Reset

AO 440 (Rev. 06/12) Summons in a Civil Action

# UNITED STATES DISTRICT COURT

for the

Western District of Kentucky

DORRIS H. KELLEY and
DARRELYN J. KELLEY

*Plaintiff(s)*

v.

NOAH COOK
MISER LOGISTICS, LLC, et al.

*Defendant(s)*

Civil Action No. 3:25-cv-628-DJH

## SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)* STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY
c/o Corporation Service Company
421 West Main Street
Frankfort, Kentucky 40601

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:

Jonathan B. Fannin, Esq.
Carl W. Walter II, Esq.
Minner Vines Injury Lawyers, PLLC
325 West Main Street, Suite 210
Lexington, KY 40507

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

*CLERK OF COURT*

Date: ____________________

____________________
*Signature of Clerk or Deputy Clerk*

Civil Action No. 3:25-cv-628-DJH

**PROOF OF SERVICE**

***(This section should not be filed with the court unless required by Fed. R. Civ. P. 4 (l))***

This summons for *(name of individual and title, if any)* ______________________

was received by me on *(date)* ______________ .

❒ I personally served the summons on the individual at *(place)* ______________________

______________________ on *(date)* ______________ ; or

❒ I left the summons at the individual's residence or usual place of abode with *(name)* ______________

______________________ , a person of suitable age and discretion who resides there,

on *(date)* ______________ , and mailed a copy to the individual's last known address; or

❒ I served the summons on *(name of individual)* ______________________ , who is

designated by law to accept service of process on behalf of *(name of organization)* ______________

______________________ on *(date)* ______________ ; or

❒ I returned the summons unexecuted because ______________________ ; or

❒ Other *(specify)*:

My fees are $ ________ for travel and $ ________ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: ______________

______________________
*Server's signature*

______________________
*Printed name and title*

______________________
*Server's address*

Additional information regarding attempted service, etc:

Print | Save As... | Reset

# UNITED STATES DISTRICT COURT

for the

Western District of Kentucky

| | | |
|---|---|---|
| DORRIS H. KELLEY and<br>DARRELYN J. KELLEY<br>*Plaintiff(s)*<br>v.<br>NOAH COOK<br>MISER LOGISTICS, LLC, et al.<br>*Defendant(s)* | ) | Civil Action No. 3:25-cv-628-DJH |

## SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)* C.H. ROBINSON WORLDWIDE, INC.
c/o Corporation Service Company
315 High Street
Frankfort, Kentucky 40601

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:

Jonathan B. Fannin, Esq.
Carl W. Walter II, Esq.
Minner Vines Injury Lawyers, PLLC
325 West Main Street, Suite 210
Lexington, KY 40507

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

*CLERK OF COURT*

Date: ______________________

______________________________
*Signature of Clerk or Deputy Clerk*

AO 440 (Rev. 06/12) Summons in a Civil Action (Page 2)

Civil Action No. 3:25-cv-628-DJH

**PROOF OF SERVICE**

***(This section should not be filed with the court unless required by Fed. R. Civ. P. 4 (l))***

This summons for *(name of individual and title, if any)* ______________________

was received by me on *(date)* ______________ .

❒ I personally served the summons on the individual at *(place)* ______________________

______________________ on *(date)* ______________ ; or

❒ I left the summons at the individual's residence or usual place of abode with *(name)* ______________

______________________ , a person of suitable age and discretion who resides there,

on *(date)* ______________ , and mailed a copy to the individual's last known address; or

❒ I served the summons on *(name of individual)* ______________________ , who is

designated by law to accept service of process on behalf of *(name of organization)* ______________

______________________ on *(date)* ______________ ; or

❒ I returned the summons unexecuted because ______________________ ; or

❒ Other *(specify)*:

My fees are $ ________ for travel and $ ________ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: ______________

______________________
*Server's signature*

______________________
*Printed name and title*

______________________
*Server's address*

Additional information regarding attempted service, etc:

Print    Save As...    Reset

AO 440 (Rev. 06/12) Summons in a Civil Action

# UNITED STATES DISTRICT COURT

for the

Western District of Kentucky

DORRIS H. KELLEY and
DARRELYN J. KELLEY

*Plaintiff(s)*

v.

NOAH COOK
MISER LOGISTICS, LLC, et al.

*Defendant(s)*

Civil Action No. 3:25-cv-628-DJH

**SUMMONS IN A CIVIL ACTION**

To: *(Defendant's name and address)* INTERNATIONAL MOTORS, LLC
c/o Corporation Service Company
315 High Street
Frankfort, Kentucky 40601

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:

Jonathan B. Fannin, Esq.
Carl W. Walter II, Esq.
Minner Vines Injury Lawyers, PLLC
325 West Main Street, Suite 210
Lexington, KY 40507

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

*CLERK OF COURT*

Date: ____________________

____________________
*Signature of Clerk or Deputy Clerk*

AO 440 (Rev. 06/12) Summons in a Civil Action (Page 2)

Civil Action No. 3:25-cv-628-DJH

**PROOF OF SERVICE**

***(This section should not be filed with the court unless required by Fed. R. Civ. P. 4 (l))***

This summons for *(name of individual and title, if any)* ______________________

was received by me on *(date)* ______________ .

❒ I personally served the summons on the individual at *(place)* ______________________

______________________ on *(date)* ______________ ; or

❒ I left the summons at the individual's residence or usual place of abode with *(name)* ______________

______________________ , a person of suitable age and discretion who resides there,

on *(date)* ______________ , and mailed a copy to the individual's last known address; or

❒ I served the summons on *(name of individual)* ______________________ , who is

designated by law to accept service of process on behalf of *(name of organization)* ______________

______________________ on *(date)* ______________ ; or

❒ I returned the summons unexecuted because ______________________ ; or

❒ Other *(specify)*:

My fees are $ __________ for travel and $ __________ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: ______________

______________________
*Server's signature*

______________________
*Printed name and title*

______________________
*Server's address*

Additional information regarding attempted service, etc:

Print     Save As...     Reset

# UNITED STATES DISTRICT COURT

for the

Western District of Kentucky

DORRIS H. KELLEY and
DARRELYN J. KELLEY

*Plaintiff(s)*

v.

NOAH COOK
MISER LOGISTICS, LLC, et al.

*Defendant(s)*

Civil Action No. 3:25-cv-628-DJH

## SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)* SUPER EGO HOLDING, LLC
c/o Vladimir Tripkovic
677 North Larch Avenue
Elmhurst, Illinois 60126

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:

Jonathan B. Fannin, Esq.
Carl W. Walter II, Esq.
Minner Vines Injury Lawyers, PLLC
325 West Main Street, Suite 210
Lexington, KY 40507

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

*CLERK OF COURT*

Date: 4/24/2026

*Signature of Clerk or Deputy Clerk*

United States District Court Western District of Kentucky

AO 440 (Rev. 06/12) Summons in a Civil Action (Page 2)

Civil Action No. 3:25-cv-628-DJH

## PROOF OF SERVICE

***(This section should not be filed with the court unless required by Fed. R. Civ. P. 4 (l))***

This summons for *(name of individual and title, if any)* ______________________
was received by me on *(date)* ______________ .

❒ I personally served the summons on the individual at *(place)* ______________________
______________________ on *(date)* ______________ ; or

❒ I left the summons at the individual's residence or usual place of abode with *(name)* ______________
______________________ , a person of suitable age and discretion who resides there,
on *(date)* ______________ , and mailed a copy to the individual's last known address; or

❒ I served the summons on *(name of individual)* ______________________ , who is
designated by law to accept service of process on behalf of *(name of organization)* ______________
______________________ on *(date)* ______________ ; or

❒ I returned the summons unexecuted because ______________________ ; or

❒ Other *(specify)*:

My fees are $ __________ for travel and $ __________ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: ______________

______________________
*Server's signature*

______________________
*Printed name and title*

______________________
*Server's address*

Additional information regarding attempted service, etc:

Print | Save As... | Reset

AO 440 (Rev. 06/12) Summons in a Civil Action

# UNITED STATES DISTRICT COURT

for the

Western District of Kentucky

| | | |
|---|---|---|
| DORRIS H. KELLEY and<br>DARRELYN J. KELLEY<br>*Plaintiff(s)* | ) | |
| v. | ) | Civil Action No. 3:25-cv-628-DJH |
| NOAH COOK<br>MISER LOGISTICS, LLC, et al.<br>*Defendant(s)* | ) | |

## SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)* EGO EXPRESS, INC.
c/o Aleksander Mimic
224 North Arlington Heights Road
Suite 105
Elk Grove Village, Illinois 60007

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:

Jonathan B. Fannin, Esq.
Carl W. Walter II, Esq.
Minner Vines Injury Lawyers, PLLC
325 West Main Street, Suite 210
Lexington, KY 40507

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

*CLERK OF COURT*

Date: 4/24/2026

*Signature of Clerk or Deputy Clerk*

Civil Action No. 3:25-cv-628-DJH

**PROOF OF SERVICE**

***(This section should not be filed with the court unless required by Fed. R. Civ. P. 4 (l))***

This summons for *(name of individual and title, if any)* ______________________

was received by me on *(date)* ______________ .

❒ I personally served the summons on the individual at *(place)* ______________________

______________________ on *(date)* ______________ ; or

❒ I left the summons at the individual's residence or usual place of abode with *(name)* ______________

______________________ , a person of suitable age and discretion who resides there,

on *(date)* ______________ , and mailed a copy to the individual's last known address; or

❒ I served the summons on *(name of individual)* ______________________ , who is

designated by law to accept service of process on behalf of *(name of organization)* ______________

______________________ on *(date)* ______________ ; or

❒ I returned the summons unexecuted because ______________________ ; or

❒ Other *(specify)*:

My fees are $ ________ for travel and $ ________ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: ______________

______________________
*Server's signature*

______________________
*Printed name and title*

______________________
*Server's address*

Additional information regarding attempted service, etc:

Print Save As... Reset

AO 440 (Rev. 06/12) Summons in a Civil Action

# UNITED STATES DISTRICT COURT

for the

Western District of Kentucky

| | | |
|---|---|---|
| DORRIS H. KELLEY and<br>DARRELYN J. KELLEY<br><br>*Plaintiff(s)*<br>v.<br>NOAH COOK<br>MISER LOGISTICS, LLC, et al.<br><br>*Defendant(s)* | ) | Civil Action No. 3:25-cv-628-DJH |

## SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)* GRAY FALCON UNITED LLC
c/o Aleksander Mimic
1431 Opus Place
Suite 110
Downers Grove, Illinois 60525

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:

Jonathan B. Fannin, Esq.
Carl W. Walter II, Esq.
Minner Vines Injury Lawyers, PLLC
325 West Main Street, Suite 210
Lexington, KY 40507

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

*CLERK OF COURT*

Date: 4/24/2026

*Signature of Clerk or Deputy Clerk*

United States District Court Western District of Kentucky

Civil Action No. 3:25-cv-628-DJH

**PROOF OF SERVICE**

***(This section should not be filed with the court unless required by Fed. R. Civ. P. 4 (l))***

This summons for *(name of individual and title, if any)* ______________________
was received by me on *(date)* ______________ .

❒ I personally served the summons on the individual at *(place)* ______________________
______________________ on *(date)* ______________ ; or

❒ I left the summons at the individual's residence or usual place of abode with *(name)* ______________
______________________ , a person of suitable age and discretion who resides there,
on *(date)* ______________ , and mailed a copy to the individual's last known address; or

❒ I served the summons on *(name of individual)* ______________________ , who is
designated by law to accept service of process on behalf of *(name of organization)* ______________
______________________ on *(date)* ______________ ; or

❒ I returned the summons unexecuted because ______________________ ; or

❒ Other *(specify)*:

My fees are $ ________ for travel and $ ________ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: ______________

______________________
*Server's signature*

______________________
*Printed name and title*

______________________
*Server's address*

Additional information regarding attempted service, etc:

Print | Save As... | Reset

AO 440 (Rev. 06/12) Summons in a Civil Action

# UNITED STATES DISTRICT COURT

for the

Western District of Kentucky

DORRIS H. KELLEY and
DARRELYN J. KELLEY

*Plaintiff(s)*

v.

NOAH COOK
MISER LOGISTICS, LLC, et al.

*Defendant(s)*

Civil Action No. 3:25-cv-628-DJH

## SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)* STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY
c/o Corporation Service Company
421 West Main Street
Frankfort, Kentucky 40601

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:

Jonathan B. Fannin, Esq.
Carl W. Walter II, Esq.
Minner Vines Injury Lawyers, PLLC
325 West Main Street, Suite 210
Lexington, KY 40507

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

*CLERK OF COURT*

Date: 4/24/2026

*Signature of Clerk or Deputy Clerk*

United States District Court Western District of Kentucky

AO 440 (Rev. 06/12) Summons in a Civil Action (Page 2)

Civil Action No. 3:25-cv-628-DJH

**PROOF OF SERVICE**

***(This section should not be filed with the court unless required by Fed. R. Civ. P. 4 (l))***

This summons for *(name of individual and title, if any)* ____________________
was received by me on *(date)* ____________ .

❒ I personally served the summons on the individual at *(place)* ____________________
____________________ on *(date)* ____________ ; or

❒ I left the summons at the individual's residence or usual place of abode with *(name)* ____________
____________________ , a person of suitable age and discretion who resides there,
on *(date)* ____________ , and mailed a copy to the individual's last known address; or

❒ I served the summons on *(name of individual)* ____________________ , who is
designated by law to accept service of process on behalf of *(name of organization)* ____________
____________________ on *(date)* ____________ ; or

❒ I returned the summons unexecuted because ____________________ ; or

❒ Other *(specify):*

My fees are $ ________ for travel and $ ________ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: ____________ ____________________

*Server's signature*

____________________

*Printed name and title*

____________________

*Server's address*

Additional information regarding attempted service, etc:

Print | Save As... | Reset

AO 440 (Rev. 06/12) Summons in a Civil Action

# UNITED STATES DISTRICT COURT

for the

Western District of Kentucky

| | | |
|---|---|---|
| DORRIS H. KELLEY and<br>DARRELYN J. KELLEY<br><br>*Plaintiff(s)*<br>v.<br>NOAH COOK<br>MISER LOGISTICS, LLC, et al.<br><br>*Defendant(s)* | ) | Civil Action No. 3:25-cv-628-DJH |

## SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)* C.H. ROBINSON WORLDWIDE, INC.
c/o Corporation Service Company
315 High Street
Frankfort, Kentucky 40601

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:

Jonathan B. Fannin, Esq.
Carl W. Walter II, Esq.
Minner Vines Injury Lawyers, PLLC
325 West Main Street, Suite 210
Lexington, KY 40507

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

CLERK OF COURT

Date: 4/24/2026

*Signature of Clerk or Deputy Clerk*

United States District Court Western District of Kentucky

Civil Action No. 3:25-cv-628-DJH

## PROOF OF SERVICE

***(This section should not be filed with the court unless required by Fed. R. Civ. P. 4 (l))***

This summons for *(name of individual and title, if any)* ______________________
was received by me on *(date)* ______________ .

❒ I personally served the summons on the individual at *(place)* ______________________
______________________ on *(date)* ______________ ; or

❒ I left the summons at the individual's residence or usual place of abode with *(name)* ______________
______________________ , a person of suitable age and discretion who resides there,
on *(date)* ______________ , and mailed a copy to the individual's last known address; or

❒ I served the summons on *(name of individual)* ______________________ , who is
designated by law to accept service of process on behalf of *(name of organization)* ______________
______________________ on *(date)* ______________ ; or

❒ I returned the summons unexecuted because ______________________ ; or

❒ Other *(specify)*:

My fees are $ ________ for travel and $ ________ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: ______________

______________________
*Server's signature*

______________________
*Printed name and title*

______________________
*Server's address*

Additional information regarding attempted service, etc:

Print | Save As... | Reset

AO 440 (Rev. 06/12) Summons in a Civil Action

# UNITED STATES DISTRICT COURT

for the

Western District of Kentucky

DORRIS H. KELLEY and
DARRELYN J. KELLEY

*Plaintiff(s)*

v.

NOAH COOK
MISER LOGISTICS, LLC, et al.

*Defendant(s)*

Civil Action No. 3:25-cv-628-DJH

## SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)* INTERNATIONAL MOTORS, LLC
c/o Corporation Service Company
315 High Street
Frankfort, Kentucky 40601

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:

Jonathan B. Fannin, Esq.
Carl W. Walter II, Esq.
Minner Vines Injury Lawyers, PLLC
325 West Main Street, Suite 210
Lexington, KY 40507

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

*CLERK OF COURT*

Date: 4/24/2026

*Signature of Clerk or Deputy Clerk*

United States District Court Western District of Kentucky

Civil Action No. 3:25-cv-628-DJH

## PROOF OF SERVICE

***(This section should not be filed with the court unless required by Fed. R. Civ. P. 4 (l))***

This summons for *(name of individual and title, if any)* ______________________
was received by me on *(date)* ______________ .

❒ I personally served the summons on the individual at *(place)* ______________________
______________________ on *(date)* ______________ ; or

❒ I left the summons at the individual's residence or usual place of abode with *(name)* ______________
______________________ , a person of suitable age and discretion who resides there,
on *(date)* ______________ , and mailed a copy to the individual's last known address; or

❒ I served the summons on *(name of individual)* ______________________ , who is
designated by law to accept service of process on behalf of *(name of organization)* ______________
______________________ on *(date)* ______________ ; or

❒ I returned the summons unexecuted because ______________________ ; or

❒ Other *(specify)*:

My fees are $ ________ for travel and $ ________ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: ______________

______________________
*Server's signature*

______________________
*Printed name and title*

______________________
*Server's address*

Additional information regarding attempted service, etc:

Print    Save As...    Reset

**IN THE UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF KENTUCKY**
**LOUISVILLE DIVISION**
**CIVIL ACTION NO.: 3:25-cv-628-DJH**
***E r F d***

| | | |
|---|---|---|
| DORRIS H. KELLEY and<br>DARRELYN J. KELLEY | ) | PLAINTIFFS |
| | ) | |
| | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| | ) | |
| NOAH COOK, et al. | | DEFENDANTS |

---

**MOTION OF COUNSEL FOR PLAINTIFFS FOR ADMISSION OF THOMAS P. WILLIN HAM *RO AC ICE***

---

Pursuant to the Western District of Kentucky Local Rule LR 83.2, Jonathan B. Fannin, attorney for Plaintiffs, Dorris H. Kelley and Darrelyn J. Kelley ( Plaintiffs ), hereby move the court for an Order admitting Thomas P. Willingham ( Mr. Willingham ) *Pro ac ice* to represent the Plaintiffs in this action.

As attested to in the Affidavit of Thomas P. Willingham, which is attached as Exhibit A, Mr. Willingham is an attorney and a member of the law firm Beasley, Allen, Crow, Methvin, Portis Miles, P.C., with offices located at Overlook II, 2839 Paces Ferry Road SE, Suite 400, Atlanta, Georgia 30339 ( Beasley Allen ), and will participate with the undersigned in the preparation and presentation of this case. Mr. Willingham s inclusion on behalf of the Plaintiffs is essential to the Plaintiffs full representation. Mr. Willingham is a member in good standing of the Georgia State Bar and the Alabama State Bar (see Exhibit B Letter of Good Standing), and consents to subject to the jurisdiction and Rules of the Kentucky Supreme Court governing professional conduct.

Respectfully submitted,

*/s/Jonathan . Fannin*
Jonathan B. Fannin, Esq.
Carl W. Walter II, Esq.
**MINNER VINES INJURY LAWYERS PLLC**
325 West Main Street, Suite 210
Lexington, Kentucky 40507
Telephone: (859) 550-2900
Facsimile: (859) 550-2902
Email: jonathan@mvmlaw.com
carl@mvmlaw.com
*Counsel for Plaintiffs*

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing was served to the following via electronic mail as well as electronically filed with the Clerk of the Court via the CM/ECF system on this the 1st day of May 2026:

Jeri B. Poppe, Esq.
Don K. Brown, PSC
13102 Eastpoint Park Boulevard, Suite 200
Louisville, Kentucky 40223
jpoppe@donkbrownlaw.com
*Counsel for Defendants, Noah N. odarte and Miser Logistics, LLC*

*/s/Jonathan . Fannin*
Jonathan B. Fannin, Esq.

**IN THE UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF KENTUCKY**
**LOUISVILLE DIVISION**
**CIVIL ACTION NO.: 3:25-cv-628-DJH**
***Electronically Filed***

| | | |
|---|---|---|
| DORRIS H. KELLEY and DARRELYN J. KELLEY | ) ) ) | PLAINTIFFS |
| v. | ) ) ) ) | |
| NOAH COOK, et al. | | DEFENDANTS |

**AFFIDAVIT OF THOMAS P. WILLINGHAM**

I, Thomas P. Willingham, being duly sworn upon oath, depose and state as follows:

1. I am submitting this Affidavit in support of a motion for my admission *Pro Hac Vice* as counsel for Plaintiffs Dorris H. Kelley and Darrelyn J. Kelley in the above-captioned action.

2. I am a member of the law firm of Beasley, Allen, Crow, Methvin, Portis & Miles, P.C., with offices at Overlook II, 2839 Paces Ferry Road SE, Suite 400, Atlanta, Georgia 30339, with a telephone number of (404) 751-1162.

3. I am an attorney admitted to practice law in the State of Georgia (Bar #235049) and have been licensed to practice law in Georgia since 2009. I am also admitted to practice law in Alabama (Bar #ASB-3814-a63t) and have been licensed to practice law in Alabama since 1987.

4. I am a member in good standing with the State Bar of Georgia and the State Bar of Alabama. I hereby consent to be subject to the jurisdiction and Rules of the Kentucky Supreme Court governing professional conduct, and the Federal District Court for the Western District of Kentucky.

5. No disciplinary proceedings have been initiated against me or are pending.

6. I have completed training for mandatory electronic filings through online tutorial/or authorized classroom training in the U.S. District Court in the past.

FURTHER AFFIANT SAYETH NAUGHT.

DATED this 29th day of April, 2026.

[signature]
THOMAS P. WILLINGHAM
(GA Bar # 235049)
(AL Bar # ASB-4891-W51J)

STATE OF Georgia )
)
COUNTY OF Cobb )

Subscribed, acknowledged and sworn to before me by Thomas P. Willingham, who is personally known to me on this 29th day of April, 2026, to certify which witness my hand and official.

[signature]
NOTARY PUBLIC

Ryan Traub
Notary Public, Cobb County, Georgia
My Commission Expires
12/04/2029

Notary ID: Ryan Traub

My Commission Expires: 12/4/29

State Bar of Georgia

*Lawyers Serving the Public and the Justice System*

**Mr. Thomas Packer Willingham**
**Beasley Allen Law Firm**
**Overlook II**
**2839 Paces Ferry Road SE Suite 400**
**Atlanta, GA 30339**
**UNITED STATES**

| | |
|---|---|
| **CURRENT STATUS:** | **Active Member-Good Standing** |
| **DATE OF ADMISSION:** | **9/23/2009** |
| **BAR NUMBER:** | **235049** |
| **TODAY'S DATE:** | **04/29/2026** |

The prerequisites for practicing law in the State of Georgia are as follows:

- **Certified by the Office of Bar Admissions, either by Exam, or on Motion (Reciprocity).**
- **Sworn in to the Superior Court in Georgia, highest court required to practice law in Georgia.**
- **Enrolled with the State Bar of Georgia, arm of the Supreme Court of Georgia.**

This member is currently in **"good standing"** as termed and defined by **State Bar Rule 1-204**. The member is current in license fees and is not suspended or disbarred as of the date of this letter.

**STATE BAR OF GEORGIA**

**Official Representative of the State Bar of Georgia**

**IN THE UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF KENTUCKY**
**LOUISVILLE DIVISION**
**CIVIL ACTION NO.: 3:25-cv-628-DJH**
***E r F d***

| | | |
|---|---|---|
| DORRIS H. KELLEY and<br>DARRELYN J. KELLEY | ) | PLAINTIFFS |
| | ) | |
| | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| | ) | |
| NOAH COOK, et al. | | DEFENDANTS |

---

**ORDER**

---

The Plaintiffs, having filed their Motion for Admission of Thomas P. Willingham *Pro ac ice*, and the Court, being duly and sufficiently advised, hereby ORDERS that the Motion is GRANTED and Thomas P. Willingham is hereby admitted *Pro ac ice* to represent the Plaintiffs in this action.

It is so ORDERED, this ____ day of _______________, 2026.

________________________________
United States District Judge

SUBMITTED FOR APPROVAL AND ENTRY BY:

Jonathan B. Fannin, Esq.
Carl W. Walter II, Esq.
**MINNER VINES INJURY LAWYERS PLLC**
325 West Main Street, Suite 210
Lexington, Kentucky 40507
Telephone: (859) 550-2900
Facsimile: (859) 550-2902
Email: jonathan@mvmlaw.com
carl@mvmlaw.com
*Counsel for Plaintiffs*

**IN THE UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF KENTUCKY**
**LOUISVILLE DIVISION**
**CIVIL ACTION NO.: 3:25-cv-628-DJH**
***E r F d***

| | | |
|---|---|---|
| DORRIS H. KELLEY and<br>DARRELYN J. KELLEY | ) | PLAINTIFFS |
| | ) | |
| | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| | ) | |
| NOAH COOK, et al. | | DEFENDANTS |

---

**MOTION OF COUNSEL FOR PLAINTIFFS FOR ADMISSION OF**
**MARY LEAH MILLER *RO AC ICE***

---

Pursuant to the Western District of Kentucky Local Rule LR 83.2, Jonathan B. Fannin, attorney for Plaintiffs, Dorris H. Kelley and Darrelyn J. Kelley ( Plaintiffs ), hereby move the court for an Order admitting Mary Leah Miller ( Ms. Miller ) *Pro ac ice* to represent the Plaintiffs in this action.

As attested to in the Affidavit of Mary Leah Miller, which is attached as Exhibit A, Ms. Miller is an attorney and a member of the law firm Beasley, Allen, Crow, Methvin, Portis Miles, P.C., with offices located at Overlook II, 2839 Paces Ferry Road SE, Suite 400, Atlanta, Georgia 30339 ( Beasley Allen ), and will participate with the undersigned in the preparation and presentation of this case. Ms. Miller s inclusion on behalf of the Plaintiffs is essential to the Plaintiffs full representation. Ms. Miller is a member in good standing of the Georgia State Bar, the Alabama State Bar and the Mississippi State Bar (see Exhibit B Letter of Good Standing), and

consents to subject to the jurisdiction and Rules of the Kentucky Supreme Court governing professional conduct.

Respectfully submitted,

*/s/Jonathan . Fannin*
Jonathan B. Fannin, Esq.
Carl W. Walter II, Esq.
**MINNER VINES INJURY LAWYERS PLLC**
325 West Main Street, Suite 210
Lexington, Kentucky 40507
Telephone: (859) 550-2900
Facsimile: (859) 550-2902
Email: jonathan@mvmlaw.com
carl@mvmlaw.com
*Counsel for Plaintiffs*

**CERTIFICATE OF SERVICE**

I hereby certify that the foregoing was served to the following via electronic mail as well as electronically filed with the Clerk of the Court via the CM/ECF system on this the 1st day of May 2026:

Jeri B. Poppe, Esq.
Don K. Brown, PSC
13102 Eastpoint Park Boulevard, Suite 200
Louisville, Kentucky 40223
jpoppe@donkbrownlaw.com
*Counsel for Defendants, Noah N. odarte and Miser Logistics, LLC*

*/s/Jonathan . Fannin*
Jonathan B. Fannin, Esq.

**IN THE UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF KENTUCKY**
**LOUISVILLE DIVISION**
**CIVIL ACTION NO.: 3:25-cv-628-DJH**
***Electronically Filed***

| | | |
|---|---|---|
| DORRIS H. KELLEY and DARRELYN J. KELLEY | ) | PLAINTIFFS |
| | ) | |
| | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| | ) | |
| NOAH COOK, et al. | | DEFENDANTS |

**AFFIDAVIT OF MARY LEAH MILLER**

I, Mary Leah Miller, being duly sworn upon oath, depose and state as follows:

1. I am submitting this Affidavit in support of a motion for my admission *Pro Hac Vice* as counsel for Plaintiffs Dorris H. Kelley and Darrelyn J. Kelley in the above-captioned action.

2. I am a member of the law firm of Beasley, Allen, Crow, Methvin, Portis & Miles, P.C., with offices at Overlook II, 2839 Paces Ferry Road SE, Suite 400, Atlanta, Georgia 30339, with a telephone number of (404) 751-1162.

3. I am an attorney admitted to practice law in the State of Georgia (Bar # 933581) and have been licensed to practice law in Georgia since 2016. I am admitted to practice law in Alabama (Bar # ASB-8567-Y67S) and have been licensed to practice law in Alabama since 2007. I am also admitted to practice law in Mississippi (Bar # 102838) and have been licensed to practice law in Mississippi since 2008.

4. I am a member in good standing with the State Bar of Georgia, the State Bar of Alabama and the State Bar of Mississippi. I hereby consent to be subject to the jurisdiction and

Rules of the Kentucky Supreme Court governing professional conduct, and the Federal District Court for the Western District of Kentucky.

5. No disciplinary proceedings have been initiated against me or are pending.

6. I have completed training for mandatory electronic filings through online tutorial/or authorized classroom training in the U.S. District Court in the past.

FURTHER AFFIANT SAYETH NAUGHT.

DATED this 30th day of April, 2026.

Mary Leah Miller
MARY LEAH MILLER
(GA Bar # 933581)
(AL Bar # ASB-8567-Y67S)
(MS Bar # 102838)

STATE OF Alabama )
)
COUNTY OF Jefferson )

Subscribed, acknowledged and sworn to before me by Mary Leah Miller, who is personally known to me on this 30th day of April, 2026, to certify which witness my hand and official.

Lee Ann Wasden
**NOTARY PUBLIC**

Notary ID: ____________

My Commission Expires: 03/27/2029

STATE OF NOTARY PUBLIC ALABAMA
LEE ANN WASDEN
My Commission Expires
March 27, 2029

# State Bar of Georgia

*Lawyers Serving the Public and the Justice System*

**Mrs. Mary Leah Miller**
**Beasley Allen Law Firm**
**Overlook II**
**2839 Paces Ferry Road SE Suite 400**
**Atlanta, GA 30339**
**UNITED STATES**

| | |
|---|---|
| **CURRENT STATUS:** | **Active Member-Good Standing** |
| **DATE OF ADMISSION:** | **5/26/2016** |
| **BAR NUMBER:** | **933581** |
| **TODAY'S DATE:** | **04/29/2026** |

The prerequisites for practicing law in the State of Georgia are as follows:

- **Certified by the Office of Bar Admissions, either by Exam, or on Motion (Reciprocity).**
- **Sworn in to the Superior Court in Georgia, highest court required to practice law in Georgia.**
- **Enrolled with the State Bar of Georgia, arm of the Supreme Court of Georgia.**

This member is currently in **"good standing"** as termed and defined by **State Bar Rule 1-204**. The member is current in license fees and is not suspended or disbarred as of the date of this letter.

**STATE BAR OF GEORGIA**

**Official Representative of the State Bar of Georgia**

**IN THE UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF KENTUCKY**
**LOUISVILLE DIVISION**
**CIVIL ACTION NO.: 3:25-cv-628-DJH**
***E r F d***

| | | |
|---|---|---|
| DORRIS H. KELLEY and | ) | PLAINTIFFS |
| DARRELYN J. KELLEY | ) | |
| | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| | ) | |
| NOAH COOK, et al. | | DEFENDANTS |

---

**ORDER**

---

The Plaintiffs, having filed their Motion for Admission of Mary Leah Miller *Pro ac ice*, and the Court, being duly and sufficiently advised, hereby ORDERS that the Motion is GRANTED and Mary Leah Miller is hereby admitted *Pro ac ice* to represent the Plaintiffs in this action.

It is so ORDERED, this ____ day of _______________, 2026.

________________________________
United States District Judge

SUBMITTED FOR APPROVAL AND ENTRY BY:

Jonathan B. Fannin, Esq.
Carl W. Walter II, Esq.
**MINNER VINES INJURY LAWYERS PLLC**
325 West Main Street, Suite 210
Lexington, Kentucky 40507
Telephone: (859) 550-2900
Facsimile: (859) 550-2902
Email: jonathan@mvmlaw.com
carl@mvmlaw.com
*Counsel for Plaintiffs*

**IN THE UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF KENTUCKY**
**LOUISVILLE DIVISION**
**CIVIL ACTION NO.: 3:25-cv-628-GNS**
***E r F d***

| | | |
|---|---|---|
| DORRIS H. KELLEY and<br>DARRELYN J. KELLEY | ) | PLAINTIFFS |
| | ) | |
| | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| | ) | |
| NOAH COOK, et al. | | DEFENDANTS |

---

**ORDER**

---

The Plaintiffs, having filed their Motion for Admission of Thomas P. Willingham *Pro ac ice*, and the Court, being duly and sufficiently advised, hereby ORDERS that the Motion is GRANTED and Thomas P. Willingham is hereby admitted *Pro ac ice* to represent the Plaintiffs in this action.

It is so ORDERED.

May 8, 2026

**Lanny King, Magistrate Judge**
**United States District Court**

United States District Judge

SUBMITTED FOR APPROVAL AND ENTRY BY:

Jonathan B. Fannin, Esq.
Carl W. Walter II, Esq.
**MINNER VINES INJURY LAWYERS PLLC**
325 West Main Street, Suite 210
Lexington, Kentucky 40507
Telephone: (859) 550-2900
Facsimile: (859) 550-2902
Email: jonathan@mvmlaw.com
carl@mvmlaw.com
*Counsel for Plaintiffs*

**IN THE UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF KENTUCKY**
**LOUISVILLE DIVISION**
**CIVIL ACTION NO.: 3:25-cv-628-GNS**
***E r F d***

| | | |
|---|---|---|
| DORRIS H. KELLEY and<br>DARRELYN J. KELLEY | ) | PLAINTIFFS |
| | ) | |
| | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| | ) | |
| NOAH COOK, et al. | | DEFENDANTS |

---

**ORDER**

---

The Plaintiffs, having filed their Motion for Admission of Mary Leah Miller *Pro ac ice*, and the Court, being duly and sufficiently advised, hereby ORDERS that the Motion is GRANTED and Mary Leah Miller is hereby admitted *Pro ac ice* to represent the Plaintiffs in this action.

It is so ORDERED

May 8, 2026

**Lanny King, Magistrate Judge**
**United States District Court**

SUBMITTED FOR APPROVAL AND ENTRY BY:
Jonathan B. Fannin, Esq.
Carl W. Walter II, Esq.
**MINNER VINES INJURY LAWYERS PLLC**
325 West Main Street, Suite 210
Lexington, Kentucky 40507
Telephone: (859) 550-2900
Facsimile: (859) 550-2902
Email: jonathan@mvmlaw.com
carl@mvmlaw.com
*Counsel for Plaintiffs*

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION
CIVIL ACTION NO. 3:25-CV-00628-GNS-LLK

DORRIS H. KELLEY; and
DARRELYN J. KELLEY PLAINTIFFS

v.

NOAH H. RODARTE et al. DEFENDANTS

**ORDER**

This action was removed from Hardin Circuit Court (Kentucky), with Defendants Miser Logistics, LLC ("Miser Logistics") and Noah Rodarte (jointly, "Defendants") invoking the Court's diversity jurisdiction. (Notice Removal, DN) The Notice of Removal alleged that Plaintiffs Dorris H. Kelley and Darrelyn J. Kelley (jointly, "Plaintiffs") are Kentucky citizens and that Miser Logistics "is a registered carrier with the United States Department of Transportation . . . with a mailing address and physical address" in Ohio. (Notice Removal 2). The Complaint alleged that "Defendant, Miser Logistics, LLC, is a limited liability company organized under the laws of the State of Ohio, with its principal place of business" in Ohio. (Compl. ¶ 4, DN 1-1). On April 21, 2026, Plaintiffs filed the Amended Complaint containing similar allegations regarding Miser Logistics and several additional LLC defendants, asserting that "Defendant Miser Logistics, LLC, is a limited liability company organized under the laws of the State of Ohio, with its principal place of business" in Ohio; "Defendant, Super Ego Holding, LLC, is a limited liability company organized under the laws of the State of Illinois, with its principal place of business" in Illinois; "Defendant, Gray Falcon United, LLC, is a limited liability company organized under the laws of the State of Illinois, with its principal place of business" in Illinois; and "Defendant International Motors, LLC is a limited liability company organized under the laws of the State of Delaware,

with its principal place of business" in Illinois. (1st Am. Compl. ¶¶ 5-6, 8-9, 13, DN 17). The Amended Complaint does not provide a state of incorporation or principal place of business for Defendant State Farm Mutual Automobile Insurance Company. (Am. Compl. ¶ 10).

An LLC's citizenship is not determined by the company's state of organization and principal place of business, but rather by "the citizenship of each of its members." *Varsity Brands, Inc. v. Star Athletica, LLC*, 799 F.3d 468, 494 (6th Cir. 2015) (internal quotation marks omitted) (quoting *Delay v. Rosenthal Collins Grp., LLC*, 585 F.3d 1003, 1005 (6th Cir. 2009)). As the Sixth Circuit has explained:

> When diversity jurisdiction is invoked in a case in which a limited liability company is a party, the court needs to know the citizenship of each member of the company. And because a member of a limited liability company may itself have multiple members—and thus may itself have multiple citizenships—the federal court needs to know the citizenship of each 'sub-member' as well.

*Delay*, 585 F.3d at 1005 (citing *Hicklin Eng'g L.C. v. Bartell*, 439 F.3d 346, 347-48 (7th Cir. 2006)); *see also id.* ("The general rule is that all unincorporated entities—of which a limited liability company is one—have the citizenship of each partner or member." (citing *Carden v. Arkoma Assocs.*, 494 U.S. 185, 187-92 (1990))).

In relevant part, Fed. R. Civ. P. 7.1 provides:

> In an action in which jurisdiction is based on diversity under 28 U.S.C. § 1332(a), a party or intervenor must, unless the court orders otherwise, file a disclosure statement. The statement must name—and identify the citizenship of—every individual or entity whose citizenship is attributed to that party or intervenor:
> (A) when the action is filed in or removed to federal court, and
> (B) when any later event occurs that could affect the court's jurisdiction under § 1332(a).

Fed. R. Civ. P. 7.1(a)(2). This requirement "does not relieve a party that asserts diversity jurisdiction from the Rule 8(a)(1) obligation to plead the grounds for jurisdiction, but is designed

to facilitate an early and accurate determination of jurisdiction." Fed. R. Civ. P. 7.1(a)(2) advisory committee's note to 2022 amendments.

Here, Miser Logistics failed to file the required disclosure, and the Clerk of Court therefore issued a deficiency notice. (Notice Deficiency, DN 4). Miser Logistics has not responded to that notice, and the Court thus cannot determine whether diversity jurisdiction exists in this case and whether the Court has jurisdiction.[1] *See Delay*, 585 F.3d at 1005; *see also Smith v. Hillard*, 578 F. App'x 556, 561 (6th Cir. 2014) ("[W]here 'complete diversity did not exist when the case was removed . . . the district court lacked subject matter jurisdiction.'" (alteration in original) (quoting *Jerome-Duncan, Inc. v. Auto-By-Tel, LLC*, 176 F.3d 904, 907 (6th Cir. 1999))).

In addition, Fed. R. Civ. P. 7.1 provides that "[a] nongovernmental corporate party or a nongovernmental corporation that seeks to intervene must file a statement that: (A) identifies any parent corporation and any publicly held corporation owning 10% or more of its stock; or (B) states that there is no such corporation." Fed. R. Civ. P. 7.1(a)(1). This provision was also referenced in the Notice of Deficiency, and Miser Logistics has likewise failed to file a Fed. R. Civ. P. 7.1(a)(1) disclosure statement in response to that notice.

Accordingly, **IT IS HEREBY ORDERED** as follows:

1. By **May 19, 2026**, Miser Logistics, LLC shall file a Corporate Disclosure Statement that complies with Fed. R. Civ. P. 7.1.

---

[1] Going forward, the Court will also need more information to determine the citizenship of the other LLC defendants and State Farm. *See Royal Canin U.S.A., Inc. v. Wullschleger*, 604 U.S. 22, 37 (2025) ("[I]n removed cases . . . , amending a complaint to join a non-diverse party destroys diversity jurisdiction[,] . . . [and] the federal court must remand the case to the state court it began in." (citing 28 U.S.C. § 1447(e); *Powerex Corp. v. Reliant Energy Servs., Inc.*, 551 U.S. 224, 231-32 (2007))).

2. By **May 26, 2026**, Defendants shall **SHOW CAUSE** why this action should not be remanded for lack of subject-matter jurisdiction.

**Greg N. Stivers, Judge**
**United States District Court**
May 12, 2026

cc: counsel of record

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION
CIVIL ACTION NO. 3:25-CV-00628-GNS-LLK

DORRIS H. KELLEY; and
DARRELYN J. KELLEY — PLAINTIFFS

v.

NOAH H. RODARTE et al. — DEFENDANTS

## ORDER

On May 12, 2026, the Court issued an order directing: (i) Defendant Miser Logistics, LLC ("Miser Logistics") to file its disclosure statement pursuant to Fed. R. Civ. P. 7.1 by May 19, 2026; and (ii) Miser Logistics and Defendant Noah Rodarte ("Rodarte") to show cause by May 26, 2026, why this matter should not be remanded due to lack of subject matter jurisdiction. (Order 3-4, DN 27. Neither Mister Logistics nor Rodarte has complied with that order.

Accordingly, because the record does not show that this Court has subject matter jurisdiction, **IT IS HEREBY ORDERED** that this matter is **REMANDED** to the Hardin Circuit Court. The Clerk shall strike this matter from the active docket.

**Greg N. Stivers, Judge**
**United States District Court**
May 27, 2026

cc: counsel of record
Clerk, Hardin Circuit Court (Civil Action No. 25-CI-01607)